# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-10911-FLA (MRWx) | Date | December 3, 2021 |
|---|---|---|---|
| Title | Los Angeles Times Communications LLC v. U.S. Department of Homeland Security, et al. | | |

| Present: The Honorable | FERNANDO L. AENLLE-ROCHA, UNITED STATES DISTRICT JUDGE |
|---|---|
| Twyla Freeman | Anne Kielwasser |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Daniel A. Laidman | Matthew J. Barragan, AUSA |

**Proceedings:** STATUS CONFERENCE RE: JOINT STATUS REPORT (HELD)

### Ruling

Before the court is the Joint Status Report of Plaintiff Los Angeles Times Communications LLC ("Plaintiff") and Defendants U.S. Department of Homeland Security, Office of Inspector General, U.S. Department of Homeland Security, and U.S. Immigration and Customs Enforcement ("Defendants"). Dkt. 33. The court held a hearing on the Joint Status Report on December 3, 2021 ("Hearing") at the parties' request. In light of the parties' representations and arguments in the Joint Status Report and at the Hearing, the court GRANTS Plaintiff's request and ORDERS Defendants to complete processing of all responsive pages no later than June 3, 2022 and to process a minimum of 3,000 pages per month.

### Background

Plaintiff filed this action on December 1, 2020 and the operative First Amended Complaint ("FAC") on September 1, 2021. Dkts. 1, 29. As alleged in the FAC, Plaintiff propounded seven requests for documents under the Freedom of Information Act, 5 U.S.C. § 552, et seq. ("FOIA"), in June and July 2020, seeking records regarding "DHS's policies and performance in addressing allegations of widespread sexual abuse, harassment, and misconduct at ICE detention centers." Dkt. 29 ¶ 1. Plaintiff specifically sought "policy documents, inspector general reports, and records with statistical data that would shed light on DHS' institutional response to these allegations." *Id*. According to the FAC and as Defendants acknowledged at the Hearing, Defendants did not respond to Plaintiff's requests until the commencement of litigation. *See id*.

In the Joint Status Report and at the Hearing, the parties largely agreed the present universe of known documents responsive to Plaintiff's requests amounts to approximately 23,000 pages, comprised of approximately 18,000 pages of attachments to "redbooks," or investigation summaries, and approximately 5,000 other responsive pages. *See* Dkt. 33 at 2.[1] The parties dispute the

---

[1] Citations to page numbers of docket entries are to the page numbers assigned by the court's CM/ECF header.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-10911-FLA (MRWx) | Date | December 3, 2021 |
| Title | Los Angeles Times Communications LLC v. U.S. Department of Homeland Security, et al. | | |

adequacy of Defendants' pace of review and production. *See generally* Dkt. 33. Defendants propose they review 850 pages per month, with the review concluding in approximately 22 months from the filing of the Joint Status Report. *See id*. at 2-3. Plaintiff, meanwhile, contends 3,000 pages per month accords with precedent in which district courts have ordered expedited review of documents and is appropriate given the significance of the underlying allegations against Defendants, the time-sensitive nature of the requests, and Defendants' dilatory response to Plaintiff's requests until the initiation of litigation. *See id*. at 5-9.

**Discussion**

The Freedom of Information Act "sets forth a policy of broad disclosure of Government documents in order 'to ensure an informed citizenry, vital to the functioning of a democratic society.'" *FBI v. Abramson*, 456 U.S. 615, 621 (1982) (quoting *NLRB v. Robbins Tire & Rubber Co*., 437 U.S. 214, 242 (1978)). The statute "places a general obligation on the [government] to make information available to the public. . . ." *Pacific Architects & Eng'rs. v. United States Dep't of State*, 906 F.2d 1345, 1346 (9th Cir. 1990). FOIA's "general philosophy of full agency disclosure" controls "unless information is exempted under clearly delineated statutory language." *John Doe Agency v. John Doe Corp*., 493 U.S. 146, 152 (1989). "In 1996, Congress amended FOIA to provide for 'expedited processing' where there is a 'compelling need,' defined as either (1) involving 'an imminent threat to the life or physical safety of an individual' or (2) in the case of a request made by 'a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity.'" *Open Soc'y Just. Initiative v. Cent. Intel. Agency*, 399 F. Supp. 3d 161, 164 (S.D.N.Y. 2019) (quoting 5 U.S.C. § 552(a)(6)(E)).

"Notwithstanding the statutory deadlines for responding to FOIA requests, as to the timetable for production, FOIA 'does not assign any particular time frame to release of the records sought.'" *Id.* at 165 (quoting *Landmark Legal Found. v. EPA*, 910 F. Supp. 2d 270, 275 (D.D.C. 2012)). Nevertheless, courts have recognized they may draw on their equitable powers to effectuate FOIA's "policy of broad disclosure." *FBI*, 456 U.S. at 621. "As the enforcement arm of the FOIA, the courts are charged with the responsibility of ensuring the fullest responsible disclosure. [Citation.] In [*Renegotiation Board v. Bannercraft Clothing Co., Inc*., 415 U.S. 1, 19 (1974)], the Supreme Court held that Congress did not intend to limit the court's exercise of its inherent equitable powers where consistent with the FOIA." *Long v. U.S. I.R.S*., 693 F.2d 907, 909 (9th Cir. 1982).

Thus, courts have imposed review timetables in certain circumstances, often taking into account the seriousness of the underlying allegations for which information is sought, the magnitude of responsive pages, the proposed pace of agency review, and estimated duration until review is complete. In *Open Society Justice Initiative*, 399 F. Supp. 3d at 165-68, for example, the court denied a motion for reconsideration of an order that the State Department process 5,000 pages per month, in light of the "anticipated duration of the State Department's review," the "exceptional public importance" of the documents regarding the murder of a prominent journalist, and "unusual time-sensitivity." *See also Seavey v. Dep't of Just*., 266 F. Supp. 3d 241, 245-48 (D.D.C. 2017) (ordering the FBI to process 2,850 pages per month to complete review of 102,000 pages in approximately three years and rejecting the FBI's proposed review deadline of 17 years).

Based on the parties' representations and argument in the Joint Status Report and at the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-10911-FLA (MRWx) | Date | December 3, 2021 |
| Title | Los Angeles Times Communications LLC v. U.S. Department of Homeland Security, et al. | | |

Hearing, the court GRANTS Plaintiff's request that Defendants process at least 3,000 pages per month, and further ORDERS Defendants to complete all review no later than June 3, 2022. The court finds this pace is merited given Defendants' failure to respond to Plaintiff's requests until the commencement of this action, the fact that Defendants' counterproposal would require nearly two years of additional review, Defendants' failure to articulate good cause for their failure to respond to Plaintiff's requests or for their proposed slower pace of review, and the seriousness of the underlying allegations regarding sexual and other abuse against ICE detainees.

### Conclusion

For the foregoing reasons, the court ORDERS as follows:

- Defendants are ORDERED to process at least 3,000 pages per month;
- Defendants are ORDERED to complete all review no later than **June 3, 2022**;
- The parties are ORDERED to file a joint status report regarding Defendants' pace of review and production no later than **January 14, 2022**; and
- The parties are ORDERED to appear for a status conference on **January 21, 2022, at 1:30 p.m.**

The court further ORDERS the following briefing schedule regarding the parties' anticipated cross-motions for summary judgment:

- 30 days after Defendants notify Plaintiff that final production is complete, Defendants shall file their motion for summary judgment ("MSJ");
- 30 days after Defendants file their MSJ, Plaintiff shall file its cross-MSJ and opposition to Defendants' MSJ;
- 21 days after Plaintiff's cross-MSJ and opposition, Defendants shall file their reply and opposition;
- 21 days after Defendants file their reply and opposition, Plaintiff shall file its reply; and
- 14 days after Plaintiff files its reply or on the first available date, a hearing shall be held on the various motions.

IT IS SO ORDERED

| | 00 | : | 35 |
|---|---|---|---|
| Initials of Preparer | tf | | |