**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>    Plaintiffs,<br><br>vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendants. | No. 2:22-cv-04760-SB-AFM<br><br>**DECLARATION OF FERNANDO PINEIRO** |

I, Fernando Pineiro, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the FOIA Director of the U.S. Immigration and Customs Enforcement ("ICE") Freedom of Information Act Office (the "ICE FOIA Office"). The ICE FOIA Office is responsible for processing and responding to all Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a (the "Privacy Act"), requests received at ICE. I have held this position since August 14, 2022, and I am the ICE official immediately responsible for supervising ICE responses to requests for records under the FOIA, the Privacy Act, and other applicable records access statutes and regulations. Prior to this position, I was the Deputy FOIA Officer of the ICE FOIA Office from December 29, 2013, to August 13, 2022, and prior to that I was the FOIA Officer for three years at the Office for Civil Rights and Civil Liberties ("CRCL") at the U.S. Department of Homeland Security ("DHS"). The ICE FOIA Office mailing address is 500 12th Street, S.W., STOP 5009, Washington, D.C. 20536-5009.

Exhibit 1

3

2.   As the FOIA Director my official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office regarding the processing of FOIA, 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE. In connection with my official duties and responsibilities, I am familiar with ICE's procedures for responding to requests for information pursuant to the FOIA and the Privacy Act.

3.   I make this declaration in support of ICE's position in the above-captioned case. The statements contained in this declaration are based upon my personal knowledge, my review of documents kept by ICE in the ordinary course of business, and information provided to me by other ICE employees in the course of my official duties.

**RECENT STATISTICS REGARDING FOIA REQUESTS SUBMITTED TO ICE**

4.   As of November 28, 2022, the ICE FOIA Office is processing approximately 20,093 open FOIA requests addressing a backlog of 18,119 requests.[1] There are approximately 157 open federal district court cases, and 75 cases in active record production.

5.   In fiscal year ("FY") 2020, the number of FOIA requests the ICE FOIA Office handled dramatically increased to over 100,000 from approximately 64,000 in FY 2019. Since FY 2020, that number has continued to increase, with the ICE FOIA Office handling approximately 105,000 requests in FY 2021 and over 110,000 requests in FY 2022. This spike in the ICE FOIA Office's workload is attributed to an increase in the number of requests from individuals for documents in their immigration file coupled with increased public interest in the Department's implementation of Presidential and/or Executive Orders.

**COMPLEXITY AND VOLUME OF FOIA REQUESTS RECEIVED BY ICE**

6.   In addition to the increasing volume of FOIA requests, ICE has also experienced an increase in the complexity of FOIA requests, both in terms of volume and substance. For example, it is common to see FOIA requests with 50 to 60 sub-parts comprising several pages, searches of numerous program offices, and a universe of records made up of thousands of pages

---

[1] Backlog cases are those that have been pending for over 20 days.

1  that must be reviewed and processed one page at a time. These FOIA requests take considerably
2  longer to process due to extensive searches and the intricacy of the documents and/or data
3  produced. In FY 2019, one FOIA requester alone – a data clearing house – filed more than 370
4  FOIA requests seeking extensive data extracts. In FY 2020, the same requester filed more than
5  480 similar FOIA requests and over 520 in FY 2021.

6      7.    In response to the increasingly heavy workload, the ICE FOIA Office has adopted
7  the court-sanctioned practice of generally handling backlogged requests on a "first-in, first-out
8  basis," which ensures fairness to all FOIA requesters by not prioritizing one request over
9  another. This practice applies to requests that are in litigation. The reason for this is that the
10 principle of fairness to all requesters would be jeopardized were a requester permitted to "jump
11 the line" by virtue of filing a case in U.S. District Court. Generally, the only exception to this is
12 where a court orders processing at rates above the ICE FOIA Office's current processing rate for
13 all cases.

14 **CURRENT WORKLOAD OF THE ICE FOIA LITIGATION PROCESSING UNIT**

15     8.    The increasing complexity and volume of the ICE FOIA Office's workload and
16 backlog (please see paragraphs 4-7) creates the potential that some FOIA requests could become
17 subject to litigation in U.S. District Court.

18     9.    The ICE FOIA Office Litigation Processing Unit's workload has increased such
19 that it is currently processing approximately 157 active FOIA litigations as of the date of this
20 declaration and of which approximately 75 have rolling productions. ICE's normal processing
21 rate for cases in litigation is 500 pages per month or 7.5 minutes of media files, per case. This
22 yields a monthly litigation review of approximately 32,500 pages and an average of 13,500 pages
23 released every month. Based on this workload, each paralegal reviews approximately 10,800
24 pages per month.

25     10.    The ICE FOIA Office Litigation Processing Unit also drafts, assigns, and tracks
26 all searches for responsive documents concerning FOIA litigations. The FOIA litigation search
27 taskings frequently span dozens of ICE program and field offices and require the Unit to keep
28

3

Exhibit 1
5

track of hundreds of thousands of responsive records, as well as the documentation from searches of the program offices and field offices.

11.   The ICE FOIA Office Litigation Processing Unit has collateral duties, in addition to processing documents pursuant to litigation. For example, the processing unit prepares various reports for statistical tracking, responds to Congressional inquiries and requests for records, redacts Prison Rape Elimination Act reports, sends out FOIA Exemption (b)(4) submitter notices, and manages litigation consults and referrals from other agencies. Additionally, the Litigation Processing Unit supports attorneys in the ICE Office of the Principal Legal Advisor with federal FOIA litigation by assisting in the creation of *Vaughn* indexes, reviewing declarations, and coordinating on joint status reports to the court. These collateral duties must also be met for ICE to satisfy its legal obligations.

12.   The ICE FOIA Office typically cannot process more than 500 pages or 7.5 minutes of media files per month per case in order to meet its obligations for all cases in litigation, ensure all FOIA matters progress, and ensure each requester receives a response. Any increase in production for one case will inevitably hinder the ICE FOIA Office's ability to process records for production in other matters.

13.   Moreover, the ICE FOIA Office typically cannot *produce* a set number of pages per month. Depending on the volume of records located in the search tasking phase of the administrative stage and/or FOIA litigation, if the Court would order the ICE FOIA Office to *produce rather than a review/process* a certain number of pages per month, it is plausible that the processors would have to review hundreds, or even thousands, of additional pages on top of the 500 pages that are attainable, in order to obtain the requisite *production* number. The ICE FOIA Office is incapable of achieving this outcome based on its finite resources, competing priorities, litigation and non-litigation deadlines, and the sheer volume of overall work.

**PROGRESS TOWARDS RESOLUTION OF THE INSTANT CASE**

14.   The ICE FOIA Office has identified 5,534 potentially responsive records related to Plaintiffs' FOIA request and has agreed to process the records at a rate of 500 pages per month, which is the normal processing rate for all FOIA litigations. The next processing is

scheduled to be completed by December 21, 2022, and subsequent processing will be completed on or about the twenty-first day of each month until the processing is complete.

15. On or about November 15, 2022, the ICE FOIA Office identified 2,444 pages of potentially responsive records, which were previously released pursuant to a separate FOIA litigation. The ICE FOIA Office offered to immediately release those pages to Plaintiffs. On November 18, 2022, the ICE FOIA Office provided 2,444 pages to Plaintiffs through USAfx, a U.S. Government file exchange system.

**ADVERSE IMPACT ON ICE FROM AN ACCELERATED PROCESSING RATE**

16. In this case, if ICE was ordered to process 3,000 pages of records per month, the ICE FOIA Office would be forced to redirect FOIA staff from processing other FOIA requests and handling other obligations. This would affect the integrity of the FOIA process by not allowing the agency to timely complete other pending and incoming FOIA requests while these 3,000 pages were being processed. It would also cause the ICE FOIA Office backlog to increase.

17. ICE has committed to process 500 pages per month of potentially responsive records and to produce any non-exempt information to Plaintiffs on a rolling basis until all potentially responsive records have been processed. As explained above, this rate of processing is the maximum rate ICE can achieve with the available staffing resources of the ICE FOIA Office and while ensuring fairness to other requesters and commitments in other FOIA litigation.

18. Due to the FOIA Office's limited resources, requiring ICE to process significantly more pages per month in this case would divert resources to Plaintiffs' FOIA request at the expense of other FOIA requesters. The negative effects on those other FOIA requesters could only be mitigated by assigning additional staff to those requests, which ICE currently lacks the resources to do.

I declare under penalty of perjury of the laws of the United States of America that the forgoing is true and correct to the best of my knowledge and belief.

2 | Executed on November 29, 2022, at Washington, D.C.

_____
Fernando Pineiro

*Digitally signed by FERNANDO PINEIRO JR*
*Date: 2022.11.29 13:51:02 -05'00'*

6

Exhibit 1
8