UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>        Plaintiff,<br><br>vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>        Defendants. | No. 22-cv-04760<br><br>**DECLARATION OF OKECHI CHIGEWE** |

### DECLARATION OF OKECHI CHIGEWE

**I.    INTRODUCTION**

I, Okechi Chigewe, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Deputy FOIA Officer and Supervisory Government Information Specialist for the FOIA Unit within the Information Law and Disclosure Division (ILD) in the Office of Counsel at the United States Department of Homeland Security Office of Inspector General ("DHS OIG"), and I have served in this capacity since February 2022. I have over eight years of FOIA experience, which includes experience in managing FOIA programs at the United States Department of Transportation's Federal Railroad Administration, and United States Department of Labor's Wage and Hour Division.

2. As the Deputy FOIA Officer for the DHS OIG, I oversee the daily operation of FOIA processing from intake to closeout, make assessments of the agency's FOIA program and implement improvements, keep constant communication with agency leadership on our FOIA program and provide technical assistance to ensure agency compliance with the FOIA. As the

Exhibit 1

3

Deputy FOIA Officer, I assist ILD attorneys, who serve as agency counsel in the representation of DHS OIG in FOIA litigation, including document production.

3. DHS OIG's FOIA Unit is housed within ILD. The FOIA Unit is responsible for receiving, processing, and responding to all FOIA, 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received by DHS OIG.

4. My official duties and responsibilities related to the FOIA include the processing of FOIA and Privacy Act requests received by DHS OIG. As the Supervisory Government Information Specialist and DHS OIG Deputy FOIA Officer within ILD, I also approve search taskings to Program Offices and review all of the work completed by the division's Government Information Specialists (GISs). Due to my experience and the nature of my official duties, I am familiar with DHS OIG's procedures for searching and responding to requests for information pursuant to provisions of the FOIA and the Privacy Act.

5. The statements contained in this declaration are based upon my personal knowledge, my review of records kept by DHS OIG in the ordinary course of business, and information provided to me by other DHS OIG employees in the course of my official duties.

6. This declaration is made in support of Defendant DHS OIG's position related to the review and processing of responsive records as set forth in the Joint Rule 26(f) Report. Dkt. 28.

II. **DHS OIG'S FOIA UNIT'S CURRENT STATISTICS AND SUBSTANCE REGARDING FOIA REQUESTS**

7. As of November 30, 2022, the FOIA Unit is actively processing 482 FOIA requests, consults, referrals, and appeals, and assisting with 14 open federal district court cases, three of which are in active record production or preparing for record production.

Exhibit 1
4

8. While the FOIA Unit has seen an increase in incoming FOIA requests, consults, referrals, etc., notably, there has also been an increase in FOIA litigations. Between October 1, 2021, and September 30, 2022, DHS OIG was assisting with 12 open FOIA litigations. Since the end of the FY22, FOIA litigations have increased by almost 17%, from 12 to 14. Given DHS OIG's smaller size, both in general as an agency as well as the FOIA Unit, any increase, let alone a 17% increase in less than three months, is substantial.

9. Moreover, although DHS OIG has worked extensively to reduce the current backlog of FOIA requests, a backlog still exists. Currently, the FOIA Unit is addressing 413 requests in the backlog.

10. In addition to the increased number of FOIA requests received by DHS OIG, the substance of the FOIA requests has significantly become more complex, and requestors are seeking an overwhelming amount of information and records. For instance, many requests will include multiple subparts, and they will seek "any and all" records that "relate, refer, or mention" a certain word, phrase, investigation, or subject. This type of request requires the FOIA Unit to (1) conduct an initial reading and review of a multi-page request, (2) potentially search multiple Program Offices and subdivisions, (3) potentially review an extensive number of pages for responsiveness; and (4) potentially process hundreds of thousands of pages to ensure appropriate redactions are made over exempt information.

11. Receiving these large and rather complex FOIA requests clearly add to the FOIA Unit's workload volume as it is not always easy to understand the request nor is it always apparent what a FOIA requestor wants. Review, analysis, collaboration, and interpretation all may be required, and it may take significant time simply to read through a FOIA request of such complexity.

Exhibit 1
5

12. In order to ensure fairness to all FOIA requestors, including those that submit such complex and extensive FOIA requests, the FOIA Unit processes requests, to the extent they can, on a "first-in, first-out basis."

### III.     DHS OIG'S FOIA UNIT'S STAFF LEVELS, RESPONSIBILITIES, AND WORKLOAD

13. The FOIA Unit is comprised of one (1) Intake Specialist and four (4) Government Information Specialists ("GISs"). The Intake Specialist's responsibilities include managing, reviewing, and responding to e-mails within the FOIA inbox; performing first-line analysis of initial FOIA requests to ensure they are within the purview of DHS OIG; maintaining an electronic database of FOIA requests, appeals and litigations; and compiling and providing weekly FOIA Significant Reports and monthly OIG FOIA program status reports to DHS OIG Leadership.

14. The GISs process FOIA requests from start to finish. Once assigned a FOIA request, the GISs evaluate it to determine if it is a proper FOIA request per DHS FOIA regulation 6 C.F.R. § 5.3. Generally, a FOIA request is considered proper and in compliance with DHS regulations if it is made in writing, it reasonably describes the records sought, and the records are under the purview of DHS OIG. Pursuant to 6 C.F.R. § 5.3(c), if a FOIA request does not reasonably describe the records sought or it is improperly submitted, the GIS may seek clarification from the requestor or administratively close the request. If the FOIA request seeks records under the purview of a government agency other than DHS or a component other than OIG, the GIS, in collaboration with the Intake Specialist, will refer the request to that government agency or component and inform the requestor to contact that agency or component directly and DHS OIG will administratively close the FOIA request. Based upon the requestor's description of the records being sought and the GIS's knowledge of the various Program Offices' missions, the GIS identifies the Program Office(s) likely to possess responsive records and tasks the appropriate Program

Exhibit 1
6

Office(s) to conduct the necessary searches. Once records are received, the GIS makes determinations whether the records are responsive to the FOIA request. If the records are responsive, the GIS will redact information pursuant to the FOIA or Privacy Act, as appropriate, while simultaneously ensuring that all reasonably segregated non-exempt information is released.

15. The FOIA Unit does not have a Litigation Team versus an Administrative, Initial Request Team. The four GISs that make up the FOIA Unit handle the processing and initial redactions of all FOIA requests, whether they be in the administrative stage or the litigation stage. At any given time, one GIS may be working on processing and managing multiple new FOIA requests, backlog requests, litigation requests, and appeals, when needed. Presently, there is one GIS assigned to this case.

16. In order to meet statutory obligations in the administrative stage, as well as obligations for those requests in litigation, the FOIA Unit is unable to process an excessive number of pages per month per case. In the present case, the FOIA Unit initially offered to process 500 pages per month, but willingly increased the processing rate to a range of 500 to 750 pages per month in order to make a good faith effort to work with the Plaintiff. Any additional increase in processing for this one case will hamper the processing and production of other cases and requests.

17. Moreover, the FOIA Unit typically cannot <u>produce</u> a certain number of pages per month as doing so may require reviewing and processing additional pages on top of the 500 to 750 pages that are reasonable, merely to achieve the requisite production number. The FOIA Unit is unable to commit to a production number because of limited resources, competing priorities and deadlines, other non-litigation tasks, and the overall volume of work.

Exhibit 1
7

### IV. PROCESSING OF PLAINTIFF'S FOIA REQUEST

18.  The FOIA Unit has initiated a search in response to Plaintiff's FOIA request. The search is still ongoing, and the FOIA Unit is still obtaining records from the Program Office, but currently, there are approximately 2,500 pages that need to be processed. In a good faith effort to keep the litigation moving forward, the FOIA Unit has already begun processing the records that have been obtained, and an initial production was made on November 23, 2022.

19.  If the Court requires the FOIA Unit to process more pages than the offered 500 to 750 range, not only would it require the FOIA Unit to reshuffle responsibilities and redirect resources to Plaintiff's FOIA request at the expense of other FOIA requestors, but it also may put DHS OIG in a position to knowingly violate the Court's order since the searches are still ongoing, and the number of records and pages may not equal the Court's ordered rate. Therefore, DHS OIG respectfully requests that the Court issue a scheduling order to allow the agency to process between 500 and 750 pages a month, until all records are produced, moving forward.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief. Signed this 5th day of December 2022.

OKECHI A CHIGEWE
Digitally signed by OKECHI A CHIGEWE
Date: 2022.12.05 17:25:01 -05'00'

Okechi Chigewe
Supervisory Government Information Specialist
Information Law and Disclosure Division, FOIA Division
U.S. Department of Homeland Security
Office of Inspector General

Exhibit 1
8