1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA, | No. 2:22-cv-04760-SHK |
|---|---|
| Plaintiff, | [~~PROPOSED~~] ORDER RE: CASE MANAGEMENT |
| v. | Note: Change made by the Court |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | Honorable Shashi H. Kewalramani United States Magistrate Judge |
| Defendants. | |

The Court, having considered the parties' Joint Rule 26(f) Report (ECF 28), further discussion at the Case Management Conferences on January 10, 2023, January 18, 2023, and January 24, 2023, and the parties' agreement regarding supplemental releases of records in this Freedom of Information Act ("FOIA") case, and good cause appearing therefore, hereby ORDERS as follows:

**A.   Records Processing and Production Schedule**

1. Defendants U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Department of Homeland Security ("DHS"), Office of Inspector General ("OIG") will continue processing potentially responsive records for release to Plaintiff American Civil Liberties Union Foundation of Southern California's FOIA Request.[1]

2. Defendant ICE shall review and process no less than 1,000 pages per month, and release all responsive non-exempt records and an accounting of any withheld records by the 21st day of each month. In the event the 21st is a weekend or holiday, the production will occur on the next Court day.

3. Defendant OIG shall review and process no less than 1,000 pages per month, and release all responsive non-exempt records and an accounting of any withheld records by the last Court day of each month.

4. Defendants shall, through counsel, inform Plaintiff's counsel if the locations/databases and/or search terms utilized or searched deviate from those locations previously represented as being searched. In the event they do, Defense counsel shall provide the new locations/databases and or search terms to Plaintiff's counsel at the time of each production.

---

[1] As explained in its May 18, 2022 letter to Plaintiff's counsel, DHS has determined that the records sought by Plaintiff's FOIA request, should they exist, would be held by OIG and/or ICE.

5. At the conclusion of their review and production, which Defendants currently anticipate will be in May 2023, and prior to filing their motion for Summary Judgment, each Defendant shall provide a *Vaughn* index[2] to Plaintiff.

**B.  Dispositive Motion and Trial Schedule**

1. Any motions for summary judgment shall be heard on August 1, 2023, with the following cross-motion briefing deadlines:

    a. June 6, 2023: Defendants to file their single, combined Motion for Summary Judgment, limited to 7,000 words (*See* L.R. 11-6.1);

    b. June 20, 2023: Plaintiff to file its Opposition and opening Cross-Motion for Summary judgment, limited to 14,000 words;

    c. July 5, 2023: Defendants to file their Opposition to Plaintiff's Cross-Motion and Reply, limited to 7,000 words.

    d. July 18, 2023: Plaintiff to file its Sur Reply, limited to 7,000 words.

2. A one-day bench trial, if necessary, is scheduled for **January 17, 2024 at 8:30 a.m.**

**IT IS SO ORDERED.**

Dated: 2/9/2023

Honorable Shashi H. Kewalramani
United States Magistrate Judge

---

[2] In FOIA cases, the agency will typically identify the withheld documents and the basis on which they are being withheld by submitting a declaration(s). A *Vaughn* index consists of the government's affidavits (singly or collectively) "identifying each document withheld, the statutory exemption claimed, and a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption." *Wiener v. F.B.I.*, 943 F.2d 972, 977 (9th Cir. 1991); *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 415 U.S. 977 (1974). The "purpose of the index is to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate opportunity to review, the soundness of the withholding." *Fiduccia v. U.S. Dep't of Justice*, 185 F.3d 1035, 1042 (9th Cir. 1999) (internal quotation marks omitted).