LABONI A. HOQ (SBN 224140)
laboni@hoqlaw.com
HOQ LAW APC
P.O. Box 753
South Pasadena, California 91030
Telephone: (213) 973-9004

MICHAEL KAUFMAN (SBN 254575)
MKaufman@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, California 90017 Telephone: (213) 977-9500
Facsimile: (213) 915-0219

Attorneys for Plaintiff
*(additional counsel information on next page)*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA, <br> *Plaintiff*, <br> v. <br> UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, <br> *Defendants*. | Case No. 2:22-CV-04760-SB-AFM <br> **DECLARATION OF LABONI HOQ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Hearing Date: August 8, 2023 <br> Hearing Time: 11:00 a.m. <br> Courtroom: *Via Zoom* <br> Honorable Shashi H. Kewalramani <br> United States Magistrate Judge |

EUNICE CHO (*pro hac vice*)
echo@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Telephone: (202) 548-6616

KYLE VIRGIEN (SBN 278747)
kvirgien@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (202) 393-4930

Attorneys for Plaintiff

I, Laboni A. Hoq declare as follows:

1. I am counsel for Plaintiff ACLU of Southern California in the above-captioned matter. I submit this declaration in support of Plaintiff's Opposition to the Defendants' Motion for Judgment on the Pleadings. I have personal knowledge of the facts set forth below, and if called as a witness, I could and would competently testify thereto.

2. On April 29, 2022, Plaintiff submitted a Freedom of Information Act ("FOIA") Request to Defendants Department of Homeland Security ("DHS"), the DHS Office of Inspector General ("OIG"), and Immigration and Customs Enforcement ("ICE"). Attached hereto as Exhibit A is a true and correct copy of that FOIA Request.

3. On February 1, 2023, I participated with my co-counsel in a meet and confer video conference with Defendants' counsel Joseph Tursi. At that conference Plaintiff's counsel asked Defendants ICE and OIG to identify the search terms and locations they used to locate records response to the FOIA Request. Defendants responded by email that day with the information Plaintiff requested. Attached hereto as Exhibit B is a true and correct copy of Defendants' February 1, 2023 email.

4. On February 14, 2023, I sent Defendants' counsel a letter which, among other things, responded to Defendants' February 1, 2023 email, and asked that ICE conduct an adequate search for Parts 4-9 of the FOIA Request ("Parts 4-9"). Attached hereto as Exhibit C is a true and correct copy of Plaintiff's February 14, 2023 letter.

5. On February 24, 2023, Defendants' counsel Mr. Tursi responded to Plaintiff's February 14, 2023 letter, but failed to respond to Plaintiff's inquiry therein regarding the inadequacies of ICE's search for Parts 4-9. Attached hereto as Exhibit D is a true and correct copy of Defendants' February 24, 2023 letter.

6. On March 1, 2023, I sent Defendants' counsel a letter responding to

1  Defendants' February 24, 2023 letter, again asking ICE to address its search
2  inadequacies regarding Parts 4-9.  Attached hereto as Exhibit E is a true and
3  correct copy of Plaintiff's March 2, 2023 letter.

4       7. On March 24, 2023, my co-counsel and I participated in a meet and
5  confer video conference with Defendants' counsel Mr. Tursi on a number of issues
6  regarding the adequacy of Defendants' searches and productions to date. At that
7  conference Plaintiff's counsel followed up with Mr. Tursi about Plaintiff's
8  February 14 and March 1, 2023 correspondence regarding ICE's failure to search
9  for Parts 4-9. Mr. Tursi responded that he would follow up with ICE on the matter.

10      8. On March 29, 2023, Defendants' counsel Mr. Tursi sent me a letter
11 following up on our discussion at the March 24, 2023 meet and confer video
12 conference. Defendants took the position that that Parts 4-9 were too "vague" and
13 "overbroad" to warrant a response, but invited Plaintiff to provide ICE with search
14 terms and other search parameters to allow ICE to search for them. Attached hereto
15 as Exhibit F is a true and correct copy of Defendants' March 29, 2023 letter.

16      9. On April 14, 2023, I sent Defendants' counsel a letter responding to
17 Defendants' March 29, 2023 correspondence, demonstrating that Parts 4-9 were
18 sufficiently reasonably described and not too "vague" and "overbroad." Plaintiff
19 also provided ICE with search terms and locations to search for Parts 4-9, as
20 Defendants invited it to do in its March 29, 2023 letter. Attached hereto as Exhibit
21 G is a true and correct copy of Plaintiff's April 14, 2023 letter.

22      10. On May 12, 2023, my co-counsel and I participated in another meet
23 and confer video conference with Defendants' counsel Jason Axe, in which
24 Plaintiff's counsel raised various deficiencies with Defendants' FOIA searches,
25 including ICE's failure to respond to Plaintiff's proposed search terms and
26 locations for Parts 4-9.  In the conference, Mr. Axe agreed to follow up with ICE
27 about the status of any additional searches it would agree to conduct for Parts 4-9,
28 including whether it would agree to the search parameters set forth in Plaintiff's

April 14, 2023 letter.

11.     On May 16, 2023 Defendants' counsel Mr. Axe sent me an email regarding the status of ICE's searches for Parts 4-9, including ICE's response to the search terms and locations Plaintiff proposed in its April 14, 2023 letter. Among other things, ICE acknowledged "the issue regarding the delay by ICE in responding to your request for search terms," and provided an alternative set of search terms and locations. Attached hereto as Exhibit H is a true and correct copy of Defendants' May 16, 2023 email.

12.     On May 18, 2023, my co-counsel and I participated in another meet and confer video conference with Defendants' counsel Jason Axe regarding the deficiencies with Defendants' proposed search terms and locations as to Parts 4-9. As memorialized in an email of the same day, among other things, Mr. Axe stated, "ICE is interested in Plaintiff's opinion as to additional terms and locations if Plaintiff believes the proposed terms would not yield any documents responsive to the request. Please send me proposed terms and locations that I can share with ICE for their review." Attached hereto as Exhibit I is a true and correct copy of Defendants' May 18, 2023 email.

13.     On May 19, 2023, Defendants' counsel Mr. Axe sent me another email to update on the status of Defendants' additional searches for and production of records response to the FOIA Request. Among other things, Mr. Axe again committed to follow up with ICE about the status of additional searches for Parts 4-9. Attached hereto as Exhibit J is a true and correct copy of Defendants' May 19, 2023 email.

14.     On May 19, 2023, I sent Defendants' counsel a letter responding to Defendants' emails of May 18 and 19. Attached hereto as Exhibit K is a true and correct copy of Plaintiff's May 19, 2023 letter.

15.     On May 25, 2023, Defendants' counsel Mr. Axe sent me another email regarding Defendants' additional searches for records response to the FOIA

Request, including as to Parts 4-9. Among other things, Mr. Axe represented that that ICE could potentially use Relativity software to narrow the universe of responsive records, and also thread emails to avoid producing duplicative records. Defendants also asked Plaintiff to propose additional search terms to facilitate the use of the Relativity software. Attached hereto as Exhibit L is a true and correct copy of Defendants' May 25, 2023 email.

16. On June 1 2023, I sent Defendants' counsel a letter responding to Defendants' May 25, 2023 email. Among other things, the letter indicated that Plaintiff intended to seek a Status Conference with the Court to address the delays in Defendants' search for and production of responsive records. The letter also provided Defendants revised search terms and locations to conduct additional searches for records responsive to Request Nos. 4-9. Attached hereto as Exhibit M is a true and correct copy of Plaintiff's June 1, 2023 letter.

17. On June 6, 2023, Defendants' counsel Jason Axe sent me an email in response to Plaintiff's June 1, 2023 letter. Mr. Axe stated in the email that "[m]y agency contacts are reviewing it, and we will get back to you with a detailed response." He also represented that Defendants did not believe a Status Conference was necessary at that time because "ICE has not **refused** to conduct any searches." (Emphasis in original). Attached hereto as Exhibit N is a true and correct copy of Defendants' June 1, 2023 email.

18. On June 9, 2023, Defendants' counsel Jason Axe sent me another email in response to Plaintiffs' June 1, 2023 letter. Among other things, he proposed alternative search terms and raised issues regarding Plaintiff's proposed search locations at to Parts 4-9. Attached hereto as Exhibit O is a true and correct copy of Defendants' June 9, 2023 email.

19. On June 9, 2023, I sent an email to the Court's Chambers to seek a Status Conference to address Defendants' delay in searching for and producing records, including as to Parts 4-9. I copied Defendants' counsel Jason Axe on that

email. Mr. Axe responded with an email to Chambers objecting to Plaintiff's request for a Status Conference as "unnecessary," because "Defendants here have worked, and are continuing to work, with Plaintiff to reach an agreement as to search terms that can be utilized to resolve Plaintiff's issues." Attached hereto as Exhibit P is a true and correct copy of Plaintiffs' June 9, 2023 email to the Court's Chambers, and Defendants' response email.

20. On June 10, 2023, almost immediately after sending its response to the Court's chambers regarding Defendants' opposition to a Status Conference, Defendants' counsel Mr. Axe emailed me to request a time to engage in a Local Rule 7-3 meet and confer discussion regarding Defendant's anticipated Rule 12(c) motion. Mr. Axe explained that the motion would "challenge the requests themselves," and seek to obtain a ruling from the Court as to "whether the requests, as they were presented to Defendants, are too vague and overbroad to reasonably describe the records sought." Attached hereto as Exhibit Q is a true and correct copy of Mr. Axe's June 10, 2023 email.

21. On June 12, 2023, I sent a letter to Defendants' counsel responding to Defendants' June 9, 2023 email in which ICE proposed alternative search terms and restrictions on search locations. Among other things, in the letter Plaintiff's proposed refined search terms and locations for ICE's search for Parts 4-9. Attached hereto as Exhibit R is a true and correct copy of Plaintiff's June 12, 2023 letter.

22. On June 21, 2023, my co-counsel and I participated in a Local Rule 7-3 video conference with Defense counsel Mr. Axe and Mr. Tursi to discuss their anticipated Rule 12(c) motion. At that conference Mr. Tursi represented that they would be moving to establish that only Parts 4-9 were "vague" and "overbroad," but not Parts 1-3.

23. On June 22, 2023, Defendants' counsel Mr. Tursi sent me a letter responding to Plaintiff's June 12, 2023 letter. Among other things, he responded to

-5-

Plaintiff's proposed search terms and locations. Attached hereto as Exhibit S is a true and correct copy of Mr. Tursi's June 22, 2023 letter.

24. On June 23, 2023, I sent Defendants' counsel an email regarding Defendant's anticipated Rule 12(c) motion, and Plaintiff's intention to file extrinsic evidence under Rule 12(d) in opposition to the Motion. Attached hereto as Exhibit T is a true and correct copy of Plaintiff's June 23, 2023 email.

25. On June 26, 2023 I sent a letter to Defendants' counsel responding to their June 22, 2023 letter regarding ICE's proposals for search terms and locations regarding Parts 4-9. Attached hereto as Exhibit U is a true and correct copy of Plaintiffs' June 26, 2023 letter.

26. On June 30, 2023, the Parties submitted a Joint Status Report to the Court in advance of the July 5, 2023 Court Status Conference. Attached hereto as Exhibit V is a true and correct copy of that Joint Status Report.

27. On July 5, 2023, my co-counsel and I participated in a Court Status Conference, in which the Parties discussed Defendants' forthcoming Rule 12(c) motion. At that Conference Defendants represented, contrary to their position at the Parties' Rule 7-3 conference, that their motion would challenge not only Parts 4-9, but also Parts 1-3.

28. On July 11, 2023, Defendants' counsel Mr. Tursi sent me a letter in response to Plaintiffs' June 26, 2023 letter, in which Defendants responded to Plaintiffs' proposed search terms and locations. Attached hereto as Exhibit W is a true and correct copy of Mr. Tursi's July 11, 2023 letter.

29. On July 12, 2023 I sent a letter to Defendants' counsel responding to their July 11, 2023 letter regarding ICE's proposals for search terms and locations regarding Parts 4-9. Attached hereto as Exhibit X is a true and correct copy of Plaintiff's July 12, 2023 letter.

30. On July 13, 2023, my co-counsel and I participated in a further Court Status Conference on behalf of Plaintiff. At the Status Conference, Defendants'

counsel Mr. Axe represented, among other things, that ICE had commenced a search in response to Part 4 of the FOIA Request using Plaintiff's proposed search terms and locations.

31.  As of this date, Plaintiff has received no documents responsive to Parts 4-9 of its FOIA request from Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 25, 2023, at Oaxaca, Mexico.

/s/ Laboni Hoq
Laboni A. Hoq