E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JOSEPH W. TURSI (Cal. Bar No. 300063)
JASON K. AXE (Cal, Bar No. 187101)
Assistant United States Attorneys
  Federal Building, Suite 7516
  300 North Los Angeles Street
  Los Angeles, California 90012
  Telephone: (213) 894-3989 | 8790
  Facsimile: (213) 894-7819
  E-mail: Joseph.Tursi@usdoj.gov
    Jason.Axe@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Defendants. | No. 2:22-cv-04760-SHK<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Hearing Date: August 8, 2023<br>Hearing Time: 11:00 a.m.<br>Courtroom: Zoom<br>Honorable Shashi H. Kewalramani<br>United States Magistrate Judge |

**TABLE OF CONTENTS**

I. INTRODUCTION & SUMMARY OF ARGUMENT ............................................1

II. ARGUMENT ........................................................................................................3

    A. Neither 6 C.F.R. § 5.3 Nor Any Duty to Confer with a FOIA Requester Precludes Defendants from Being Entitled to Judgment on the Pleadings..................................................................................................3

    B. Defendants Properly Moved for Judgment on the Pleadings Due to Plaintiff's Failure to Submit a Request that Reasonably Describes the Records Sought.................................................................................................5

        1. Request No. 1 .................................................................................7

        2. Request Nos. 2 & 3 ........................................................................8

        3. Request No. 4 .................................................................................8

        4. Request Nos. 5-7 ............................................................................9

        5. Request No. 8 ...............................................................................10

        6. Request No. 9 ...............................................................................10

    C. Even if the Court Were to Consider Plaintiff's Extrinsic Evidence, that Evidence Supports Defendants' Arguments. ........................................11

III. CONCLUSION..................................................................................................13

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                   Page(s)

*American Center for Law and Justice v. U.S. Dep't of Homeland Sec.*,
  573 F. Supp. 3d 78 (D.D.C. 2021) ............................................................... 7, 9

*Am. First Legal Foundation v. Dep't of Def.*,
  2023 WL 3767459 (D.D.C. Mar. 31, 2023) ...................................................... 6

*Bigwood v. United States Dep't of Def.*,
  132 F. Supp. 3d 124 (D.D.C. 2015) ................................................................ 13

*Blakey v. Dep't of Just.*,
  549 F. Supp. 362–67 (D.D.C. 1982) ................................................................. 8

*Cable News Network, Inc. v. Fed. Bureau of Investigation*,
  271 F. Supp. 3d 108 (D.D.C. 2017) .................................................................. 7

*Ctr. for Immigr. Stud. v. U.S. Citizenship and Immigr. Servs.*,
  628 F. Supp. 3d 266 (D.D.C. 2022) ............................................................... 3, 4

*Dale v. I.R.S.*,
  238 F. Supp. 2d 99 (D.D.C. 2002) .................................................................... 7

*Druschke v. Banana Republic, Inc.*,
  359 F. Supp. 2d 308 (S.D.N.Y. 2005) ............................................................. 12

*Evans v. Fed. Bureau of Prisons*,
  951 F.3d 578 (D.C. Cir. 2020) .......................................................................... 5

*Freedom Watch, Inc. v. C.I.A.*,
  895 F. Supp. 2d 221 (D.D.C. 2012) .................................................................. 6

*Freedom Watch, Inc. v. Dep't of State*,
  925 F. Supp. 2d 55 (D.D.C. 2013) .................................................................... 6

*Hoffman v. U.S. Customs and Border Prot.*,
  2023 WL 4237096 (E.D. Pa June 28, 2023) ............................................ 9-10, 13

*Inter-Coop. Exch. v. United States Dep't of Com.*,
  36 F.4th 905 (9th Cir. 2022) ............................................................................ 13

*Johnson v. Exec. Off. for U.S. Att'ys*,
  310 F.3d 771 (D.C. Cir. 2002) ........................................................................ 13

*Jud. Watch, Inc. v. Exp.-Imp. Bank*,
  108 F. Supp. 2d 19 (D.D.C. 2000) .................................................................... 8

*Jud. Watch, Inc. v. Dep't of Health and Hum. Services*,
  2023 WL 315588 (D.D.C. Jan. 19, 2023) ......................................................... 2

*Kowalczyk v. Dep't of Just.*,
  73 F.3d 386 (D.C. Cir. 1996) ............................................................................ 6

*Miller v. Casey*,
  730 F.2d 773 (D.C. Cir. 1984) .......................................................................... 6

*Nation Mag., Washington Bureau v. U.S. Customs Serv.*,
   71 F.3d 885 (D.C. Cir. 1995) ............................................................................... 11

*New Orleans Workers' Ctr. for Racial Just. v. United States Immigr. & Customs Enf't*,
   373 F. Supp. 3d 16 (D.D.C. 2019) ........................................................................ 4

*Nurse v. Sec'y of Air Force*,
   231 F. Supp. 2d 323 (D.D.C. 2002) ...................................................................... 6

*Pub. Emps. for Env't Resp. v. U.S. Env't Prot. Agency*
   314 F. Supp. 3d 68 (D.D.C. 2018) ..................................................................... 6, 7

*Ranch Realty, Inc. v. DC Ranch Realty, LLC*,
   614 F. Supp. 2d 983 (D. Ariz. 2007) ................................................................... 12

*Sack v. Cent. Intel. Agency*,
   53 F. Supp. 3d 154 (D.D.C. 2014) ..................................................................... 7, 8

*Serv. Women's Action Network v. Dep't of Def.*,
   2013 WL 1149946 (D. Conn. Mar. 19, 2013) .................................................... 13

*Shapiro v. Cent. Intel. Agency*,
   170 F. Supp. 3d 147 (D.D.C. 2016) .................................................................. 7, 8

*Snead v. Wright*,
   2020 WL 7234158 (D. Alaska 2020) .................................................................. 12

*Tax Analysts v. I.R.S.*,
   117 F.3d 607 (D.C. Cir. 1997) ............................................................................... 6

*Truitt v. Dep't of State*,
   897 F.2d 540 (D.C. Cir. 1990) ............................................................................... 5

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ............................................................................... 12

*Wilson v. U.S. Dep't of Transp.*,
   730 F. Supp. 2d 140 (D.D.C. 2010) ................................................................ 6, 13

*Yagman v. Pompeo*,
   868 F.3d 1075 (9th Cir. 2017) .......................................................................... 4, 5

*Yakima Valley Mem'l Hosp. v. Washington State Dep't of Health*,
   654 F.3d 919 (9th Cir. 2011) ............................................................................... 12

**Federal Statutes**

5 U.S.C. § 552(a)(3)(A) .......................................................................................... 1, 5

5 U.S.C. § 552(a)(3)(A)(i) ......................................................................................... 1

**Federal Regulations**

6 C.F.R. § 5.3 .................................................................................................... 1, 3, 5

6 C.F.R. § 5.3(b) ..................................................................................................... 3, 4

6 C.F.R. § 5.3(c) ......................................................................................................... 4

**Federal Rules**

Federal Rule of Civil Procedure 12(c) .................................................................. 1, 2, 11

Federal Rule of Civil Procedure 12(d) ......................................................................... 11

Federal Rule of Civil Procedure 56 ............................................................................. 11

## REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

### I. INTRODUCTION & SUMMARY OF ARGUMENT

Defendants are entitled to judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) because the nine-part Freedom of Information Act request submitted by Plaintiff American Civil Liberties Union of Southern California ("ACLU SoCal") did not "reasonably describe" the records requested. *See* 5 U.S.C. § 552(a)(3)(A)(i). Defendants' motion is limited to the terms of the FOIA request at issue in the operative First Amended Complaint ("FAC"). (*See* ECF 24 at ¶ 36; ECF 24-1 at 5-7.) In that respect, a Rule 12(c) motion is the appropriate vehicle for Defendants to challenge the sufficiency of the request because an agency's obligations under FOIA to produce records are contingent upon receiving a request that "reasonably describes" the requested records, among other requirements, and a lawsuit based on deficient requests should be dismissed where a proper request has not been made. 5 U.S.C. § 552(a)(3)(A). Inquiry beyond the request itself is unnecessary in determining whether it reasonably describes the records sought, and Defendants have not asked this Court to consider or rely on any extrinsic evidence in making that determination.

In opposition, Plaintiff first argues that Defendants cannot bring this motion because they failed to "work in good faith with Plaintiff to clarify the Request." (ECF 50 at 8.) That argument is not a basis to preclude this Court from considering whether, in the first instance, the FOIA request "reasonably describes" the requested records. Plaintiff's argument stems, in part, from a regulation directing how DHS should process FOIA requests (6 C.F.R. § 5.3(b, c)). Plaintiff appears to argue that the regulation somehow prohibits Defendants from moving for judgment on the pleadings. Yet even assuming that Defendants had a requirement to confer, the undisputed facts contradict Plaintiff's argument that DHS failed to do so. The FAC itself references discussions Plaintiff had with DHS and attaches correspondence between the parties before litigation. (*See* ECF 24, ¶¶ 42-44, Exhs. D-G.) Plaintiff cannot credibly argue it was unaware of Defendants' position over the facially deficient request. Defendants raised

1

the same issues based on a nearly identical FOIA request in *ACLU v. DHS*, D.C. District Court Case No. 1:21-cv-02627 (the "D.C. Case").[1] There, Defendants filed a similar motion as is before the Court here, and after it was fully briefed, the plaintiff (ACLU SoCal's national affiliate) chose to dismiss the case and effectively resume it here. Moreover, Defendants raised as an affirmative defense that the request failed to reasonably describe the records sought. (ECF 26 at 15.)

Plaintiff next argues that the Court, applying a Rule 12(c) standard, must deny the motion because Plaintiff's request passes muster. But in advancing this argument, Plaintiff puts forth a strained interpretation of "reasonably describes" while effectively asking the Court and Defendants to do what they cannot — *not* read the request as drafted. A plain reading of the request reveals that it fails to reasonably describe the records sought. Rather than try to defend the nine-part request in whole, Plaintiff offers nothing more than its own summary while avoiding an analysis of the request as drafted.

Finally, Plaintiff attaches to its opposition nearly 200 pages of correspondence between the parties over the deficient request, suggesting that the Court consider those documents *if* it considers matters outside the pleadings. But Defendants are not asking this Court to consider extrinsic evidence in adjudicating Defendant's motion, nor is it needed. That said, even if the Court were to consider Plaintiff's extrinsic evidence, it undermines Plaintiff's arguments as it reveals Defendants' good faith attempts to clarify and narrow the scope of Plaintiff's deficient request. Indeed, that evidence establishes that at no point has Plaintiff ever offered to amend, modify, or narrow the scope of its request.[2] Rather, despite Defendants' repeated concerns, Plaintiff has, across two

---

[1] Absent from Plaintiff's Opposition is any mention or discussion of the D.C. case.

[2] Plaintiff's proposed search terms are not the equivalent of *narrowing* the scope of the deficient request because they merely provide suggestions to Defendants as to how to attempt to search for records that would respond to their otherwise deficient request. When a request is over broad, and a production of responsive documents would require unusually protracted agency review, courts have advised plaintiffs to narrow their requests. *See, e.g., Jud. Watch, Inc. v. Dep't of Health and Hum. Services*, 2023 WL 315588, at *4 (D.D.C. Jan. 19, 2023).

litigations, maintained that its request is proper and charges Defendants with obscuration when they suggest it be narrowed or otherwise modified.

This is why Defendants now seek judicial intervention. Despite their efforts to try to understand and process Plaintiff's deficient request, they have been met with a constant moving target as Plaintiff reads its request amorphously. So too has Plaintiff sought to micromanage Defendants' efforts to attempt to comply with its obligations under FOIA to complete a reasonable search. (ECF 50-2 at 19-20, 32, 43-50, 54, 60, 65-69, 112-118, 142-147, 159-162, 200-207.) Distilled down, Plaintiff's opposition fails to explain how its overly broad request fits and complies with the FOIA's regulations. As a result, this Court should grant Defendants' motion.

## II. ARGUMENT

### A. Neither 6 C.F.R. § 5.3 Nor Any Duty to Confer with a FOIA Requester Precludes Defendants from Being Entitled to Judgment on the Pleadings

Plaintiff's opposition asserts that even if the request is problematic, Defendants are not entitled to judgment on the pleadings because it was incumbent on them to make a good faith attempt to assist Plaintiff in perfecting its request. Because Plaintiff alleges Defendants have failed to do so, they are, according to Plaintiff, thus foreclosed from bringing this motion. But Plaintiff's contention misreads both the regulation and the cases cited in support. The referenced regulation provides, "If after receiving a request, a component determines that it does not reasonably describe the records sought, the component *should* inform the requester what additional information is needed or why the request is otherwise insufficient." 6 C.F.R. § 5.3(b) (emphasis added). That regulation incorporates FOIA's "reasonably describes" requirement. *See Ctr. for Immigr. Stud. v. U.S. Citizenship and Immigr. Servs.*, 628 F. Supp. 3d 266, 270 n.2 (D.D.C. 2022). Nothing in 6 C.F.R. § 5.3(b) suggests Defendants may not move to dismiss an action based on a FOIA request that fails to meet the standards of the FOIA statute. When a request violates FOIA's "reasonably describes" requirement, an agency will not be found

3

to have violated the FOIA if it cannot respond to that request. *See, e.g.*, *Center for Immigration Studies*, 628 F. Supp. 3d 266.

Plaintiff cites *New Orleans Workers' Ctr. for Racial Just. v. United States Immigr. & Customs Enf't*, 373 F. Supp. 3d 16, 34 (D.D.C. 2019), for the proposition that Defendants are not entitled to judgment on the pleadings because they failed to comply with 6 C.F.R. § 5.3(b). As Plaintiff notes in footnote 4 of its opposition, the previous version of Section 5.3(b) referenced in *New Orleans Workers' Center* stated that DHS "shall" inform the requester what additional information is needed or why the request is otherwise insufficient, as opposed to the version at issue in this case, which states that DHS "should" inform the requester. The court noted that change but found it insignificant under the facts of that case because "it appears that the defendant failed to comply with it as well, as the amended regulation only permits the defendant, upon determining that 'a request does not adequately describe the records sought,' to 'administratively close the request or seek additional information from the requester,' id. § 5.3(c), but does not authorize the defendant to proceed based on its own interpretation of a request as it did here." 373 F. Supp. 3d at 33 n.5. Here, those facts do not exist. Defendants did not proceed based on their own interpretation of the request. Instead, they have sought additional information from Plaintiff, as Plaintiff admits in its FAC (and as seen in Plaintiff's extrinsic evidence). Therefore, Section 5.3(b) is not a bar to Defendants moving for judgment on the pleadings.

Plaintiff's citation to *Yagman v. Pompeo*, 868 F.3d 1075 (9th Cir. 2017) is also misplaced. There, the CIA declined to respond to a FOIA request based on the interpretation that it was asking a question. *Id.* at 1078. The district court granted defendants' motion to dismiss on the grounds that the plaintiff had failed to exhaust his administrative remedies under FOIA, leaving the court without subject matter jurisdiction. *Id.* In remanding, the Ninth Circuit found that the district judge had erred in dismissing the action for lack of subject matter jurisdiction, but nonetheless *agreed* that the request at issue failed to reasonably describe the records sought. *Id.* at 1085. The

4

1  Ninth Circuit instructed the district court to allow the requestor the opportunity to
2  reframe his request. *Id.* at 1085.[3]
3       Plaintiff's opposition also argues, in a footnote (ECF 50 at 17), that "Defendants'
4  only option is to seek additional information from Plaintiff" because Defendants did not
5  administratively close its request. But Plaintiff provides no support for its implied
6  assertion that Defendants cannot move to dismiss (or in this case, for judgment on the
7  pleadings) when a request fails to reasonably describe the records requested. Therefore,
8  neither 6 C.F.R. § 5.3 nor any general duty to confer with a FOIA Requester precludes
9  Defendants from being entitled to judgment on the pleadings.

10       **B.**    **Defendants Properly Moved for Judgment on the Pleadings Due to**
11           **Plaintiff's Failure to Submit a Request that Reasonably Describes the**
12           **Records Sought**

13       Plaintiff does not dispute that under FOIA, a request must reasonably describe the
14  records sought. (ECF 50 at 14.) Nor does Plaintiff dispute that the test over whether a
15  FOIA request "reasonably describes" agency records is whether the description "would
16  be sufficient [to enable] a professional employee of the agency who was familiar with
17  the subject area of the request to locate the record *with a reasonable amount of effort."*
18  *Truitt v. Dep't of State*, 897 F.2d 540, 544 (D.C. Cir. 1990) (emphasis added); *see also*
19  ECF 50 at 18.
20       Because "an agency is only obligated to release nonexempt records if it receives a
21  request that 'reasonably describes such records[,]'" an agency cannot "improperly"
22  withhold records if the records have not been reasonably described. *See Evans v. Fed.*
23  *Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020) (quoting 5 U.S.C. §
24  552(a)(3)(A)). As a result, an action brought based on a failure by an agency to

---

[3] To the extent that this Court is not inclined to dismiss Plaintiff's FAC, it should at the very least require Plaintiff to reframe its request to reasonably describe the records sought. *See Yagman*, 868 F.3d at 1084. That request should "identify specific persons [or] specific documents, types of documents, or types of information" that is being requested. *Id.* at 1081.

5

adequately respond to the request is subject to dismissal. *See Am. First Legal Foundation v. Dep't of Def.*, 2023 WL 3767459, at *1 (D.D.C. Mar. 31, 2023) (motion to dismiss granted where requests did not reasonably describe records sought); *Freedom Watch, Inc. v. C.I.A.*, 895 F. Supp. 2d 221, 229 (D.D.C. 2012); *cf. Nurse v. Sec'y of Air Force*, 231 F. Supp. 2d 323, 330 (D.D.C. 2002) (granting summary judgment).

Even giving Plaintiff's requests a liberal construction, their overbroad descriptions do not allow the agency "to determine precisely what records are being requested." *Tax Analysts v. I.R.S.*, 117 F.3d 607, 610 (D.C. Cir. 1997) (quoting *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 388 (D.C. Cir. 1996)). Plaintiff's request must be analyzed as drafted at the time it was presented to the agency. *See Wilson v. U.S. Dep't of Transp.,* 730 F. Supp. 2d 140, 155 (D.D.C. 2010) ("[A]n agency need only conduct a search as to the original request, and not to subsequent additions or clarifications."), *aff'd* 2010 WL 5479580 (D.C. Cir. 2010).

Plaintiff's FOIA request has several flaws that prevent a reasonably familiar professional employee from "locat[ing] the record[s] with a reasonable amount of effort." One of the most significant flaws in Plaintiff's request is its reference to "any and all" records that relate to, mention, or identify a subject matter. *See Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 62 (D.D.C. 2013) (finding that requests for "all" records that "refer or relate" to subjects did not reasonably describe the records requested because it "would require search and production if [the subject] were ever, even vaguely mentioned"). Although Plaintiff argues that the Court and Defendants should effectively ignore these problematic words and that Defendants are construing the request "far more broadly than the text supports[,]" (ECF 50 at 20), that is asking the Court and Defendants to do what they cannot, that is, *not* "read the FOIA requests as drafted." *Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984) ("The agency was bound to read it as drafted, not as either agency officials or Miller might wish it was drafted.").

Plaintiff also cites to *Pub. Emps. for Env't Resp. v. U.S. Env't Prot. Agency ("PEER")*, 314 F. Supp. 3d 68 (D.D.C. 2018), for the proposition that the phrases such

6

as "any and all" and "relating to" are not determinative of whether records are reasonably described. (ECF 50 at 20.) However, the main defect in Plaintiff's FOIA request is not that it lacks specified subjects, but rather that the requests do not reasonably describe what records are being sought about those subjects such that they can be located with reasonable effort. The court in *PEER* distinguished the request in its case from the requests in cases cited by the EPA that included language such as "relate to" and "pertain to." *PEER*, 314 F. Supp. 3d at 81 n.5 (citing *Sack v. Cent. Intel. Agency*, 53 F. Supp. 3d 154 (D.D.C. 2014) and *Dale v. I.R.S.*, 238 F. Supp. 2d 99 (D.D.C. 2002)). However, the request in *PEER* was found to be "more precisely defined" because it lacked the "relate to" scope of requests in the other cases cited by the EPA. *PEER*, 314 F. Supp. 3d at 72-73. As a result, the FOIA request here leaves the FOIA processor "to guess at plaintiff's intent" or "in a hopeless muddle without clear guidance about what documents are being sought." *Shapiro v. Cent. Intel. Agency*, 170 F. Supp. 3d 147, 154 (D.D.C. 2016); *Am. Ctr. for L. & Just. v. U.S. Dep't of Homeland Sec.*, 573 F. Supp. 3d 78, 85 (D.D.C. 2021), at *6. Plaintiff cannot avoid the fact that the requests it drafted insufficiently describe what precisely Plaintiff seeks, as even the law cited by Plaintiff indicates.

### 1. Request No. 1

This request seeks "[a]ny and all documents . . . *relating* to the hospitalization, death, decision to release from custody, or release from custody" of four individuals. (ECF 24-1 at 5 (emphasis added).) As Defendants explained, ECF 44 at 16, such a request that seeks "any and all" records "relating to" a subject matter do not pass muster under FOIA. *See, e.g.*, *Cable News Network, Inc. v. Fed. Bureau of Investigation*, 271 F. Supp. 3d 108, 112 (D.D.C. 2017) (dismissing as overbroad a request for records that "relate in any way to" certain subject areas). Indeed, this request necessarily asks FOIA Processors to determine what does and does not "relate" to a specified topic. As explained in *Shapiro*, 170 F. Supp. 3d at 155, "there is a difference in kind between requests for documents that 'mention' or 'reference' a specified person or topic and

those seeking records 'pertaining to,' 'relating to,' or 'concerning' the same." The Court explained that "[b]ecause 'a record may pertain to something without specifically mentioning it,' the request's use of "pertaining" to the specified subject produced a "lack of clarity [that] le[ft] the agency to guess at the plaintiff's intent." *Id*. at 154 (quoting *Sack*, 53 F. Supp. 3d at 164).

### 2. Request Nos. 2 & 3

These requests seek "[a]ny and all . . . reports of identification that are identified in any of the records responsive to Request #1." (ECF 24-1 at 6.) For these requests, for the DHS components to respond, they would have to review every record identified in response to Request No. 1 to find all reports of investigation. This does not "reasonably describe" the records sought because it would not enable a professional employee to locate the records "with a reasonable amount of effort."

As Defendants explained in their Motion, ECF 44 at 20, these are "springing" requests, which are improper. FOIA "was not intended to reduce government agencies to full-time investigators on behalf of requesters." *Jud. Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 27 (D.D.C. 2000) (internal quotation marks and citation omitted); *see also Blakey v. Dep't of Just.,* 549 F. Supp. 362, 366–67 (D.D.C. 1982) ("FOIA was not intended to compel agencies to become ad hoc investigators for requesters whose requests are not compatible with their own information retrieval systems."), *aff'd*, 720 F.2d 215 (D.C. Cir. 1983). Yet these parts of Plaintiff's request do exactly that as they necessarily require that Defendants analyze the records responsive to part one and then make a determination of whether those records identify any that would be responsive to parts 2 and 3. Plaintiff ignored this argument. *Cf.* ECF 50.

### 3. Request No. 4[4]

This request seeks "any and all documents and communications . . . that *contain*

---

[4] Plaintiff claims that the first time Defendants raised issues over parts 4-9 was on March 29, 2023. (ECF 50 at 17.) However, Defendants raised their concerns about these requests in the D.C. case in their Motion to Dismiss and thus Plaintiff was on notice of Defendants' position well before March 2023.

8

guidance, instructions, or standards about the release from custody of (a) hospitalized detainees; or (b) detainees who at the time of release were patients in the care of external healthcare providers or facilities." (ECF 24-1 at 6 (emphasis added).) This request is over broad, especially given that Plaintiff's definitions of "communications" and "documents" "only further broaden" the requests. *American Center for Law and Justice*, 573 F. Supp. 3d at 86-87 (definitions, when paired with other language, "only further broaden" the plaintiff's request. Indeed, because Defendants must consider the request as drafted, this necessarily means they are expected to search for "every writing or record of every type … that has been in the possession …of ICE and its employees, to which they have access, or of which they have knowledge…" (Dkt. 24-1 at 4.) Notably, this over broad definition, which Plaintiff itself supplied, stands counter to its argument that the request provides "specific times, names, and types of documents requested." (ECF 50 at 22.) And to the extent that Plaintiff seeks documents and communications that "contain" guidance, instructions, or standards, rather than merely asking directly for records that constitute "guidance, instructions, or standards," their request is over broad.

### 4. Request Nos. 5-7

These requests seek documents that (1) identify detainees who were released from custody, (2) "mention" the release from custody of detainees, and (3) mention the death of detainees who were (a) hospitalized, (b) in the care of external health providers, or (c) released from custody immediately prior to transfer to an emergency room, hospital, or external care facility. (ECF 24-1 at 6-7.) Plaintiff has defined "detainee" as "any person detained or formerly detained in an immigration detention facility or holding facility." (ECF 24-1 at 5). However, none of these requests provide DHS with any names of detainees for which they should search their systems of records. Rather, it would necessarily require FOIA processors to create records (that is compile a list of "detainees") to then use to search for records that may be responsive. Yet FOIA obligates agencies to disclose documents in its custody, *not* to acquire or create documents it does not have. *Hoffman v. U.S. Customs and Border Prot.*, 2023 WL

4237096, at *15 (E.D. Pa June 28, 2023). Therefore, on their faces, these searches do not reasonably describe the records sought.

### 5. Request No. 8

This request seeks "[a]ny and all documents . . . that identify detainees who were hospitalized or transferred from detention for off-site medical care *due to COVID-19*, and were subsequently released from custody while hospitalized, or detainees who were released from custody *immediately prior to transfer to an emergency room, hospital, or external care facility to receive treatment for COVID-19*." (ECF 24-1 at 7 (emphasis added.) In the motion, Defendants have explained the confusion over the overbroad nature of the request. (ECF 44 at 18-19.) In their opposition, Plaintiff does not argue that Defendants' interpretation was wrong. Instead, it contends that it has "already clarified these issues." (ECF 50 at 21). This reinforces Defendants' point – the request leaves the agency to guess what records Plaintiff seeks. Indeed, to adequately respond to this request, a professional employee of the agency who was familiar with the subject area would nonetheless need to comb through records to determine things such as whether a detainee was hospitalized or transferred "due to COVID-19" (as opposed to another medical cause) and released from custody "immediately prior to transfer to an emergency room, hospital, or external care facility to receive treatment for COVID-19" (requiring the determination of "immediately prior to" and "for COVID-19.") Such a request goes beyond a "*reasonable amount of effort*."

### 6. Request No. 9

This request seeks bills, invoices, etc. for "any detainee who was released from custody while (a) hospitalized; or (b) a patient in the care of an external healthcare provider or facility, and communications about such bills, invoices, charges, or records of payment." (ECF 24-1 at 7.) As with Request Nos. 5-7, Request No. 9 does not provide DHS with any names of detainees for which they should search their systems of records. This request is also, like Request Nos. 2 & 3, a springing request in that it requires the FOIA processor to complete previous requests first to identify detainees who meet

10

subparts (a) or (b) and then search for bills and invoices reflecting payment for those individuals' medical care.

### C. Defendant Is Not Seeking Dismissal of This Action on the Ground That Responding to the Requests Would Be an Undue Burden

Plaintiff argues that Defendants' Motion must be denied because it is based "on pure speculation" and not supported by affidavits or declarations to substantiate a claim of undue burden. (ECF 50 at 26-27.) But Defendants' Motion is focused on the threshold issue whether the requests "reasonably describe the records" sought. To the extent that a court's consideration of whether a request reasonably describes the records sought necessarily considers the nature of the request and the likely burden it would impose, Defendants do argue that the requests would create an undue burden. But Defendants have not, in this Motion, sought summary judgment based on affidavits explaining the burden of responding to the request.

Therefore, Plaintiff's citation to cases discussing undue burden, such as *Nation Mag., Washington Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 892 (D.C. Cir. 1995), are not relevant to this Court's consideration of the motion. In that case, the court reversed the grant of summary judgment because the agency had not established that conducting a particular search would be unreasonably burdensome.'" 71 F.3d at 892. As explained, Defendants here are arguing that the *request* does not reasonably describe the records sought. They are not arguing that a search for a specific record (i.e. in *Nation Magazine*, a specific memo from 1981), would be unreasonably burdensome.

### D. Even if the Court Were to Consider Plaintiff's Extrinsic Evidence, that Evidence Supports Defendants' Arguments.

Pursuant to Federal Rule of Civil Procedure 12(d), if on a Rule 12(c) motion for judgment on the pleadings, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Rule 12(d) *permits* a court to convert a motion for judgment on the pleadings into one for summary judgment if a court *relies* on extrinsic

11

evidence submitted with the motion in reaching its conclusion, but it is not required to do so. *See Yakima Valley Mem'l Hosp. v. Washington State Dep't of Health*, 654 F.3d 919, 925 n.6 (9th Cir. 2011) ("The district court had discretion not to convert the motion for judgment on the pleadings into a summary judgment motion.") (citation omitted).

Here, Defendants have not submitted matters outside the pleadings in support of their Motion.[5] Courts have explicitly rejected the very tactic that Plaintiff attempts here. *See Ranch Realty, Inc. v. DC Ranch Realty, LLC*, 614 F. Supp. 2d 983, 989 (D. Ariz. 2007) ("Plaintiff does not provide any support for its fundamental assumption that a non-moving party can convert a motion to dismiss into a motion for summary judgment by including extraneous material in its response."); *see also Druschke v. Banana Republic, Inc.*, 359 F. Supp. 2d 308, 213 (S.D.N.Y. 2005) ("[Plaintiff], as a non-moving party, cannot unilaterally convert [Defendant's] motion to dismiss into a motion for summary judgment, nor may it incorporate [Plaintiff's] new declaration into the Complaint for the purposes of this motion.") (citation omitted); *Snead v. Wright*, 2020 WL 7234158, at *2 (D. Alaska 2020) ("A party cannot unilaterally convert a motion to dismiss to one for summary judgment.")

And, in those cases where a 12(b)(6) motion is converted into one for summary judgment, courts nearly always observe that the court must "give the *nonmoving party* an opportunity to respond." *See, e.g., United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (emphasis added). This highlights that it is the moving party who seeks to introduce extrinsic evidence as opposed to the nonmoving party. Indeed, Defendants are unaware of any cases (and Plaintiff cites none) where it was the moving party who was granted an opportunity to respond because a *nonmoving* party sought to present extrinsic evidence, resulting in a court converting the motion at issue.

---

[5] In their Opposition, Plaintiff asserts that Defendants have "ask[ed] that the Court consider extrinsic evidence." (ECF 50 at 15 n.3.) Plaintiff's reference appears to be to Defendant's citation of an ACLU website in which the ACLU estimated that there are "over 200 immigration detention facilities." (ECF 44 at 18 n.6.) Defendants are not requesting that the Court rely on this "extrinsic evidence" in reaching any conclusions in this case.

12

Even if Plaintiff's extrinsic evidence is considered by this Court, it is not relevant to the Court's adjudication of this motion because it has no bearing on the issue presented to the Court by Defendants in this motion — whether Plaintiff's FOIA requests reasonably describe the records sought – and because "no statute requires a court to allow FOIA modifications during the course of litigation." *Serv. Women's Action Network v. Dep't of Def.*, 2013 WL 1149946, at *3 (D. Conn. Mar. 19, 2013), *aff'd*, 570 F. App'x 54 (2d Cir. 2014); *see also Wilson*, 730 F. Supp. 2d at 155 ("[A]n agency need only conduct a search as to the original request, and not to subsequent additions or clarifications.").

Plaintiff's extrinsic evidence merely demonstrates Defendants' good-faith efforts to try to clarify the request, while highlighting the problems inherent with it. What the correspondence does not show, however, is any offer by Plaintiff to narrow or modify the scope of its request despite the concerns raised time and time again by Defendants. Instead, it highlights the level of micromanagement Plaintiff seeks to control over Defendants' efforts to process the request.[6]

### III.  CONCLUSION

For the reasons discussed above and in Defendants' moving papers, the Court should grant the Motion for Judgment on the Pleadings and dismiss Plaintiff's First

---

[6] "In general, a FOIA petitioner cannot dictate the search terms for his or her FOIA request. Rather, a federal agency has discretion in crafting a list of search terms that they believe to be reasonably tailored to uncover documents responsive to the FOIA requests. Where the search terms are reasonably calculated to lead to responsive documents, a court should neither micromanage nor second guess the agency's search." *Bigwood v. United States Dep't of Def.*, 132 F. Supp. 3d 124, 140 (D.D.C. 2015); *see also Johnson v. Exec. Off. for U.S. Att'ys*, 310 F.3d 771, 776 (D.C. Cir. 2002) ("FOIA, requiring as it does both systemic and case specific exercises of discretion and administrative judgment and expertise, is hardly an area in which the court should attempt to micro manage the executive branch."); *see also Inter-Coop. Exch. v. United States Dep't of Com.*, 36 F.4th 905, 911 (9th Cir. 2022) ("For this reason, a FOIA requestor "cannot dictate the search terms for his or her FOIA request."). Nor is a search's adequacy determined by its fruits. *See Hoffman*, 2023 WL 4237096, at *5.

Amended Complaint. Such a ruling does not foreclose Plaintiff from submitting a proper FOIA request that reasonably describes the records it seeks.

Dated: August 4, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

/s/ *Joseph W. Tursi*
JOSEPH W. TURSI
JASON K. AXE
Assistant United States Attorneys
Attorneys for Defendants

### CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2

The undersigned, counsel of record for Defendants, certifies that the memorandum of points and authorities contains 5,168 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 4, 2023

/s/ *Joseph W. Tursi*
JOSEPH W. TURSI
Assistant United States Attorney