# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br>*Defendants*. | Case No. 2:22-CV-04760-SB-AFM<br><br>**[PROPOSED] ORDER IN SUPPORT OF PLAINTIFF'S REQUEST FOR SCHEDULING ORDER AND FOIA PROCESSING RATE**<br><br>**Plaintiff's Brief in Support of Request for Scheduling Order and FOIA Processing Rate Field Concurrently**<br><br>Honorable Shashi H. Kewalramani<br>United States Magistrate Judge |

The Parties to this Action came before the Court for a Status Conference on October 11, 2023 to address the timeliness of Defendants' search for and production of records responsive to Plaintiff's Freedom of Information Act ("FOIA") Request, and the dispositive motion schedule for the Action. The Court ordered briefing on the matters on which Plaintiff is seeking relief. Dkt. No. 56. Having considered the briefing submitted by the Parties, [and any subsequent oral argument of the Parties], IT IS HEREBY ORDERED as follows:

1. Within two weeks of the date of this Order, the Parties shall meet and confer via telephone or video conference, at which time Defendants shall make available the ICE FOIA Office responsible for this Request, to address ways to reduce the total number of responsive FOIA records Defendants have located for processing including as to Parts 1 to 3 of the Request, and to finalize the search parameters for remaining searches for Parts 4 to 9 of the Request.

- This meet and confer shall specifically address:
    - For Parts 1 to 3, disaggregation of records regarding Mr. Teka Gulema by date, including records generated by ICE after October 1, 2015
    - For Parts 4 to 9, a revised set of search terms and locations (including custodians), including resolution of the following issues:
        - For Part 4, the technical feasibility of the search string Plaintiff proposed in April 2023 and Defendant agreed to run in July 2023;
        - For Part 6, the technical feasibility of a search of ICE's JIOC, as Plaintiff proposed in July 2023;
- Within four weeks of the Court's Order, Based on the agreed-upon parameters, Defendants shall provide Plaintiff the following information:
    - For Parts 1 to 3, the total number of pages of documents yet to be produced by ICE, disaggregated by individual;

- o For Parts 1 to 3, the total number of pages of documents yet to be produced by ICE regarding Mr. Teka Gulema dated on or after October 1, 2015. If ICE is unable to accurately disaggregate such records by date, ICE shall provide the Court with an explanation as to why it is unable to do so, and steps it can take to identify documents regarding Mr. Gulema dated on or after October 1, 2015;
  - o For Parts 4 to 9, a hit count, broken down by Part, for each of the agreed-upon searches;
- Within six weeks after the date of the Court's Order, Plaintiff will inform ICE whether it waives ICE's general production of documents related to Mr. Teka Gulema dated before October 1, 2015 (without waiving Plaintiff's right to later provide "positive indications of overlooked materials" under *Transgender L. Ctr. v. Immigr. & Customs Enf't*, 46 F.4th 771, 780 (9th Cir. 2022)). By this date, Plaintiff will also inform ICE the order in which ICE should process the records of the four individuals named in the FOIA request.
- Within four weeks and eight weeks after the Court's order, the Parties shall work cooperatively to narrow the search results for Parts 4 to 9, as needed.

2. The rate of Defendants' processing and production of the remaining FOIA of records shall be as follows:

- For the first eight weeks following this Order, pursuant to the Court's February 29, 2022 Order, Dkt. 39-1, each Defendant shall continue to process FOIA Records at a rate of 1,000 pages per month.
- Eight weeks after this Order, Defendants' rate of processing shall increase, such that production of documents responsive to the FOIA Request shall be completed within six months of this Order. To accomplish this, each month, Defendants shall process documents at a

rate equal to the total page count for Parts 1 to 9 divided by six, rounding up to the nearest whole page, not to exceed 5,000 pages per month.

- For records responsive to Parts 4 to 9, Defendants shall ensure that it has conducted email threading and de-duplication of records prior to processing to reduce the number of records to be processed and produced.

3. Nothing in this Order shall waive any arguments the Parties may have regarding the claims and defenses in this case, including, but not limited to, the adequacy of Defendants' searches for and productions of FOIA records, or requests for adjustments to the processing rate.

4. A further Status Conference is set for December 2023.
   - At this Status Conference the Court may make any adjustments to the above-referenced deadlines if necessary, and set a summary judgment briefing schedule together with prior deadlines for Defendants to produce search adequacy and *Vaughn* indices, and to re-set the trial date.
   - Prior to the Status Conference, each Party shall file a Status Report addressing outstanding issues related to this Order for the Court's consideration, with Plaintiff's Status Report due two weeks prior to the Status Conference and Defendants Status Report due one week before the Status Conference.

**IT IS SO ORDERED.**

Dated: _____

                                          Honorable Shashi H. Kewalramani
                                          UNITED STATES MAGISTRATE JUDGE