LABONI A. HOQ (SBN 224140)
*laboni@hoqlaw.com*
HOQ LAW APC
P.O. Box 753
South Pasadena, California 91030
Telephone: (213) 973-9004

MICHAEL KAUFMAN (SBN 254575)
*MKaufman@aclusocal.org*
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, California 90017 Telephone: (213) 977-9500
Facsimile: (213) 915-0219

Attorneys for Plaintiff
*(additional counsel information on next page)*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA, <br> *Plaintiff*, <br> v. <br> UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, <br> *Defendants*. | Case No. 2:22-CV-04760-SB-AFM <br><br> **DECLARATION OF LABONI HOQ IN SUPPORT OF PLAINTIFF'S REPLY BRIEF REQUESTING SCHEDULING ORDER AND FOIA PROCESSING RATE** <br><br> Honorable Shashi H. Kewalramani <br> United States Magistrate Judge |

EUNICE CHO (*pro hac vice*)
*echo@aclu.org*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Telephone: (202) 548-6616

KYLE VIRGIEN (SBN 278747)
*kvirgien@aclu.org*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (202) 393-4930

Attorneys for Plaintiff

I, Laboni A. Hoq declare as follows:

1.  I am counsel for Plaintiff ACLU of Southern California in the above-captioned matter.  I submit this declaration in support of Plaintiff's Letter Brief requesting a scheduling order and FOIA processing rate.  I have personal knowledge of the facts set forth below, and if called as a witness, I could and would competently testify thereto.

2.  On November 9, 2023, I sent Defendants' counsel a letter. Attached hereto as Exhibit 1 is a true and correct copy of this email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 13, 2023, at South Pasadena, California.

*/s/ Laboni Hoq*

_____
Laboni A. Hoq

-1-

# EXHIBIT 1

November 9, 2023

Joseph Tursi
Jason Axe
Alarice Medrano
United States Attorney's Office
Central District of California
300 N. Los Angeles St. Suite 7516
Los Angeles, CA 90012
Joe.Tursi@usdoj.gov
Jason.Axe@usdoj.gov
Alarice.Medrano@usdoj.gov

***SENT VIA EMAIL***

Re:     *ACLU of Southern California v. United States Immigration and Customs Enforcement, et al.,* No. 2:22-cv-4760 (C.D. Cal.)

Dear Counsel:

We write in response to Defendants' November 2, 2023 letter.

## I.     DHS-OIG Production

Regarding the 911 total pages (328 and 583 pages) of responsive records that OIG referred to ICE for processing, Defendants are mistaken that Plaintiff is asking that OIG to "review" those records. Further, Plaintiff is unaware of any authority indicating that it would be "inappropriate" for ICE to send back to OIG for production to Plaintiff the records that were in its possession, after they have been reviewed by ICE. Rather, Plaintiff's request that OIG produce the records it referred to ICE is consistent with its obligation to ensure that the referral be "prompt and public." *McGehee v. C.I.A.,* 697 F.2d 1095, 1111 (D.C. Cir.), on reh'g sub nom. *McGehee v. Cent. Intel. Agency,* 711 F.2d 1076 (D.C. Cir. 1983) ("as soon as the agency retrieved responsive documents … it would identify those records that originated elsewhere"). If you have authority for this position, please provide it to us. Without such, we again request that DHS-OIG immediately produce the 911 pages that were in its possession, and were referred to ICE, directly to Plaintiff after review. In the alternative, Plaintiff requests that ICE immediately produce the records to Plaintiff, separate from its stipulated monthly production of its own records, identifying that they are the records referred to ICE by OIG.

Regarding the remaining disagreements Plaintiff has with OIG's production, Plaintiff has identified these issues before, including (1) withholding of information pursuant to an "unspecified statute"; (2) improper redactions; and (3) failure to produce complete documents. Plaintiff's will follow up with Defendants within the next few weeks to meet and confer regarding a potential motion for summary judgment schedule for OIG in the event we cannot resolve our disputes.

Further, regarding the records in OIG's possession that it referred to other DHS components, to be clear, we are asking Defendants, including DHS, who is a party to this lawsuit, to ask these

other components to conduct an independent search using the search parameters we have provided. Please confirm whether or not Defendants will do so.

## II.     ICE Production

### A.  Parts 1-3

Thank you for notifying us that ICE was able to isolate 318 pages of records dated after October 1, 2015 regarding Mr. Gulema. We look forward to reviewing those documents in the next production. With respect to these documents, Plaintiff seeks to further understand the circumstances related to Mr. Gulema's hospitalization after this date, his death, ICE's decision to release Mr. Gulema from custody, and Mr. Gulema's release from custody. Review of these documents will also allow us to assess, based on any references therein, whether there are specific documents created before October 2015 that ICE has not produced thus far.

We appreciate that Defendants will produce documents in the sequence requested (first, post-October 1, 2015 Gulema documents; second, Ibarra Bucio; third, Vargas Arrellano; and fourth, the remaining Gulema documents; you have represented that ICE has completed its production regarding Ms. Medina Leon). However, as we requested on October 19, 2023, we again request that Defendants provide a hit count for each of the individuals for which ICE has remaining records, including Mr. Gulema, Mr. Ibarra Bucio, and Mr. Vargas Arellano. Please do so by **November 20, 2023**.

On September 14, 2023, and on repeated occasions since, we have requested that ICE produce deficient documents. You have confirmed that you have obtained Bates 8313. However, we requested that ICE produce the complete email. Please obtain the entire email document, and produce it by **November 20, 2023.**

Likewise, we appreciate ICE's efforts regarding Bates No. 2648. Again, we requested that ICE produce the complete email, as only part of it was partially produced at 2648. Please obtain the entire email document, and produce it by **November 20, 2023.**

We also appreciate ICE's efforts to obtain Bates Nos. 7197-7200, and 7504. Given the length of time that has passed since our initial request, please produce them by **November 20, 2023.** We appreciate that Defendants identify the above documents as corrective supplements to our letters of September 14, 2023, and October 19, 2023.

### B.  Part 4

Thank you for running the revised Boolean search for documents in response to Part 4, as Plaintiff requested on October 19, 2023, and for providing the update that the search resulted in approximately 142,000 documents. In order to tailor the search more narrowly, Plaintiff requests that Defendants provide the following information:

- Please provide a hit count for each of the initial collection search terms below, and by custodian, by **November 20, 2023**. This information will help identify if there are any

2

terms that are overinclusive, and may help craft more tailored search or collection parameters:

- o  Search terms:
  - ▪  (1) Directive; (2) Policy; (3) Protocol; (4) Procedure; (5) Training; (6) Guidance; (7) Instructions; (8) Standard; (9) Death; (10) "offsite referral"; (11) "emergency room"); (12) "emergency department"; (13) "life support"; (14) coma; (15) ventilator; (16) "intensive care"; (17) hospice; (18) palliative; and (19) release. *See* Defs' Jun. 22, 2023 letter at 2 (identifying agreed-upon terms).

- In addition, please identify whether Defendants have searched DHS, ICE, and IHSC server files or any other non-custodial source in response to Part 4 by **November 20, 2023**. Plaintiff suspects that the overbroad search results may be due in part to the fact that Defendants are primarily searching email files, instead of server locations where ICE and IHSC directives, policies, procedures, or trainings would be kept. A targeted search of these files may identify a narrower and more specific universe of results, and Plaintiffs may be able to waive or significantly narrow the email collection in favor of this more specific universe.

  - o  If Defendants' search does not include server files, Plaintiff requests that Defendants perform one with the search terms and Boolean search specifications identified in Plaintiff's October 19, 2023 letter for Part 4, and provide a hit count of those files by **November 20, 2023.** Again, these steps may identify a narrower and more specific universe of results, and Plaintiffs may be able to waive or significantly narrow the email collection as a result.

Plaintiff again reiterates that ICE's search with respect to Part 4 is insufficient as it excludes a search of an ICE Health Service Corps ("IHSC") custodian. Part 4 of Plaintiff's FOIA requests "any and all documents and communications, including ICE and **IHSC** directives, policies, procedures, protocols, or trainings . . . ." Dkt. 1-1. As we have noted, Defendants' search should, at a minimum, include an IHSC source, which it does not. For that reason, Plaintiff requests that Defendants conduct the search parameters identified above to include an IHSC custodian. To the extent that a search of email documents is needed, Plaintiff reiterates that ICE Directors prior to Tae Johnson should be searched.

### C.  Part 5

Plaintiff appreciates that ICE has run a search of emails of Dr. Stewart Smith, which has resulted in a hit count of 551 pages. However, this search is inadequate, as it plainly fails to respond to the requested search. Part 5 specifies that Defendants produce documents including "spreadsheets, emails, documents, communications, databases, lists, and other data compilations . . . in the possession of ICE Leadership, ICE Enforcement and Removal Operations, ICE Health Service Corps, and ICE Office of Professional Responsibility that identify detainees . . . includ[ing] . . . the Significant Detainee Illness Spreadsheet. . . ." A search that consists only of one custodian from *one* subagency is on its face incomplete.

3

Plaintiff previously attempted to narrow the search to ICE staff that are involved in the ICE Significant Detainee Illness Process (which include ICE's Medical Case Management Unit and Medical Care Coordination Staff). *See* Dkt. 50-2 at 164-65 (Significant Detainee Illness). Plaintiff appreciates the additional information regarding custodians, but Defendants' information again misconstrues the request. Plaintiff has requested that ICE conduct a search of ICE officials who participate in the SDI process.

As an effort to narrow the search, Plaintiff requests at this time that Defendants search the ICE (including IHSC, ICE ERO Field Operations, and OPLA) staff who participate in the SDI *meeting*, as well as any custodian who possesses the SDI list and documents related to individuals placed on the SDI list. As documents produced by Defendants indicate, this should result in a more limited set of custodians to be searched. *See id.* at 165 (specifying participants in SDI meeting); *see also* Exhibit A, Bates No. 2466 (Email from Managed Care Coordinator, IHSC/ERO, Feb. 13, 2015, regarding "ERO short list in preparation for this week's SDI meeting."). Please conduct a search of these custodians by **November 20, 2023**, and provide a resulting hit count.

### D.  Part 6

The Parties have already agreed to the search terms for Part 6: *See* Plaintiff's Jun. 26, 2023 letter at 3; Email from Jason Axe, Jun. 9, 2023. Defendants have refused to search SIRs and SENs within the possession of ICE for these search terms. As Plaintiff has repeatedly clarified, Part 6 is *not* limited to DHS OIG and OPR. *See* Plaintiff's Oct. 19, 2023 letter (noting that "or" is a grammatically disjunctive term, and citing *United States v. Nishiie*, 996 F. 3d 1013, 1023 (9th Cir. 2021). Defendants' failure to search SIR and SEN records is not supported by this strained reading of Plaintiff's request.

Plaintiff has also repeatedly addressed Defendants' claim that each ERO field office requires individual identifying information for cases to search SIR and SEN records. As Plaintiff has repeatedly noted, Defendants may conduct a search for SIR and SEN records compiled by the ICE Joint Intelligence Operations Center (JIOC), which "analyzes the SIRS and sends summaries of them to the appropriate . . . field offices." DHS, Privacy Impact Assessment for the Significant Event Notification (SEN) System 1-2, Oct. 15, 2021, https://www.dhs.gov/sites/default/files/publications/privacy-pia-ice023a-sen-october2021.pdf (describing the Significant Incident Report system and those who have access to reports). *See* Dkt. 57-2 at 85-86 (Plaintiff's Jul. 12, 2023 letter); Dkt. 57-2 at 124 (Plaintiff's Sept. 14, 2023 letter, noting same); Plaintiff's Oct. 19, 2023 letter (stating same). Defendants have yet to explain why a search of JIOC for the SIR records is not possible.

### E.  Part 7

Plaintiff reiterates its response regarding Parts 5 and 6 with respect to ICE's failure to search for responsive documents.

### F.  Part 8

4

Plaintiff appreciates Defendants' search for responsive documents to Part 8. Plaintiff again reiterates that ICE has responsive documents regarding hospitalization and/or release of detainees with COVID-19 compiled for or utilized in *Fraihat v. ICE*. *See* Plaintiff's Jun. 12, 2023 letter at 6;  Plaintiff's Jun. 26, 2023 letter at 3 (citing to deposition of Jennifer Moon) ("I think the only place where we were actually capturing the hospitalization is on the Fraihat."). Any search that omits such sources is necessarily inadequate.

### G.  Part 9

Plaintiff agrees with the proposed approach to the search for Part 9 as described in Defendants' November 2, 2023 letter. Please provide a resulting hit count; Plaintiff reserves the right to further suggest alternative search terms or locations based upon the results.


Sincerely,


LABONI A. HOQ (SBN 224140)
laboni@hoqlaw.com
HOQ LAW APC
P.O. Box 753
South Pasadena, California 91030
Telephone: (213) 973-9004


MICHAEL KAUFMAN (SBN 254575)
MKaufman@aclusocal.org
ACLU FOUNDATION OF SOUTHERN
CALIFORNIA
1313 West Eighth Street
Los Angeles, California 90017 Telephone:
(213) 977-9500
Facsimile: (213) 915-0219

EUNICE CHO (pro hac vice)
echo@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
NATIONAL PRISON PROJECT
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Telephone: (202) 548-6616


KYLE VIRGIEN (SBN 278747)
kvirgien@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
NATIONAL PRISON PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (202) 393-4930


*Attorneys for Plaintiff*

# EXHIBIT A

| From: | (b)(6); (b)(7)(C) |
| Sent: | Fri, 13 Feb 2015 11:01:11 -0500 |
| To: | (b)(6); (b)(7)(C) |
| (b)(6); (b)(7)(C) | |
| (b)(6); (b)(7)(C) | |
| Cc: | #IHSC FMC-EAST;#IHSC FMC-WEST;(b)(6); (b)(7)(C) |
| (b)(6); (b)(7)(C) | |
| Subject: | ERO Short List 2/17/15 |
| Attachments: | ERO 02-17-15.xls |

Good morning,

Please find attached the ERO short list in preparation for next week's SDI meeting, 2/17/15.

(b)(6); (b)(7)(C)   **RN, BSN, CPHM**
Lieutenant Commander, US Public Health Service
Managed Care Coordinator
ICE Health Service Corps
Enforcement Removal Operations
500 12th St. SW, 2nd floor
Mail Stop # 5203
Washington DC 20536
Office: (b)(6); (b)(7)(C)
Cell:
Fax:
(b)(6); (b)(7)(C)   @ice.dhs.gov

Warning:  This document is UNCLASSIFIED/FOR OFFICIAL USE ONLY (U/FOUO) It contains information that may be exempt from public release under the Freedom of Information Act (5 USC. 552). It is to be controlled, stored, handled, transmitted, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid 'need-to-know' without prior approval of an authorized DHS official. No portion of this report should be furnished to the media, either in written or verbal form.