1
2
3
4
5
6

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

7
8

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>*Defendants*. | Case No. 2:22-CV-04760-SHK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS DEPARTMENT OF HOMELAND SECURITY AND DEPARTMENT OF HOMELAND SECURITY – OFFICE OF INSPECTOR GENERAL**<br><br>Honorable Shashi H. Kewalramani<br>United States Magistrate Judge |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*ACLU of Southern California v. U.S. ICE, et al.*,
Case No. 2:22-CV-04760-SHK
[Proposed] Order

This matter comes before the Court on Plaintiff's Motion for Summary Judgment Against Defendants Department of Homeland Security ("DHS") and DHS Office of Inspector General ("DHS-OIG"), and Defendants DHS and DHS-OIG's Cross-Motion for Summary Judgment. Upon consideration of the argument and evidence submitted by the parties, it is here by ORDERED that:

Plaintiff's Motion for Summary Judgment Against DHS and DHS-OIG is GRANTED in full. Defendants DHS and DHS-OIG's Cross-Motion for Summary Judgment is DENIED in full.

The Court finds that Defendant DHS-OIG failed to support its assertion of Exemption 5 with respect to its draft Reports of Investigation and Memorandums of Activity. Within 30 days, Defendant DHS-OIG shall release in their entirety, without redaction, the draft DHS-OIG Reports of Investigation and Memorandums of Activity withheld under Exemption 5. These documents include:

- Documents regarding Johana Medina Leon:
    - March 2023: 10-36, 38-46, 50-87, 89-93, 95-98, 100-101, 104-105, 110, 112, 114-116, 118, 120-121, 124-125, 129-130, 133-134, 140-141, 145-146, 148, 151, 154, 156, 159-61, 166-67;
    - June 2023: 3-12, 16-25, 29-38, 39-48, 52-61, 63-72, 76-85, 89, 91, 93-94;
- Documents regarding Teka Gulema:
    - July 2023: 1, 4-8, 10-12, 14-26, 28-39, 42-44, 46-58, 60-71, 75-86, 96-98, 103-107, 110-112, 123-124, 126-129, 131-132, 137-141, 149-151, 154-156, 159-161, 164-175, 182-184, 186-187, 190-191, 193-202, 206-207, 209-210, 212-221, 227-228, 230-232, 234, 236-237, 239, 241-242, 244, 246, 248-249, 251-252, 254, 256, 258-259, 261-269.

To the extent DHS-OIG contends that portions of these documents should be redacted, it shall include particularized redactions specific to these portions, and it shall include with this production a *Vaughn* index that provides specific information about each redaction.

The Court finds that DHS-OIG failed to support assertions of Exemptions 6 and 7(c) challenged by Plaintiff in its motion. Within 30 days, Defendant DHS-OIG shall produce versions of the following pages of its production that remove the redactions under Exemptions 6 and 7(c) that Plaintiff challenged.

| Description | Bates Numbers |
|---|---|
| The third cause of death on Ms. Medina Leon's death certificate | November 2022: 37-38<br>December 2022: 92 |
| Diagnostic questions and medical tests by ICE medical staff prior to Medina Leon's release from custody | November 2022: 15, 16, 20, 25-26, 33, 39, 41, 50;<br>December 2022: 37, 41, 44-45, 51, 55-56, 70, 76, 84, 97, 99;<br>June 2023: 1 |
| Draft questions/media talking points regarding Medina Leon's death | March 2023: 49 |
| Unspecified "immigration information" related to Gulema and Medina Leon. | November 2022: 23-24, 28;<br>December 2022: 40, 42, 44, 67-68, 75;<br>June 2023: 1, 118, 151, 157 |

The Court finds that DHS-OIG's failure to produce documents that it referred to Defendant U.S. Immigration and Customs Enforcement ("ICE") constitutes an unlawful withholding. Within 30 days, Defendant DHS-OIG must produce all records referred by DHS-OIG to ICE.

---

*ACLU of Southern California v. U.S. ICE, et al.*,
Case No. 2:22-CV-04760-SHK
[PROPOSED] ORDER

2

1  The Court finds that DHS-OIG improperly withheld 16 pages of the records it referred to ICE, which ICE withheld in its January 31, 2024 production. Within 30 days, Defendant DHS-OIG must produce these 16 pages of records.

All documents produced must be in legible, complete form.

The Court finds that Defendants Department of Homeland Security ("DHS") and DHS-OIG failed to follow clear leads related to an April 5, 2021 letter sent to DHS Secretary Alejandro Mayorkas. Defendants DHS and DHS-OIG shall conduct a search for responsive records based on this lead, including records in the custody or control of DHS-OIG and DHS component the DHS Office of Civil Rights and Civil Liberties. Within 30 days, Defendants DHS and DHS-OIG shall provide Plaintiff with the specifics of the search they have conducted (including search locations, search terms, and any other search parameters used), and shall provide hit counts of the number of pages of responsive records returned, broken down by location, search term, and other search parameter used. Within 14 days of the production of this information, Defendants DHS and DHS-OIG shall meet and confer with Plaintiff, via telephone or videoconference, to determine whether agreement can be reached regarding the parameters for this search. Defendants DHS and DHS-OIG shall have available agency counsel and technical staff readily available for this conferral. Within 30 days of this meet and confer, Defendants DHS and DHS-OIG will complete processing of the responsive records and shall produce all responsive records, subject to withholdings.

Plaintiff and Defendants DHS and DHS-OIG shall submit a status report within 30 days of the date of this order.

IT IS SO ORDERED.

Dated: _____          _____
                                         Hon. Shashi H. Kewalramani
                                         United States Magistrate Judge