# EXHIBIT C



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

November 23, 2022

Laboni A. Hoq
HOQ LAW APC
P.O. Box 753
South Pasadena, CA  91030

SENT VIA EMAIL TO: laboni@hoqlaw.com

Subject: *ACLU Foundation of Southern California v. U.S. Immigration and Customs Enforcement, et al.*, No. 22-cv-04760 (C.D. Cal. filed July 12, 2022); DHS OIG Freedom of Information Act Request No. 2022-IGFO-00158; Interim Response

Dear Attorney Hoq:

This is our first interim response to the above-captioned litigation and Freedom of Information Act (FOIA) request submitted to the U.S. Department of Homeland Security (DHS) Office of Inspector General (OIG), dated April 29, 2022, seeking the disclosure of records related to the "release of hospitalized detainees from custody prior to their death; any records related to release of individual detainees once hospitalized; and any records related to the death of such detainees after their release from custody, including any communications or investigations."  DHS OIG received this request on May 2, 2022, and assigned it Case No. 2022-IGFO-00158.

In response to this request, a search of the DHS OIG Office of Investigations was conducted.  That search resulted in the enclosed records responsive to your request.  Our office has reviewed the responsive records under the FOIA to determine whether they may be disclosed to you.  We have considered the foreseeable harm standard when reviewing the record set and have applied the FOIA exemptions as required by the statute and the Attorney General's guidance.[1]  Based on that review, this office is providing the following:

  4   page(s) are released in full;
  117   page(s) are released in part;
  127   page(s) are duplicates;

---

[1]  Department of Justice (DOJ), "Freedom of Information Act Guidelines," March 15, 2022, https://www.justice.gov/ag/page/file/1483516/download

_220_ page(s) were referred to the U.S. Immigration and Customs Enforcement (ICE); and
_233_ page(s) were referred to the U.S. Department of Justice, Executive Office for United States Attorneys (DOJ EOUSA).

The exemptions cited for withholding records or portions of records are marked below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a | |
|---|---|---|---|---|
| ☐ 552(b)(1) | ☒ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☒ 552(b)(3) | ☐ 552(b)(7)(A) | ☒ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |

DHS OIG redacted from the enclosed records, names and identifying information of DHS employees and third parties to protect the identities of these individuals.   Absent a Privacy Act waiver, the release of such information concerning the third parties named in these records would result in an unwarranted invasion of personal privacy in violation of the Privacy Act.   Information is also protected from disclosure pursuant to Exemption 3, 5 U.S.C. § 552(b)(3), Exemption 5, 5 U.S.C. § 552(b)(5), Exemption 6, 5 U.S.C. § 552(b)(6), Exemption 7(C), 5 U.S.C. § 552(b)(7)(C), and Exemption 7(E), 5 U.S.C. § 552(b)(7)(E) of the FOIA further discussed below.

### Exemption 3, 5 U.S.C. § 552(b)(3)

Exemption 3 protects "information specifically exempted from disclosure by [another] statute."  5 U.S.C. § 552 (b)(3).  In this instance, OIG is withholding information which is otherwise prohibited from disclosure by statutory restrictions.

### Exemption 5, 5 U.S.C. § 552(b)(5)

Exemption 5 of the FOIA protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). DHS-OIG is invoking the deliberative process privilege of Exemption 5 to protect information that falls within that privilege's domain.

### Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files* the disclosure of which would constitute a clearly unwarranted

2

invasion of personal privacy." 5 U.S.C. § 552(b)(6) (emphasis added). DHS OIG is invoking Exemption 6 to protect: the names of third parties and any information that could reasonably be expected to identify such individuals.

## Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to cause an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). DHS OIG is invoking Exemption 7(C) to protect the identities of third parties, and any information contained in these investigative records that could reasonably be expected to identify those individuals.

## Exemption 7(E), 5 U.S.C. § 552(b)(7)(E)

Exemption 7(E) of the Freedom of Information Act affords protection to law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

## Referral

During our search for potentially responsive records, DHS OIG located 220 pages that originated with U.S. Immigration and Customs Enforcement (ICE), a component of DHS. Accordingly, we referred these records to ICE for processing and direct response to you. Should you wish to contact ICE regarding this referral, you may write to: Freedom of Information Act Office, 500 12th Street, SW, Stop 5009, Washington, D.C. 20536-5009; or, you may e-mail ice-foia@dhs.gov.

Moreover, DHS OIG located 233 pages that originated with the U.S. Department of Justice, Executive Office for United States Attorneys (DOJ EOUSA). Accordingly, we referred these records to DOJ EOUSA for processing and direct response to you. Should you wish to contact DOJ EOUSA regarding this referral, you may write to: Arla Witte-Simpson, FOIA Public Liaison, FOIA/Privacy Staff, Executive Office for United States Attorneys, Department of Justice, 175 N. Street, NE, Suite 5.400, Washington, D.C. 20530-0001; or, you may call (202) 252-6020.

## Appeal

While this request is the subject of ongoing litigation and appeals are not ordinarily processed in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.  Your appeal must be in writing and received within 90 days after the date of this response.  Please submit any appeal via email to foia.appeals@oig.dhs.gov or via mail to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

If you submit your appeal via email, the subject line of your email should include "Freedom of Information Act Appeal."  If you mail your appeal, both the envelope and letter of appeal must also clearly be marked "Freedom of Information Act Appeal."  Your appeal letter must also clearly identify DHS-OIG's response to your FOIA request.  Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

If you have any questions about this response and production, please contact Assistant United States Attorney Joseph W. Tursi at joseph.tursi@usdoj.gov.

Sincerely,

/s/ *R. Jones*

Chief, Information Law Division
DHS OIG

Attachment(s)

4

# EXHIBIT D



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

December 21, 2022

Laboni A. Hoq
HOQ LAW APC
P.O. Box 753
South Pasadena, CA 91030

SENT VIA EMAIL TO: laboni@hoqlaw.com

Subject: *ACLU Foundation of Southern California v. U.S. Immigration and Customs Enforcement, et al.*, No. 22-cv-04760 (C.D. Cal. filed July 12, 2022); DHS OIG Freedom of Information Act Request No. 2022-IGFO-00158, 2023-IGLI-00002; Second Interim Response

Dear Attorney Hoq:

This is our second interim response to the above-captioned litigation and Freedom of Information Act (FOIA) request submitted to the U.S. Department of Homeland Security (DHS) Office of Inspector General (OIG), dated April 29, 2022, seeking the disclosure of records related to the "release of hospitalized detainees from custody prior to their death; any records related to release of individual detainees once hospitalized; and any records related to the death of such detainees after their release from custody, including any communications or investigations." DHS OIG received this request on May 2, 2022, and assigned it Case No. 2022-IGFO-00158.

In response to this request, a search of the DHS OIG Office of Investigations was conducted. That search resulted in the enclosed records responsive to your request. Our office has reviewed the responsive records under the FOIA to determine whether they may be disclosed to you. We have considered the foreseeable harm standard when reviewing the record set and have applied the FOIA exemptions as required by the statute and the Attorney General's guidance.[1] For this production, we processed 653 pages of records. Based on our review, this office is providing the following:

  60   page(s) are released in full;
  128  page(s) are released in part;
  280  page(s) were referred to the U.S. Immigration and Customs Enforcement (ICE); and

---

[1]   Department of Justice (DOJ), "Freedom of Information Act Guidelines," March 15, 2022, https://www.justice.gov/ag/page/file/1483516/download.

 185 page(s) were referred to the U.S. Department of Justice, Executive Office for United States Attorneys (DOJ EOUSA).

The exemptions cited for withholding records or portions of records are marked below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☒ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☒ 552(b)(3) | ☐ 552(b)(7)(A) | ☒ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |

DHS OIG redacted from the enclosed records, names and identifying information of DHS employees and third parties to protect the identities of these individuals.  Absent a Privacy Act waiver, the release of such information concerning the third parties named in these records would result in an unwarranted invasion of personal privacy in violation of the Privacy Act.  Information is also protected from disclosure pursuant to Exemption 3, 5 U.S.C. § 552(b)(3), Exemption 5, 5 U.S.C. § 552(b)(5), Exemption 6, 5 U.S.C. § 552(b)(6), Exemption 7(C), 5 U.S.C. § 552(b)(7)(C), and Exemption 7(E), 5 U.S.C. § 552(b)(7)(E) of the FOIA further discussed below.

**Exemption 3, 5 U.S.C. § 552(b)(3)**

Exemption 3 protects "information specifically exempted from disclosure by [another] statute."  5 U.S.C. § 552 (b)(3).  In this instance, OIG is withholding information which is otherwise prohibited from disclosure by statutory restrictions.

**Exemption 5, 5 U.S.C. § 552(b)(5)**

Exemption 5 of the FOIA protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  DHS-OIG is invoking the deliberative process privilege of Exemption 5 to protect information that falls within that privilege's domain.

**Exemption 6, 5 U.S.C. § 552(b)(6)**

Exemption 6 allows withholding of "personnel and medical files and *similar files* the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6) (emphasis added).  DHS

2

OIG is invoking Exemption 6 to protect: the names of third parties and any information that could reasonably be expected to identify such individuals.

## Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to cause an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  DHS OIG is invoking Exemption 7(C) to protect the identities of third parties, and any information contained in these investigative records that could reasonably be expected to identify those individuals.

## Exemption 7(E), 5 U.S.C. § 552(b)(7)(E)

Exemption 7(E) of the Freedom of Information Act affords protection to law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

## Referral

During our search for potentially responsive records, DHS OIG located 280 pages that originated with U.S. Immigration and Customs Enforcement (ICE), a component of DHS.  Accordingly, we referred these records to ICE for processing and direct response to you.  Should you wish to contact ICE regarding this referral, you may write to: Freedom of Information Act Office, 500 12th Street, SW, Stop 5009, Washington, D.C. 20536-5009; or, you may e-mail ice-foia@dhs.gov.

DHS OIG also located 185 pages that originated with the U.S. Department of Justice, Executive Office for United States Attorneys (DOJ EOUSA).  Accordingly, we referred these records to DOJ EOUSA for processing and direct response to you.  Should you wish to contact DOJ EOUSA regarding this referral, you may write to: Arla Witte-Simpson, FOIA Public Liaison, FOIA/Privacy Staff, Executive Office for United States Attorneys, Department of Justice, 175 N. Street, NE, Suite 5.400, Washington, D.C. 20530-0001; or, you may call (202) 252-6020.

## Appeal

While this request is the subject of ongoing litigation and appeals are not ordinarily processed in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.  Your appeal must be in writing and received within 90 days after the date of this

response.  Please submit any appeal via email to foia.appeals@oig.dhs.gov or via mail to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

If you submit your appeal via email, the subject line of your email should include "Freedom of Information Act Appeal."  If you mail your appeal, both the envelope and letter of appeal must also clearly be marked "Freedom of Information Act Appeal."  Your appeal letter must also clearly identify DHS-OIG's response to your FOIA request.  Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

If you have any questions about this response and production, please contact Assistant United States Attorney Joseph W. Tursi at joseph.tursi@usdoj.gov.

Sincerely,

*/s/ R. Jones*

Chief, Information Law and Disclosure Division
DHS Office of Inspector General

Attachment(s)

4

# EXHIBIT E



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

January 30, 2023

Laboni A. Hoq
HOQ LAW APC
P.O. Box 753
South Pasadena, CA 91030

SENT VIA EMAIL TO: laboni@hoqlaw.com

Subject: *ACLU Foundation of Southern California v. U.S. Immigration and Customs Enforcement, et al.*, No. 22-4760 (C.D. Cal. filed July 12, 2022); DHS OIG Freedom of Information Act Request No. 2022-IGFO-00158, 2023-IGLI-00002; Third Interim Response

Dear Attorney Hoq:

This is our third interim response to the above-captioned litigation and Freedom of Information Act (FOIA) request submitted to the U.S. Department of Homeland Security (DHS) Office of Inspector General (OIG), dated April 29, 2022, seeking the disclosure of records related to the "release of hospitalized detainees from custody prior to their death; any records related to release of individual detainees once hospitalized; and any records related to the death of such detainees after their release from custody, including any communications or investigations." DHS OIG received this request on May 2, 2022, and assigned it Case No. 2022-IGFO-00158.

In response to this request, a search of the DHS OIG Office of Investigations was conducted. That search resulted in the enclosed records responsive to your request. Our office has reviewed the responsive records under the FOIA to determine whether they may be disclosed to you. We have considered the foreseeable harm standard when reviewing the record set and have applied the FOIA exemptions as required by the statute and the Attorney General's guidance.[1] For this production, we processed 1,078 pages of records. Based on our review, this office is providing the following:

  5 page(s) are released in full;
  1 page is released in part; and
  1,072 page(s) are non-responsive.

---

[1]   Department of Justice (DOJ), "Freedom of Information Act Guidelines," March 15, 2022, https://www.justice.gov/ag/page/file/1483516/download.

The exemptions cited for withholding records or portions of records are marked below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☐ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☒ 552(b)(3) | ☐ 552(b)(7)(A) | ☐ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |

DHS OIG redacted and protected from disclosure the personal privacy interests of a third party pursuant to Exemption 3, 5 U.S.C. § 552(b)(3), Exemption 6, 5 U.S.C. § 552(b)(6), and Exemption 7(C), 5 U.S.C. § 552(b)(7)(C) of the FOIA further discussed below.

## Exemption 3, 5 U.S.C. § 552(b)(3)

Exemption 3 protects "information specifically exempted from disclosure by [another] statute." 5 U.S.C. § 552 (b)(3). In this instance, OIG is withholding information which is otherwise prohibited from disclosure by statutory restrictions.

## Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files* the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6) (emphasis added). DHS OIG is invoking Exemption 6 to protect the names of third parties and any information that could reasonably be expected to identify such individuals.

## Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to cause an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). DHS OIG is invoking Exemption 7(C) to protect the identities of third parties, and any information contained in these investigative records that could reasonably be expected to identify those individuals.

2

**Appeal**

While this request is the subject of ongoing litigation and appeals are not ordinarily processed in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal. Your appeal must be in writing and received within 90 days after the date of this response. Please submit any appeal via email to foia.appeals@oig.dhs.gov or via mail to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

If you submit your appeal via email, the subject line of your email should include "Freedom of Information Act Appeal." If you mail your appeal, both the envelope and letter of appeal must also clearly be marked "Freedom of Information Act Appeal." Your appeal letter must also clearly identify DHS-OIG's response to your FOIA request. Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

If you have any questions about this response and production, please contact Assistant United States Attorney Joseph W. Tursi at joseph.tursi@usdoj.gov.

Sincerely,

*/s/ R. Jones*

Chief, Information Law and Disclosure Division
DHS Office of Inspector General

Attachment(s)

3

# EXHIBIT F



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

February 27, 2023

Laboni A. Hoq
HOQ LAW APC
P.O. Box 753
South Pasadena, CA 91030

SENT VIA EMAIL TO: laboni@hoqlaw.com

Subject:  *ACLU Foundation of Southern California v. U.S. Immigration and Customs Enforcement, et al.*, No. 22-cv-04760 (C.D. Cal. filed July 12, 2022); DHS OIG Freedom of Information Act Request No. 2022-IGFO-00158, 2023-IGLI-00002; Fourth Interim Response

Dear Attorney Hoq:

This is our fourth interim response to the above-captioned litigation and Freedom of Information Act (FOIA) request submitted to the U.S. Department of Homeland Security (DHS) Office of Inspector General (OIG), dated April 29, 2022, seeking the disclosure of records related to the "release of hospitalized detainees from custody prior to their death; any records related to release of individual detainees once hospitalized; and any records related to the death of such detainees after their release from custody, including any communications or investigations." DHS OIG received this request on May 2, 2022, and assigned it Case No. 2022-IGFO-00158.

In response to this request, a search of the DHS OIG Office of Investigations was conducted. Our office has reviewed the records under the FOIA to determine whether they are responsive, and whether they may be disclosed to you. For this production, we reviewed 1,140 pages of records. Based on our review, none of the records were responsive to your request.

## Appeal

While this request is the subject of ongoing litigation and appeals are not ordinarily processed in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal. Your appeal must be in writing and received within 90 days after the date of this response. Please submit any appeal via email to foia.appeals@oig.dhs.gov or via mail to:

FOIA/PA Appeals Unit
DHS-OIG Office of Counsel
Stop 0305
245 Murray Lane, SW
Washington, DC  20528-0305

If you submit your appeal via email, the subject line of your email should include "Freedom of Information Act Appeal."  If you mail your appeal, both the envelope and letter of appeal must also clearly be marked "Freedom of Information Act Appeal."  Your appeal letter must also clearly identify DHS-OIG's response to your FOIA request.  Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

If you have any questions about this response and production, please contact Assistant United States Attorney Joseph W. Tursi at joseph.tursi@usdoj.gov.


Sincerely,

*/s/ R. Jones*

Chief, Information Law and Disclosure Division
DHS Office of Inspector General

2

# EXHIBIT G



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

March 30, 2023

Laboni A. Hoq
HOQ LAW APC
P.O. Box 753
South Pasadena, CA  91030

SENT VIA EMAIL TO: laboni@hoqlaw.com

Subject:  *ACLU Foundation of Southern California v. U.S. Immigration and Customs Enforcement, et al.*, No. 22-cv-04760 (C.D. Cal. filed July 12, 2022); DHS OIG Freedom of Information Act Request No. 2022-IGFO-00158; Final Response

Dear Attorney Hoq:

This is our final response to the above-captioned litigation and Freedom of Information Act (FOIA) request submitted to the U.S. Department of Homeland Security (DHS) Office of Inspector General (OIG), dated April 29, 2022, seeking the disclosure of records related to the "release of hospitalized detainees from custody prior to their death; any records related to release of individual detainees once hospitalized; and any records related to the death of such detainees after their release from custody, including any communications or investigations."  DHS OIG received this request on May 2, 2022, and assigned it Case No. 2022-IGFO-00158.

In response to this request, a search of the DHS OIG Office of Investigations was conducted.  That search resulted in the enclosed records responsive to your request.  Our office has reviewed the responsive records under the FOIA to determine whether they may be disclosed to you.  We have considered the foreseeable harm standard when reviewing the record set and have applied the FOIA exemptions as required by the statute and the Attorney General's guidance.[1]  For this production, we reviewed 1,005 pages of records. Based on our review, this office is providing the following:

  10   page(s) are released in full;
  44   page(s) are released in part;
  113   page(s) are withheld in full;
  736   page(s) are non-responsive;

---

[1] Department of Justice (DOJ), "Freedom of Information Act Guidelines," March 15, 2022, https://www.justice.gov/ag/page/file/1483516/download.

 61  page(s) are duplicates;
 9  page(s) were referred to the U.S. Immigration and Customs Enforcement (ICE); and
 32  page(s) were referred to the U.S. Customs and Border Protection (CBP).

The exemptions cited for withholding records or portions of records are marked below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☒ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☐ 552(b)(3) | ☐ 552(b)(7)(A) | ☒ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |

DHS OIG redacted from the enclosed records, names and identifying information of DHS employees and third parties to protect the identities of these individuals.  Absent a Privacy Act waiver, the release of such information concerning the third parties named in these records would result in an unwarranted invasion of personal privacy in violation of the Privacy Act.  Information is also protected from disclosure pursuant to Exemption 5, 5 U.S.C. § 552(b)(5), Exemption 6, 5 U.S.C. § 552(b)(6), Exemption 7(C), 5 U.S.C. § 552(b)(7)(C), and Exemption 7(E), 5 U.S.C. § 552(b)(7)(E) of the FOIA further discussed below.

## Exemption 5, 5 U.S.C. § 552(b)(5)

Exemption 5 of the FOIA protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5). DHS OIG is invoking the deliberative process privilege of Exemption 5 to protect information that falls within that privilege's domain.

## Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files* the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6) (emphasis added).  DHS OIG is invoking Exemption 6 to protect: the names of third parties and any information that could reasonably be expected to identify such individuals.

## Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to cause an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  DHS OIG is invoking Exemption 7(C) to protect the identities of third parties, and any information contained in these investigative records that could reasonably be expected to identify those individuals.

## Exemption 7(E), 5 U.S.C. § 552(b)(7)(E)

Exemption 7(E) of the Freedom of Information Act affords protection to law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

## Referrals

During our search for potentially responsive records, DHS OIG located nine (9) pages that originated with U.S. Immigration and Customs Enforcement (ICE), a separate component of DHS.  Accordingly, we referred these records to ICE for processing and direct response to you. Should you wish to contact ICE regarding this referral, you may write to: Freedom of Information Act Office, 500 12th Street, SW, Stop 5009, Washington, D.C. 20536-5009; or, you may e-mail ice-foia@dhs.gov.

Moreover, DHS OIG located 32 pages that originated with U.S. Customs and Border Protection (CBP), a separate component of DHS.  Accordingly, we referred these records to CBP for processing and direct response to you. Should you wish to contact CBP regarding this referral, you may write to: FOIA Officer, U.S. Customs and Border Protection, 90 K Street, NE, FOIA Division, Washington, D.C. 20229, or, you may call (202) 325-0150.

## Appeal

While this request is the subject of ongoing litigation and appeals are not ordinarily processed in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.  Your appeal must be in writing and received within 90 days after the date of this response.  Please submit any appeal via email to foia.appeals@oig.dhs.gov or via mail to:

3

FOIA/PA Appeals Unit
DHS OIG, Office of Counsel
Stop 0305
245 Murray Lane, SW
Washington, DC  20528-0305

If you submit your appeal via email, the subject line of your email should include "Freedom of Information Act Appeal."  If you mail your appeal, both the envelope and letter of appeal must also clearly be marked "Freedom of Information Act Appeal."  Your appeal letter must also clearly identify DHS-OIG's response to your FOIA request.  Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

If you have any questions about this response and production, please contact Assistant United States Attorney Joseph W. Tursi at joseph.tursi@usdoj.gov.

Sincerely,

/s/ R. Jones

Chief, Information Law Division
DHS OIG

Attachment(s)

4

# EXHIBIT H



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

June 29, 2023

Laboni A. Hoq
HOQ LAW APC
P.O. Box 753
South Pasadena, CA  91030

SENT VIA EMAIL TO: laboni@hoqlaw.com

Subject: *ACLU Foundation of Southern California v. U.S. Immigration and Customs Enforcement, et al.*, No. 22-cv-04760 (C.D. Cal. filed July 12, 2022); DHS OIG Freedom of Information Act Request No. 2022-IGFO-00158; First Supplemental Response

Dear Attorney Hoq:

This is our first supplemental response to the above-captioned litigation and Freedom of Information Act (FOIA) request submitted to the U.S. Department of Homeland Security (DHS) Office of Inspector General (OIG), dated April 29, 2022, seeking the disclosure of records related to the "release of hospitalized detainees from custody prior to their death; any records related to release of individual detainees once hospitalized; and any records related to the death of such detainees after their release from custody, including any communications or investigations."  DHS OIG received this request on May 2, 2022, and assigned it Case No. 2022-IGFO-00158.

In response to this request, a search of the DHS OIG Office of Investigations was conducted.  That search resulted in the enclosed records responsive to your request.  Our office has reviewed the responsive records under the FOIA to determine whether they may be disclosed to you.  We have considered the foreseeable harm standard when reviewing the record set and have applied the FOIA exemptions as required by the statute and the Attorney General's guidance.[1]  For this production, we reviewed 1,307 pages of records. Based on our review, this office is providing the following:

  48  pages are released in full;
  74  pages are released in part;
  74  pages are withheld in full;
  17  pages are non-responsive;

---

[1]  Department of Justice (DOJ), "Freedom of Information Act Guidelines," March 15, 2022, https://www.justice.gov/ag/page/file/1483516/download.

_757_ pages are duplicates;
_8_ pages have been sent to another agency for consultation;
_328_ pages have been referred to the U.S. Immigration and Customs Enforcement (ICE); and
_1_ page has been referred to the DHS Office for Civil Rights and Civil Liberties (CRCL).

Please note that eight (8) pages of records responsive to your request contain the equities of another DHS component.  Therefore, DHS OIG has sent these pages for consultation and can produce them only after the DHS component responds. 6 C.F.R. § 5.4(d)(1).

The exemptions cited for withholding records or portions of records are marked below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☒ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☒ 552(b)(3) | ☐ 552(b)(7)(A) | ☒ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |

DHS OIG redacted from the enclosed records, names and identifying information of DHS employees and third parties to protect the identities of these individuals.  Absent a Privacy Act waiver, the release of such information concerning the third parties named in these records would result in an unwarranted invasion of personal privacy in violation of the Privacy Act.  Information is also protected from disclosure pursuant to Exemption 3, 5 U.S.C. § 552(b)(3), Exemption 5, 5 U.S.C. § 552(b)(5), Exemption 6, 5 U.S.C. § 552(b)(6), Exemption 7(C), 5 U.S.C. § 552(b)(7)(C), and Exemption 7(E), 5 U.S.C. § 552(b)(7)(E) of the FOIA further discussed below.

### Exemption 3, 5 U.S.C. § 552(b)(3)

Exemption 3 protects "information specifically exempted from disclosure by [another] statute."  5 U.S.C. § 552 (b)(3).  In this instance, OIG is withholding information which is otherwise prohibited from disclosure by statutory restrictions.

### Exemption 5, 5 U.S.C. § 552(b)(5)

Exemption 5 of the FOIA protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party

2

other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). DHS OIG is invoking the deliberative process privilege of Exemption 5 to protect information that falls within that privilege's domain.

### Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files* the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6) (emphasis added). DHS OIG is invoking Exemption 6 to protect: the names of third parties and any information that could reasonably be expected to identify such individuals.

### Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to cause an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). DHS OIG is invoking Exemption 7(C) to protect the identities of third parties, and any information contained in these investigative records that could reasonably be expected to identify those individuals.

### Exemption 7(E), 5 U.S.C. § 552(b)(7)(E)

Exemption 7(E) of the Freedom of Information Act affords protection to law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

### Referral

During our search for potentially responsive records, DHS OIG located 328 pages that originated with U.S. Immigration and Customs Enforcement (ICE), a component of DHS. Accordingly, we referred these records to ICE for processing and direct response to you. Should you wish to contact ICE regarding this referral, you may write to: Freedom of Information Act Office, 500 12th Street, SW, Stop 5009, Washington, D.C. 20536-5009; or, you may e-mail ice-foia@dhs.gov.

Moreover, DHS OIG located one (1) page that originated with the DHS Office for Civil Rights and Civil Liberties (CRCL). Accordingly, we referred these records to CRCL for processing and direct response to you. Should you wish to contact CRCL regarding this referral, you may e-mail crclfoia@hq.dhs.gov.

Cho Decl. ISO MSJ
Exhibit H
Page 91

## Appeal

While this request is the subject of ongoing litigation and appeals are not ordinarily processed in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.  Your appeal must be in writing and received within 90 days after the date of this response.  Please submit any appeal via email to foia.appeals@oig.dhs.gov or via mail to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

If you submit your appeal via email, the subject line of your email should include "Freedom of Information Act Appeal."  If you mail your appeal, both the envelope and letter of appeal must also clearly be marked "Freedom of Information Act Appeal."  Your appeal letter must also clearly identify DHS-OIG's response to your FOIA request.  Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

If you have any questions about this response and production, please contact Assistant United States Attorneys Jason Axe at Jason.Axe@usdoj.gov or Joseph Tursi at Joseph.Tursi@usdoj.gov.

Sincerely,

ROY
JONES III
Digitally signed
by ROY JONES III
Date: 2023.06.29
10:44:55 -04'00'

Chief, Information Law Division
DHS OIG

Attachment(s)

Cho Decl. ISO MSJ
Exhibit H
Page 92

# EXHIBIT I



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

July 31, 2023

Laboni A. Hoq
HOQ LAW APC
P.O. Box 753
South Pasadena, CA  91030

SENT VIA EMAIL TO: laboni@hoqlaw.com

Subject:  *ACLU Foundation of Southern California v. U.S. Immigration and Customs Enforcement, et al.*, No. 22-4760 (C.D. Cal. filed July 12, 2022); DHS OIG Freedom of Information Act Request No. 2022-IGFO-00158; Second Supplemental Response

Dear Attorney Hoq:

This is our second supplemental response to the above-captioned litigation and Freedom of Information Act (FOIA) request submitted to the U.S. Department of Homeland Security (DHS) Office of Inspector General (OIG), dated April 29, 2022, seeking the disclosure of records related to the "release of hospitalized detainees from custody prior to their death; any records related to release of individual detainees once hospitalized; and any records related to the death of such detainees after their release from custody, including any communications or investigations."  DHS OIG received this request on May 2, 2022, and assigned it Case No. 2022-IGFO-00158.

In response to this request, a search of the DHS OIG Office of Investigations was conducted.  That search resulted in the enclosed records responsive to your request. Our office has reviewed the responsive records under the FOIA to determine whether they may be disclosed to you.  We have considered the foreseeable harm standard when reviewing the record set and have applied the FOIA exemptions as required by the statute and the Attorney General's guidance.[1]  For this production, we reviewed 1,518 pages of records. Based on our review, this office is providing the following:

  91  page(s) are released in part;
  180  page(s) are withheld in full;
  20  page(s) are non-responsive;

---

[1]  Department of Justice (DOJ), "Freedom of Information Act Guidelines," March 15, 2022, https://www.justice.gov/ag/page/file/1483516/download.

  644  page(s) are duplicates; and
  583  page(s) have been referred to the U.S. Immigration and Customs Enforcement (ICE).

The exemptions cited for withholding records or portions of records are marked below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☒ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☒ 552(b)(3) | ☐ 552(b)(7)(A) | ☒ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐552(b)(7)(F) | ☐ Other: |

DHS OIG redacted from the enclosed records, names and identifying information of DHS employees and third parties to protect the identities of these individuals.   Absent a Privacy Act waiver, the release of such information concerning the third parties named in these records would result in an unwarranted invasion of personal privacy in violation of the Privacy Act.   Information is also protected from disclosure pursuant to Exemption 3, 5 U.S.C. § 552(b)(3), Exemption 5, 5 U.S.C. § 552(b)(5), Exemption 6, 5 U.S.C. § 552(b)(6), Exemption 7(C), 5 U.S.C. § 552(b)(7)(C), and Exemption 7(E), 5 U.S.C. § 552(b)(7)(E) of the FOIA further discussed below.

## Exemption 3, 5 U.S.C. § 552(b)(3)

Exemption 3 protects "information specifically exempted from disclosure by [another] statute."  5 U.S.C. § 552 (b)(3).  In this instance, OIG is withholding information which is otherwise prohibited from disclosure by statutory restrictions.

## Exemption 5, 5 U.S.C. § 552(b)(5)

Exemption 5 of the FOIA protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). DHS-OIG is invoking the deliberative process privilege of Exemption 5 to protect information that falls within that privilege's domain.

## Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files* the disclosure of which would constitute a clearly unwarranted

invasion of personal privacy." 5 U.S.C. § 552(b)(6) (emphasis added). DHS OIG is invoking Exemption 6 to protect: the names of third parties and any information that could reasonably be expected to identify such individuals.

### Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to cause an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). DHS OIG is invoking Exemption 7(C) to protect the identities of third parties, and any information contained in these investigative records that could reasonably be expected to identify those individuals.

### Exemption 7(E), 5 U.S.C. § 552(b)(7)(E)

Exemption 7(E) of the Freedom of Information Act affords protection to law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

### Referral

During our search for potentially responsive records, DHS OIG located 583 pages that originated with U.S. Immigration and Customs Enforcement (ICE), a component of DHS. Accordingly, we referred these records to ICE for processing and direct response to you. Should you wish to contact ICE regarding this referral, you may write to: Freedom of Information Act Office, 500 12th Street, SW, Stop 5009, Washington, D.C. 20536-5009; or, you may e-mail ice-foia@dhs.gov.

### Appeal

While this request is the subject of ongoing litigation and appeals are not ordinarily processed in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal. Your appeal must be in writing and received within 90 days after the date of this response. Please submit any appeal via email to foia.appeals@oig.dhs.gov or via mail to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

If you submit your appeal via email, the subject line of your email should include "Freedom of Information Act Appeal."  If you mail your appeal, both the envelope and letter of appeal must also clearly be marked "Freedom of Information Act Appeal."   Your appeal letter must also clearly identify DHS-OIG's response to your FOIA request.   Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

If you have any questions about this response and production, please contact Assistant United States Attorneys Jason Axe at Jason.Axe@usdoj.gov or Joseph Tursi at Joseph.Tursi@usdoj.gov.

Sincerely,

ROY
JONES III    Digitally signed
by ROY JONES III
Date: 2023.07.31
16:03:31 -04'00'

Chief, Information Law Division
DHS OIG

Attachment

4

# EXHIBIT J



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

August 2, 2023

Laboni A. Hoq
HOQ LAW APC
P.O. Box 753
South Pasadena, CA 91030

SENT VIA EMAIL TO: laboni@hoqlaw.com

Subject:  *ACLU Foundation of Southern California v. U.S. Immigration and Customs Enforcement, et al.*, No. 22-4760 (C.D. Cal. filed July 12, 2022); DHS OIG Freedom of Information Act Request No. 2022-IGFO-00158; Final Supplemental Response

Dear Attorney Hoq:

This is our final supplemental response to the above-captioned litigation and Freedom of Information Act (FOIA) request submitted to the U.S. Department of Homeland Security (DHS) Office of Inspector General (OIG), dated April 29, 2022, seeking the disclosure of records related to the "release of hospitalized detainees from custody prior to their death; any records related to release of individual detainees once hospitalized; and any records related to the death of such detainees after their release from custody, including any communications or investigations."  DHS OIG received this request on May 2, 2022, and assigned it Case No. 2022-IGFO-00158.

As noted in our previous correspondence, dated June 29, 2023, DHS OIG sent eight pages of records for consultation to another DHS component. That component has since processed those pages of records; thus, we are now producing them to you. Additionally, in our July 31, 2023, production, there were three pages of records that included the incorrect application of Exemption 5 on some redactions. We have re-processed those three pages and are producing them to you, again, with the appropriate exemptions applied.  We have considered the foreseeable harm standard when reviewing all of these records and have applied the FOIA exemptions as required by the statute and the Attorney General's guidance.[1]  Based on our review, this office is providing the following:

  6  pages are released in full; and
  5  pages are released in part.

---

[1]  Department of Justice (DOJ), "Freedom of Information Act Guidelines," March 15, 2022, https://www.justice.gov/ag/page/file/1483516/download.

The exemptions cited for withholding records or portions of records are marked below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
| --- | --- | --- | --- |
| ☐ 552(b)(1) | ☐ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☐ 552(b)(3) | ☐ 552(b)(7)(A) | ☐ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |

DHS OIG redacted from the enclosed records, names and identifying information of DHS employees and third parties to protect the identities of these individuals.  Absent a Privacy Act waiver, the release of such information concerning the third parties named in these records would result in an unwarranted invasion of personal privacy in violation of the Privacy Act.  Information is also protected from disclosure pursuant to Exemption 6, 5 U.S.C. § 552(b)(6) and Exemption 7(C), 5 U.S.C. § 552(b)(7)(C) of the FOIA further discussed below.

## Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files* the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6) (emphasis added).  DHS OIG is invoking Exemption 6 to protect: the names of third parties and any information that could reasonably be expected to identify such individuals.

## Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to cause an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  DHS OIG is invoking Exemption 7(C) to protect the identities of third parties, and any information contained in these investigative records that could reasonably be expected to identify those individuals.

**Appeal**

While this request is the subject of ongoing litigation and appeals are not ordinarily processed in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal. Your appeal must be in writing and received within 90 days after the date of this response. Please submit any appeal via email to foia.appeals@oig.dhs.gov or via mail to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

If you submit your appeal via email, the subject line of your email should include "Freedom of Information Act Appeal." If you mail your appeal, both the envelope and letter of appeal must also clearly be marked "Freedom of Information Act Appeal." Your appeal letter must also clearly identify DHS OIG's response to your FOIA request. Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

If you have any questions about this response and production, please contact Assistant United States Attorneys Jason Axe at Jason.Axe@usdoj.gov or Joseph Tursi at Joseph.Tursi@usdoj.gov.

Sincerely,

ROY JONES III
Digitally signed by ROY JONES III
Date: 2023.08.02 13:12:07 -04'00'

Chief, Information Law Division
DHS OIG

Attachment

3