1  LABONI A. HOQ (SBN 224140)
   *laboni@hoqlaw.com*
2  HOQ LAW APC
   P.O. Box 753
3  South Pasadena, California 91030
   Telephone: (213) 973-9004

4

5  MICHAEL KAUFMAN (SBN 254575)
   *MKaufman@aclusocal.org*
6  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
   1313 West Eighth Street
7  Los Angeles, California 90017
   Telephone: (213) 977-9500
   Facsimile: (213) 915-0219

8  Attorneys for Plaintiff
9  *(additional counsel information on next page)*

10                    **UNITED STATES DISTRICT COURT**

11                **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA, | Case No. 2:22-CV-04760-SHK |
| 15  *Plaintiff*, | **DECLARATION OF LABONI HOQ IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS DEPARTMENT OF HOMELAND SECURITY AND DEPARTMENT OF HOMELAND SECURITY – OFFICE OF INSPECTOR GENERAL** |
| 16  v. | |
| 17  UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | |
| 19  *Defendants*. | Honorable Shashi H. Kewalramani United States Magistrate Judge |

EUNICE CHO (*pro hac vice*)
echo@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Telephone: (202) 548-6616

KYLE VIRGIEN (SBN 278747)
kvirgien@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
425 California St., Suite 700
San Francisco, CA 94104
Telephone: (202) 393-4930

*Attorneys for Plaintiff*

I, Laboni A. Hoq, declare as follows:

1. I am counsel for Plaintiff ACLU of Southern California in the above-captioned matter. I submit this declaration in support of Plaintiff's Motion for Summary Judgment against Defendants Department of Homeland Security ("DHS") and DHS Office of Inspector-General ("DHS-OIG"). I have personal knowledge of the facts set forth below, and if called as a witness, I could and would competently testify thereto.

2. On August 18, 2022, DHS-OIG sent a letter to Plaintiff's counsel Michael Kaufman regarding Plaintiff's April 29, 2022 FOIA Request, which I received by email. Attached hereto as **Exhibit A** is a true and correct copy of DHS-OIG's August 18, 2022 letter.

3. On September 12, 2022, Plaintiff's counsel sent an email to DHS-OIG requesting that it indicate when it intended to respond to Plaintiff's FOIA Request ("Request"). Attached hereto as **Exhibit B** is a true and correct copy of this email. On September 14, 2023, I sent Defendants' counsel Joseph Tursi a letter responding to Defendants' September 1, 2023 and September 12, 2023 letters. Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff's September 14, 2023 letter.

4. On October 2, 2023 Defendants' counsel Joseph Tursi sent me a letter responding to my September 14, 2023 letter. Attached hereto as **Exhibit D** is a true and correct copy of Mr. Tursi's October 2, 2023 letter.

5. On October 10, 2023 Defendants' counsel Joseph Tursi sent me another letter responding to my September 14, 2023 letter. Attached hereto as **Exhibit E** is a true and correct copy of Mr. Tursi's October 10, 2023 letter.

6. On October 19, 2023, I sent Defendants' counsel a letter responding to Mr. Tursi's October 10, 2023 letter. Attached hereto as **Exhibit F** is a true and correct copy of my October 19, 2023 letter.

*ACLU of Southern California v. U.S. ICE, et al.*,
Case No. 2:22-CV-04760-SHK
DECLARATION OF LABONI HOQ ISO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

1

7. On November 2, 2023, Defendants' counsel Joseph Tursi sent me a letter. Attached hereto as **Exhibit G** is a true and correct copy of Mr. Tursi's November 2, 2023 letter.

8. On November 9, 2023, I sent Defendants' counsel a letter in response to Mr. Tursi's November 2, 2023 letter. Attached hereto as **Exhibit H** is a true and correct copy of my November 9, 2023 letter.

9. Between November 27, 2023 and December 1, 2023, the parties exchanged email communication regarding Plaintiff's November 9, 2023 letter, and Plaintiff's request to schedule a Rule 7-3 meeting to discuss Plaintiff's anticipated motion for summary judgment related to DHS-OIG's production. Attached hereto as **Exhibit I** is a true and correct copy of this email correspondence.

10. On November 30, 2023, Defendants' counsel Joseph Tursi sent me a letter responding to Plaintiff's November 9, 2023 letter. Attached hereto as **Exhibit J** is a true and correct copy of Mr. Tursi's November 30, 2023 letter.

11. On December 1, 2023, Plaintiff's counsel Laboni Hoq, Eunice Cho, and Kyle Virgien met and conferred via zoom videoconference with Defendants' counsel Joseph Tursi and Jason Axe regarding the parties' anticipated cross motions for summary judgment related to the DHS-OIG production. Parties agreed that Plaintiff would provide Defendants a list of OIG documents to include on a *Vaughn* index by December 8, and requested that Defendants produce a *Vaughn* index by January 8. The parties also discussed a proposed briefing schedule for their cross motions for summary judgment, which they deferred to finalize to until a subsequent meet and confer they set for December 14, 2023. Later that day, I sent Defendants' counsel an email memorializing our conference. Attached hereto as **Exhibit K** is a true and correct copy of this email correspondence.

---

*ACLU of Southern California v. U.S. ICE, et al.*,
Case No. 2:22-CV-04760-SHK
DECLARATION OF LABONI HOQ ISO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

2

12. On December 8, 2023, I sent Defendants' counsel a letter with a list of documents processed by DHS-OIG to be addressed in a *Vaughn* index. The letter also requested information about OIG's referrals of documents to other agencies, including Immigration and Customs Enforcement ("ICE"), Customs and Border Protection, and DHS's Office of Civil Rights and Civil Liberties. Attached hereto as **Exhibit L** is a true and correct copy of this letter.

13. On December 11, 2023, Defendants' counsel Joseph Tursi sent me an email concerning the DHS-OIG *Vaughn* index, which. I responded to the same day. Attached hereto as **Exhibit M** is a true and correct copy of this email correspondence.

14. On December 13, 2023, I sent Defendants' counsel a letter responding to Defendants' November 30, 2023 letter and pursuant to the Court's December 8, 2023 Order. Attached hereto as **Exhibit N** is a true and correct copy of this letter.

15. On December 14, 2023, counsel for Plaintiff, including Eunice Cho, Kyle Virgien, and I, met and conferred with Defendants' counsel Joseph Tursi and Jason Axe, including as required by Local Rule 7-3 in anticipation of the parties' cross motions for summary judgment motion against DHS-OIG and DHS. Plaintiff's counsel raised a number of issues regarding the *Vaughn* index, the summary judgment briefing schedule, DHS-OIG's referral of documents to other DHS components, and leads for further searches apparent from DHS-OIG's production. Parties also agreed to meet and confer again via videoconference on January 17, 2024. Between December 15 and 19, 2023, counsel for Plaintiff and Defendants stipulated to a briefing schedule for Summary Judgement Against Defendants DHS and DHS-OIG, which the Court issued in its Order. ECF No. 64. During the December 14, 2023 meeting, Plaintiff also attempted to discuss outstanding issues, including DHS-OIG's referral of records to ICE, and the status

*ACLU of Southern California v. U.S. ICE, et al.*,
Case No. 2:22-CV-04760-SHK
DECLARATION OF LABONI HOQ ISO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

3

of ICE's production of those records. Defendants' counsel, however, repeatedly took the position that Defendants would not provide Plaintiff this information, because based on their interpretation of the Court's December 8, 2023 Order, it need not provide Plaintiff with any information specified in paragraph (1)(b) of the Order, *see* Order at ECF No. 62, p. 15, but later in the call they agreed to do so. On December 21, 2023, Plaintiff's counsel, Kyle Virgien, sent Defendants a letter, copying me, that memorialized the conference. Attached hereto as **Exhibit O** is a true and correct copy of this letter.

16. On December 21, 2023, Defendants' Counsel Jason Axe responded to Mr. Virgien's December 21, 2023 letter via email, including to me. On January 5, 2024, I responded via email to Mr. Axe's email message. Attached hereto as **Exhibit P** is a true and correct copy of the email communication.

17. On January 17, 2024, Defendants' counsel canceled the Parties' conference scheduled for that day. Defendants' counsel also sent Plaintiff's counsel a letter responding to Plaintiff's December 13, 2023 letter and some issues raised during the December 14, 2023 conference. Attached hereto as **Exhibit Q** is a true and correct copy of Defendants' January 17, 2024 letter.

18. On January 19, 2024, Defendants' counsel Joseph Tursi sent me a letter with DHS-OIG's search summary. Attached hereto as **Exhibit R** is a true and correct copy of this letter.

19. On January 22, 2024, Defendants' counsel Joseph Tursi sent me a letter regarding Defendant ICE's search for and production of records. Attached hereto as **Exhibit S** is a true and correct copy of this letter.

20. On January 26, 2024, I sent Defendants' counsel a letter requesting information, including the status of ICE's production of records referred to it by DHS-OIG, to assist Plaintiff determine whether to waive ICE's production of

---

*ACLU of Southern California v. U.S. ICE, et al.*,
Case No. 2:22-CV-04760-SHK
DECLARATION OF LABONI HOQ ISO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

4

certain documents in accordance with the Court's December 8, 2023 Order, . *See* Order at ECF No. 62. Attached hereto as **Exhibit T** is a true and correct copy of this letter.

21. On February 2, 2024, I emailed Defendants' counsel inquiring about a response to Plaintiff's January 26, 2024 letter. On February 3, 2024, Mr. Axe emailed Plaintiff's counsel, stating that "[w]e are in receipt of your letter, and ICE is reviewing it, but we have nothing to provide to you at this time." Attached hereto as **Exhibit U** is a true and correct copy of the email communication.

22. On February 5, 2024, Plaintiff's counsel sent Defendants a letter regarding waiver of ICE's production of certain documents in accordance with the Court's December 8, 2023 Order. *See* Order at ECF No. 62, p. 15-16. Attached hereto as **Exhibit V** is a true and correct copy of this letter.

23. On February 8, 2024, Victoria Stroebel of ICE's FOIA office sent me an email including as an attachment a letter from Rolando Velasco, Jr., of DHS-ICE, dated January 31, 2024. Ms. Strobel's email stated that DHS-OIG's referral documents were uploaded onto Defendants' USAfx file share server on January 31, 2024. Mr. Velasco's letter informed Plaintiff that of 583 pages referred by DHS-OIG, ICE determined that 16 pages were non-responsive, and that the 567 pages were withheld in part. Attached as **Exhibits W and X** are true and correct copies of the letter and email, respectively.

24. On February 9, 2024, Defendants' counsel Joseph Tursi sent me a letter containing DHS-OIG's *Vaughn* index. Attached hereto as **Exhibit Y** is a true and correct copy of this letter.

25. On February 13, 2024 Plaintiff's convened a further Local Rule 7-3 conference of counsel to inform Defendants of the issues on which they would be moving for summary judgment against Defendants OIG and DHS.

*ACLU of Southern California v. U.S. ICE, et al.*,
Case No. 2:22-CV-04760-SHK
DECLARATION OF LABONI HOQ ISO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

5

26. On February 13, 2024, I sent Defendants' counsel a letter regarding the status of Defendants' partial production of documents referred by DHS-OIG to ICE. Attached as **Exhibit Z** is a true and correct copy of this letter.

27. On February 21, 2024, Defendants' counsel Joseph Tursi sent me a letter responding to my January 26, 2024, February 15, 2024, and February 13, 2024 letters. Attached as **Exhibit AA** is a true and correct copy of this letter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 23, 2023, at Pasadena, California.

*/s/ Laboni Hoq*
Laboni A. Hoq

---

*ACLU of Southern California v. U.S. ICE, et al.*,
Case No. 2:22-CV-04760-SHK
DECLARATION OF LABONI HOQ ISO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

6