# EXHIBIT L

December 8, 2023

Joseph Tursi
Jason Axe
Alarice Medrano
United States Attorneys' Office
Central District of California
300 N. Los Angeles St. Suite 7516
Los Angeles, CA 90012
Joe.tursi@usdoj.gov
Jason.axe@usdoj.gov
Alarice.medrano@usdoj.gov

**SENT VIA EMAIL**

    Re: *Vaughn* Index in *ACLU of Southern California v. United States Immigration and Customs Enforcement, et al.,* No. 2:22-cv-4760 (C.D. Cal.)

Dear Counsel:

  Plaintiff writes to provide Defendants with a list of documents processed by Defendant OIG to be addressed in a *Vaughn* Index. Although a *Vaughn* index must "adequately describe *each* withheld document or deletion from a released document," and "state the exemption claimed for *each* deletion or withheld document, and explain why the exemption is relevant," Plaintiff provides this narrowed list as a courtesy at Defendants' request to streamline the process for litigation. *Founding Church of Scientology of Washington, D. C., Inc. v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979) (emphasis added). Notably, the "purpose of the index is not merely to inform the requester of the agency's conclusion that a particular document is exempt from disclosure under one or more of the statutory exemptions, but to afford the requester an opportunity to intelligently advocate release of the withheld documents and to afford the court an opportunity to intelligently judge the contest." *Wiener v. F.B.I.*, 943 F.2d 972, 979 (9th Cir. 1991).

  As discussed during the Parties' conference on December 1, 2023, Plaintiff has proposed that Defendants produce a *Vaughn* index and search adequacy declaration by January 8, 2024. This timeframe would allow the parties to file cross-motions for summary judgment as to the Defendant DHS Office of Inspector General's ("OIG") response to Plaintiff's FOIA request. As noted before, Plaintiff proposes an Opening Motion on January 19, 2024, an Opposition and Cross Motion on February 9, an Opposition to Cross-Motion and Reply on March 1, and Reply to Cross Motion on March 15. As we requested, please come prepared to discuss this schedule and whether Defendants wish to file the opening or cross motion for summary judgment when we meet again at our Rule 7-3 meeting on December 14, 2023.

  **I.** **Documents Referred by OIG to Other Defendant Agencies**

  OIG has referred a number of documents to other agencies. Documents referred to other Defendants in this case are summarized as follows:

1

| Month | Pages Referred to ICE | Pages Referred to Other Component |
|---|---|---|
| November 2022 | 220 | |
| December 2022 | 280 | |
| March 2023 | 9 | 32 (CBP) |
| June 2023 | 328 | 8 (Unidentified) 1 (DHS CRCL) |
| July 31, 2023 | 583 | |

      Regarding OIG's referrals to ICE, Plaintiff asks that Defendants clarify the following. First, Plaintiff specifically requested that OIG produce documents received and reviewed by the agency related to Mr. Teka Gulema. *See* Plaintiff's Jul. 12, 2023 Letter (specifying documents listed in OIG's Memorandum of Activity, described at p. 144 of OIG's June 2023 production, including ICE notifications, emails, and forms indicating release from custody). On September 1, 2023, Defendants stated that these documents "were referred to ICE for processing." Defs.' Sept. 1, 2023 Letter. In addition, OIG's production of June 2023 at page 182 states that 581 pages of attachments were uploaded into the EDS. Please confirm if these 581 pages have been, or will be produced by OIG or ICE, and if so, the month in which they will be produced.

      Second, please confirm whether ICE will produce the referred documents specified above as part of its productions in December 2023 or January 2024, and if not, when ICE will produce these documents. *See Keys v. Dep't of Homeland Sec.*, 570 F. Supp. 2d 59, 67 (D.D.C. 2008) ("A referral system constitutes a 'withholding' under FOIA 'if its net effect is to significantly impair the requester's ability to obtain the records or significantly to increase the amount of time he must wait to obtain them.'").

      Regarding the referrals to CBP, please also confirm if CBP will produce the 32 referred pages, and the date of anticipated production.

      Regarding the referral to DHS CRCL, please confirm if DHS CRCL will produce the one referred page, and the date of anticipated production. In its August 2, 2023 production letter, OIG referenced the 8 pages it referred to "another DHS component," which Plaintiff assumes are the 8 pages it referenced in its June 29, 2023 production letter that it would be referring to an unidentified "another agency for consultation." It stated on August 2 that it was producing eight pages from an unidentified "DHS component" that it had previously referred to that component for consultation. However, it does not appear that either OIG or DHS CRCL has accounted for the document OIG referred to DHS CRCL. Please provide an accounting for this referral to DHS CRCL.

2

Hoq Decl. ISO MSJ
Exhibit L
Page 85

## II. Documents to Be Included in *Vaughn* Index

Because Defendant OIG did not include pagination or Bates stamps for the documents it produced, Plaintiff has identified documents by month and year of production, as well as the page of the pdf filed produced. Please let us know if you have any questions regarding specific documents.

For documents that fall under Exemption (b)(5), please note that "simply designating a document as a 'draft' does not automatically make it privileged under the deliberative process privilege." *Transgender L. Ctr. v. Immigr. & Customs Enf't*, 46 F.4th 771, 783 (9th Cir. 2022) (quoting *Wilderness Soc'y v. Dep't of Interior*, 344 F. Supp. 2d 1, 14 (D.D.C. 2004)). If Defendants determine that documents were improperly withheld or redacted upon closer review of these documents, please promptly produce documents with delivery of the *Vaughn* index.

| Month | OIG Documents |
|---|---|
| November 2022 | 15, 16, 20, 23, 24, 25, 26, 28, 29, 33, 37, 38, 41, 45, 50 |
| December 2022 | 37-45, 51, 55-56, 67-68, 70-71, 75-76, 84, 92, 93, 95-97, 99 |
| March 2023 | Please provide a *Vaughn* index for the 113 pages withheld in full, as well as the following documents:<br>4, 5, 10-36, 37, 38-46, 47, 49, 50-87, 89-93, 95-98, 100-101, 104-105, 110, 112, 114-116, 118, 120-121, 124-125, 129-130, 133-134, 140-141, 145-146, 148, 151, 154, 156, 159-161, 166-167 |
| June 2023 | Please provide a *Vaughn* index for the 74 pages withheld in full, as well as the following documents:<br>1, 3-12, 16-25, 29-48, 52-61, 63-72, 76-85, 89, 91, 93-94, 96, 118, 151, 157, 164, 169, 171, 182 |
| July 31, 2023 | Please provide a *Vaughn* index for the 180 pages withheld in full, as well as the following documents:<br>1, 3, 4-8, 10-12, 14-26, 28-39, 42-44, 46-58, 60-71, 75-86, 96-98, 103-107, 110-112, 123-124, 126-129, 131-132, 137-141, 149-151, 154-156, 159-161, 164-175, 182-184, 186-187, 190-191, 193-202, 203, 206-207, 209-210, 212-221, 227-228, 230-232, 234, 236-237, 239, 241-242, 244, 246, 248-249, 251-252, 254, 256, 258-259, 261-268. |

Sincerely,

/S/ Laboni Hoq

| LABONI A. HOQ (SBN 224140)<br>laboni@hoqlaw.com<br>HOQ LAW APC<br>P.O. Box 753<br>South Pasadena, California 91030<br>Telephone: (213) 973-9004 | EUNICE CHO (*pro hac vice*)<br>echo@aclu.org<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>NATIONAL PRISON PROJECT<br>915 Fifteenth Street NW, 7th Floor<br>Washington, DC 20005<br>Telephone: (202) 548-6616 |

3

Hoq Decl. ISO MSJ
Exhibit L
Page 86

| | |
|---|---|
| MICHAEL KAUFMAN (SBN 254575)<br>MKaufman@aclusocal.org<br>ACLU FOUNDATION OF SOUTHERN CALIFORNIA<br>1313 West Eighth Street<br>Los Angeles, California 90017<br>Telephone: (213) 977-9500<br>Facsimile: (213) 915-0219 | KYLE VIRGIEN (SBN 278747)<br>kvirgien@aclu.org<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>NATIONAL PRISON PROJECT<br>39 Drumm Street<br>San Francisco, CA 94111<br>Telephone: (202) 393-4930<br><br>*Attorneys for Plaintiff* |

4