# EXHIBIT Z

February 13, 2024

Joseph Tursi
Jason Axe
Alarice Medrano
United States Attorney's Office
Central District of California
300 N. Los Angeles St. Suite 7516
Los Angeles, CA 90012
Joe.tursi@usdoj.gov
Jason.axe@usdoj.gov
Alarice.medrano@usdoj.gov

**SENT VIA EMAIL**

Re: *ACLU of Southern California v. United States Immigration and Customs Enforcement, et al.*, No. 2:22-cv-4760 (C.D. Cal.)

Dear Counsel,

We are in receipt of an email sent by Victoria Stroebel from the DHS ICE FOIA office on February 8, 2024, which included an attachment of a letter from Rolando Velasco Jr., of DHS-ICE, dated January 31, 2024. Ms. Strobel's email stated that DHS-OIG's referral documents were uploaded into USAfx on January 31, 2024.

Mr. Velasco's letter informed us that of 583 pages referred by OIG, ICE has determined that 16 pages are non-responsive, and the remaining 567 pages will be withheld in part.

We have downloaded and reviewed the documents from USAfx in full. However, ICE's determination that 16 pages are non-responsive is not correct. Plaintiff's FOIA Request, Part 1 specifically requests: "Any and all documents, without limitation to date, including any communications, investigatory reports, and any and all exhibits, appendices, or attachments thereto, relating to the hospitalization, death, decision to release from custody, or release from custody of . . . Teka Gulema." ECF No. 1-1 at 5.

As we have noted earlier, page 182 of OIG's June 2023 production refers to the OIG's investigation into the circumstances of the death of Mr. Gulema, and states that "Attachments Uploaded into EDS TOTALS 581 Pages." For that reason, the *entirety* of the attached 581 pages are squarely responsive to Plaintiff's request, which specifies "attachments" to "investigatory reports" should be produced. In addition, to the extent that OIG referred 2 additional pages to ICE, please provide us with a description of these pages.

It also appears that email documents at Bates No. 12605 and 12783 were not produced in full. Please inform us whether the complete email documents were not produced in error, or if the other pages of the emails are part of documents that Defendants have deemed non-responsive.

1

In addition, as we have repeatedly requested, Defendants have yet to produce the documents attached to the filing at pages 144-46 of OIG's June 2023 production, *see* Exh. B, Plaintiff's Jan. 26, 2024 letter, or other documents attached to parts of OIG investigatory reports. These documents include what appear to be highly responsive documents dated between October and November 2015, regarding ICE's decision to release Mr. Gulema from custody. Could you please confirm whether or not OIG processed the attachments to the OIG investigatory reports? If so, how many pages remain to be produced by OIG or other Defendants? If not, please let us know for purposes of the Plaintiff's Motion for Summary Judgment against OIG.

As noted before, OIG has referred a total of 1,420 documents to ICE. (Nov. 2022: 220 pages; Dec. 2022: 280 pages; March 2023: 9 pages; June 2023: 328 pages; July 31, 2023: 583 pages). Please inform us when ICE will provide Plaintiff with the remaining documents referred from OIG to ICE.

Finally, as a matter of courtesy, we again request that Defendants' counsel inform Plaintiff's counsel when a new production is made to USAfx. This is a common litigation courtesy made by other counsel in our FOIA litigation with the same agency, and will greatly reduce any delay in communication between parties.

Sincerely,

| | |
|---|---|
| LABONI A. HOQ (SBN 224140)<br>laboni@hoqlaw.com<br>HOQ LAW APC<br>P.O. Box 753<br>South Pasadena, California 91030<br>Telephone: (213) 973-9004 | EUNICE CHO (pro hac vice)<br>echo@aclu.org<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>NATIONAL PRISON PROJECT<br>915 Fifteenth Street NW, 7th Floor<br>Washington, DC 20005<br>Telephone: (202) 548-6616 |
| MICHAEL KAUFMAN (SBN 254575)<br>MKaufman@aclusocal.org<br>ACLU FOUNDATION OF SOUTHERN CALIFORNIA<br>1313 West Eighth Street<br>Los Angeles, California 90017 Telephone: (213) 977-9500<br>Facsimile: (213) 915-0219 | KYLE VIRGIEN (SBN 278747)<br>kvirgien@aclu.org<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>NATIONAL PRISON PROJECT<br>39 Drumm Street<br>San Francisco, CA 94111<br>Telephone: (202) 393-4930 |

*Attorneys for Plaintiff*

2

Hoq Decl. ISO MSJ
Exhibit Z
Page 206

# EXHIBIT AA



# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*JOSEPH W. TURSI*
*JASON K. AXE*
*Assistant United States Attorney*
*Phone: (213) 894-3989/8790*
*E-mail: Joseph.Tursi@usdoj.gov*
*Jason.Axe@usdoj.gov*

*Federal Building*
*300 N. Los Angeles Street, Suite 7516*
*Los Angeles, California 90012*

February 21, 2024

**VIA E-MAIL**

Laboni A. Hoq
Hoq Law, APC
P.O. Box 753
South Pasadena, CA 91030

      Re:    ACLU of SoCal v. ICE, et al.
                C.D.CA Case No. 2:22-cv-04760-SHK

Dear Ms. Hoq:

The following responds to Plaintiff's January 26, 2024, February 5, 2024, and February 13, 2024 correspondence.

## I. Documents Referred by DHS-OIG to ICE

With respect to the documents referred from OIG to ICE, as set forth in ICE's January 31, 2024 correspondence, after reviewing 583 pages referred by OIG, it determined that 16 were nonresponsive and it produced 567 pages, withheld in part pursuant to FOIA exemptions (b)(6), (b)(7)(C), and (b)(7)(E). ICE will continue to process documents referred by OIG in due course.

As for providing a count of how many of those remaining documents refer to Mr. Gulema and/or are dated on or after October 1, 2015, ICE respectfully declines to provide such a count because its efforts are focused on taking actions to process the remaining documents potentially responsive to Plaintiff's FOIA request.

With respect to the 16 pages that were determined to be non-responsive, that determination was made by agency staff after review of the documents and Plaintiff's FOIA request. The 16 pages predate Plaintiff's FOIA request. However, as ICE has been informed by OIG that they were referenced in the Report of Investigation, it will process them. Please note, however, that the documents are largely illegible. ICE has already consulted with OIG and determined that these are the best copies available.

With regard to the email documents at Bates No. 12605 and 12783, those are the full emails. As for pages 144-146 of OIG's June 2023 production, those documents were referred to ICE and ICE will be processing them in due course.

Ms. Laboni A. Hoq
RE: ACLU of SoCal v. ICE
February 21, 2024
Page 2

## II. ICE Production

### A. Parts 1-3

In response to your further inquiry, ICE can confirm that it did conduct a search for records of the New Orleans Field Director, in addition to two other individuals in that field office. ICE respectfully declines to provide Plaintiffs with a count of pages specific to these custodians as they are compiled in one folder and ICE's efforts are focused on taking actions to process the remaining documents potentially responsive to Plaintiff's FOIA request. For the same reason, ICE respectfully declines to conduct a preliminary search through the remaining 31,865 pages to determine how many include a medical record or SEN.

At any point, if Plaintiff determines either through its further consideration of the FOIA requests or its analysis of the records received to date, that it wishes to limit its FOIA request, please advise us of that decision so we can pass it along to ICE. Otherwise, ICE will continue processing the documents potentially responsive to Plaintiff's FOIA request as ICE has interpreted them.

### B. Part 4

Plaintiff's concerns are noted, and ICE will consider Plaintiff's request as it continues processing records and reviewing documents that were identified in response to the search for records responsive to this part of the FOIA request and the other parts of the FOIA request.

### C. Part 5

Plaintiff's proposal that ICE conduct a search of staff who "participate" in the weekly SDI meeting and any custodian who possesses the SDI list is unduly burdensome because it would encompass hundreds of custodians who attend the SDI meetings from 2016 to the present. As communicated previously, the Assistant Director of IHSC conducted a search and found 551 pages of potentially responsive documents. After those documents have been processed and produced subject to any applicable FOIA exemptions, ICE will consider again Plaintiff's request for further searches.

### D. Parts 6 & 7

For these parts, ICE agreed to task the Joint Intelligence Operations Center (JIOC) with conducting a search, and after reviewing the search, they deferred its tasking (as they are authorized to do within their discretion) to the Office of Enforcement and Removal Operations (ERO). They deferred the search because the information the JIOC receives originates with ERO.

As for ERO, it cannot search for SIRs or SENs that fall within Plaintiff's request unless ERO is provided with a name or some type of identifying information. Even if JIOC were to conduct a search for such SIRs and SENs, they too would need identifying information. Without

Ms. Laboni A. Hoq
RE: ACLU of SoCal v. ICE
February 21, 2024
Page 3

identifying information, neither JIOC nor ERO would be able to find documents that mention the release from custody of (a) hospitalized detainees; (b) detainees who at the time of release were patients in the care of external healthcare providers or facilities; or (c) detainees released from custody immediately prior to transfer to an emergency room, hospital, or external care facility.

With respect to search terms, for Part 6, the Custody Management Acting Deputy Assistant Director of the Custody Programs Division ran a search of computer and shared drives using terms "detainee death directive," which found 304 pages for potentially responsive documents. The IHSC Managed Care Coordinator searched Excel spreadsheets, a share drive, the unified patient tracking system, and Outlook using the following search terms: "release, hospital, emergency room, long-term, facility, and rehab." The unified patient tracking system and Outlook were searched using the following search terms: "release, hospital, emergency room, long-term, facility, and rehab." This resulted in 93 pages of potentially responsive documents.

Field Operations was tasked with a search but reported that it did not have responsive records because they do not maintain data responsive to the request.

As for Part 7, the Custody Management Acting Deputy Assistant Director of the Custody Programs Division ran a search of computer and shared drives using terms "detainee death directive." This resulted in 9 pages of potentially responsive records.

The IHSC Chief, Investigations Unit searched a SharePoint and Outlook using the following search terms: "hospitalized, external healthcare, release, transfer, death, emergency room, and external care." No records were found. Similarly, Field Operations did not report any responsive records because they do not maintain data responsive to the request.

### E. Plaintiff's "Waiver" of Production

In your February 5th correspondence, you indicate that Plaintiff wishes to waive production of the remaining 31,865 pages regarding Mr. Gulema that are from before October 1, 2015, except for documents resulting from a search of, among others, DHS Headquarters personnel. Unfortunately, the records are not separated by custodian. DHS is attempting to determine if it can otherwise limit the remaining pages to be reviewed in line with your proposal, and it will respond further as it considers that possibility.

Ms. Laboni A. Hoq
RE: ACLU of SoCal v. ICE
February 21, 2024
Page 4


Respectfully,

E. MARTIN ESTRADA
United States Attorney

/s/ *Joseph W. Tursi*

JOSEPH W. TURSI
Assistant United States Attorney

cc: Ms. Eunice Cho (by email)
   Mr. Michael Kaufman (by email)
   Mr. Kyle Virgien (by email)