E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JOSEPH W. TURSI (Cal. Bar No. 300063)
JASON K. AXE (Cal, Bar No. 187101)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3989 | 8790
    Facsimile: (213) 894-7819
    E-mail: Joseph.Tursi@usdoj.gov
         Jason.Axe@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>    Defendants. | No. 2:22-cv-04760-SHK<br><br>**DEFENDANTS' STATUS REPORT**<br><br>Conference Date: March 4, 2024<br>Conference Time: 9:30 a.m.<br><br><br>Honorable Shashi H. Kewalramani<br>United States Magistrate Judge |

Pursuant to the Court's December 8, 2023 Order (Dkt. 62) Defendants U.S. Immigration and Customs Enforcement ("ICE"), U.S. Department of Homeland Security ("DHS"), and DHS Office of Inspector General ("OIG") submit the following status report.[1]

I. **DEFENDANTS DHS AND OIG**

Pursuant to the Court's December 21, 2023 Order, Defendant OIG provided a search summary and *Vaughn* Index to Plaintiff. (Dkt. 64.) Defendants DHS and OIG contend that they have satisfied their obligations under FOIA with respect to Plaintiff's nine-part Request. Plaintiff disagrees. As a result, counsel for the parties met and conferred regarding a briefing schedule to address Plaintiff's challenges, which the Court ordered on December 21, 2023. *See* Dkts. 63, 64. On February 23, 2024, Plaintiff filed its motion. *See* Dkt. 66.[2]

Pending before this Court, as of the date of this status report, is the parties' stipulation requesting the following amended briefing schedule (*see* Dkt. 68):

March 27, 2024 – Deadline for Defendants DHS and OIG to file their Cross-Motion for Summary Judgment and Opposition Brief;

April 17, 2024 – Deadline for Plaintiff to file its Opposition and Reply Brief;

May 1, 2024 – Deadline for Defendants to file their Reply Brief.

The new proposed hearing date for the Cross-Motions is May 15, 2024.

II. **ICE**

  A. **CONSULTATION REGARDING NARROWING OF SCOPE OF REQUESTS**

On December 13, 2023, Plaintiff's counsel sent Defendants' counsel an eight-page

---

[1] For brevity's sake, Defendants assume both Plaintiff's and the Court's familiarity with the background and procedural history of this Freedom of Information Act (FOIA) case. The Court's December 8, 2023 order includes a summary as well. *See* Dkt. 62 at 3-5.

[2] Plaintiff subsequently filed an amended Motion for Summary Judgment on February 28, 2024 that complied with the word limitations of the Local Rules. *See* Dkt. 67.

1

letter raising a number of issues, including those regarding the search for records responsive to Plaintiff's Request. On December 14, 2023, counsel for the parties participated in a pre-planned teleconference that was scheduled to comply with the Court's December 8th Order. *See* Dkt. 62 at 15. On January 17, 2024, Defendants' counsel sent a letter to Plaintiff's counsel responding to their December 13, 2023 letter as well as matters raised during the December 14, 2023 telephone conference.

On January 22, 2024, Defendants' counsel sent a letter to Plaintiff's counsel providing all information required by the Court's December 8th Order. *See* Dkt. 62 at 15 ("By January 22, 2024, ICE shall provide the following…"). In that letter, ICE advised that, with respect to Parts 1-3 of the Request, there were approximately 38,285 pages remaining to process, broken down as follows by individual:

- Jose Ibarra Bucio: 1,157 pages
- Martin Vargas Arellano: 5,263 pages
- Teka Gulema: 31,865 pages. (All pages from October 1, 2015 and after have been processed. The remaining 31,865 pages to be processed are from before October 1, 2015.)
- Johana Medina Leon: All pages have been processed.

ICE further advised that if the Gulema records preceding October 1, 2015 were excluded, the remaining number of pages to process was 6,420.

With respect to Parts 4-9, ICE advised that the number of potentially responsive records were as follows:[3]

Part 4: 142,000 documents along with 27 pages from ICE Health Service Corps (IHSC).

Part 5: 551 pages

Part 6: 397 pages

Part 7: 18 pages

---

[3] ICE also provided information regarding the searched locations and custodians.

      Part 8: 1,711 pages

      Part 9: 1 Excel spreadsheet.

On January 26, 2024, Plaintiff responded to Defendants' January 17, 2024 and January 22, 2024 letters with additional inquiries. On February 5, 2024, and pursuant to the December 8th Order, Plaintiff stated that it "waives production of the remaining 31,865 pre-October 1, 2015 pages, with some exceptions." Plt. Feb. 5, 2024 Ltr. at 1. Those exceptions were as follows:

- Plaintiff did not waive production of any records referred by OIG to ICE.
- Plaintiff did not waive any records that resulted from a search conducted of certain custodians.
- Plaintiff did not waive production of any records that include or were the result of a search of the custodian named on Page 10542 of ICE's production.

*Id.*

On February 21, 2024, ICE replied that it had reviewed the proposal to waive certain documents, but the records were not separated by custodian. Def. Feb. 21, 2024 Ltr. at 3. ICE advised that it would attempt to determine whether it could otherwise limit the remaining pages to be reviewed in line with Plaintiff's proposal. To that end, ICE searched through the entire set of documents by the custodians identified by Plaintiff, but that search still resulted in approximately 31,000 pages.

For Part 4, Plaintiff agreed to waive production of the 142,000 documents found after ICE used previously agreed-to search terms and connectors while searching the emails of three custodians. *Id.* at 2.

For Part 5, Plaintiff agreed to waive searches of Medical Transfer Summary Documents from DHS's eHR System and Alien Medical Records System. Plaintiff also stated that it would narrow its search request to "all staff who participate in the weekly Detainee Illness (SDI) meeting and any custodian who possesses the SDI list." *Id.* However, as ICE explained in its February 21, 2024 letter, Plaintiff's proposal that ICE conduct a search of staff who "participate" in the weekly SDI meeting and any custodian

3

who possesses the SDI list is unduly burdensome because it would encompass hundreds of custodians who attended the SDI meetings from 2016 to the present. Nonetheless, ICE did state that it would consider again Plaintiff's request for further searches *after* it processed the 551 pages of potentially responsive documents found following the Assistant Director of IHSC's search.

Plaintiff did not agree to waive or narrow the scope of searches for Parts 6-9.

## B. COURT-ORDERED RESPONSE REGARDING STATUS OF ICE'S SEARCHES AND PROCESSING OF DOCUMENTS

The Court's December 8th Order directed ICE to provide the following information in this status report: (1) an estimated time for concluding the search for responsive documents; (2) an estimated number of pages to be produced in response to the Request; and (3) an estimated time for completion of production at a processing rate of 3,000 pages per month. *See* Dkt. 62 at 15-16. It thus provides the following:

(1) Subject to consideration of additional searches *after* ICE concludes the processing of records currently in queue, ICE has now concluded its search for records responsive to Plaintiff's Request.

(2) At this time, ICE estimates that there remain 39,972 pages to *process* plus one Excel spreadsheet. ICE is unable to provide an estimate of the number of pages that will ultimately be *produced* because it has yet to determine whether each processed page is responsive, duplicative, or subject to withholding until that page is reviewed by a FOIA processor. The breakdown of remaining pages by part to be processed is as follows:

Parts 1-3: 37,252 pages
- Jose Ibarra Bucio: 124 pages
- Martin Vargas Arellano: 5,263 pages
- Teka Gulema: 31,865 pages.
    (If the Gulema records preceding October 1, 2015 are excluded, the remaining number of pages to process would be 5,387.)

Part 4: 43 pages

4

Part 5: 551 pages

Part 6: 397 pages

Part 7: 18 pages

Part 8: 1,711 pages

Part 9: 1 Excel spreadsheet.

Additionally, there are 328 pages of documents referred by OIG to be processed.

(3) At a processing rate of 3,000 pages per month, ICE currently estimates that it will finish its production by May 2025.

Dated: March 1, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

 /s/ *Joseph W. Tursi*
JOSEPH W. TURSI
JASON K. AXE
Assistant United States Attorneys

Attorneys for Defendants