LABONI A. HOQ (SBN 224140)
laboni@hoqlaw.com
HOQ LAW APC
P.O. Box 753
South Pasadena, California 91030
Telephone: (213) 973-9004

MICHAEL KAUFMAN (SBN 254575)
MKaufman@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, California 90017 Telephone: (213) 977-9500
Facsimile: (213) 915-0219

Attorneys for Plaintiff
*(additional counsel information on next page)*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br>*Defendants*. | Case No. 2:22-CV-04760-SHK<br><br>**PLAINTIFF'S REQUEST FOR FURTHER STATUS CONFERENCE**<br><br>Honorable Shashi H. Kewalramani<br>United States Magistrate Judge<br><br>Conference date: March 20, 2024<br>Time:  10:00 a.m.<br>Place:  3470 12th St., Riverside, CA 92501, Courtroom 3 or 4 *via Zoom* |

EUNICE CHO (*pro hac vice*)
echo@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Telephone: (202) 548-6616

KYLE VIRGIEN (SBN 278747)
kvirgien@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (202) 393-4930

Attorneys for Plaintiff

Pursuant to the Court's March 4, 2024 Minute Order, ECF No. 72, Plaintiff American Civil Liberties Union of Southern California ("ACLU-SoCal") hereby requests a further status conference to discuss the issues as described below:

1. <u>De-duplication of Parts 1-3</u>. Of the approximately 37,252 pages responsive to Parts 1-3 that Defendants reported remain to be processed by ICE, *see* ECF No. 69 (Defs.' Status Report), have these pages been de-duplicated?[1]
    a. If not, what is the resulting page count for these 37,252 pages once de-duplication has been performed? (As referenced in ECF 60 at p. 4, Defendants stated that "ICE was able to de-duplicate the records and conduct email threading to reduce the number to approximately 12,000 pages. [] There are currently approximately 9,000 pages remaining to be processed for Request Nos. 1-3.")
    b. What is the resulting de-duplicated page count with respect to each individual specified in Plaintiff's FOIA request (i.e. Mr. Gulema, Mr. Ibarra Bucio, Mr. Vargas Arellano, and Ms. Medina Leon?)
2. <u>Custodians for Parts 1-3</u>. For Parts 1-3, which custodians has ICE searched (by title and location)? How many de-duplicated pages remain to be produced for each custodian?
    a. Regarding documents related to Mr. Gulema, who is the officer (redacted name) referred to at Document 10542 of Defendant ICE's production? If ICE declines to provide her name, what is her title and department? Did ICE conduct a search of records belonging to this

---

[1] Plaintiff uses the term "de-duplicated" in this document to refer both to removal of exact duplicates and removal of duplicative material through email threading. Thus, a set of documents is "de-duplicated" only after exact duplicates and thread duplicates have been removed.

*ACLU of Southern California v. U.S. ICE, et al.,* No. 2:22-cv-04760-SHK
PLAINTIFF'S REQUEST FOR FURTHER STATUS REPORT

1

officer for responsive records? If so, how many pages did a search of this custodian yield? How many pages remain to be processed?

b. Regarding documents related to Mr. Gulema, did ICE conduct a search of records belonging to the New Orleans ICE Field Office Director? If so, how many pages did a search of this custodian yield? How many pages remain to be processed?

c. Did ICE conduct a search of Mr. Gulema's ICE Enforcement and Removal Officers ("ERO") Officer? If so, how many pages did a search of this custodian yield? How many pages remain to be processed?

d. Did ICE conduct a search of ICE Headquarters staff for Parts 1-3? If so, please identify the custodian (if ICE declines to provide names, please provide title/department). If so, how many pages did a search of these custodians yield, disaggregated by custodian? How many pages remain to be processed?

e. Defendants stated that "ICE searched through the entire set of documents [remaining to be processed for Parts 1-3] by the *custodians* identified by Plaintiff, but that search still resulted in approximately 31,000 pages." ECF No. 69 at 4 (Emphasis added). How did ICE search by custodians? Did this search consist of a search of custodian metadata fields? If so, how many pages were returned for this search of custodian metadata fields? Did this search consist of a search of document text for the names of the custodians? If so, how many pages were returned for this search of document text? Were any further searches conducted to identify documents related to these custodians?

*ACLU of Southern California v. U.S. ICE, et al.,* No. 2:22-cv-04760-SHK
PLAINTIFF'S REQUEST FOR FURTHER STATUS REPORT

2

If so, how many pages were returned for each of these additional searches?

    f. Plaintiff also indicated that it would not waive documents within the set of documents ICE has identified for processing related to Mr. Gulema that were sent to or received from to any member of the Senate or their staff. Did ICE conduct a search to identify documents sent to or received from any member of the Senate or their staff? In conducting this search, what fields did ICE search and what terms did it use?

3. <u>Parts 1-3</u>. Please confirm that ICE has completed its production of documents related to Mr. Gulema dated after October 1, 2015. If not, how many pages remain?

4. <u>Parts 1-3</u>. How many pages of the documents referred to ICE by OIG remain to be processed and produced? How many pages of those documents are related to Mr. Gulema and dated after October 1, 2015?

5. <u>Part 4</u>. Plaintiff has requested that ICE include the following search terms in its search of IRAP and ORAP documents responsive to Part 4: "death," "life support," "critical condition," "intensive care, "ICU," and "hospice." ICE, however, did not provide its position as to whether or not it would include these terms in its search, but rather, stated in its status report that it "will consider Plaintiff's request as it continues processing records and reviewing documents that were identified in response." ECF No. 66-15 at 6. Will ICE commit to conducting a search for Part 4 that includes these search terms? If so, will ICE provide Plaintiff the resulting hit counts so Plaintiff can consider whether it will agree to waive certain records from ICE's processing obligations?

*ACLU of Southern California v. U.S. ICE, et al.,* No. 2:22-cv-04760-SHK
PLAINTIFF'S REQUEST FOR FURTHER STATUS REPORT

3

6. <u>Part 5</u>. Plaintiff has requested that ICE narrow the list of custodians searched to "all staff who participate in the weekly Significant Detainee Illness (SDI) meeting and any custodian who possesses the SDI list." ECF No. 66-13 at 29. ICE has stated that it will "consider . . . Plaintiff's request for further searches" after it has processed the 551 pages it has already located. ECF No. 66-15 at 6 (Defs.' Feb. 21, 2024 Letter). Will ICE commit to conducting a search of custodians from ICE leadership, ERO, and OPLA who participate in the weekly SDI meetings? If so, what search terms, custodians, locations, and date ranges will ICE search? (Note that Parties have already agreed upon search terms). Will ICE commit to proving Plaintiff hit counts of the resulting search so Plaintiff can consider whether it will agree to waive certain records from ICE's processing obligations?

7. <u>Parts 6-7</u>. On November 30, 2023, ICE stated that it "has no objection to searching [ICE's Joint Intelligence Operations Center ("ICE-JIOC")" for Significant Incident Reports ("SIR") and Significant Event Notification ("SEN") reports. ECF No. 66-9 at 64 (Defs.' Nov. 30, 2023 Letter). On January 22, 2024, ICE reversed course, stating that ICE-JIOC has "deferred the search tasking to ERO because the data points do not originate with JIOC," and that JIOC "would too need identifying information." ECF No. 66-13 at 3. But this position appears inaccurate, as ICE-JIOC analyzes and sends summaries of the SIRs to ICE field offices. Plaintiff has requested that ICE-JIOC conduct a search for SIRs and SEN reports, using the agreed-upon search terms, as it would not require identifying information of individuals. Will ICE conduct a search of ICE-JIOC, using the agreed-upon search terms, for responsive SIR and SEN reports? If ICE contends that it cannot conduct a search of ICE-JIOC, will ICE describe the formats in which ICE-JIOC

*ACLU of Southern California v. U.S. ICE, et al.,* No. 2:22-cv-04760-SHK
PLAINTIFF'S REQUEST FOR FURTHER STATUS REPORT

4

1  keeps SIR and SEN reports and the reason why these records are not
2  searchable by search terms?

4  Dated: March 5, 2024          Respectfully submitted,

                                 /S/ Laboni Hoq
                                 LABONI A. HOQ (SBN 224140)
                                 laboni@hoqlaw.com
                                 HOQ LAW APC
                                 P.O. Box 753
                                 South Pasadena, California 91030
                                 Tel.: (213) 973-9004

                                 MICHAEL KAUFMAN (SBN 254575)
                                 MKaufman@aclusocal.org
                                 ACLU FOUNDATION OF SOUTHERN
                                 CALIFORNIA
                                 1313 West Eighth Street
                                 Los Angeles, California 90017
                                 Tel.: (213) 977-9500
                                 Fax: (213) 915-0219

                                 EUNICE CHO (Pro Hac Vice)
                                 echo@aclu.org
                                 AMERICAN CIVIL LIBERTIES
                                 UNION FOUNDATION
                                 915 Fifteenth Street NW, 7th Floor
                                 Washington, DC 20005
                                 Tel.: (202) 548-6616

                                 KYLE VIRGIEN (SBN 278747)
                                 kvirgien@aclu.org
                                 AMERICAN CIVIL LIBERTIES
                                 UNION FOUNDATION
                                 425 California Street, Suite 700
                                 San Francisco, CA 94104

*ACLU of Southern California v. U.S. ICE, et al.,* No. 2:22-cv-04760-SHK
PLAINTIFF'S REQUEST FOR FURTHER STATUS REPORT

5

Tel.: (202) 393-4930

*Attorneys for Plaintiff*