E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JOSEPH W. TURSI (Cal. Bar No. 300063)
JASON K. AXE (Cal, Bar No. 187101)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3989 | 8790
    Facsimile: (213) 894-7819
    E-mail: Joseph.Tursi@usdoj.gov
           Jason.Axe@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Defendants. | No. 2:22-cv-04760-SHK<br><br>**DEFENDANT UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT'S RESPONSE TO PLAINTIFF'S REQUEST FOR FUTHER STATUS CONFERENCE**<br><br>Conference Date: March 20, 2024<br>Conference Time: 10:00 a.m.<br><br><br>Honorable Shashi H. Kewalramani<br>United States Magistrate Judge |

Pursuant to the Court's March 4, 2024 Minutes of Status Conference (Dkt. 72), Defendant U.S. Immigration and Customs Enforcement ("ICE") submits the following response to Plaintiff's Request for Further Status Conference (Dkt. 73).[1]

## I. ISSUES RAISED IN PLAINTIFF'S REQUEST FOR FURTHER STATUS CONFERENCE

### 1. De-duplication of Parts 1-3

a. The remaining 37,252 pages[2] to be processed have been de-duplicated.

b. The breakdown of remaining pages by individual is:

- Mr. Teka Gulema: 31,865 pages[3]
- Mr. Ibarra Bucio: 124 pages
- Mr. Vargas Arellano: 5,263 pages
- Ms. Medina Leon: 0 pages

### 2. Custodians for Parts 1-3

The following are the custodians that performed searches for Parts 1-3. ICE is not able to readily determine how many de-duplicated pages remain to be produced for each custodian because as ICE switched to a new processing system, the records were moved as one set rather than by custodian:

**Gulema records**

- Commander (CDR)/Field Medical Coordinator in New Orleans.
- CDR - IHSC Investigations Unit Program Manager.

---

[1] Defendant ICE notes that it has responded to many of the inquires raised through past correspondence and in its March 1, 2024 Status Report (Dkt. 69). It nonetheless repeats them here.

[2] In November 2023, ICE estimated that there were between 9,000 – 10,000 pages remaining. At the time, ICE was switching processing systems, and certain records did not transfer over to the new system, thus resulting in the lower estimate. ICE has since confirmed that all pages were transferred over, which has resulted in the current estimated figure of 37,252 pages.

[3] If the Gulema records preceding October 1, 2015 are excluded, the remaining number of pages to process for Parts 1-3 would be 5,387.

1

- Deputy Field Office Director (DFOD) in NOLA Field Office (FO).
- Contracting Officer Representative (COR) in NOLA FO.
- Detention and Deportation Officer (DDO) in NOLA FO.
- Supervisory DDO in NOA FO.

**Ibarra Bucio records**

- CDR - IHSC Investigations Unit Program Manager.
- LA Acting Field Officer Director (AFOD).

**Vargas Arellano records**

- CDR - IHSC Investigations Unit Program Manager.
- LA AFOD.

**Leon records**

- CDR - IHSC Investigations Unit Program Manager.

a. The officer referred to in Document 10542 was the previous medical director and department assistant director of clinical services at IHSC. A specific search of this individual's email archives was not run because ICE, in its discretion, determined that the custodians searched would necessarily include this individual's emails. Indeed, this individual is included in many, if not most, of the emails in the search results.

b. ICE did conduct a search of records belonging to the New Orleans ICE Field Office Director, but it does not have specific page information available nor how many remain to be processed. As explained above, this is the result of records being moved to ICE's new processing system.

c. If Plaintiff is referring to a DDO, then yes, ICE conducted a search of a DDO. ICE does not have specific page information available nor how many pages remain to be processed. As explained above, this is the result of records being moved to ICE's new processing system.

d. The IHSC Investigations Unit Program Manager, which is a Headquarters position, conducted a search. ICE does not have specific page information

available nor how many remain to be processed. As explained above, this is the result of records being moved to ICE's new processing system.

e. ICE searched the names of the previous medical director and department assistant director of clinical services at IHSC, the DFOD of the NOLA FA, and the DDO of the NOLA FA into the Relativity stems to determine how many pages included those names. This resulted in approximately 31,000 pages.

f. ICE did not conduct a search to identify documents sent to or received from any member of the Senate or their staff. These records were not requested in Plaintiff's FOIA request. *See* Dkt. 24-1 at 2-13 (FOIA Request). Rather, on February 5, 2024, Plaintiff requested these documents for the first time. ICE will not agree to expand the scope of Plaintiff's request, though nothing prevents Plaintiff from submitting a separate FOIA request.

3. **Parts 1-3.** ICE has completed its production of documents related to Mr. Gulema dated after October 1, 2015, as stated in ICE's January 22, 2024 correspondence and its March 1, 2024 Status Report (Dkt. 69 at 3).

4. **Parts 1-3.** As stated in ICE's March 1, 2024 Status Report, there are 328 pages of documents referred by OIG left to be processed. *See* Dkt. 69 at 6. The remaining 328 pages will be processed this month in addition to ICE's March 2024 production.

5. **Part 4.** ICE does not know what Plaintiff is referring to by the acronym "IRAP." Regardless, as ICE has previously indicated, it will consider Plaintiff's requests for additional searches as it continues processing records and reviewing documents that were identified in response to this portion of the Request. ICE is not prepared to commit to conducting any further searches at this time, nor has it ruled out such searches as it continues processing records.

6. **Part 5.** As explained in ICE's February 21, 2024 letter, attached hereto as Exhibit 1, and repeated in its March 1, 2024 Status Report (Dkt. 69 at 3-4),

3

Plaintiff's proposal that ICE conduct a search of staff who "participate" in the weekly SDI meeting and any custodian who possesses the SDI list is unduly burdensome because it would encompass hundreds of custodians who attended the SDI meetings from 2016 to the present. Nonetheless, ICE has repeatedly advised Plaintiff that it would consider again Plaintiff's request for further searches *after* it concludes processing the 551 pages of potentially responsive documents found following the Assistant Director of IHSC's search. ICE is not prepared to commit to conducting any further searches at this time, nor has it ruled out such searches as it continues processing records.

7. **Parts 6-7.** When undersigned counsel advised Plaintiff's counsel in the November 30, 2023 letter that "ICE has no objection to searching JOIC and will do so," the intention was to convey, as more properly reflected in the February 21, 2024 correspondence, that ICE would agree to *task* the Joint Intelligence Operations Center (JIOC) with conducting a search. That search was tasked, but after reviewing the search, JIOC deferred its tasking (as they are authorized to do within their discretion) to the Office of Enforcement and Removal Operations (ERO). JIOC deferred the search because the information it receives originates with ERO. As for ERO, it cannot search for SIRs or SENs that fall within Plaintiff's request unless ERO is provided with a name or some type of identifying information. Even if JIOC were to conduct a search for such SIRs and SENs, they too would need identifying information. Without identifying information, neither JIOC nor ERO would be able to find documents that mention the release from custody of (a) hospitalized detainees; (b) detainees who at the time of release were patients in the care of external healthcare providers or facilities; or (c) detainees released from custody immediately prior to transfer to an emergency room, hospital, or external care facility. *See* Ex. 1 (Feb. 21, 2024 letter) at 2-3. ICE recently learned that JIOC has a new system that could allow it to search the SEN system for spreadsheets

that may or may not contain responsive information. ICE will confer with JIOC to determine whether conducting a search is possible and, if so, whether it is unduly burdensome. ICE has confirmed with JIOC that the daily reports drafted by JIOC are not in a searchable format.

## II. PROCESSING ORDER

During the March 4, 2024 Status Conference, the parties discussed the order in which ICE is processing Plaintiff's nine-part FOIA request. As the Court previously found, a requestor cannot dictate the order or manner in which an agency responds to a FOIA request. *See* Dkt. 62 at 11-12; *see also* Dkt. 60 at 18-19. Nonetheless, ICE is amenable to processing the documents that are potentially responsive to Requests 4-9 beginning with the April 2024 production. Based on Plaintiff's request, after ICE makes its March 2024 production (on or before March 21, 2024), it will pause its processing of Requests 1-3 and turn to Requests 4-9. Barring unforeseen circumstances, this should result in the processing of all pages determined to being potentially responsive to Requests 4-9 by April 21, 2024. That is because the total number of potentially responsive pages to Requests 4-9 is 2,720, plus 1 Excel spreadsheet. *See* Dkt. 69 at 6. Thereafter, ICE would resume processing the remaining pages for Parts 1-3.

Dated: March 19, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

 /s/ *Joseph W. Tursi*
JOSEPH W. TURSI
JASON K. AXE
Assistant United States Attorneys

Attorneys for Defendants

5