E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JOSEPH W. TURSI (Cal. Bar No. 300063)
JASON K. AXE (Cal, Bar No. 187101)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3989 | 8790
    Facsimile: (213) 894-7819
    E-mail: Joseph.Tursi@usdoj.gov
           Jason.Axe@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Defendants. | No. 2:22-cv-04760-SHK<br><br>**DEFENDANT UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT'S *SUPPLEMENTAL* RESPONSE TO PLAINTIFF'S REQUEST FOR FUTHER STATUS CONFERENCE**<br><br><br>Honorable Shashi H. Kewalramani<br>United States Magistrate Judge |

Pursuant to the Court's March 20, 2024 Minutes of Status Conference (Dkt. 75), Defendant U.S. Immigration and Customs Enforcement (ICE) submits the following supplemental response to Plaintiff's Request for Further Status Conference (Dkt. 73).

## I. Number of Documents Per Custodian Concerning Documents Related to Mr. Gulema

The following is a list of custodians related to documents currently collected with respect to Mr. Gulema:

- Commander (CDR)/Field Medical Coordinator in New Orleans.
- CDR - IHSC Investigations Unit Program Manager.
- Deputy Field Office Director (DFOD) in NOLA Field Office (FO).
- Contracting Officer Representative (COR) in NOLA FO.
- Detention and Deportation Officer (DDO) in NOLA FO.
- Supervisory DDO in NOLA FO.

Here, the Office of Enforcement and Removal Operations (ERO) gathered records potentially responsive to Plaintiff's FOIA Request by Field Office and then forwarded those records to the ICE FOIA office. The records were not transmitted to the ICE FOIA office segregated by custodian. Rather, each custodian conducted a search, and the records were then compiled and packaged together by field office before being sent on to the ICE FOIA office for processing. The individual PDF records received by the ICE FOIA office for processing do not have metadata that identifies the custodian for each collected record. Accordingly, ICE is unable to provide a breakdown of remaining records to process by custodian.

That said, in reviewing the remaining records pertaining to Mr. Gulema, (608 records/31,575 pages), it appears to ICE FOIA that the majority of the records (300 records/19,342 pages) are emails sent by the CDR/Field Medical Coordinator in New Orleans containing daily SEN Report Notifications concerning Mr. Gulema. Each new email appears to incorporate all previous daily updates. ICE FOIA is unable to de-duplicate or thread these emails because they appear as a new record with new

1 information. Said differently, the SEN Report Notifications were not sent as an email
2 string, but *each* email is a copy and paste of the prior emails (rather than reply or
3 forwards) that then adds the new information for the given day such that ICE is unable to
4 thread it. *See* Dkt. 48-1, ¶¶ 17-18 (explaining how ICE de-duplicates and threads
5 emails).

ICE FOIA has already processed the CDR/Field Medical Coordinator's daily SEN Report Notification emails post-October 1, 2015 such that the content of the remaining daily SEN Report Notification emails likely have already been processed (which include all information before October 1, 2015). This means that continuing to process the SEN Report Notification emails sent by the CDR/Field Medical Coordinator will likely result in Plaintiff receiving redundant and duplicative information. Excluding the remaining emails sent by the CDR/Field Medical Coordinator in New Orleans prior to October 1, 2015 would result in 308 records/12,233 pages left to process for the remaining five custodians listed above for Gulema records prior to October 1, 2015.

II. **WHETHER ICE INTENDS TO PROVIDE A *VAUGHN* INDEX AND SEARCH ADEQUACY DECLARATION PRIOR TO PARTIES' MEET AND CONFER**

In response to the Court's inquiry whether Defendant ICE intends to provide a *Vaughn* index, Defendant notes that the Court's February 9, 2023 Order re: Case Management (Dkt. 40) provides, "At the conclusion of their review and production … and prior to filing their motion for Summary Judgment, each Defendant shall provide a *Vaughn* index to Plaintiff." *See* Dkt. 40 at 3. As was done by Plaintiff prior to Defendant OIG providing its *Vaughn* Index, Defendant ICE requests that Plaintiff similarly provide to Defendant ICE a list of documents to be addressed in the *Vaughn* index to expedite the process. *See* Dkt. 63 at 2.

| | |
|---|---|
| Dated: April 3, 2024 | Respectfully submitted, |
| | E. MARTIN ESTRADA<br>United States Attorney<br>DAVID M. HARRIS<br>Assistant United States Attorney<br>Chief, Civil Division<br>JOANNE S. OSINOFF<br>Assistant United States Attorney<br>Chief, Complex and Defensive Litigation Section |
| | /s/ *Joseph W. Tursi*<br>JOSEPH W. TURSI<br>JASON K. AXE<br>Assistant United States Attorneys |
| | Attorneys for Defendants |