E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JOSEPH W. TURSI (Cal. Bar No. 300063)
JASON K. AXE (Cal, Bar No. 187101)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3989 | 8790
    Facsimile: (213) 894-7819
    E-mail: Joseph.Tursi@usdoj.gov
           Jason.Axe@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>    Defendants. | No. 2:22-cv-04760-SHK<br><br>**DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS**<br><br><br>Honorable Shashi H. Kewalramani<br>United States Magistrate Judge |

Pursuant to Fed R. Civ. P. Rule 56 and Local Rule 56-1, Defendants submit this Statement of Uncontroverted Facts and Conclusions of Law.

| No. | UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 1 | On or about April 29, 2022, Plaintiff submitted a FOIA Request to DHS's Privacy Office, DHS OIG, and ICE. | Dkt. 24 (First Amended Complaint), ¶ 35 & Ex. A thereto (Dkt. 24-1 at 2-14) |
| 2 | On May 2, 2022, DHS's Privacy Office received the FOIA Request. | Pavlik-Keenan Decl., ¶ 11 |
| 3 | On May 2, 2022, DHS OIG received the FOIA Request. | Chigewe Decl., ¶ 7. |
| 4 | DHS's Privacy Office reviewed the FOIA Request, and in accordance with DHS regulations, determined that ICE and DHS OIG were the DHS components "most likely" to maintain responsive records. | Pavlik-Keenan Decl., ¶ 12 |
| 5 | On May 18, 2022, DHS's Privacy Office provided Plaintiff with a final response in which it acknowledged receipt of the FOIA request and informed Plaintiff of the determination that "the records sought, should they exist, would not be under purview of the DHS Privacy Office. Any responsive records would be held by the DHS Office of the Inspector General (OIG) and/or U.S. Immigration and Customs Enforcement (ICE)." The May 18, 2022 correspondence went on to explain, "As you have already submitted your request to the aforementioned office[s], we are closing your Privacy Office request and will defer to the OIG and ICE's response(s)." | Pavlik-Keenan Decl., ¶ 12, Ex. 1 |
| 6 | Having properly determined that responsive records, should they exist, would most likely be held by OIG and/or ICE, and with the understanding that Plaintiff had already submitted its request to those offices, DHS-PRIV administratively closed this case on May 18, 2022 with no further action. | Pavlik-Keenan Decl., ¶ 13 |
| 7 | At no time prior to administratively closing the FOIA Request did DHS's Privacy Office process the FOIA Request or supervise the processing of the FOIA Request by the referred | Pavlik-Keenan Decl., ¶ 13 |

| | | |
|---|---|---|
| | components. | |
| 8 | After receiving DHS-PRIV's May 18, 2022 letter, Plaintiff did not object to DHS-PRIV's final determination that DHS-OIG and ICE would be the appropriate components to process the request, nor did Plaintiff object to DHS-PRIVs notification that it would administratively close the request. | Pavlik-Keenan Decl., ¶ 13 |
| 9 | Pursuant to the request's specific language, which again sought ICE and OIG records, the DHS OIG FOIA Unit initially determined that the request was properly under DHS OIG's purview, i.e., it was not misdirected. | Chigewe Decl., ¶ 34. |
| 10 | Based on the FOIA Unit's knowledge of the DHS FOIA Regulations and the various program offices' missions, it was determined that the DHS OIG Office of Investigations may be in possession of potentially responsive records that fall under OIG's purview. The Office of Investigations conducts investigations into allegations of criminal, civil, and administrative misconduct involving DHS employees, contractors, grantees, and programs. | Chigewe Decl., ¶¶ 36, 37. |
| 11 | As investigatory reports, Reports of Investigations, and other similar records sought in the request would have been created by the Office of Investigations, a search tasking was sent on September 1, 2022. The Office of Investigations conducts investigations into allegations of criminal, civil, and administrative misconduct involving DHS employees, contractors, grantees, and programs. These investigations can result in criminal prosecutions, fines, civil monetary penalties, administrative sanctions, and personnel actions. Additionally, the Office of Investigations provides oversight and monitors the investigative activity of DHS's various internal affairs offices. | Chigewe Decl., ¶¶ 36, 37. |
| 12 | To gather records responsive to Plaintiff's FOIA request, the Office of Investigations searched for records located in the electronic case management system, EDS, with parameters set forth in paragraph 40 of the Declaration of Okechi Chigewe. | Chigewe Decl., ¶ 40. |
| 13 | As a result of the searches conducted by DHS OIG, a total of 7,402 pages of records was located. | Chigewe Decl., ¶ 41. |
| 14 | DHS OIG produced records in response to Plaintiff's FOIA request from November 2022 – March 2023 and June-August 2023. | Chigewe Decl., ¶¶ 42-49 |
| 15 | On November 23, 2022, DHS OIG issued its first interim response to the Plaintiff. In that response and corresponding production, the FOIA Unit reviewed 701 pages of records. Of | Chigewe Decl., ¶ 42. |

|    |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                    |                                      |
|----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|--------------------------------------|
|    | the 701 pages, 4 pages were released in full; 117 pages were released in part; 127 pages were duplicates; 233 pages were referred to the U.S. Department of Justice, Executive Office for United States Attorney for processing and direct response; and 220 pages were referred to the U.S. Immigration and Customs Enforcement for processing and direct response.                                                                                                                                                                                                                                                                                                |                                      |
| 16 | On December 21, 2022, DHS OIG issued its second interim response to the Plaintiff. In that response and corresponding production, the FOIA Unit processed 653 pages of records. Of the 653 pages, 60 pages were released in full; 128 pages were released in part; 185 pages were referred to the U.S. Department of Justice, Executive Office for United States Attorney for processing and direct response; and 280 pages were referred to the U.S. Immigration and Customs Enforcement for processing and direct response.                                                                                                                                       | Chigewe Decl., ¶ 43.                 |
| 17 | On January 30, 2023, DHS OIG issued its third interim response to the Plaintiff. In that response and corresponding production, the FOIA Unit reviewed 1,078 pages of records. Of the 1,078 pages, 5 pages were released in full; 1 page was released in part; and 1,072 pages were non-responsive.                                                                                                                                                                                                                                                                                                                                                                 | Chigewe Decl., ¶ 44.                 |
| 18 | On February 27, 2023, DHS OIG issued its fourth interim response to the Plaintiff. In that response, the FOIA Unit reviewed 1,140 pages of records. Based on the review, none of the records were determined to be responsive to Plaintiff's request.                                                                                                                                                                                                                                                                                                                                                                                                               | Chigewe Decl., ¶ 45.                 |
| 19 | On March 30, 2023, DHS OIG issued its fifth interim response to the Plaintiff. In that response and corresponding production, DHS OIG indicated that the FOIA Unit reviewed 1,005 pages of records. Of the 1,005 pages, 10 pages were released in full; 44 pages were released in part; 113 pages were withheld in full; 736 pages were non-responsive; 61 pages were duplicates; 9 pages were referred to the U.S. Immigration and Customs Enforcement for processing and direct response; and 32 pages were referred to the U.S. Customs and Border Protection for processing and direct response                                                                 | Chigewe Decl., ¶ 46.                 |
| 20 | Pursuant to continuous reviews of the records and other related information during the course of this litigation, it was determined that the 32 pages of records referred to the U.S. Customs and Border Protection (CBP) were not responsive to Plaintiff's request. DHS OIG issued a supplemental response letter, dated February 2, 2024, to Plaintiff, explaining that                                                                                                                                                                                                                                                                                          | Chigewe Decl., ¶ 46, n. 11.          |

3

| | | |
|---|---|---|
| | coordination with CBP and continued review of the records assisted in the determination that the records were not responsive. | |
| 21 | On June 29, 2023, DHS OIG issued its sixth interim (first supplemental) response to the Plaintiff. In that response and corresponding production, DHS OIG indicated that the FOIA Unit reviewed 1,307 pages of records. Of the 1,307 pages, 48 pages were released in full; 74 pages were released in part; 74 pages were withheld in full; 17 pages were non-responsive; 757 pages were duplicates; 328 pages were referred to the U.S. Immigration and Customs Enforcement for processing and direct response; 1 page was referred to the DHS Office for Civil Rights and Civil Liberties for processing and direct response; and 8 pages were sent to the DHS Privacy Office on a consultation. | Chigewe Decl., ¶ 47 |
| 22 | On July 31, 2023, DHS OIG issued its seventh interim (second supplemental) response to the Plaintiff. In that response and corresponding production, DHS OIG indicated that the FOIA Unit reviewed 1,518 pages of records. Of the 1,518 pages, 91 pages were released in part; 180 pages were withheld in full; 20 pages were non-responsive; 644 pages were duplicates; and 583 pages were referred to U.S. Immigration and Customs Enforcement for processing and direct response. | Chigewe Decl., ¶ 48 |
| 23 | On August 2, 2023, DHS OIG issued its final (supplemental) response to the Plaintiff. In that response and corresponding production, the FOIA Unit reviewed 11 pages of records. Of the 11 pages, 6 pages were released in full, and 5 pages were released in part. These 11 pages were comprised of the 8 pages that were previously sent to the DHS Privacy Office for consultation and 3 pages that were required to be re-processed as an incorrect FOIA Exemption was applied to some of the redactions. | Chigewe Decl., ¶ 49 |
| 24 | Following the conclusion of all productions by DHS OIG, and in an attempt to narrow any outstanding issues, and pursuant to the Court's December 21, 2023 Order [Dkt. 64], DHS OIG sent a search summary to Plaintiff on January 19, 2024. The search summary provided an overview of DHS OIG's search, which included a description of the program office searched, specifications of the custodians searched, search terms used, and the date range for the records, where applicable (if no date range was specified, the date range was January 1, 2016 to September | Chigewe Decl., ¶ 50 |

|   |   |   |
|---|---|---|
|   | 1, 2022). |   |
| 25 | Pursuant to the Court's December 8, 2023 Order [Dkt. 62], DHS OIG provided a Summary *Vaughn* Index to Plaintiff's counsel on February 9, 2024. | Chigewe Decl., ¶ 50 |
| 26 | On December 8, 2023, Plaintiffs' Counsel sent a letter to Defendants' Counsel identifying the specific pages that it intended to challenge in this FOIA action. | Hoq Decl., Ex. L [Dkt. 66-8]. |
| 27 | DHS has a decentralized system for responding to FOIA requests. This means that each component within DHS has a designated FOIA office that processes records from that specific component. *See* 6 C.F.R. § 5.3(a)(1). One DHS component does not process records for all DHS components, and one DHS component does not run searches of another DHS component's systems, databases, etc. for records. | Chigewe Decl., ¶ 19 |
| 28 | When DHS OIG receives a FOIA request, the FOIA Unit evaluates it to determine whether it is a proper FOIA request under DHS FOIA regulation 6 C.F.R. § 5.3. | Chigewe Decl., ¶ 18. |
| 29 | If a FOIA request is determined to be misdirected, meaning if DHS OIG's FOIA Unit first received the FOIA request, reviewed it, and made the determination that the request should have been submitted or sent to another component within DHS, DHS OIG's FOIA Unit routes the request to the proper component's FOIA office. The FOIA Unit then informs the requestor to contact that agency or component directly and DHS OIG will administratively close the FOIA request. *See* 6 C.F.R. § 5.4(c). | Chigewe Decl., ¶ 23. |
| 30 | Based on a requestor's description of the records being sought, and the FOIA Unit's knowledge of the various program offices' missions, the FOIA processor identifies the program office(s) likely to possess responsive records and tasks the appropriate program office(s) to conduct the necessary searches. | Chigewe Decl., ¶ 24. |
| 31 | As the program offices are best positioned to determine where responsive records are located, they are responsible for searching all locations and by all keywords that the program office reasonably believes would produce responsive records. The POC then reviews the FOIA request, along with any case-specific instructions that may have been provided, and based on the POC's experience and knowledge of the program office's practices and activities, forwards the request and instructions to the individual employee(s) within the program office that the POC believes is reasonably likely to have responsive records, if | Chigewe Decl., ¶ 26. |

| | |
|---|---|
| any. Once those searches are completed, the individual(s) and program offices provide any potentially responsive records along with a completed search form to the assigned FOIA processor. The FOIA processor then reviews the collected records for responsiveness, application of appropriate FOIA exemptions, and the necessity of any referrals and/or consultations. | |

Dated: April 10, 2024                    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

  /s/ *Joseph W. Tursi*
JOSEPH W. TURSI
JASON K. AXE
Assistant United States Attorneys

Attorneys for Defendants