E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JOSEPH W. TURSI (Cal. Bar No. 300063)
JASON K. AXE (Cal, Bar No. 187101)
Assistant United States Attorneys
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-3989 | 8790
        Facsimile: (213) 894-7819
        E-mail: Joseph.Tursi@usdoj.gov
                Jason.Axe@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>              Plaintiff,<br><br>              v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>              Defendants. | No. 2:22-cv-04760-SHK<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS**<br><br><br>Honorable Shashi H. Kewalramani<br>United States Magistrate Judge |

Pursuant to Local Rule 56-3, Defendants submit this Response to Plaintiff's Statement of Uncontroverted Facts [Dkt. 66-1].

| No. | PLAINTIFF'S UNDISPUTED FACT & SUPPORTING EVIDENCE | REPLY |
|---|---|---|
| 1. | Plaintiff submitted its FOIA request ("Request") to ICE, DHS's Privacy Office, and DHS-OIG on April 29, 2022, seeking information about ICE's practice of deathbed releases of immigration detainees.<br><br>Evidence: ECF No. 1-1 (FOIA Request) | Undisputed that the Request is dated April 29, 2022. Disputed that it was submitted on the same date.<br><br>Evidence: Chigewe Decl., ¶ 7; Pavlik-Keenan Decl., ¶ 11. |
| 2. | The Request sought nine categories of records, generally including: (1) documents related to the hospitalization, death, and release from custody of Teka Gulema, Johana Medina Leon, Jose Ibarra Bucio, and Martin Vargas Arellano; (2) DHS-OIG reports of investigation regarding these four individuals, including "exhibits, appendices, or attachments"; (3) ICE Office of Professional Responsibility (OPR) investigations regarding these four individuals; (4) ICE and ICE Health Service Corps directives, policies, and procedures regarding the release from custody of hospitalized detainees; (5) records in possession of specific ICE offices identifying hospitalized detainees released from custody; (6) documents created by DHS-OIG or OPR that mention ICE's release of hospitalized detainees; (7) documents created by DHS-OIG or OPR mentioning the death of detainees previously released by ICE while hospitalized; (8) documents identifying detainees who were hospitalized due to COVID-19 and were subsequently released from custody while hospitalized; and (9) financial records reflecting payments for healthcare of detainees released from ICE custody while hospitalized.<br><br>Evidence: ECF No. 1-1 (FOIA Request) | Undisputed that this is a summary of the Request. However, the best evidence of the information and records sought is the Request itself. *See* Dkt. 24-1. |

1

| 3. | On May 16, 2022, DHS-OIG acknowledged receipt of the Request, assigned it a tracking number, and granted Plaintiff's request for a fee waiver and expedited processing.<br><br>Evidence: ECF No. 24-1 at 20. | Undisputed. |
|---|---|---|
| 4. | Between July 5, 2022 and September 2, 2022, DHS-OIG and Plaintiff corresponded several times regarding search terms and methodology, including a telephone conference on August 18, 2022.<br><br>Evidence: ECF No. 24-1 at 22-35 | Undisputed but immaterial. |
| 5. | On September 2, 2022, Plaintiff sent letter requesting that DHS-OIG search for records in its possession regardless of whether they are "maintained" by DHS-OIG, or are "under the purview of ICE."<br><br>Evidence: ECF No. 24-1 at 34. | Undisputed but immaterial. |
| 6. | After receiving no response to its September 2, 2022 letter, Plaintiff followed up by email on September 12, 2022, requesting that DHS-OIG indicate when it intended to respond.<br><br>Evidence: Declaration of Laboni Hoq ("Hoq Decl."), Exh. B. | Undisputed but immaterial. |
| 7. | Plaintiff filed suit against Defendants DHS and ICE on July 12, 2022, but did not separately name DHS-OIG as a Defendant at that time.<br><br>Evidence: Complaint, ECF No. 1. | Undisputed. |
| 8. | After DHS-OIG failed to respond to Plaintiff, on October 4, 2022, Plaintiff amended its complaint, adding DHS-OIG as a Defendant to the suit.<br><br>Evidence: Amended Complaint, ECF No. 24 | Undisputed that Plaintiff's First Amended Complaint added DHS-OIG as a Defendant. Disputed that DHS-OIG failed to |

| | | | |
|---|---|---|---|
| | | | respond to Plaintiff.<br><br>Evidence: Chigewe Decl., ¶¶ 9-14. |
| 9. | | DHS-OIG began its first production of FOIA documents on November 23, 2022, and made its final production on August 2, 2023.<br><br>Evidence: Declaration of Eunice Cho ("Cho Decl."), ¶¶ 5-12. | Undisputed that DHS-OIG made its first production on November 23, 2022 and final production on August 2, 2023. For clarity, DHS OIG issued interim responses in November 2022, December 2022, January 2023, February 2023, March 2023, June 2023, and July 2023. The final response was sent in August 2023.<br><br>Evidence: Chigewe Decl., ¶¶ 16; 42-49. |
| 10. | | In total, DHS-OIG produced 113 pages of records in full. It withheld 460 pages in part, and 367 in full. DHS-OIG also referred 1,879 pages to other DHS components or agencies, including 1,420 pages to ICE, and 1 page to DHS Office of Civil Rights and Civil Liberties ("CRCL").<br><br>Evidence: Cho Decl., ¶ 12. | Disputed. DHS OIG released 133 pages of records in full.<br><br>Evidence: Chigewe Decl., ¶ 45 |
| 11. | | The chart below reflects DHS-OIG's FOIA production to Plaintiff: | Disputed. For the February 27, 2023 production, DHS OIG reviewed 1,140 pages and determined that none were responsive. DHS OIG did not |

|  | Nov. 23 2022 | Dec. 21, 2022 | Jan. 30, 2023 | Feb. 27, 2023 | Mar. 30, 2023 | Jun. 29, 2023 | Jul. 31, 2023 | Aug. 2, 2023 | Total |
|---|---|---|---|---|---|---|---|---|---|
| Released in Full | 4 | 60 | 5 | 0 | 10 | 48 | 0 | 6 | 133 |
| Withheld in Part | 117 | 128 | 1 | 0 | 44 | 74 | 91 | 5 | 460 |
| Withheld in Full | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 367 |
| Duplicates (not produced) | 127 | 0 | 0 | 1140 | 61 | 757 | 644 | 0 | 2729 |
| Non-Responsive (not produced) | 0 | 0 | 1072 | 0 | 736 | 17 | 20 | 0 | 1845 |
| Referred to ICE | 220 | 280 | 0 | 0 | 9 | 328 | 583 | 0 | 1420 |
| Referred to DOJ EOUSA | 233 | 185 | 0 | 0 | 0 | 0 | 0 | 0 | 418 |
| Referred to "unidentified" DHS component[1] | 0 | 0 | 0 | 0 | 0 | 8 | 0 | 0 | 8 |
| Referred to DHS CRCL | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 1 |
| Referred to DHS CBP | 0 | 0 | 0 | 0 | 32 | 0 | 0 | 0 | 32 |

say that they were duplicates.

Evidence: Chigewe Decl., ¶ 45.

| 12. | On December 8, 2023, Plaintiff provided Defendants with a list of documents that it sought to challenge to include in a *Vaughn* index.<br><br>Evidence: Hoq Decl. Ex. L. | Undisputed. |
|---|---|---|
| 13. | The parties met and conferred on December 14, 2023 and over email between December 15 and 19, 2023, to establish a proposed timeline for partial summary judgment briefing as to Defendants DHS-OIG and DHS.<br><br>Evidence: Hoq Decl., ¶ 15. | Undisputed but immaterial. |
| 14. | On December 21, 2023, the Court issued an Order setting forth the briefing schedule.<br><br>Evidence: ECF No. 64 | Undisputed. |
| 15. | Defendants provided a search summary of DHS-OIG's search to Plaintiff on January 19, 2024.<br><br>Evidence: Hoq Decl., Ex. R. | Undisputed that Defendant DHS-OIG provided a search summary on January 19, 2024. |
| 16. | Defendants provided a Vaughn Index to Plaintiff on February 9, 2024.<br><br>Evidence: Hoq Decl., Ex. Y. | Undisputed that Defendant DHS-OIG provided a Vaughn Index to Plaintiff on February 9, 2024. |

4

| | | |
|---|---|---|
| 17. | On February 8, 2024, ICE produced 567 pages, redacted in part, of 583 pages that referred by DHS-OIG to ICE, after it concluded that 16 pages were non-responsive.<br><br>Evidence: Hoq Decl., ¶23, Exs. W and X. | Undisputed but immaterial. |
| 18. | Plaintiff responded by letter on February 13, 2024, noting that its Request had specified *all* attachments to DHS-OIG investigations into Mr. Gulema's death, and requesting that Defendants provide the remaining 16 pages from the tranche processed by Defendants in February 2024. Plaintiff also requested that Defendants produce all remaining documents referred to ICE by DHS-OIG. These documents include several dated between October and November 2015, regarding ICE's decision to release Mr. Gulema from custody, which Plaintiff has repeatedly requested from Defendants.<br><br>Evidence: Hoq Decl., Ex. Z. | Undisputed that Plaintiff sent such a letter on February 13, 2024. Disputed with respect to Plaintiff's characterization of the contents of the remaining documents. Also, immaterial to the adjudication of this Motion. |

Dated: April 10, 2024   Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section


 /s/ *Joseph W. Tursi*
JOSEPH W. TURSI
JASON K. AXE
Assistant United States Attorneys

Attorneys for Defendants