

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536

February 28, 2024

Ms. Laboni Hoq, Esq.
HOQ Law
P.O. Box 753
South Pasadena, CA 91030

**RE:**  American Civil Liberties Union Foundation of Southern California v, ICE 2:22-cv-04760
OIG Case Number 2022-IGFO-00158
ICE FOIA Case Number 2022-ICLI-00048

Dear Ms. Hoq:

Attached please find the items that were marked as non-responsive in our referral response dated January 31, 2024 for the ICE FOIA litigation case number 2022-ICLI-00048. Your client has requested:

Any and all documents, without limitation to date, including any communications, investigatory reports, and any and all exhibits, appendices, or attachments thereto, relating to the hospitalization, death, decision to release from custody, or release from custody of the following individuals: Teke Gulema, Johana Medina Leon, Jose Ibarra Bucio, and Martin Vargas Arellano.

A search of OIG for records responsive to your request produced records that originated from U.S. Immigration and Customs Enforcement (ICE). OIG referred 583 pages to ICE for review and processing under the FOIA, 5 U.S.C. § 552.  These records were provided to you on January 31, 2024 and you have now requested the 16 pages that were marked as non-responsive.

While the non-responsive records are outside of the date range included in your FOIA request, ICE has agreed to provide the records at your request.  The records are largely illegible, and ICE has consulted with OIG and determined that these are the best copies available.  The original non-responsive pages are being withheld in part pursuant to FOIA Exemptions (b)(6), (b)(7)(c) and (b)(7)(e) as described below.  These 16 pages have been marked 2022-ICLI-00048  13670 through 2022-ICLI-00048 13685.

**FOIA Exemption (b)(6)** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public

www.ice.gov

EXHIBIT 1
4

interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption (b)(7)(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.  As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information.  Please note that any private interest you may have in that information does not factor into this determination.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant U.S. Attorney Joseph Tursi at Joseph.Tursi@usdoj.gov.

Sincerely,

ROLANDO VELASCO JR
Digitally signed by ROLANDO VELASCO JR
Date: 2024.02.28 10:14:38 -05'00'

Rolando Velasco
Supervisory Paralegal Specialist

Enclosure: 16 pages

cc:  AUSA Joseph Tursi

EXHIBIT 1
5