1   LABONI A. HOQ (SBN 224140)
    laboni@hoqlaw.com
2   HOQ LAW APC
    P.O. Box 753
3   South Pasadena, California 91030
    Telephone: (213) 973-9004
4

5   MICHAEL KAUFMAN (SBN 254575)
    MKaufman@aclusocal.org
6   ACLU FOUNDATION OF SOUTHERN CALIFORNIA
    1313 West Eighth Street
7   Los Angeles, California 90017 Telephone: (213) 977-9500
    Facsimile: (213) 915-0219
8
    Attorneys for Plaintiff
9   (additional counsel information on next page)

10              UNITED STATES DISTRICT COURT

11        FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13   AMERICAN CIVIL LIBERTIES          Case No. 2:22-CV-04760-SHK
     UNION FOUNDATION OF
14   SOUTHERN CALIFORNIA,             **PLAINTIFF'S STATEMENT OF
                                      GENUINE DISPUTES OF
15              Plaintiff,            MATERIAL FACT IN RESPONSE
                                      TO DEFENDANTS DHS AND DHS-
16        v.                          OIG'S MOTION FOR SUMMARY
                                      JUDGMENT**
17   UNITED STATES IMMIGRATION
     AND CUSTOMS ENFORCEMENT,
18   UNITED STATES DEPARTMENT
     OF HOMELAND SECURITY,
19
                Defendants.
20

21

22

23

24

25

26

27

28
     ACLU of Southern California v. U.S. ICE, et al., Case No. 2:22-CV-04760-SHK
     PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF FACT

EUNICE CHO (*pro hac vice*)
echo@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Telephone: (202) 548-6616

KYLE VIRGIEN (SBN 278747)
kvirgien@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
425 California St., Suite 700
San Francisco, CA 94104
Telephone: (202) 393-4930

*Attorneys for Plaintiff*

**Plaintiff's Statement of Genuine Disputes of Fact in Response to Defendants DHS and DHS-OIG's Motion for Summary Judgment**

| Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| 1. On or about April 29, 2022, Plaintiff submitted a FOIA Request to DHS's Privacy Office, DHS OIG, and ICE. *Evidence*: Dkt. 24 (First Amended Complaint), ¶ 35 & Ex. A thereto (Dkt. 24-1 at 2-14). | Undisputed. |
| 2. On May 2, 2022, DHS's Privacy Office received the FOIA Request. *Evidence*: Pavlik-Keenan Decl., ¶ 11. | Undisputed for purposes of this motion. The transmittal email shows that this date was actually April 29, 2022, ECF No. 24-1 at 14, but this difference is immaterial. |
| 3. On May 2, 2022, DHS OIG received the FOIA Request. *Evidence*: Chigewe Decl., ¶ 7. | Undisputed for purposes of this motion. The transmittal email shows that this date was actually April 29, 2022, ECF No. 24-1 at 14, but this difference is immaterial. |
| 4. DHS's Privacy Office reviewed the FOIA Request, and in accordance with DHS regulations, determined that ICE and DHS OIG were the DHS components "most likely" to maintain responsive records. *Evidence*: Pavlik-Keenan Decl., ¶ 12 | Undisputed. |
| 5. On May 18, 2022, DHS's Privacy Office provided Plaintiff with a final response in which it acknowledged receipt of the FOIA request and informed Plaintiff of the determination that "the records sought, | Disputed as to Defendants characterization of DHS Privacy Office's May 18, 2022 correspondence as a "final response," as this |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF FACT

1

| Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| should they exist, would not be under purview of the DHS Privacy Office. Any responsive records would be held by the DHS Office of the Inspector General (OIG) and/or U.S. Immigration and Customs Enforcement (ICE)." The May 18, 2022 correspondence went on to explain, "As you have already submitted your request to the aforementioned office[s], we are closing your Privacy Office request and will defer to the OIG and ICE's response(s)."<br><br>*Evidence*: Pavlik-Keenan Decl., ¶ 12, Ex. 1. | language is not included in the May 18, 2020 DHS Privacy Office letter to Plaintiff.<br><br>*Evidence*: Pavlik-Keenan Decl., ¶ 12, Ex. 1, ECF No. 79-6. |
| 6.  Having properly determined that responsive records, should they exist, would most likely be held by OIG and/or ICE, and with the understanding that Plaintiff had already submitted its request to those offices, DHS-PRIV administratively closed this case on May 18, 2022 with no further action.<br><br>*Evidence*: Pavlik-Keenan Decl., ¶ 13. | Disputed that ICE's determination was "proper." To the contrary, upon learning from DHS-OIG and Plaintiff that DHS's component the Office of Civil Rights and Civil Liberties ("DHS-CRCL") likely holds responsive records, the DHS Privacy Office ("DHS-PRIV") should have followed these leads and referred Plaintiff's Request to DHS-CRCL. *Transgender Law Center v. ICE*, 46 F.4th 771, 779-781 (9th Cir. 2022). The leads DHS, through its Privacy Office, failed to follow include the following: Between June 29, 2023 and August 2, 2023, DHS-OIG |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF FACT

2

| Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| | consulted with DHS, through its Privacy Office, about a letter in its possession that was submitted to the DHS Secretary (and copied to DHS-CRCL), from legal services attorneys who are part of the National Qualified Representative Program ("NQRP letter"), asking that DHS-CRCL investigate the death of Martin Vargas Arellano, who is named in Plaintiff's FOIA Request, thereby providing DHS with "positive indications" that DHS-CRCL had responsive records. Chigewe Decl., ECF No. 79-4, ¶ 47; ECF No. 66-6 at 25. At that time, DHS-OIG also referred a separate document directly to DHS-CRCL. Chigewe Decl., ECF No. 79-4, ¶ 35, n.3; ECF No. 66-6 at 25. Thereafter, as in *Transgender Law Ctr.,* 46 F.4th 771, 780 (9th Cir. 2022) Plaintiff provided DHS "additional search leads" through a series of "communiques" between September 14, 2023 and December 21, 2023, explaining why DHS should direct CRCL to search for responsive records. *Transgender Law Ctr.*, 46 F. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF FACT

3

| Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| | 4th at 780; ECF No. 66-9 at 9, 28, 48–49; ECF No. 66-11 at 14, 26. Despite DHS's awareness of these leads, DHS's Pavlik-Keenan Declaration is devoid of any facts explaining why it failed to follow them. There is thus a genuine dispute of material fact as to the propriety of DHS's search. *Dillon v. U.S. Dep't of Justice*, No. CV 17-1716 (RC), 2019 WL 249580, at *7 (D.D.C. Jan. 17, 2019) (agency's failure to "address[] [plaintiff's] evidence of unproduced" records "in and of itself demonstrat[ed] that there remain[ed] a genuine dispute regarding whether [defendant agency] conducted a good faith, reasonable search" for responsive records) (cleaned up); *Wilson v. U.S. Dep't of Just.*, 192 F. Supp. 3d 122, 128 n.3 (D.D.C. 2016) (same regarding agency's failure to explain why it did not follow up on plaintiff's suggestion that "three additional records systems … may … contain [] responsive records.").

Further disputed that DHS's Privacy Office took "no further action" on Plaintiff's |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF FACT

4

| Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| | Request. As discussed above, the DHS Privacy Office consulted with DHS-OIG between June 29, 2023 and August 2, 2023, and was involved in DHS-OIG's production of the NQRP letter to Plaintiff on or about August 2, 2023. Chigewe Decl., ECF No. 79-4 ¶¶ 47, n. 12; Pavlik-Keenan Decl., ECF No. 79-5, ¶ 18.<br><br>Otherwise undisputed.<br><br>*Evidence*: Chigewe Decl., ¶¶ 35, fn. 3; 47, n. 3, n. 12; Pavlik-Keenan Decl., ECF No. 79-5, ¶ 18; ECF No. 66-6 at 25; ECF No. 66-9 at 9, 18, 28, 48–49; ECF No. 66-11 at 14, 26. |
| 7.  At no time prior to administratively closing the FOIA Request did DHS's Privacy Office process the FOIA Request or supervise the processing of the FOIA Request by the referred components.<br><br>*Evidence*: Pavlik-Keenan Decl., ¶ 13. | Disputed as to Defendants' characterization that DHS's Privacy Office did not "process" or "supervise the processing" of the FOIA Request—either before or after it determined that the "referred components" (DHS-OIG and ICE) would likely have responsive records. The DHS Privacy Office's act of "deferring" to DHS-OIG and ICE's responses to the request is itself evidence that it was |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF FACT

5

| Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| | involved in processing the Request. Pavlik-Keenan Decl., ECF No. 79-5, ¶¶ 12–13. Further, the DHS Privacy Office consulted with DHS-OIG between June 29, 2023 and August 2, 2023, and was involved in DHS-OIG's decision to produce the NQRP letter to Plaintiff on or about August 2, 2023. Chigewe Decl., ECF No. 79-4 ¶ 47, n.12; Pavlik-Keenan Decl., ECF No. 79-5, ¶ 18; ECF No. 66-6 at 25, 34. Defendants have never disclosed the nature and extent of DHS-OIG's consultation with the DHS Privacy Office between June 29, 2023 and August 2, 2023, whether the DHS Privacy Office further consulted with the DHS Secretary's Office and DHS-CLCR to obtain their approval to allow DHS-OIG to produce the NQRP letter to Plaintiff in August 2, 2023, and who made the ultimate decision to allow DHS-OIG to produce it. As such, there is no evidence to support the conclusion that the DHS Privacy Office did not "process" or "supervise the processing" of the FOIA Request after it "directed or referred" other DHS |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF FACT

6

| Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| | components to respond to it. Pavlik-Keenan Decl., ECF No. 79-5, ¶ 13.<br><br>Otherwise undisputed.<br><br>*Evidence*: Chigewe Decl., ECF No. 79-4, ¶ 47, n.12; Pavlik-Keenan Decl., ECF No. 79-5, ¶ 18; ECF No. 66-6 at 25, 34. |
| 8.  After receiving DHS-PRIV's May 18, 2022 letter, Plaintiff did not object to DHS-PRIV's final determination that DHS-OIG and ICE would be the appropriate components to process the request, nor did Plaintiff object to DHS-PRIVs notification that it would administratively close the request.<br><br>*Evidence*: Pavlik-Keenan Decl., ¶ 13. | Disputed. First, as discussed above, Defendants have produced no evidence that the DHS Privacy Office's May 18, 2022 "administrative closure" correspondence was its "final determination" that DHS-OIG and ICE would be the appropriate components to process the request, and as such Plaintiff disputes this unsupported characterization. Indeed, neither the May 18, 2022 letter nor the Pavlik-Keenan declaration states that the DHS Privacy Office made a "final determination" on Plaintiff's Request, nor could they as it constitutes an impermissible legal conclusion without factual support. Pavlik-Keenan Decl., ECF No. 79-5, ¶¶ 12–13; ECF No. 79-6 at 1–3; *see also Sai v. Transportation Sec. Admin.*, |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF FACT

7

| Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| | No. CV 14-403, 2015 WL 13889866, at *4 (D.D.C. Aug. 19, 2015) (citations and quotations omitted). Second, Plaintiff objected on multiple occasions to the May 18, 2022 correspondence, both as to DHS's decision to limit its referral of the Request to DHS-OIG and ICE on its "administrative closure" letter, and its claim that doing so satisfied its search adequacy obligations. Plaintiff has sent multiple letters to Defendants explaining its aforementioned objections, both as to the May 18, 2022 letter in particular, *see* Pavlik-Keenan Decl., ¶ 15; ECF No. 79-7 at 1, as well as to DHS's failure to refer the Request to CRCL based on obvious leads that it has responsive records, *see* ECF No. 66-9 at 9, 28, 48–49, ECF No. 66-11 at 14, 26.<br><br>Finally, Plaintiff notes that it is immaterial whether Plaintiff "objected" to the DHS Privacy Office's May 18, 2022 "administrative closure" letter, as Plaintiff was never obligated to do so before pursuing litigation to challenge DHS's search adequacy. *See* 5 U.S.C. § |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF FACT

8

| Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
|  | 552(a)(6)(A)(i); *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013). *Evidence*: Pavlik-Keenan Decl., ECF No. 79-5, ¶¶ 12, 3, 15; ECF No. 66-9 at 9, 28, 48–49, ECF No. 66-11 at 14, 26; ECF No. 79-6 at 1–3; ECF No. 79-7 at 1. |
| 9. Pursuant to the request's specific language, which again sought ICE and OIG records, the DHS OIG FOIA Unit initially determined that the request was properly under DHS OIG's purview, i.e., it was not misdirected. *Evidence*: Chigewe Decl., ¶ 34. | Disputed as to whether DHS-OIG determined that Plaintiff's FOIA request "was not misdirected." There is evidence that DHS-OIG determined that it was partially misdirected, as on June 29, 2022, it referred at least one document to DHS-CLCR, Chigewe Decl., ECF No. 79-4, ¶ 47, and referred another document to the DHS Privacy Office for consultation, *id*. The Chigewe Declaration states that only after March 28, 2024, a time period not at issue in this case, did the DHS FOIA regulations specify that a Request was not "misdirected" if the receiving DHS component may maintain records responsive to any portion of the request." *Id.* at n.2 (citing amendment to |

*ACLU of Southern California v. U.S. ICE, et al*., Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF FACT

9

| Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| | DHS regulation 6 C.F.R. § 5.4(c), 89 FR 14371 (February 27, 2024)). Based on DHS-OIG's referral of two documents to two separate DHS components (CRCL and the DHS Privacy Office), there is evidence that it determined that the Request was at least partially misdirected to DHS-OIG. *Evidence*: Chigewe Decl., ECF No. 79-4, ¶ 47, n 2. |
| 10. Based on the FOIA Unit's knowledge of the DHS FOIA Regulations and the various program offices' missions, it was determined that the DHS OIG Office of Investigations may be in possession of potentially responsive records that fall under OIG's purview. The Office of Investigations conducts investigations into allegations of criminal, civil, and administrative misconduct involving DHS employees, contractors, grantees, and programs. *Evidence*: Chigewe Decl., ¶¶ 36, 37. | Undisputed. |
| 11. As investigatory reports, Reports of Investigations, and other similar records sought in the request would have been created by the Office of Investigations, a search tasking was sent on September 1, 2022. The Office of Investigations conducts investigations into allegations of criminal, civil, and administrative | Undisputed. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF FACT

10

| Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| misconduct involving DHS employees, contractors, grantees, and programs. These investigations can result in criminal prosecutions, fines, civil monetary penalties, administrative sanctions, and personnel actions. Additionally, the Office of Investigations provides oversight and monitors the investigative activity of DHS's various internal affairs offices.<br><br>*Evidence*: Chigewe Decl., ¶¶ 36, 37. | |
| 12. To gather records responsive to Plaintiff's FOIA request, the Office of Investigations searched for records located in the electronic case management system, EDS, with parameters set forth in paragraph 40 of the Declaration of Okechi Chigewe.<br><br>*Evidence*: Chigewe Decl., ¶ 40. | Undisputed. Plaintiff notes that Paragraph 40 of the Declaration of Okechi Chigewe contains both the search parameters and some characterizations of the adequacy of DHS-OIG's search (for example, stating that "the Office of Investigations' electronic case management system, EDS, would house all relevant material pertaining to" Vargas Arellano and Ibarra Bucio). By noting that this fact is undisputed, Plaintiff admits only that the parameters of the search set out in paragraph 40 of the Declaration of Okechi Chigewe are accurate, not that the characterizations of the adequacy of the search in that paragraph are accurate. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF FACT

11

| Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| 13. As a result of the searches conducted by DHS OIG, a total of 7,402 pages of records was located.<br><br>*Evidence*: Chigewe Decl., ¶ 41. | Undisputed. |
| 14. DHS OIG produced records in response to Plaintiff's FOIA request from November 2022 – March 2023 and June-August 2023.<br><br>*Evidence*: Chigewe Decl., ¶¶ 42-49. | Undisputed. |
| 15. On November 23, 2022, DHS OIG issued its first interim response to the Plaintiff. In that response and corresponding production, the FOIA Unit reviewed 701 pages of records. Of the 701 pages, 4 pages were released in full; 117 pages were released in part; 127 pages were duplicates; 233 pages were referred to the U.S. Department of Justice, Executive Office for United States Attorney for processing and direct response; and 220 pages were referred to the U.S. Immigration and Customs Enforcement for processing and direct response.<br><br>*Evidence*: Chigewe Decl., ¶ 42. | Undisputed. |
| 16. On December 21, 2022, DHS OIG issued its second interim response to the Plaintiff. In that response and corresponding production, the FOIA Unit processed 653 pages of records. Of the 653 pages, 60 pages were released in full; 128 pages were released in part; 185 pages were referred to the U.S. Department of Justice, Executive Office for United States Attorney for | Undisputed. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF FACT

12

| Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| processing and direct response; and 280 pages were referred to the U.S. Immigration and Customs Enforcement for processing and direct response.<br><br>*Evidence*: Chigewe Decl., ¶ 43. | |
| 17. On January 30, 2023, DHS OIG issued its third interim response to the Plaintiff. In that response and corresponding production, the FOIA Unit reviewed 1,078 pages of records. Of the 1,078 pages, 5 pages were released in full; 1 page was released in part; and 1,072 pages were non-responsive.<br><br>*Evidence*: Chigewe Decl., ¶ 44. | Undisputed. |
| 18. On February 27, 2023, DHS OIG issued its fourth interim response to the Plaintiff. In that response, the FOIA Unit reviewed 1,140 pages of records. Based on the review, none of the records were determined to be responsive to Plaintiff's request.<br><br>*Evidence*: Chigewe Decl., ¶ 45. | Undisputed. |
| 19. On March 30, 2023, DHS OIG issued its fifth interim response to the Plaintiff. In that response and corresponding production, DHS OIG indicated that the FOIA Unit reviewed 1,005 pages of records. Of the 1,005 pages, 10 pages were released in full; 44 pages were released in part; 113 pages were withheld in full; 736 pages were non-responsive; 61 pages were duplicates; 9 pages were referred to the | Undisputed. |

*ACLU of Southern California v. U.S. ICE, et al*., Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF FACT

13

| Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| U.S. Immigration and Customs Enforcement for processing and direct response; and 32 pages were referred to the U.S. Customs and Border Protection for processing and direct response.<br><br>*Evidence*: Chigewe Decl., ¶ 46. | |
| 20. Pursuant to continuous reviews of the records and other related information during the course of this litigation, it was determined that the 32 pages of records referred to the U.S. Customs and Border Protection (CBP) were not responsive to Plaintiff's request. DHS OIG issued a supplemental response letter, dated February 2, 2024, to Plaintiff, explaining that coordination with CBP and continued review of the records assisted in the determination that the records were not responsive.<br><br>*Evidence*: Chigewe Decl., ¶ 46, n. 11. | Undisputed. |
| 21. On June 29, 2023, DHS OIG issued its sixth interim (first supplemental) response to the Plaintiff. In that response and corresponding production, DHS OIG indicated that the FOIA Unit reviewed 1,307 pages of records. Of the 1,307 pages, 48 pages were released in full; 74 pages were released in part; 74 pages were withheld in full; 17 pages were non-responsive; 757 pages were duplicates; 328 pages were referred to the U.S. Immigration and Customs Enforcement for processing and direct response; 1 page was | Undisputed. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF FACT

14

| Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| referred to the DHS Office for Civil Rights and Civil Liberties for processing and direct response; and 8 pages were sent to the DHS Privacy Office on a consultation. *Evidence*: Chigewe Decl., ¶ 47. | |
| 22. On July 31, 2023, DHS OIG issued its seventh interim (second supplemental) response to the Plaintiff. In that response and corresponding production, DHS OIG indicated that the FOIA Unit reviewed 1,518 pages of records. Of the 1,518 pages, 91 pages were released in part; 180 pages were withheld in full; 20 pages were non-responsive; 644 pages were duplicates; and 583 pages were referred to U.S. Immigration and Customs Enforcement for processing and direct response. *Evidence*: Chigewe Decl., ¶ 48. | Undisputed. |
| 23. On August 2, 2023, DHS OIG issued its final (supplemental) response to the Plaintiff. In that response and corresponding production, the FOIA Unit reviewed 11 pages of records. Of the 11 pages, 6 pages were released in full, and 5 pages were released in part. These 11 pages were comprised of the 8 pages that were previously sent to the DHS Privacy Office for consultation and 3 pages that were required to be re-processed as an incorrect FOIA Exemption was applied to some of the redactions. *Evidence*: Chigewe Decl., ¶ 49. | Undisputed. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF FACT

15

| Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| 24. Following the conclusion of all productions by DHS OIG, and in an attempt to narrow any outstanding issues, and pursuant to the Court's December 21, 2023 Order [Dkt. 64], DHS OIG sent a search summary to Plaintiff on January 19, 2024. The search summary provided an overview of DHS OIG's search, which included a description of the program office searched, specifications of the custodians searched, search terms used, and the date range for the records, where applicable (if no date range was specified, the date range was January 1, 2016 to September 1, 2022).<br><br>*Evidence*: Chigewe Decl., ¶ 50. | Undisputed. |
| 25. Pursuant to the Court's December 8, 2023 Order [Dkt. 62], DHS OIG provided a Summary Vaughn Index to Plaintiff's counsel on February 9, 2024.<br><br>*Evidence*: Chigewe Decl., ¶ 50. | Undisputed. |
| 26. On December 8, 2023, Plaintiffs' Counsel sent a letter to Defendants' Counsel identifying the specific pages that it intended to challenge in this FOIA action.<br><br>*Evidence*: Hoq Decl., Ex. L [Dkt. 66-8]. | Undisputed. |
| 27. DHS has a decentralized system for responding to FOIA requests. This means that each component within DHS has a designated FOIA office that processes records from that specific component. See 6 C.F.R. § 5.3(a)(1). One DHS component does not process records for all DHS | Disputed in that this statement interpreting the DHS FOIA regulations constitutes legal conclusions that do not constitute facts or evidence. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF FACT

16

| Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| components, and one DHS component does not run searches of another DHS component's systems, databases, etc. for records.<br><br>*Evidence*: Chigewe Decl., ¶ 19. | |
| 28. When DHS OIG receives a FOIA request, the FOIA Unit evaluates it to determine whether it is a proper FOIA request under DHS FOIA regulation 6 C.F.R. § 5.3.<br><br>*Evidence*: Chigewe Decl., ¶ 18. | Disputed as to the role of the DHS-OIG FOIA Unit in determining whether a Request is a "proper FOIA request." Nothing in 6 C.F.R. § 5.3 supports this broad, and undefined role for the DHS-OIG FOIA Unit, and the statement lacks foundation. |
| 29. If a FOIA request is determined to be misdirected, meaning if DHS OIG's FOIA Unit first received the FOIA request, reviewed it, and made the determination that the request should have been submitted or sent to another component within DHS, DHS OIG's FOIA Unit routes the request to the proper component's FOIA office. The FOIA Unit then informs the requestor to contact that agency or component directly and DHS OIG will administratively close the FOIA request. See 6 C.F.R. § 5.4(c).<br><br>*Evidence*: Chigewe Decl., ¶ 23. | Undisputed, but with the added clarification that, as referenced above, prior to March 28, 2024, DHS components like DHS-OIG maintained this obligation to route requests to other DHS components even if they determine that "any portion of the requests" was misdirected. Chigewe Decl., ECF No. 79-4, n.2 (citing amendment to DHS regulation 6 C.F.R. § 5.4(c), 89 FR 14371 (February 27, 2024)). |
| 30. Based on a requestor's description of the records being sought, and the FOIA Unit's knowledge of the various program offices' missions, the FOIA processor identifies the | Undisputed. |

| Defendants' Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|
| program office(s) likely to possess responsive records and tasks the appropriate program office(s) to conduct the necessary searches.<br><br>*Evidence*: Chigewe Decl., ¶ 24. | |
| 31. As the program offices are best positioned to determine where responsive records are located, they are responsible for searching all locations and by all keywords that the program office reasonably believes would produce responsive records. The POC then reviews the FOIA request, along with any case-specific instructions that may have been provided, and based on the POC's experience and knowledge of the program office's practices and activities, forwards the request and instructions to the individual employee(s) within the program office that the POC believes is reasonably likely to have responsive records, if any. Once those searches are completed, the individual(s) and program offices provide any potentially responsive records along with a completed search form to the assigned FOIA processor. The FOIA processor then reviews the collected records for responsiveness, application of appropriate FOIA exemptions, and the necessity of any referrals and/or consultations.<br><br>*Evidence*: Chigewe Decl., ¶ 26. | Disputed that "the program offices are best positioned to determine where responsive records are located." Although this may sometimes be the case, in certain cases others in the organization may be better positioned to identify responsive records. For example, in this case, DHS-OIG identified a Case Summary Report referencing a complaint letter sent to the DHS Secretary requesting an investigation into the death of Vargas Arellano by DHS-CRCL. ECF No. 66-4 at 45–52, 66-7 at 2–5. This report—housed outside of DHS-CRCL—identified a search that DHS-CRCL could perform with a significant chance of uncovering relevant documents. Otherwise undisputed.<br><br>*Evidence*: ECF No. 66-4 at 45–52; ECF No. 66-7 at 2-5. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF FACT

18

1

2    Dated: May 1, 2023                Respectfully submitted,

3                                      /s/ Laboni Hoq
                                       LABONI A. HOQ (SBN 224140)
4                                      laboni@hoqlaw.com
                                       HOQ LAW APC
5                                      P.O. Box 753
                                       South Pasadena, California 91030
6                                      Tel.: (213) 973-9004

7                                      MICHAEL KAUFMAN (SBN 254575)
                                       MKaufman@aclusocal.org
8                                      ACLU FOUNDATION OF SOUTHERN
                                       CALIFORNIA
9                                      1313 West Eighth Street
                                       Los Angeles, California 90017
10                                     Tel.: (213) 977-9500
                                       Fax: (213) 915-0219
11

12                                     EUNICE CHO (Pro Hac Vice)
                                       echo@aclu.org
13                                     AMERICAN CIVIL LIBERTIES
                                       UNION FOUNDATION
14                                     915 Fifteenth Street NW, 7th Floor
                                       Washington, DC 20005
15                                     Tel.: (202) 548-6616

16                                     KYLE VIRGIEN (SBN 278747)
                                       kvirgien@aclu.org
17                                     AMERICAN CIVIL LIBERTIES
                                       UNION FOUNDATION
18                                     425 California Street, Suite 700
                                       San Francisco, CA 94104
19                                     Tel.: (202) 393-4930

20                                     *Attorneys for Plaintiff*

21

22

23

24

25

26

27

28   *ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
     PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF FACT

                                                                              19