LABONI A. HOQ (SBN 224140)
laboni@hoqlaw.com
HOQ LAW APC
P.O. Box 753
South Pasadena, California 91030
Telephone: (213) 973-9004

MICHAEL KAUFMAN (SBN 254575)
MKaufman@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, California 90017 Telephone: (213) 977-9500
Facsimile: (213) 915-0219

Attorneys for Plaintiff
*(additional counsel information on next page)*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>*Defendants*. | Case No. 2:22-CV-04760-SHK<br><br>**PLAINTIFF'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

EUNICE CHO (*pro hac vice*)
echo@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Telephone: (202) 548-6616

KYLE VIRGIEN (SBN 278747)
kvirgien@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
425 California St., Suite 700
San Francisco, CA 94104
Telephone: (202) 393-4930

*Attorneys for Plaintiff*

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS

**Plaintiff's Response to Statement of Genuine Disputes of Material Fact in Support of Plaintiff's Motion for Summary Judgment**

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 1. Plaintiff submitted its FOIA request ("Request") to ICE, DHS's Privacy Office, and DHS-OIG on April 29, 2022, seeking information about ICE's practice of deathbed releases of immigration detainees.<br><br>*Evidence*: ECF No. 1-1 (FOIA Request). | Undisputed that the Request is dated April 29, 2022. Disputed that it was submitted on the same date.<br><br>*Evidence:* Chigewe Decl., ¶ 7; Pavlik-Keenan Decl., ¶ 11. |
| Defendants contend that Plaintiff submitted its Request on May 2, 2022, rather than April 29, 2022. Defendants are wrong. ECF No. 1-1 (FOIA Request dated April 29, 2022); ECF No. 24-1 at 14 (transmittal email dated April 29, 2022). However, the difference between April 29, 2022 and May 2, 2022 is immaterial because Defendants' brief does not include any defense that Plaintiff did not allow sufficient time to elapse between submitting its request and filing its complaint. | |
| 2. The Request sought nine categories of records, generally including: (1) documents related to the hospitalization, death, and release from custody of Teka Gulema, Johana Medina Leon, Jose Ibarra Bucio, and Martin Vargas Arellano; (2) DHS-OIG reports of investigation regarding these four individuals, including "exhibits, appendices, or attachments"; (3) ICE Office of Professional Responsibility (OPR) investigations regarding these four individuals; (4) ICE and ICE Health Service Corps directives, policies, and procedures regarding the release from custody of hospitalized detainees; (5) records in possession of specific ICE offices identifying hospitalized detainees released from custody; (6) documents created by DHS-OIG or OPR that mention ICE's release of hospitalized detainees; (7) documents created by DHS-OIG or OPR mentioning the death of detainees previously released by ICE while hospitalized; (8) documents | Undisputed that this is a summary of the Request. However, the best evidence of the information and records sought is the Request itself. See Dkt. 24-1. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS

1

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| identifying detainees who were hospitalized due to COVID-19 and were subsequently released from custody while hospitalized; and (9) financial records reflecting payments for healthcare of detainees released from ICE custody while hospitalized.<br><br>*Evidence:* ECF No. 1-1 (FOIA Request). | |
| Defendants' response does not dispute Plaintiff's fact, so Plaintiff need not reply. *See* L.R. 56-3. | |
| 3. On May 16, 2022, DHS-OIG acknowledged receipt of the Request, assigned it a tracking number, and granted Plaintiff's request for a fee waiver and expedited processing.<br><br>*Evidence:* ECF No. 24-1 at 20. | Undisputed. |
| 4. Between July 5, 2022 and September 2, 2022, DHS-OIG and Plaintiff corresponded several times regarding search terms and methodology, including a telephone conference on August 18, 2022.<br><br>*Evidence*: ECF No. 24-1 at 22-35. | Undisputed but immaterial. |
| 5. On September 2, 2022, Plaintiff sent letter requesting that DHS-OIG search for records in its possession regardless of whether they are "maintained" by DHS-OIG, or are "under the purview of ICE."<br><br>*Evidence*: ECF No. 24-1 at 34. | Undisputed but immaterial. |
| 6. After receiving no response to its September 2, 2022 letter, Plaintiff followed up by email on | Undisputed but immaterial. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS

2

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| September 12, 2022, requesting that DHS-OIG indicate when it intended to respond.<br><br>*Evidence*: Declaration of Laboni Hoq ("Hoq Decl."), Exh. B. | |
| 7. Plaintiff filed suit against Defendants DHS and ICE on July 12, 2022, but did not separately name DHS-OIG as a Defendant at that time.<br><br>*Evidence*: Complaint, ECF No. 1. | Undisputed. |
| 8. After DHS-OIG failed to respond to Plaintiff, on October 4, 2022, Plaintiff amended its complaint, adding DHS-OIG as a Defendant to the suit.<br><br>*Evidence*: Amended Complaint, ECF No. 24. | Undisputed that Plaintiffs First Amended Complaint added DHS-OIG as a Defendant. Disputed that DHS-OIG failed to respond to Plaintiff.<br><br>*Evidence*: Chigewe Decl., ¶¶ 9-14 |

Defendants do not dispute that Plaintiffs sent DHS-OIG a letter on September 2, 2022, and a follow-up email on September 12, 2022. *See supra* at Resp. to Fact Nos. 5-7. Evidence Defendants submitted with their brief corroborates these facts. ECF No. 79-4 at 4 (agreeing Plaintiff sent "emails dated September 2, 2022 and September 12, 2022"). Defendants admit that they did not respond to either of these emails. ECF No. 79-4 at 4 ("[C]ommunications directly with Plaintiff ceased."). The sole element of Defendants' dispute appears to be that they would not characterize this lack of a response as a "fail[ure] to respond," instead characterizing it as a decision not to respond because Plaintiff had recently sued DHS and ICE (although not DHS-OIG) about this FOIA request. This is not a genuine dispute of material fact. Additionally, the difference between Plaintiff's position that DHS-OIG "failed to respond" and DHS-OIG's position that "communications directly with Plaintiff ceased," ECF No. 79-4 at 4, is immaterial because Defendants' brief does not include any defense that Plaintiff did not allow sufficient time to elapse between receiving a communication from DHS-OIG and

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS

3

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| amending its complaint to include DHS-OIG. | |
| 9. DHS-OIG began its first production of FOIA documents on November 23, 2022, and made its final production on August 2, 2023.<br><br>*Evidence*: Declaration of Eunice Cho ("Cho Decl."), ¶¶ 5-12. | Undisputed that DHS-OIG made its first production on November 23, 2022 and final production on August 2, 2023. For clarity, DHS OIG issued interim responses in November 2022, December 2022, January 2023, February 2023, March 2023, June 2023, and July 2023. The final response was sent in August 2023.<br><br>*Evidence*: Chigewe Decl., ¶¶ 16; 42-49. |
| Defendants' response does not dispute Plaintiff's fact, so Plaintiff need not reply. *See* L.R. 56-3. | |
| 10. In total, DHS-OIG produced 113 pages of records in full. It withheld 460 pages in part, and 367 in full. DHS-OIG also referred 1,879 pages to other DHS components or agencies, including 1,420 pages to ICE, and 1 page to DHS Office of Civil Rights and Civil Liberties ("CRCL").<br><br>*Evidence*: Cho Decl., ¶ 12. | Disputed. DHS OIG released 133 pages of records in full.<br><br>*Evidence*: Chigewe Decl., ¶ 45 |
| Plaintiff's fact contained a typographical error, and it should have stated that DHS-OIG produced 133 pages of records in full rather than stating that DHS-OIG produced 113 pages of records in full. Defendants' dispute uses the correct number (although Plaintiff notes that the evidentiary support for this number is found by totaling the numbers in Chiegewe Decl., ¶¶ 42-44, 46-47, 49). Plaintiff thus | |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS

4

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| accepts the number used by Defendants, and there is no dispute as to this fact. | |
| 11. The chart below reflects DHS-OIG's FOIA production to Plaintiff:<br><br>| | Nov. 23 2022 | Dec. 21, 2022 | Jan. 30, 2023 | Feb. 27, 2023 | Mar. 30, 2023 | Jun. 29, 2023 | Jul. 31, 2023 | Aug. 2, 2023 | Total |<br>|---|---|---|---|---|---|---|---|---|---|<br>| Released in Full | 4 | 60 | 5 | 0 | 10 | 48 | 0 | 6 | 133 |<br>| Withheld in Part | 117 | 128 | 1 | 0 | 44 | 74 | 91 | 5 | 460 |<br>| Withheld in Full | 0 | 0 | 0 | 0 | 113 | 74 | 180 | 0 | 367 |<br>| Duplicates (not produced) | 127 | 0 | 0 | 1140 | 61 | 757 | 644 | 0 | 2729 |<br>| Non-Responsive (not produced) | 0 | 0 | 1072 | 0 | 736 | 17 | 20 | 0 | 1845 |<br>| Referred to ICE | 220 | 280 | 0 | 0 | 9 | 328 | 583 | 0 | 1420 |<br>| Referred to DOJ EOUSA | 233 | 185 | 0 | 0 | 0 | 0 | 0 | 0 | 418 |<br>| Referred to "unidentified" DHS component[1] | 0 | 0 | 0 | 0 | 0 | 8 | 0 | 0 | 8 |<br>| Referred to DHS CRCL | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 1 |<br>| Referred to DHS CBP | 0 | 0 | 0 | 0 | 32 | 0 | 0 | 0 | 32 |<br><br>*Evidence*: Cho Decl., ¶ 12. | Disputed. For the February 27, 2023 production, DHS OIG reviewed 1,140 pages and determined that none were responsive. DHS OIG did not say that they were duplicates.<br><br>*Evidence*: Chigewe Decl., ¶ 45. |
| Defendant correctly notes that, for the February 27, 2023 production, Plaintiff should have indicated that DHS informed Plaintiff that all 1140 pages of documents were non-responsive—not duplicative. This difference between non-responsive and duplicative is not material because none of the parties' disputes involve documents reviewed but not produced. Rather, the parties' disputes involve certain redactions to documents withheld in part, along with the scope of Defendants' search for documents to review. | |
| 12. On December 8, 2023, Plaintiff provided Defendants with a list of documents that it sought to challenge to include in a *Vaughn* index.<br><br>*Evidence*: Hoq Decl. Ex. L. | Undisputed. |
| 13. The parties met and conferred on December 14, 2023 and over email between December 15 and 19, 2023, to establish a proposed timeline for partial summary judgment briefing as to Defendants DHS-OIG and DHS.<br><br>*Evidence*: Hoq Decl., ¶ 15. | Undisputed but inmaterial. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS

5

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 14. On December 21, 2023, the Court issued an Order setting forth the briefing schedule.<br><br>*Evidence*: ECF No. 64. | Undisputed. |
| 15. Defendants provided a search summary of DHS-OIG's search to Plaintiff on January 19, 2024.<br><br>*Evidence*: Hoq Decl. Ex. R. | Undisputed that Defendant DHS-OIG provided a search summary on January 19, 2024. |
| 16. Defendants provided a Vaughn Index to Plaintiff on February 9, 2024.<br><br>*Evidence*: Hoq Decl. Ex. Y. | Undisputed that Defendant DHS-OIG provided a Vaughn Index to Plaintiff on February 9, 2024. |
| 17. On February 8, 2024, ICE produced 567 pages, redacted in part, of 583 pages that referred by DHS-OIG to ICE, after it concluded that 16 pages were non-responsive.<br><br>*Evidence*: Hoq Decl., ¶ 23, Exs. W and X. | Undisputed but immaterial. |
| 18. Plaintiff responded by letter on February 13, 2024, noting that its Request had specified *all* attachments to DHS-OIG investigations into Mr. Gulema's death, and requesting that Defendants provide the remaining 16 pages from the tranche processed by Defendants in February 2024. Plaintiff also requested that Defendants produce all remaining documents referred to ICE by DHS-OIG. These documents include several dated between October and November 2015, regarding ICE's decision to release Mr. Gulema from custody, which Plaintiff has repeatedly requested from Defendants.<br><br>*Evidence*: Hoq Decl. Ex. Z. | Undisputed that Plaintiff sent such a letter on February 13, 2024. Disputed with respect to Plaintiff's characterization of the contents of the remaining documents. Also, immaterial to the adjudication of this Motion. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS

6

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| Although Defendants' response purports to dispute Plaintiff's fact in part, it cites no evidence to support this claim. It therefore does not constitute a dispute under the Local Rules and requires no response. *See* L.R. 56-2 ("For each disputed fact, the Statement of Genuine Disputes must provide pinpoint citations (including page and line numbers, if available) to evidence in the record that supports the claim that the fact is disputed. | |

Dated: May 1, 2023

Respectfully submitted,

/s/ *Laboni Hoq*
LABONI A. HOQ (SBN 224140)
laboni@hoqlaw.com
HOQ LAW APC
P.O. Box 753
South Pasadena, California 91030
Tel.: (213) 973-9004

MICHAEL KAUFMAN (SBN 254575)
MKaufman@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, California 90017
Tel.: (213) 977-9500
Fax: (213) 915-0219

EUNICE CHO (Pro Hac Vice)
echo@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Tel.: (202) 548-6616

KYLE VIRGIEN (SBN 278747)
kvirgien@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
Tel.: (202) 393-4930

*Attorneys for Plaintiff*