E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JASON K. AXE (Cal. Bar No. 187101)
JOSEPH W. TURSI (Cal. Bar No. 300063)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8790 | 3989
    Facsimile: (213) 894-7819
    E-mail: Jason.Axe@usdoj.gov
          Joseph.Tursi@usdoj.gov

Attorneys for Defendant DHS OIG

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendants. | Case No. 2:22-cv-04760 SHK<br><br>**EX PARTE APPLICATION FOR AN ORDER (1) STAYING IN PART THE COURT'S ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT [ECF 87] AND (2) REQUIRING *IN CAMERA* REVIEW OF 13 PAGES CONTAINING IMMIGRATION HISTORY REDACTIONS** |

## I. INTRODUCTION

COMES NOW Defendant DHS OIG, by and through its undersigned counsel, who without waiving any defenses, respectfully requests that the Court issue an order staying the portion of the Court's July 8, 2024 Order on Parties' Cross Motions for Summary Judgment [ECF 87] requiring the parties to meet and confer on a timeline for production of the 13 pages containing the immigration history of Johana Medina Leon ("Medina Leon") and Teka Gulema ("Gulema") that were redacted pursuant to FOIA Exemption 6.[1]

DHS OIG further requests that to resolve the issues described herein concerning the 13 pages, this Court order DHS OIG to produce for *in camera* inspection those pages so it can review them pursuant to 5 U.S.C § 552(a)(4)(B) to determine whether the public interest in the redacted information indeed outweighs the privacy interest it has found to exist. In the alternative, if this Court believes that this issue is better resolved through a more fully briefed motion for reconsideration, DHS OIG requests that this Court set a briefing schedule for such a motion.

## II. IMMIGRATION HISTORY REDACTIONS

In its motion for summary judgment, Plaintiff challenged DHS OIG's redactions "involving Medina-Leon and Gulema's immigration information: witness statements made by ICE officers related to the decision to release Medina-Leon from custody, information related to her entry to the United States, and ICE's attempts to obtain travel documents to deport Gulema from the United States." (ECF 67 at 27-28.) The specific documents challenged are the 13 pages at issue in this ex parte application. *See* ECF 67 at 28 nn. 27-28.

As noted in DHS OIG's motion for summary judgment, the information at issue that was redacted in the 13 pages was withheld pursuant to Exemption 6 and "in

---

[1] The 13 pages with redactions from the following productions are attached hereto and numbered 1-13 for the Court's convenience: November 2022 (23-24, 28), December 2022 (40, 42, 44, 67-68, 75), and June 2023 (1, 118, 151, 157).

1

compliance with a DHS immigration regulation that requires this information be protected from disclosures." (ECF 79 at 28-29; ECF 79-3 at 8, 10, 11, 13; ECF 81 at 8-9.) Due to the nature of the redactions, as DHS OIG advised during oral argument in this matter, it was limited in what could be stated in its briefing. As a result, DHS OIG requested that the Court review these records *in camera* pursuant to 5 U.S.C. § 552(a)(4)(B), if needed, to ensure that any documents it ordered produced were not protected from disclosure by an exemption to the FOIA. *See* ECF 81 at 13 n.2.

The redacted information at issue on the 13 pages attached hereto is identified as "(b)(6); (b)(7)(C); (b)(3); Unspecified Statute"[2] and is found in the following locations on those pages:

1- Last two paragraphs marked in red.
2- First two paragraphs and last paragraph with markings in red.
3- Last paragraph marked in red.
4- Last paragraph with marking.
5- Second paragraph with marking.
6- Fourth paragraph from the bottom with marking.
7- Last two paragraphs with markings (duplicate of page 1).
8- First two paragraphs and last paragraph with markings (duplicate of page 2).
9- Last paragraph with marking (duplicate of page 3).
10- Last paragraph with marking.
11- Third paragraph with marking.
12- Third paragraph with marking.
13- Fourth paragraph with marking.

---

[2] Although the immigration information was originally marked as redacted pursuant to Exemption (b)(3) and an "Unspecified Statute," DHS OIG did not assert either as a basis for withholding the information in its summary judgment briefing. The reference to those marks in this ex parte is merely to identify the specific information for the Court to consider and to distinguish it from other redactions on the pages.

### III. ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT

On July 8, 2024, this Court granted summary judgment in Plaintiff's favor as to the withholdings under Exemption 6 that it had challenged, and the Court ordered the parties to meet and confer on a timeline for production of these materials. (ECF 87 at 36.) Included in those materials were portions of the 13 pages that contained "'immigration information' related to [Gulema] and [Medina Leon]." (ECF 87 at 7.)

In the Court's Order, it found that although DHS OIG had met its burden of establishing a privacy interest with respect to the immigration history, the public interest outweighed the privacy interest because the "immigration history" was "relevant to ICE's decision to release the decedents from its custody prior to their deaths, and DHS OIG's investigation into that decision." (ECF 87 at 24-25). However, the Court did so without the benefit of having reviewed the documents *in camera*.

### IV. REQUEST FOR STAY OF ORDER AS TO THE 13 PAGES AND FOR *IN CAMERA* REVIEW OF THOSE REDACTIONS

Following receipt of the Court's Order, DHS OIG has completed another review of the documents and consulted with undersigned counsel and counsel within other interested components of the Department of Justice to determine how to proceed in response to the Court's Order. After having completed this review, DHS OIG has determined that the most efficient way to resolve its concerns regarding the Court's Order as to the 13 pages at issue is to seek a stay of the Court's Order to allow the Court to review those pages *in camera* prior to the parties' conference regarding a production schedule.

To the extent that the Court's Order is based on its understanding that the redacted information would be relevant to "ICE's decision to release the decedents from its custody prior to their death," or "DHS OIG's investigation into that decision," DHS OIG represents to this Court that *in camera* review of these limited redactions is likely to prove to the Court that the redacted information is not relevant to either of those reasons purportedly supporting production of the documents.

Because the Court has already recognized a privacy interest in this information (ECF 87 at 24), *in camera* review of the limited redactions at issue on these pages would safeguard a violation of that privacy interest if the Court were to determine that the redacted information does not, in fact, serve the public interest. DHS OIG does not believe that further briefing regarding the specific redacted information is necessary because *in camera* review of the information should be more than sufficient for the Court to come to its own conclusion about the purported public interest in the information. In connection with the *in camera* review, DHS OIG would also be able to provide this Court with a citation to the DHS immigration regulation that it has contended also requires this information be protected from disclosure (or at the very least, would be relevant to the Court's analysis of Exemption 6), but which it is not able to publicly disclose.

Therefore, in the interest of justice, DHS OIG requests that this Court issue an order (1) staying its Order requiring the parties to meet and confer on a timeline for production of the 13 pages containing the redactions at issue here and (2) requiring DHS OIG to provide the Court with copies of the 13 pages with transparent redactions over the immigration history at issue, along with a citation to the DHS immigration regulation cited by DHS OIG. Doing so would allow the Court to review the 13 pages pursuant to 5 U.S.C § 552(a)(4)(B) to determine whether the public interest in the redacted information outweighs the privacy interest.[3] And with only 10 pages to review (as noted above, 3 of the pages are duplicates), the time required of the Court to complete *in camera* review of these pages would be minimal.

/ / /

/ / /

---

[3] In Plaintiff's reply in support of their motion for summary judgment, they were previously not opposed to the Court reviewing the immigration history redactions *in camera* "to weigh the private and public interests for the release of this information" if the Court deemed such review necessary. (ECF 80 at 22.)

4

## V. NOTICE OF EX PARTE APPLICATION

Pursuant to Local Rule 7-19, counsel for DHS OIG emailed counsel for Plaintiff on July 23, 2024, informing them that DHS OIG would be filing an ex parte application seeking a stay of the requirement to meet and confer regarding the 13 pages and *in camera* review of these 13 pages. Plaintiff's counsel indicated their opposition to the ex parte application and requested two business days to file an opposition.

Counsel for Plaintiff's contact information is as follows:

Laboni Hoq, Hoq Law APC, P.O Box 753, South Pasadena, CA, 91030. Tel. (973-9004. Email: laboni@hoqlaw.com

Dated: July 25, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney, Chief,
Complex and Defensive Litigation Section

 /s/ *Jason K. Axe*
JASON K. AXE
JOSEPH W. TURSI
Assistant United States Attorneys
Attorneys for Defendant DHS OIG

5

# DECLARATION OF JASON K. AXE

JASON K. AXE declares as follows:

1. I am an Assistant United States Attorney for the Central District of California, and one of the attorneys assigned to represent Defendant DHS OIG in the action of *American Civil Liberties Union Foundation of Southern California v. United States Immigration and Customs Enforcement, et al.*, No. 2:22-cv-04760 SHK.

2. I make this declaration based upon my personal knowledge and that gained by review of the official files and records of the United States Attorney's Office. If called as a witness and placed under oath, I could and would testify thereto.

3. On July 23, 2024, I emailed counsel for Plaintiff explaining DHS OIG's concerns regarding the redacted immigration information in the 13 pages identified in DHS OIG's ex parte application. I asked if Plaintiff would stipulate to *in camera* review by the Court of those pages to eliminate DHS OIG's concerns regarding the purported public interest in the information. I also asked for Plaintiff's position on an ex parte application seeking a stay of the requirement to meet and confer regarding the 13 pages and an order providing for *in camera* review of these pages. Plaintiff's counsel responded that they considered the request for a stipulation but did not agree. They also requested that I notify the Court that they oppose the ex parte application and request two business days to file an opposition.

4. I hereby attest that the facts set forth in the Ex Parte Application for an Order (1) Staying in Part the Court's Order on Parties' Cross Motions for Summary Judgment [ECF 87] and (2) Requiring *In Camera* Review of 13 Pages Containing Immigration History Redactions are true and correct.

Executed under penalty of perjury this 25th day of July, 2024, at Los Angeles, California.

                                         /s/ *Jason K. Axe*
                                         JASON K. AXE