E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney, Chief,
Complex and Defensive Litigation Section
JASON K. AXE (Cal. Bar No. 187101)
JOSEPH W. TURSI (Cal. Bar No. 300063)
Assistant United States Attorneys
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-8790/3989
        Facsimile: (213) 894-7819
        E-mail: Jason.Axe@usdoj.gov
             Joseph.Tursi@usdoj.gov

Attorneys for Defendant DHS OIG

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendants. | Case No. 2:22-cv-04760 SHK <br><br> **DEFENDANT DHS OIG'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, TO ALTER, AMEND, OR OBTAIN RELIEF FROM THE COURT'S ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT [ECF 87];** <br><br> **DECLARATION OF JASON K. AXE** <br><br> Hearing Date:  September 11, 2024 <br> Hearing Time:  10:00 a.m. <br> Ctrm:  3 or 4 <br> Hon.  Shashi H. Kewalramani <br><br> [Fed. R. Civ. P. 59(e), 60(b); L.R. 7-18] |

# **TABLE OF CONTENTS**

DESCRIPTION                                                                                              PAGE

I.      INTRODUCTION AND PROCEDURAL HISTORY ........................................... 1

II.     STATEMENT OF FACTS ................................................................................. 1

III.    LEGAL STANDARDS ...................................................................................... 3

        A.      Fed. R. Civ. P. 59(e) ............................................................................... 3

        B.      Fed. R. Civ. P. 60(b) ............................................................................... 4

        C.      Local Rule 7-18 ....................................................................................... 5

        D.      *In Camera* Review of Documents Pursuant to 5 U.S.C.
                § 552(a)(4)(B) .......................................................................................... 6

IV.     ARGUMENT ...................................................................................................... 8

        A.      Reconsideration of the Court's Order Requiring Disclosure of Third-
                Party Immigration Information Is Proper Where DHS OIG Has
                Identified Limited, Specific Information That it Believes Should Be
                Reviewed *In Camera* Prior to Disclosure ............................................. 8

        B.      DHS OIG's Motion is Proper Under Fed. R. Civ. P. 59(e) ..................... 10

        C.      DHS OIG's Motion is Proper Under Fed. R. Civ. P. 60(b) ..................... 10

        D.      DHS OIG's Motion is Proper Under Local Rule 7-18, and Good
                Cause Supports this Motion ...................................................................... 12

V.      CONCLUSION ................................................................................................... 14

i

# TABLE OF AUTHORITIES

DESCRIPTION                                                                                    PAGE

**Federal Cases**

*ABS Ent., Inc. v. CBS Corp.*,
   908 F.3d 405 (9th Cir. 2018) ........................................................................6

*Agrama v. Internal Revenue Serv.*,
   2019 WL 2064505 (D.C. Cir. 2019) ...........................................................8

*Allstate Ins. Co. v. Herron*,
   634 F.3d 1101 (9th Cir. 2011) .................................................................3, 5

*Animal Legal Def. Fund v. U.S. Food & Drug Admin.*,
   836 F.3d  (9th Cir. 2016) ............................................................................8

*Arieff v. U.S. Dep't of Navy*,
   712 F.2d 1462 (D.C. Cir. 1983) ..................................................................9

*Billington v. U.S. Dep't of Just.*,
   301 F. Supp. 2d 15 (D.D.C. 2004) ...........................................................11

*Brewster v. City of Los Angeles*,
   2023 WL 5505867 (C.D. Cal. Jul. 17, 2023)..............................................6

*Briggs v. OS Rest. Servs., LLC*,
   2021 WL 7448752 (C.D. Cal. 2021) ..........................................................5

*Casey v. Albertson's Inc.*,
   362 F.3d 1254 (9th Cir. 2004) ....................................................................5

*Computer Profs. for Social Responsibility v. U.S. Secret Service*,
   72 F.3d 897 (D.C. Cir. 1996) ...................................................................11

*Ctr. for Biological Diversity v. Off. of the U.S. Trade,*
   *Rep.*, 450 F. App'x 605 (9th Cir. 2011) .....................................................7

*Dunaway v. Webster*,
   519 F. Supp. 1059 (N.D. Cal. 1981) ...........................................................8

*Fed. Bureau of Investigation*,
   328 F.3d 697 (D.C. Cir. 2003) .................................................................11

*Fitzgibbon v. U.S. Secret Serv.*,
　747 F. Supp. 51 (D.D.C. 1990) .................................................................6

*Info. Ctr. v. Dep't of Homeland Sec.*,
　384 F. Supp. 2d 100 (D.D.C. 2005) ...........................................................7

*Islamic Shura Council of S. California v. F.B.I.*,
　635 F.3d 1160 (9th Cir. 2011) ...................................................................7

*Jabar v. U.S. Dep't of Justice*,
　2021 WL 6427482 (W.D.N.Y. 2021), *report and recommendation adopted*,
　2022 WL 118492, *aff'd* 62 F.4th 44 (2d Cir. 2023) ...............................6

*Jud. Watch, Inc. v. Dep't of Energy*,
　412 F.3d 125 (D.C. Cir. 2005) ...................................................................3

*Kemp v. United States*,
　596 U.S. 528 (2022) ...................................................................................4

*Kona Enterprises, Inc. v. Est. of Bishop*,
　229 F.3d 877 (9th Cir. 2000) .....................................................................4

*Kopelev v. Boeing Co.*,
　2021 WL 3888248, n.1 (C.D. Cal. 2021) ................................................12

*Larson v. Dep't of State*,
　565 F.3d 857 (D.C. Cir. 2009) ...................................................................6

*Lee v. F.D.I.C.*,
　923 F. Supp. 451 (S.D.N.Y. 1996) .............................................................6

*Lewis v. Dep't of Treasury*,
　2022 WL 20212255 (D. Md. Oct. 24, 2022) ..............................................9

*Lion Raisins Inc. v. USDA*,
　354 F.3d 1072 (9th Cir. 2004) ...................................................................8

*Loving v. Dep't of,*
　*Def.*, 550 F.3d 32 (D.C. Cir. 2008) ...........................................................6

*Lykins v. United States Dep't of Just.*,
　725 F.2d 1455 (D.C. Cir. 1984) .................................................................8

*MAO-MSO Recovery II, LLC v. Mercury Gen.*,
  2021 WL 6102913 (C.D. Cal. 2021),
  *aff'd*, 2023 WL 1793469 (9th Cir. Feb. 7, 2023).............................................12

*Maynard v. C.I.A.*,
  986 F.2d 547 (1st Cir. 1993)....................................................................7

*McDowell v. Calderon*,
  197 F.3d 1253 (9th Cir. 1999).........................................................3, 4, 5

*Miranda v. S. Pac. Transp. Co.*,
  710 F.2d 516 (9th Cir. 1983)....................................................................5

*Mull v. Motion Picture Indus. Health Plan*,
  2019 WL 6655389 (C.D. Cal. 2019).......................................................13

*N.L.R.B. v. Robbins Tire & Rubber Co.*,
  437 U.S. 214 (1978)...................................................................................7

*Parsons v. Freedom of Info. Act Officer*,
  121 F.3d 709 (6th Cir. 1997)....................................................................6

*People for the Am. Way Found. v. Nat'l Park Serv.*,
  503 F. Supp. 2d 284 (D.D.C. 2007)........................................................7

*People for the Ethical Treatment of Animals v. United States Dep't of Health & Hum. Servs.*,
  901 F.3d 343 (D.C. Cir. 2018)..................................................................9

*Pick v. Motorola Sols, Inc.*,
  2022 WL 409681 (C.D. Cal. Feb. 10, 2022)............................................9

*Pollard v. F.B.I.*,
  705 F.2d 1151 (9th Cir. 1983)..................................................................8

*Pub. Citizen Health Rsch. Grp. v. U.S. Dep't of Lab.*,
  591 F.2d 808 (D.C. Cir. 1978)..................................................................8

*Quinon v. F.B.I.*,
  86 F.3d 1222 (D.C. Cir. 1996)..................................................................7

*Ramirez v. Cnty. of San Bernardino*,
  806 F.3d 1002 (9th Cir. 2015)..................................................................6

iv

*Rugiero v. U.S. Dep't of Just.*,
    257 F.3d 534 (6th Cir. 2001) ........................................................................... 7

*Schanen v. U.S. Dep't of Just.*,
    798 F.2d 348 (9th Cir. 1985) ......................................................................... 11

*Tawfilis v. Allergan, Inc.*,
    2015 WL 9982762 (C.D. Cal. 2015) .......................................................... 5, 12

**<u>Federal Statutes</u>**

<u>5 U.S.C. § 552(a)(4)(B)</u> .......................................................................... passim

28 U.S.C. § 1292(a)(1) ..................................................................................... 3

28 U.S.C. § 2106 .......................................................................................... 11

**NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

PLEASE TAKE NOTICE that on September 11, 2024 at 10:00 a.m., or as soon thereafter as it may be heard, Defendant Department of Homeland Security Office of Inspector General (DHS OIG) will, and hereby does, move for reconsideration of the Court's July 8, 2024 Order on Parties' Cross Motions for Summary Judgment (the "Order") pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Civil Rule 7-18. This motion will be made in the George E. Brown, Jr. Federal Building and Courthouse before the Honorable Shashi H. Kewalramani, United States Magistrate Judge, located at 3470 Twelfth Street, Riverside, CA 92501, 3rd Floor.

DHS OIG seeks reconsideration of the Order to the extent it requires the production to Plaintiff of unredacted portions of documents containing withholdings made pursuant to Exemption 6 of the Freedom of Information Act ("FOIA") concerning the personal immigration history of third parties Johana Medina Leon ("Medina Leon") and Teka Gulema ("Gulema"). (ECF 87 at 22-26).

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 that took place on July 29, 2024.

Dated: August 5, 2024                    Respectfully submitted,

                                         E. MARTIN ESTRADA
                                         United States Attorney
                                         DAVID M. HARRIS
                                         Assistant United States Attorney
                                         Chief, Civil Division
                                         JOANNE S. OSINOFF
                                         Assistant United States Attorney, Chief
                                         Complex and Defensive Litigation Section

                                          /s/ Jason K. Axe
                                         JASON K. AXE
                                         JOSEPH W. TURSI
                                         Assistant United States Attorneys
                                         Attorneys for Defendant DHS OIG

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND PROCEDURAL HISTORY

On July 8, 2024, this Court held that with respect to 13 pages containing the personal immigration history of third parties Medina Leon and Gulema, the public interest in that history outweighed the privacy interest that it found DHS OIG had established. (ECF 87 at 22-26.) The Order included a finding that "[t]he redacted details of Medina Leon and Gulema's immigration history are likewise relevant to ICE's decision to release the decedents from its custody prior to their deaths, and DHS OIG's investigation into that decision." (*Id.* at 25.) The Court ordered the parties to meet and confer by July 29, 2024 "on a timeline for production of these materials." (*Id.* at 36.)

On July 25, 2024, after completing its review of the Order, conferring internally and with undersigned counsel (who also needed time to confer with other components with the Department of Justice), and determining exactly which portions of the Order it would seek relief from this Court, DHS OIG filed a targeted and limited ex parte application seeking, in part, an order from this Court requiring limited *in camera* review of the 13 pages containing personal immigration history that are at issue in this motion. (ECF 88.) DHS OIG explained that *in camera* review, pursuant to 5 U.S.C § 552(a)(4)(B), would allow the Court to confirm whether its finding that the public interest in the redacted information outweighed the privacy interest was indeed correct after a review of the actual material withheld. (*Id.* at 4.) DHS OIG represented that with only 10 pages to review (3 of the pages were duplicates), the time required of the Court to complete *in camera* review of these pages would be minimal. (*Id.*) Plaintiff opposed the ex parte application (ECF 90), and after a hearing, this Court ordered the parties to fully brief the matter on a motion for reconsideration. (ECF 93, 94).

### II.   STATEMENT OF FACTS

In its motion for summary judgment, Plaintiff challenged DHS OIG's redactions "involving Medina-Leon and Gulema's immigration information: witness statements made by ICE officers related to the decision to release Medina-Leon from custody,

1

information related to her entry to the United States, and ICE's attempts to obtain travel documents to deport Gulema from the United States." (ECF 67 at 27-28.) The documents containing the immigration history with the specific redactions that were challenged by Plaintiff are the 13 pages at issue in this motion. *See* ECF 67 at 28 nn. 27-28.[1]

As noted in DHS OIG's motion for summary judgment, the immigration information redacted in the 13 pages was withheld pursuant to FOIA Exemption 6 and "in compliance with a DHS immigration regulation that requires this information be protected from disclosures." (ECF 79 at 28-29; ECF 79-3 at 8, 10, 11, 13; ECF 81 at 8-9.)[2] Due to the nature of the redactions, as DHS OIG advised during oral argument, it was limited in what could be stated in its briefing or in open court. As a result, DHS OIG requested that the Court review *in camera*, pursuant to 5 U.S.C. § 552(a)(4)(B), any records as to which the Court had continuing questions to ensure that any documents it ordered produced were not properly withheld pursuant to an exemption to the FOIA. *Cf.* ECF 81 at 13 n.2.

On July 8, 2024, this Court granted summary judgment in Plaintiff's favor as to the immigration information related to Gulema and Medina Leon, and it ordered the parties to meet and confer on a timeline for production of these materials. (ECF 87 at 7, 36.) The Court found that although DHS OIG had met its burden of establishing a privacy interest with respect to the immigration history, the public interest outweighed the privacy interest because the "immigration history" was "relevant to ICE's decision to release the decedents from its custody prior to their deaths, and DHS OIG's investigation into that decision." (ECF 87 at 24-25.) However, the Court made this finding without having reviewed the documents *in camera* or without having made a finding that *in*

---

[1] Redacted copies of the 13 pages at issue are attached to the Axe Declaration, with the location of the redacted information specifically identified in paragraph 12 of the Axe Declaration.

[2] The redacted information was also withheld pursuant to Exemption 7(C), but for purposes of this motion, DHS OIG is not seeking reconsideration of the Court's finding that Exemption 7(C) did not support those withholdings.

*camera* review as to these documents was unnecessary. *Cf.* ECF 87 at 17 (finding *in camera* review of documents withheld under Exemption 5 appropriate) (citation omitted).

After receiving the Order, DHS OIG needed time to review it in full, along with the documents ordered to be produced, to determine how to respond. (Axe Decl. ¶ 3.) DHS OIG also needed time for its counsel to consult with interested components within the Department of Justice because the Order had the effect of a final judgment as it ordered the ultimate relief to Plaintiff, i.e., production of withheld records. (Axe Decl. ¶¶ 3, 5-6.) By July 22, 2024, DHS completed its review of the Order and documents at issue and provided undersigned counsel with the limited documents and specific redactions at issue that it sought for this Court to review *in camera* so its counsel could meet and confer with Plaintiff's counsel prior to filing such a request with the Court. (Axe Decl. ¶¶ 6-7.) On July 23, 2024, upon undersigned counsel's return to the office, and following consultations with components within the Department of Justice, Defendant's counsel met and conferred with Plaintiff's counsel seeking a stipulation for the Court to review the documents *in camera* to resolve DHS OIG's concerns regarding possible improper disclosure of this third-party information. (Axe Decl. ¶ 7.) Plaintiff's counsel refused to so stipulate and opposed the subsequent ex parte application seeking relief from the Court's July 8th Order, necessitating the filing of this motion. (*Id.*)

## III. **LEGAL STANDARDS**

### A. **Fed. R. Civ. P. 59(e)**

Rule 59(e) provides that a court may alter or amend a judgment. Fed. R. Civ. P. 59(e).[3] "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v.*

---

[3] To the extent that the Court's July 8, 2024 Order compels Defendant DHS OIG to disclose agency records, it is injunctive in nature and therefore appealable. *See* 28 U.S.C. § 1292(a)(1); *Jud. Watch, Inc. v. Dep't of Energy*, 412 F.3d 125, 128 (D.C. Cir. 2005)

3

*Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc)). But amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* (citation omitted). In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Id.* "A court considering a Rule 59(e) motion is not limited merely to these four situations, however." *Id.* (citing *McDowell*, 197 F.3d at 1255 for the proposition that "under unusual circumstances an amendment outside the listed situations may be appropriate"). A "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

**B.**   **Fed. R. Civ. P. 60(b)**

Rule 60(b) provides for relief from a final judgment, order, or proceeding upon a showing of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(1) covers "both legal and factual errors." *Kemp v. United States*, 596 U.S. 528, 536–38 (2022)).

4

"Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004) (citation omitted). A Rule 60(b) motion must be made "within a reasonable time," and for reasons (1), (2), and (3), within a year of entry of the judgment, order, or date of the proceeding. Fed. R. Civ. P. 60(c)(1).

### C.   <u>Local Rule 7-18</u>

District courts have "considerable discretion in granting or denying" a motion for reconsideration. *Allstate Ins. Co.*, 634 F.3d at 1111 (quoting *McDowell*, 197 F.3d at 1255 n.1). In the Central District, motions for reconsideration are governed by Local Rule 7-18, which states:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion. Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application.

Central District Local Rule 7-18. "Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." *Tawfilis v. Allergan, Inc.*, 2015 WL 9982762, at *1 (C.D. Cal. 2015).

"Although 'district courts have broad discretion in interpreting and applying their local rules,' they must do so in a manner that complies with federal law." *Briggs v. OS Rest. Servs., LLC*, 2021 WL 7448752, at *4 (C.D. Cal. 2021) (citing *Miranda v. S. Pac.*

1   *Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983)). "Local Rules cannot be incompatible

2   with Federal Rules." *Brewster v. City of Los Angeles*, 2023 WL 5505867, at *8 (C.D.

3   Cal. Jul. 17, 2023) (citing *ABS Ent., Inc. v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018)

4   (holding that Central District of California Local Rule 23-3 setting a strict 90-day time

5   frame from the filing of a complaint to the motion for class certification is incompatible

6   with Federal Rule of Civil Procedure 23); *see also Ramirez v. Cnty. of San Bernardino*,

7   806 F.3d 1002, 1008 (9th Cir. 2015) (holding that a district court erred when it permitted

8   a local rule to "trump the governing federal rule").

### D. *In Camera* Review of Documents Pursuant to 5 U.S.C. § 552(a)(4)(B)

10        The FOIA specifically authorizes *in camera* examination of documents. *See* 5

11   U.S.C. § 552(a)(4)(B). That is because a court's de novo review of an agency's

12   withholdings "requires the court to reweigh the evidence compiled by the agency to

13   determine whether the agency's findings are correct, not just whether they are

14   reasonable." *Jabar v. U.S. Dep't of Justice*, 2021 WL 6427482, at *6 (W.D.N.Y. 2021),

15   *report and recommendation adopted*, 2022 WL 118492, *aff'd* 62 F.4th 44 (2d Cir. 2023)

16   (citing *Lee v. F.D.I.C.*, 923 F. Supp. 451, 453–54 (S.D.N.Y. 1996)); *see also Fitzgibbon*

17   *v. U.S. Secret Serv.*, 747 F. Supp. 51, 60 (D.D.C. 1990) ("the only way the Court can

18   ascertain whether the assertions are correct is by way of an in camera review").

19        District courts have "broad discretion" to decide if *in camera* review "is necessary

20   to determine whether the government has met its burden." *Loving v. Dep't of Def.*, 550

21   F.3d 32, 41 (D.C. Cir. 2008); *see also Larson v. Dep't of State*, 565 F.3d 857, 869-70

22   (D.C. Cir. 2009) (noting that "[i]n camera review is available to the district court if the

23   court believes it is needed 'to make a responsible de novo determination on the claims of

24   exception'") (citation omitted); *Parsons v. Freedom of Info. Act Officer*, 121 F.3d 709,

25   709 (6th Cir. 1997) (unpublished table decision) (explaining that district court has

26   discretion to conduct *in camera* inspection, but it is neither "favored nor necessary" so

27   long as adequate factual basis for decision exists).

28        *In camera* review is appropriate "after the government has submitted as detailed

public affidavits and testimony as possible." *Ctr. for Biological Diversity v. Off. of the U.S. Trade Rep.*, 450 F. App'x 605, 608 (9th Cir. 2011) (citation omitted); *see also N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978) (explaining that in camera review provision "is designed to be invoked when the issue before the District Court could not be otherwise resolved"). *In camera* review is also appropriate if an agency's affidavits are too vague and a court determines that it must make a "first hand determination" of a document's exempt status. *Islamic Shura Council of S. California v. F.B.I.*, 635 F.3d 1160, 1166 (9th Cir. 2011) (citation omitted); *Quinon v. F.B.I.*, 86 F.3d 1222, 1229 (D.C. Cir. 1996) ("[W]here an agency's affidavits merely state in conclusory terms that documents are exempt from disclosure, an *in camera* review is necessary.").

The District Court for the District of Columbia has noted that *in camera* review "may be appropriate" when "'the number of records involved is relatively small,'" "'a discrepancy exists between an agency's affidavit and other information that the agency has publicly disclosed,'" and "'when the dispute turns on the contents of the documents, and not the parties' interpretations of the documents.'" *People for the Am. Way Found. v. Nat'l Park Serv.*, 503 F. Supp. 2d 284, 307 (D.D.C. 2007) (quoting *Elec. Priv. Info. Ctr. v. Dep't of Homeland Sec.*, 384 F. Supp. 2d 100, 119 (D.D.C. 2005)); *accord Quinon*, 86 F.3d at 1228 (suggesting that number of documents is "another . . . factor to be considered" when determining whether in camera review is appropriate); *Maynard v. C.I.A.*, 986 F.2d 547, 558 (1st Cir. 1993) ("In camera review is particularly appropriate when the documents withheld are brief and limited in number."); *see also Rugiero v. U.S. Dep't of Just.*, 257 F.3d 534, 543 (6th Cir. 2001) (stating that following factors should be considered when determining whether in camera review is appropriate: "'(1) judicial economy; (2) actual agency bad faith, either in the FOIA action or in the underlying activities that generated the records requested; (3) strong public interest; and (4) whether the parties request in camera review'").

Courts have permitted agencies leave to file *in camera* declarations where they have created as complete a public record as possible but cannot adequately explain the

harms from disclosure without causing those harms. *See, e.g., Agrama v. Internal Revenue Serv.*, 2019 WL 2064505, at *2 (D.C. Cir. 2019) (holding that district court acted within its discretion in finding good cause for permitting ex parte submissions because "requiring the IRS to produce further 'public justification would threaten to reveal the very information for which a FOIA exemption is claimed'" (quoting *Lykins v. United States Dep't of Just.*, 725 F.2d 1455, 1463 (D.C. Cir. 1984))); *Lion Raisins Inc. v. USDA*, 354 F.3d 1072, 1083 (9th Cir. 2004) (holding that "resort to in camera review is appropriate only after the [agency] has submitted as much detail in the form of public affidavits and testimony as possible"), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 98 (9th Cir. 2016); *cf. Pub. Citizen Health Rsch. Grp. v. U.S. Dep't of Lab.*, 591 F.2d 808, 809 (D.C. Cir. 1978) (ruling that district court should not have refused to examine affidavit proffered in camera in an Exemption 6 case, because affidavit was "the only matter available . . . that would have enabled [the court] to properly decide de novo the propriety of" the agency's exemption claim).

Regardless of whether a court inspects documents or receives testimony *in camera*, courts have found that counsel for the plaintiff ordinarily are not entitled to participate in these *in camera* proceedings. *Pollard v. F.B.I.*, 705 F.2d 1151, 1154 (9th Cir. 1983) (finding no reversible error where district court refused to allow plaintiff's counsel to view agency's affidavits and withheld documents submitted in camera).

## IV. ARGUMENT

### A. Reconsideration of the Court's Order Requiring Disclosure of Third-Party Immigration Information Is Proper Where DHS OIG Has Identified Limited, Specific Information That it Believes Should Be Reviewed *In Camera* Prior to Disclosure

Where the privacy rights of a third party are at issue in a FOIA case, courts have a "great obligation to be particularly sensitive to the rights of third parties who are unrepresented in [an] action and yet who have a great stake in the disclosure or nondisclosure of much of the material at issue." *Dunaway v. Webster*, 519 F. Supp.

1059, 1065 (N.D. Cal. 1981). "[I]n FOIA cases, courts have reconsidered rulings based on additional facts provided by a federal agency that relate to the Government's interests in non-disclosure, particularly an interest relating to potential harm to a third party." *Lewis v. Dep't of Treasury*, 2022 WL 20212255, at *1 (D. Md. Oct. 24, 2022) (citing *People for the Ethical Treatment of Animals v. United States Dep't of Health & Hum. Servs.*, 901 F.3d 343, 355 (D.C. Cir. 2018)).

A motion for reconsideration of a Court's prior order to produce documents in a FOIA case that it has not reviewed *in camera* is an appropriate way for a Court to protect third party privacy rights. *See, e.g.*, *Pick v. Motorola Sols, Inc.*, 2022 WL 409681, at *9 (C.D. Cal. Feb. 10, 2022) (providing a process for the Government to file motions for reconsideration regarding the ordered disclosure of any document and contemplating a "request to lodge with the Court the withheld or redacted documents for review *in camera* pursuant to 5 U.S.C. § 552(a)(4)(B)").

Pursuant to this Court's authority to review agency records *in camera*, it may also "consider affidavits or other materials submitted for in camera review which describe information that would itself disclose non-public information relevant to the applicability of FOIA exemptions, such as those relating to personal privacy." *Lewis*, 2022 WL 20212255, at *1 (citing *Arieff v. U.S. Dep't of Navy*, 712 F.2d 1462, 1469 (D.C. Cir. 1983)).

In *Lewis*, the district court issued an order requiring the disclosure of certain records and portions of records that the Government had sought to withhold pursuant to Exemptions 6 and 7(C). *Id.* at *1. The Government subsequently filed a motion for reconsideration that sought leave to provide the Court with supplemental documents that had not been previously submitted to the Court that "explain[ed] the purposes and use" of some of the information at issue. *Id.* at *2. Following the Court's review of that information, it granted the Government's motion, finding that on balance, "the potential impact on the privacy rights of the third party outweigh [the] limited public interest." *Id.*

9

**B.     DHS OIG's Motion is Proper Under Fed. R. Civ. P. 59(e)**

This Court's Order held that the public interest in the redacted immigration information outweighed the privacy interest it had already found because the redacted information was "relevant to ICE's decision to release the decedents from its custody prior to their death, and DHS OIG's investigation into that decision." (ECF 87 at 25.) However, there is no factual basis in the record for this Court to make such a finding. *See generally* ECF 87. Indeed, this finding appears to be based merely on an *argument* in Plaintiff's brief speculating that "such information is likely relevant to the policy issues surrounding ICE's determinations to release Medina-Leon and Gulema before their deaths." (ECF 67 at 29.) Because the Court has already recognized a privacy interest in this information (ECF 87 at 24), *in camera* review of the limited redactions at issue on these ten pages would safeguard a violation of that privacy interest if the Court were to ultimately determine upon review of the pages that the redacted information does not, in fact, serve the public interest.[4]

This Court enjoys "considerable discretion" in granting a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). Here, granting Defendant's motion is appropriate to correct a manifest error of law and fact upon which the July 8th Order rests and to prevent manifest injustice. It is also appropriate to the extent it is necessary to present evidence "previously unavailable" to the Court, *i.e.*, unredacted versions of the relevant documents for this Court's *in camera* review.

The motion is also timely as it is brought within 28 days of the Court's Order.

**C.     DHS OIG's Motion is Proper Under Fed. R. Civ. P. 60(b)**

In certain FOIA cases where the judgment will impinge on rights of third parties that are expressly protected by FOIA, such as privacy or safety, district courts not only

---

[4] As previously noted, DHS OIG in providing the documents to the Court for *in camera* review, would also be able to provide this Court with a citation to the DHS immigration regulation that it has contended also requires this information be protected from disclosure (or at the very least, would be relevant to the Court's analysis of Exemption 6), but which it is not able to publicly disclose.

have the discretion, but sometimes the obligation to consider newly presented facts and to grant relief under Rule 60(b). *Aug. v. Fed. Bureau of Investigation*, 328 F.3d 697, 698 (D.C. Cir. 2003) (remanding case to district court under authority of 28 U.S.C. § 2106 because third party safety and privacy interests at stake and "the law does not require that third parties pay for the Government's mistakes); *Schanen v. U.S. Dep't of Just.*, 798 F.2d 348, 349 (9th Cir. 1985) (reversing denial of Rule 60(b) motion and preventing release of documents that, based on a review of in camera submissions, would endanger the lives of DEA agents and confidential informants); *Billington v. U.S. Dep't of Just.*, 301 F. Supp. 2d 15 (D.D.C. 2004).

In *Computer Profs. for Social Responsibility v. U.S. Secret Service*, 72 F.3d 897, 903 (D.C. Cir. 1996), the District of Columbia Circuit reversed a district court's denial of the Secret Service's Rule 59(e) motion, which had been late filed and was therefore treated as a 60(b) motion. The Secret Service submitted a new *in camera* declaration and requested the district court to reconsider whether FOIA Exemptions 7(C) and 7(D) would, in light of the new submission, permit withholding of a confidential informant's identity. In reversing the district court and choosing to rely on the newly submitted declaration, the circuit court noted the existence of a third-party interest and apparent good faith and speed of the Secret Service in filing its motion to reconsider. *Id*.

Here, DHS OIG seeks not to withhold government information, but as in *Computers Profs.*, the privacy interest of third parties. So too has DHS OIG swiftly sought relief by conferring with Plaintiff's counsel within 15 days of the Court's Order and filing an ex parte application within 17 days of the Court's Order. (ECF 88). At bottom, DHS OIG is merely asking the Court to review *in camera* the 10 pages at issue so that it may have the benefit of knowing exactly what it is ordering disclosed to the public at large against inferring what the redacted information *might be* and ordering disclosure on that basis alone. Granting DHS OIG's motion would prevent a mistake of law and fact, pursuant to Rule 60(b)(1). If the Court determines that Rule 60(b)(1) does not apply to this motion, then DHS OIG contends that the reasons set forth herein satisfy

the standard of Rule 60(b)(6), *i.e.*, "any other reason that justifies relief."

  **D.**  **DHS OIG's Motion is Proper Under Local Rule 7-18, and Good Cause Supports this Motion**

  DHS OIG also moves this Court for reconsideration pursuant to Local Rule 7-18 on the grounds of (a) a material difference in fact from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered and (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. L.R. 7-18(a, c). Coextensive with the standards set forth Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure*, see Tawfilis*, 2015 WL 9982762, at *1, Defendant requests that this Court reconsider its finding that the redacted information was "relevant to ICE's decision to release the decedents from its custody prior to their death, and DHS OIG's investigation into that decision," and review the immigration information *in camera* prior to making that final determination and ordering released the third-party information at issue. *See* ECF 87 at 25.

  Prior to the entry of the Court's Order, DHS OIG could not have known that the Court would issue its finding without having reviewed the documents *in camera* because there is no factual basis in the record to support that finding. *See* ECF 67, 79, 80, 81. As noted above, the Court's finding appears to be based on speculation by Plaintiff in its motion papers regarding the significance of the redactions. Additionally, the ability for this Court to review the documents *in camera*, but not determining in the Order whether *in camera* review was necessary as to these specific documents, represents a failure to consider material facts that were presented to the Court before the Order was entered.

  In this district, courts have held that when motions for reconsideration are brought under Rule 59(e), they are timely when filed within twenty-eight days from the entry of judgment. *See MAO-MSO Recovery II, LLC v. Mercury Gen.,* 2021 WL 6102913, at *3 (C.D. Cal. 2021), *aff'd*, 2023 WL 1793469 (9th Cir. Feb. 7, 2023) (citing *Kopelev v. Boeing Co.*, 2021 WL 3888248, at *2, n.1 (C.D. Cal. 2021) ("Although the instant

Motion was filed beyond 14 days after entry of the June 10, 2021 Order and Judgment, because the Court construes the Motion as brought under Rule 59(e), the deadline for Plaintiff to file such a Motion is set by Rule 59(e), not Local Rule 7-18."); *Mull v. Motion Picture Indus. Health Plan*, 2019 WL 6655389, at \*1 (C.D. Cal. 2019) ("As a request for reconsideration under Fed. R. Civ. P. 59(e), the motion is timely because plaintiffs filed it within twenty-eight calendar days from the date on which the Court entered judgment.").

Here, DHS OIG has brought its motion within 28 days of the Court's Order, pursuant to the time prescribed by Rule 59(e). Consistent with the district court cases cited above, this Court should deem the motion timely. Even if the Court were to disregard the time prescribed by Rule 59(e), as set forth in the Axe Declaration, good cause exists for the filing of this motion beyond the 14-day period described in Local Rule 7-18. That good cause includes the unavailability of counsel for DHS OIG during the time period following the entry of the Court's Order, and the need for DHS OIG and its counsel to fully review the Court's Order and the redacted and unredacted documents (internally and with other DOJ components) prior to determining *whether* DHS OIG would file a motion for reconsideration, and if so, on what grounds.[5] *See* Axe Declaration ¶¶ 3-11. It also includes the fact that Counsel for DHS OIG initiated contact with Plaintiff 15 days after the Order in an effort to resolve this matter through a stipulation, but Plaintiff refused to agree, opposed the ex parte application that was filed 17 days after the Order, and ultimately insisted on full briefing on a motion for reconsideration rather than agreeing to the Court's proposal to streamline this process by reviewing the documents *in camera* without prejudice to Plaintiff's ability to brief a motion for reconsideration. (ECF 88, 90, 93.)

---

[5] A finding that good cause exists here due to the need for the Government to fully complete its review of the Order and documents in order to present a targeted motion for reconsideration is consistent with the Federal Rules of Civil Procedure and Federal Rules of Appellate Procedure, which provide additional time with respect to some deadlines in cases involving the United States and its agencies. *See, e.g.*, Fed. R. Civ. P. 12(a)(2); Fed. R. App. P. 4(a)(1)(B).

## V.   <u>CONCLUSION</u>

Through this motion, DHS OIG is simply seeking to ensure that this Court fully protect the privacy interest of the third parties whose information Plaintiff seeks. Therefore, in the interest of justice, DHS OIG requests that this Court grant this motion and order DHS OIG to provide the Court with copies of the 13 pages with transparent redactions over the immigration history at issue, along with a citation to the DHS immigration regulation cited by DHS OIG for *in camera* review. Doing so would allow the Court to review the 13 pages pursuant to 5 U.S.C § 552(a)(4)(B) to determine whether the public interest in the redacted information indeed outweighs the privacy interest.

Dated: August 5, 2024                    Respectfully submitted,

                                         E. MARTIN ESTRADA
                                         United States Attorney
                                         DAVID M. HARRIS
                                         Assistant United States Attorney
                                         Chief, Civil Division
                                         JOANNE S. OSINOFF
                                         Assistant United States Attorney, Chief,
                                         Complex and Defensive Litigation Section


                                          /s/ *Jason K. Axe*
                                         JASON K. AXE
                                         JOSEPH W. TURSI
                                         Assistant United States Attorney
                                         Attorneys for Defendant DHS OIG

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>Certificate of Compliance under L.R. 11-6.2</u>

The undersigned counsel of record for Defendant certifies that this brief contains 4955 words, which complies with the word limit of L.R. 11-6.1.


Dated: August 5, 2024      <u>/s/ *Jason K. Axe*</u>
             JASON K. AXE
             Assistant United States Attorney

### DECLARATION OF JASON K. AXE

JASON K. AXE declares as follows:

1.      I am an Assistant United States Attorney for the Central District of California, and one of the attorneys assigned to represent Defendant DHS OIG in the action of *American Civil Liberties Union Foundation of Southern California v. United States Immigration and Customs Enforcement, et al.*, No. 2:22-cv-04760 SHK.

2.      I make this declaration based upon my personal knowledge and that gained by review of the official files and records of the United States Attorney's Office. If called as a witness and placed under oath, I could and would testify thereto.

3.      On July 8, 2024, after our office received the Court's Order on Parties' Cross Motions for Summary Judgment (ECF 87), we provided it to counsel for DHS OIG and scheduled a call with them for July 10, 2024. During the call, counsel for DHS OIG advised that they would need time to review the Court's Order in its entirety, along with the redacted and unredacted documents ordered disclosed, to decide its next steps. Our office also provided copies of the Order to interested components of the Department of Justice to determine how to proceed in response to the Court's Order because the Court's Order had the effect of a final judgment as it ordered the ultimate relief to Plaintiff, i.e., production of withheld records.

4.      On July 10, 2024, counsel for Plaintiff emailed AUSA Joseph W. Tursi and me suggesting dates for the parties to meet and confer pursuant to the Court's Order. Because Mr. Tursi was scheduled to be out of the office on training from July 15-25, 2024, he suggested meeting on July 26, 2024, to which Plaintiff's counsel agreed.

5.      On July 15, 2024, I was on leave attending the funeral of a close family friend. On that date, I was advised by DHS OIG that their preference was that the Court review the immigration history redactions *in camera* and that they would provide to me those documents for my review after they completed their review of exactly what portions of the documents they would request the Court to review.

16

6.      On July 22, 2024, I was out of the office on annual leave. On that date, I received notification from DHS OIG counsel that they had completed their identification and review of the immigration records and had provided unredacted copies to me for my review. On July 23, 2024, when I returned to the office, I reviewed the documents myself, and after further clarification from DHS OIG, determined that there were 13 pages that were at issue.

7.      On July 23, 2024, after consulting with the interested DOJ Components, I emailed counsel for Plaintiff explaining DHS OIG's concerns regarding the redacted immigration information in the 13 pages identified in DHS OIG's ex parte application. I asked if Plaintiff would stipulate to *in camera* review by the Court of those pages to eliminate DHS OIG's concerns regarding the purported public interest in the information. I also asked for Plaintiff's position on an ex parte application seeking a stay of the requirement to meet and confer regarding the 13 pages and an order providing for *in camera* review of these pages. On July 24, 2024, Plaintiff's counsel responded that they considered the request for a stipulation but did not agree and that they would oppose any ex parte application.

8.      On July 25, 2024, DHS OIG filed an ex parte application seeking an order (1) staying the portion of the Court's July 8, 2024 Order requiring the parties to meet and confer on a timeline for production of the 13 pages containing the redactions at issue here and (2) requiring DHS OIG to provide the Court with copies of the 13 pages with transparent redactions over the immigration history at issue, along with a citation to the DHS immigration regulation cited by DHS OIG. (ECF 88.) DHS OIG explained that it sought the Court to review the 13 pages pursuant to 5 U.S.C § 552(a)(4)(B) to determine whether the public interest in the redacted information indeed outweighed the privacy interest. (ECF 88 at 4.) DHS OIG represented that with only 10 pages to review (3 of the pages were duplicates), the time required of the Court to complete in camera review of these pages would be minimal. (*Id.*)

9.      On July 26, 2024, upon AUSA Tursi's return to the office, the parties met

and conferred as previously scheduled and as ordered by the Court and agreed that as to the 13 pages of immigration history, DHS OIG would not turn them over until the earliest August 26, 2024, pending a ruling by the Court on its ex parte application.

10.     On July 31, 2024, the Court set an August 5, 2024 hearing on DHS OIG's ex parte application.

11.     During the hearing, this Court ordered the parties to fully brief the matter on a motion for reconsideration.

12.     Attached hereto are true and correct redacted copies of the 13 pages at issue in this motion. The redacted information at issue on the 13 pages is identified as "(b)(6); (b)(7)(C); (b)(3); Unspecified Statute" and is found in the following locations on those pages:

　　　　1-   Last two paragraphs marked in red.

　　　　2-   First two paragraphs and last paragraph with markings in red.

　　　　3-   Last paragraph marked in red.

　　　　4-   Last paragraph with marking.

　　　　5-   Second paragraph with marking.

　　　　6-   Fourth paragraph from the bottom with marking.

　　　　7-   Last two paragraphs with markings (duplicate of page 1).

　　　　8-   First two paragraphs and last paragraph with markings (duplicate of page 2).

　　　　9-   Last paragraph with marking (duplicate of page 3).

　　　　10-  Last paragraph with marking.

　　　　11-  Third paragraph with marking.

　　　　12-  Third paragraph with marking.

　　　　13-  Fourth paragraph with marking.

13.     I represent to this Court that *in camera* review of these limited redactions is relevant to the Court's finding that "the redacted details of Medina Leon and Gulema's immigration history are likewise relevant to ICE's decision to release the decedents from

18

its custody prior to their deaths, and DHS OIG's investigation into that decision." (ECF 87 at 25.)

14.    I hereby attest that these facts and those set forth in Defendant DHS OIG's Motion for Reconsideration, or in the Alternative, to Alter, Amend, or Obtain Relief from the Court's Order on Parties' Cross Motions for Summary Judgment [ECF 87] are true and correct.

Executed under penalty of perjury this 5th day of August, 2024, at Los Angeles, California.

/s/ *Jason K. Axe*
JASON K. AXE

19