E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney,
Chief, Complex and Defensive Litigation Section
JASON K. AXE (Cal. Bar No. 187101)
JOSEPH W. TURSI (Cal. Bar No. 300063)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8790/3989
    Facsimile: (213) 894-7819
    E-mail: Jason.Axe@usdoj.gov
        Joseph.Tursi@usdoj.gov

Attorneys for Defendant DHS OIG

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Case No. 2:22-cv-04760 SHK<br><br>**REPLY IN SUPPORT OF DEFENDANT DHS OIG'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, TO ALTER, AMEND, OR OBTAIN RELIEF FROM THE COURT'S ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT [ECF 87]**<br><br>Hearing Date: September 11, 2024<br>Hearing Time: 10:00 a.m.<br>Ctrm: 3 or 4<br>Hon. Shashi H. Kewalramani |

1  I.  **INTRODUCTION**

2  Plaintiff ACLU of Southern California states in its Opposition that it "shares a deep concern for the dignity of the deceased third party immigrants who suffered ICE detention, and the privacy of their families." *See* ECF 96 at 9. So too does Defendant DHS OIG take seriously third-party privacy interests. That is why DHS OIG has moved for limited reconsideration of the Court's July 8, 2024 Order on Parties' Cross Motions for Summary Judgment (the "Order"). Specifically, DHS OIG seeks reconsideration to the extent the Order requires production to Plaintiff of unredacted portions of documents containing withholdings made pursuant to Exemption 6 of the Freedom of Information Act ("FOIA") concerning the personal immigration history of <u>third-parties</u> Johana Medina Leon ("Medina Leon") and Teka Gulema ("Gulema"). (ECF 87 at 22-26.)

The limited relief DHS OIG seeks is for the Court to review *in camera*, pursuant to 5 U.S.C § 552(a)(4)(B), 13 pages containing this third party information.[1] That is because *in camera* review would allow the Court to confirm whether its finding that the public interest in the redacted information outweighs the privacy interest (which it already found exists) is indeed correct after a review of the actual material it has ordered released. Put differently, DHS OIG seeks to provide the Court with the information the Order requires released, but that the Court did not have, and thus could not review, as it considered the Cross Motions for Summary Judgment because DHS OIG could not publicly disclose it as part of its briefing. Rather, DHS OIG contemplated that the Court would order that those materials be provided for *in camera* review as the Court did with other materials due to DHS OIG's inability to say anything further about the redacted material without in effect disclosing its substance. ECF 87 at 17.

Given Plaintiff's stated concern for the dignity of Medina Leon and Gulema,

---

[1] As DHS OIG has represented, there are only 10 pages to review because 3 of the pages are duplicates. *See* ECF 88 at 4. Thus, the time required of the Court to complete *in camera* review of these pages would be minimal. *Id.* This is especially true given that the redactions at issue are themselves cumulatively less than one page. *See, e.g.,* 96-1 at 14 (redacted material at issue is less than one line).

1

along with their families' privacy, it would stand to reason that Plaintiff would agree that these limited records be submitted for *in camera* review so that the Court has the benefit of evaluating whether the public interest in the redacted information indeed outweighs the privacy interest of these third parties. But instead, Plaintiff has opposed Defendant's *ex parte* application and this motion, which is at odds with its position during the briefing on the cross motions for summary judgment. *See* ECF 80 at 22 ("In the alternative, the Court should review these redactions *in camera* to weigh the private and public interests for the release of this information.")

During the hearing on Defendant OIG's *ex parte* application (ECF 90), the Court offered a common sense and time-saving proposal – that it review the materials *in camera* and, if it determined it would be appropriate to reconsider the Order, it direct the parties to brief the issue. Plaintiff did not agree to the Court's proposal and insisted that the issue be fully briefed first.[2]

In its Opposition (ECF 96), Plaintiff does not challenge that there is good cause for DHS OIG's motion. *See* ECF 96 at 13 n.3 ("Plaintiff will not dispute this good cause.") Nor does Plaintiff articulate *any* harm to it if the Court were to grant this motion and ensure that it had properly determined that FOIA Exemption 6 did not support the withholdings at issue by reviewing the materials *in camera*. Instead, Plaintiff puts forth three arguments about why it believes *in camera* review is not appropriate with the common thread being Plaintiff's contention that, for the Court to grant this motion, DHS OIG should have offered more detail in the public record. But that is *precisely* the point DHS OIG has made at the oral argument during the hearing on the Parties' cross motions for summary judgment, in its *ex parte* application, and this motion – DHS OIG is limited in what it may say in its briefing or in open court. That is why DHS OIG requested at oral argument, in its *ex parte* application, and this motion that the Court review these materials *in camera*.

---

[2] Plaintiff incorrectly states that the Court rejected DHS OIG's *ex parte* application. *See* Dkt. 96 at 8.

2

Plaintiff's Opposition also misses DHS OIG's point. DHS OIG *is not* arguing there is a greater privacy interest at issue here; the Court has already found that a privacy interest exists. ECF 87 at 24. Instead, DHS OIG is arguing that the record does not support the Court's *finding* that there exists a public interest in the specific information presented. *In camera* review of the materials will allow the Court to determine whether such assumption is correct.

For the reasons set forth in the moving papers and below, DHS OIG respectfully requests that the Court grant this motion and order DHS OIG to provide the Court with copies of the 13 pages with transparent redactions over the immigration history at issue, along with a citation to the DHS immigration regulation cited by DHS OIG for *in camera* review so that the Court may determine whether reconsideration of the Order directing disclosure of the third-party immigration information is appropriate.

## II. ARGUMENT

### A. DHS OIG Has Provided A Valid Basis for Reconsideration of the Order.

In its motion, DHS OIG explained the "great obligation" courts have when the privacy rights of a third party are at issue. *See* ECF 95 at 15-16. While Plaintiff does not appear to dispute this, it argues that DHS OIG should have requested *in camera* review in its initial briefing in support of its motion for summary judgment. But, again as cited in the moving papers, DHS OIG did so. *Id.* at 9. And DHS OIG repeated this request during the oral argument on the Parties' Cross Motions for Summary Judgment. DHS OIG noted it was limited in what it could say in open court and requested that the Court, should it have concerns, review the materials *in camera*. Plaintiff also appeared to agree that *in camera* review might be appropriate (ECF 80 at 22) although now departs from that position but never explains what prejudice it would face if the Court did review the materials *in camera*.

Contrary to Plaintiff's assertions, it is not uncommon in FOIA cases for the government to present additional declarations after an *initial* judgment which courts

typically consider as a motion under Federal Rule of Civil Procedure 60(b)(6). *See* ECF 96-2 at 4 (citing cases). Such a motion "permits the government to present additional evidence, even if that evidence were previously available, when the case involves both the interests of the government and the interests of a third party protected by the FOIA. *Id.* (citing cases).

Plaintiff argues that there is a strong public interest in the disclosure of the third-party immigration information at issue here. ECF 96 at 14. Plaintiff claims this is because its "briefing cites multiple news articles and a court opinion calling into question ICE's practice of releasing people close to death and the potential for this practice to hide information from the public." *Id.* (footnote omitted). But as DHS OIG explained, since the Court *has already* recognized a privacy interest in this information (ECF 87 at 24), *in camera* review of the limited redactions at issue on these 13 pages would safeguard a violation of that privacy interest if the Court were to ultimately determine upon review of the pages that the specific redacted information remaining at issue does not, in fact, serve the public interest.

Oddly, Plaintiff is opposing DHS OIG's request where doing so necessarily means it is advocating against the Court having full access to the materials at issue along with a citation to the immigration regulation that DHS OIG contends also requires that this information be protected from disclosure (or at the very least, would be relevant to the Court's analysis of Exemption 6), but which it is not able to publicly disclose. It also stands counter to Plaintiff's statement that it "shares a deep concern for the dignity of the deceased third party immigrants who suffered ICE detention, and the privacy of their families."

Last, Plaintiff's argument that DHS OIG has waived any argument over presenting the Court with the regulation is incorrect. Again, DHS OIG raised throughout its briefing and at oral argument that the Court may consider materials *in camera*. And as set forth in the authorities DHS OIG cited in its motion and below, the Court may consider these materials on an *ex parte* basis. ECF 95 at 15.

At bottom, there is a valid basis for the relief DHS OIG is requesting here and which itself is not uncommon in the FOIA context.

### B. **DHS OIG is Not Arguing That There is a *New* Third Party Interest at Stake. Rather, its Argument is That the Privacy Interest the Court Has Already Found to Exist Outweighs the Public Interest in the Information and Such Will Be Confirmed by *In Camera* Review of the Materials Themselves.**

Plaintiff claims that DHS OIG's briefing "provides no clearly articulated reasons that the court's analysis of the privacy interests at stake have changed since the summary judgment briefing in this case." ECF 96 at 16. Plaintiff misunderstands DHS OIG's argument.

DHS OIG *is not* claiming that there has been a change to the privacy interests at stake. Rather, it is arguing that the privacy interests at stake outweigh any public interest in the information but that, without the benefit of reviewing the material itself, the Court cannot fully and properly weigh one against the other. As explained in the moving papers, DHS OIG does not believe that there is a factual basis on the record for the Court to have made the finding that the redacted information was "relevant to ICE's decision to release the decedents from its custody prior to their death, and DHS OIG's investigation into that decision." ECF 95 at 17 (citing ECF 87 at 25). Nor could DHS OIG have provided evidence to the Court before this point as the Court did not order DHS OIG to provide these materials *in camera*. Thus, these materials were "previously unavailable" to the Court and so DHS OIG has brought this motion to provide the Court with this information. Once again, such a procedure is not uncommon in the FOIA context. *See* ECF 96-2 at 4 (citing cases).

Nor is Plaintiff able to explain why *Lewis v. Dep't of Treasury* is not analogous to this case. There, the court "reviewed all 134 pages of responsive records *in camera* ...." ECF 96-2 at 3. Here, DHS OIG is asking that the Court review only 13 pages of which the redactions at issue represent only a fraction of each page and over which DHS OIG

cannot provide any further information publicly. *See* ECF 96-1.

Plaintiff goes on to fault DHS OIG for not presenting any "new information about the claimed privacy interest at stake" before stating that "reconsideration of whether the court struck the right balance is not appropriate." ECF 96 at 18. But again, DHS OIG is constrained about what it may state publicly with respect to the redacted third-party immigration information. That is precisely why it has brought this motion – so that the Court can view for itself the information at issue and consider whether the public interest outweighs the privacy interest it already found exists.

Notably, Plaintiff offers no argument how it would be harmed by *in camera* review. That is because it would not be. Rather, at worst, Plaintiff will not receive the third-party immigration information as soon as it may wish. But such a trivial inconvenience (if it is one at all) pales in comparison to the improper public disclosure of a third-party's private information that was properly withheld pursuant to the FOIA. At the very least, it is worth providing the Court the benefit of having the opportunity to see firsthand the information the Order directs DHS OIG to disclose and determine whether it is appropriate to reconsider the Order especially when, as here, it is not the government's own information it is seeking to withhold but that of third parties.

### C. There Is an Overwhelming Legitimate Basis for *In Camera* Review of the 13 Pages of Records at Issue.

Plaintiff claims that DHS OIG has not offered a legitimate basis for *in camera* review. Plaintiff is wrong.

*First*, Plaintiff argues that DHS OIG has not provided as much information in the public record as possible before seeking *in camera* review. ECF 96 at 19. But again, in its moving papers (and herein), DHS OIG noted that it was limited in what it could state in briefing or in open court because any further explanation about the redactions risks disclosing their substance. Moreover, the redactions at issue are limited and represent a small portion of the otherwise unredacted (or unchallenged) documents. *See, e.g.,* 96-1 at 14 (redacted material at issue is less than one line). There is thus little more that DHS

OIG can publicly state to explain the information behind the redactions. The best "evidence" is the information itself.

And, indeed, courts have utilized *in camera* review of withheld materials when it is determined that a *Vaughn* index is inadequate to support withholding. *See e.g., Solers, Inc. v. IRS*, 827 F.3d 323, 328 (4th Cir. 2016) (agreeing with district court that in camera review of records mooted any potential inadequacies of *Vaughn* Index); *Lion Raisins Inc. v. USDA*, 354 F.3d 1072, 1082 (9th Cir. 2004) (acknowledging that "[u]nder certain limited circumstances, we have endorsed the use of *in camera* review of government affidavits as the basis for FOIA decisions"); *Maynard v. CIA*, 986 F.2d 547, 557 (1st Cir. 1993) ("When, as here, the agency, for good reason, does not furnish publicly the kind of detail required for a satisfactory *Vaughn* index, a district court may review documents in camera."); *Simon v. DOJ*, 980 F.2d 782, 784 (D.C. Cir. 1992) (holding that despite inadequacy of *Vaughn* Index, *in camera* review, "although admittedly imperfect . . . is the best way to [en]sure both that the agency is entitled to the exemption it claims and that the confidential source is protected"); *see also High Country Citizens All. v. Clarke*, No. 04-00749, 2005 WL 2453955, at *8 (D. Colo. Sept. 29, 2005) (finding *in camera* review necessary due to insufficient descriptions of withheld documents in the *Vaughn* Index).

Additionally, in a broad range of contexts, most courts have refused to require agencies to file public submissions that are so detailed as to reveal sensitive information the withholding of which is the very issue in the litigation. *See, e.g., Agrama v. IRS*, No. 17-5270, 2019 WL 2064505, at *2 (D.C. Cir. Apr. 19, 2019) (holding that district court acted within its discretion in finding good cause for permitting *ex parte* submissions because "requiring the IRS to produce further 'public justification would threaten to reveal the very information for which a FOIA exemption is claimed'" (quoting *Lykins v. DOJ*, 725 F.2d 1455, 1463 (D.C. Cir. 1984))); *Bassiouni v. CIA*, 392 F.3d 244, 246 (7th Cir. 2004) ("The risk to intelligence sources and methods comes from the details that would appear in a *Vaughn* index"); *Maricopa Audubon Soc'y v. U.S. Forest Serv.*, 108

F.3d 1089, 1093 (9th Cir. 1997) ("Indeed, we doubt that the agency could have introduced further proof without revealing the actual contents of the withheld materials."); *Oglesby v. U.S. Dep't of the Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996) ("The description and explanation the agency offers should reveal as much detail as possible as to the nature of the document without actually disclosing information that deserves protection."); *Maynard*, 986 F.2d at 557 (emphasizing that although public declaration "lacked specifics, a more detailed affidavit could have revealed the very intelligence sources or methods that the CIA wished to keep secret"); *Curran v. DOJ*, 813 F.2d 473, 476 (1st Cir. 1987) (agency should not be forced "to resort to just the sort of precise description which would itself compromise the exemption"); *Am. Mgmt. Servs., LLC v. Dep't of Army*, 842 F. Supp. 2d 859, 874 (E.D. Va. 2012) (finding that "descriptive information need not be 'so detailed that it would serve to undermine the important deliberative processes protected by Exemption 5'" (quoting *Rein v. U.S. Patent & Trademark Off.,* 553 F.3d 353, 368-69 (4th Cir. 2009))), *aff'd*, 703 F.3d 724 (4th Cir. 2013). The same is true here. Any further public disclosure would result in the very information – third-party immigration information – that DHS OIG is attempting to protect.

Plaintiff's reliance on *Weiner v. FBI*, 943 F.2d 972 (9th Cir. 1991) is misplaced. There the FBI was directed to file a revised *Vaughn* index to address "boilerplate" explanations. *See id.* at 979. But here, DHS OIG cannot provide publicly any further information, thus making *in camera* review appropriate. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978) ("in camera review ... is designed to be invoked when the issue before the District Court could not be otherwise resolved"). Without disclosing precisely what the information is, DHS OIG cannot publicly state anything beyond what it has.

*Second*, Plaintiff argues that DHS OIG is basing its motion on a hypothetical. ECF 96 at 22. Not so. As DHS OIG argued in its motion (ECF 96 at 17), because the Court has already recognized a privacy interest in this information (ECF 87 at 24), *in camera*

8

review of the limited redactions at issue on these 13 pages would safeguard a violation of that privacy interest if the Court were to ultimately determine upon review of the pages that the redacted information does not, in fact, serve the public interest. Plaintiff then takes the extraordinary leap of arguing that the Court has found "a public interest because *all* aspects of Ms. Medina-Leon's and Mr. Gulema's immigration histories are important to the public's understanding of the circumstances of their detention and subsequent release." ECF 96 at 22-23 (emphasis original). Notably, Plaintiff does not cite anything in the record to support this broad statement. It also again misses the point, even if there was a public interest in the specific redacted information remaining at issue, such is balanced against the third-party's privacy interest, which the Court has already found exists.

      Plaintiff then goes on to speculate that certain information would be in the public interest. *See* ECF 96 at 23-25. Plaintiff makes such arguments blindly as it does not know what the third-party information is here. *See id.* at 23 n.8 ("Plaintiff is unaware what type of immigration DHS-OIG has redacted, which prevents Plaintiff from providing reasons why the redacted information *could* be relevant.") (emphasis added). To be sure, DHS OIG recognizes that Plaintiff is at a disadvantage. It does not know what is being withheld and thus tries to argue what it could be and why, if Plaintiff is correct, it should be disclosed. On the other side of the coin, DHS OIG has a similar frustration. It is not permitted to state publicly what the information is to explain why withholding is appropriate. But this situation is not unique. Rather, it is precisely why the FOIA provides broad authority to courts to review materials *in camera*.

      *Third*, and last, Plaintiff argues that DHS OIG should not be able to provide the Court with a citation of the regulation it has explained is relevant to the Court's analysis of Exemption 6. At the heart of Plaintiff's argument is its belief that doing so would "wildly" violate its procedural due process rights. ECF 96 at 26. The law is not with Plaintiff. As DHS OIG cited in its motion, and to which Plaintiff did not respond, a district court does not abuse its discretion by permitting *ex parte* submissions in the

FOIA context. ECF 95 at 15; *see also Arieff v. U.S. Dep't of the Navy*, 712 F.2d 1462, 1469 (D.C. Cir. 1983). Nor is it reversible error where a plaintiff is not permitted to review *in camera* agency submissions, to include affidavits and withheld documents. *Id.* citing *Pollard v. F.B.I.*, 705 F.2d 1151, 1154 (9th Cir. 1983). Plaintiff does not explain why this case should be any different. Here, there is a regulation that relates directly to the redacted information, but the identification of which would have the effect of publicly identifying the substance of the redacted information. Notably, the regulation itself is not classified. Indeed, it is possible that the Court in reviewing the redacted information may be able on its own to research the Code of Federal Regulations to identify the regulation that DHS OIG has referenced to better understand why it has redacted the information at issue. But doing so would be inefficient. Instead, it would promote judicial economy for the Court to simply order DHS OIG to provide it with a citation to the regulation so it could determine for itself whether the regulation should be considered as it determines whether to uphold DHS OIG's withholdings of the third-party immigration information at issue.

### III. CONCLUSION

DHS OIG seeks limited relief through its motion. It simply asks that it may be permitted to provide to the Court copies of the 13 pages with transparent redactions over the immigration history at issue, along with a citation to the DHS immigration regulation cited by DHS OIG for *in camera* review. In granting this limited relief, the Court would have the benefit of ensuring that the privacy interest of the third parties whose information Plaintiff seeks, and over which Plaintiff states it shares a deep concern, is adequately balanced against the public interest in such information.

If, after *in camera* review of the materials, the Court determines DHS OIG must disclose this information, at worst, there will have been a minor delay in Plaintiff, and by extension the public, receiving this information. But the harm of the third-party information improperly being publicly disclosed certainly outweighs this minor delay.

Dated: September 3, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney,
Chief, Complex and Defensive Litigation Section

/s/ *Joseph W. Tursi*
JOSEPH W. TURSI
JASON K. AXE

Assistant United States Attorneys
Attorneys for Defendant DHS OIG

## Certificate of Compliance under L.R. 11-6.2

The undersigned counsel of record for Defendant certifies that this brief contains 3,719 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 3, 2024

/s/ *Joseph W. Tursi*
JOSEPH W. TURSI
Assistant United States Attorney