UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 2:22-cv-04760-SHK | Date: | September 30, 2024 |
|---|---|---|---|
| Title | *American Civil Liberties Union Foundation of Southern California v. United States Immigration and Customs Enforcement, et al.* | | |

| Present: The Honorable | Shashi H. Kewalramani, United States Magistrate Judge |
|---|---|

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):   ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [ECF No. 95]**

Before the Court is Defendant United States Department of Homeland Security Office of Inspector General's ("DHS OIG") Motion for Reconsideration, or in the Alternative, to Alter, Amend, or Obtain Relief from the Court's Order on Parties' Cross Motions for Summary Judgment ("Motion" or "Mot."). Electronic Case Filing Number ("ECF No.") 95, Mot. For the reasons set forth below, DHS OIG's Motion is **DENIED**, without prejudice.

## I.     BACKGROUND

### A.     Procedural History

On July 12, 2022, Plaintiff American Civil Liberties Union Foundation of Southern California ("Plaintiff" or "ACLU") filed a complaint ("Complaint") against Defendants United States Immigration and Customs Enforcement ("ICE") and United States Department of Homeland Security ("DHS") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, seeking declaratory and injunctive relief to compel the release of agency records related to ICE's alleged "practice of releasing detained people from custody prior to their imminent death." ECF No. 1, Compl. at 3. The operative complaint in this case is Defendants' First Amended Complaint ("FAC") filed on October 4, 2022, which added DHS OIG as a Defendant (together with ICE and DHS, "Defendants"). ECF No. 24, FAC. Defendants answered Plaintiff's FAC on October 18, 2022. ECF No. 26, Answer.

On February 23, 2024, Plaintiff filed a Motion for Summary Judgment against Defendants ("Plaintiff's MSJ" or "Pl.'s MSJ"), ECF No. 66, and on April 10, 2024, Defendants filed a Motion for Summary Judgment against Plaintiff ("Defendants' MSJ" or "Defs.' MSJ") (together with Plaintiff's MSJ, "MSJs"), ECF No. 79.  On July 8, 2024, the Court issued an Order on the Parties' Cross-Motions for Summary Judgment ("Order"), ECF No. 87: (1) denying the parties' MSJs on Defendants' withholding of documents under FOIA Exemption 5 and ordering Defendants to submit the withheld documents for in camera inspection; (2) granting Plaintiff's MSJ on the withholdings and redactions under FOIA Exemptions 6 and 7(C); (3) granting Plaintiff's MSJ on the adequacy of Defendants' search; and (4) granting Defendants' MSJ on DHS's referral of certain documents to ICE.  Id. at 2.

On August 5, 2024, DHS-OIG filed a Motion for Reconsideration, or in the Alternative, to Alter, Amend or Obtain Relief from the Court's Order on Parties' Cross-Motions for Summary Judgment, requesting that the Court reconsider its Order as to the redacted immigration history of Teka Gulema ("Gulema") and Johana Medina Leon ("Medina Leon") and "order DHS OIG to provide the Court with copies of the 13 pages with transparent redactions over the immigration history at issue, along with a citation to the DHS immigration regulation cited by DHS OIG for in camera review."  ECF No. 95, Mot. at 22.  On August 26, 2024, Plaintiff filed an Opposition to DHS-OIG's Motion ("Opposition" or "Opp'n"), ECF No. 96, and on September 3, 2024, DHS-OIG filed a Reply in Support of its Motion ("Reply"), ECF No. 97, Reply.

### B.   The Disputed Withholdings

From November 2022 to August 2023, DHS OIG produced records in response to Plaintiff's FOIA request.  ECF No. 79, Defs.' MSJ at 15-17.  In its Motion for Summary Judgment, Plaintiff challenged the following aspects of DHS OIG's production and responses:

1. Withholding of draft Reports of Investigation ("ROI") and Memoranda of Activity ("MOA") regarding the deaths of Gulema and Medina Leon pursuant to FOIA Exemption 5;
2. Redaction of DHS OIG's ROIs and draft media statements related to Medina Leon's death, including diagnostic questions and medical tests by ICE detention medical staff prior to her release from custody, and the cause of death listed on her death certificate, and redaction of DHS OIG ROIs and MOAs described by ICE as "immigration information" related to Teka Gulema and Johana Medina Leon pursuant to FOIA Exemptions 6 and 7(C);
3. Withholding of documents reviewed by DHS OIG in its investigations, including attachments to MOAs and ROIs, which DHS OIG referred to ICE for production; and
4. The adequacy of DHS OIG's search for records related to a Case Summary Report it produced related to Vargas Arellano, including correspondence regarding its decision to open and close that case and documents associated with the specific case numbers referenced in the report.

ECF No. 66, Plaintiff's MSJ at 15-18.  In its Motion, and as set out in great detail subsequently, DHS OIG asks the Court to reconsider its ruling granting Plaintiff's MSJ, and therefore ordering

the disclosure of, the redacted information under FOIA Exemptions 6 and 7(C). See ECF No. 95, Mot.

        C.        **The Parties' Arguments**

                1.        **DHS OIG's Reconsideration Motion**

First, DHS OIG argues that the Court has the ability to review agency records, or affidavits or other materials which describe agency records, in camera and the Court should conduct such in camera review to protect the third party privacy rights at issue in this case. Id. at 15-16. DHS OIG asserts that the court in Lewis v. Dep't of Treasury, 2022 WL 20212255 (D. Md. Oct. 24, 2022) granted the government's motion for reconsideration of the court's order requiring disclosure of information the government sought to withhold pursuant to FOIA Exemptions 6 and 7(C) on the grounds that the government presented previously-unsubmitted documents explaining the use of the withheld information. Id. at 16. DHS OIG also cites Pick v. Motorola Sols, Inc., 2022 WL 409681 (C.D. Cal. Feb. 10, 2022), for the proposition that "[a] motion for reconsideration of a Court's prior order to produce documents in a FOIA case that it has not reviewed in camera is an appropriate way for a Court to protect third party privacy rights." Id.

Second, DHS OIG argues that under Fed. R. Civ. P. 59(e), reconsideration is necessary "to correct a manifest error of law and fact upon which the July 8th Order rests and to prevent manifest injustice." Id. at 17. Specifically, DHS OIG argues that the Court's finding that the redacted information was "relevant to ICE's decision to release the decedents from its custody prior to their death, and DHS OIG's investigation into that decision[,]" has "no factual basis in the record" and is, instead, "based merely on an argument in Plaintiff's brief speculating that 'such information is likely relevant to the policy issues surrounding ICE's determinations to release Medina-Leon and Gulema before their deaths.'" Id. (emphasis in original) (citations omitted). DHS OIG also contends that granting its Motion is necessary to present unredacted versions of the relevant documents which were previously unavailable to the Court for in camera review. Id.

Third, DHS OIG argues that granting its Motion would "prevent a mistake of law and fact, pursuant to Fed R. Civ. P. 60(b)(1)" or "[i]f the Court determines that [Federal] Rule [of Civil Procedure ("Rule")] 60(b)(1) does not apply to this motion, then DHS OIG contends that the reasons set forth herein satisfy the standard of Rule 60(b)(6), i.e., 'any other reason that justifies relief.'" Id. at 18-19. DHS OIG argues that granting its Motion would provide the Court with "the benefit of knowing exactly what it is ordering disclosed to the public at large against inferring what the redacted information might be and ordering disclosure on that basis alone." Id. at 18 (emphasis in original). DHS OIG cites to several FOIA cases involving third party rights where a motion for reconsideration was granted based on new evidence that was presented to the Court. Id. (citations omitted). DHS OIG points to Computer Profs. for Social Responsibility v. U.S. Secret Service, 72 F.3d 897 (D.C. Cir. 1996) as an example of a court

granting a 60(b) motion for reconsideration in a FOIA case involving third party privacy rights based on a newly submitted in camera declaration.  Id.

Finally, DHS OIG argues that under United States District Court, Central District of California Local Rule ("L.R." or "Local Rule") 7-18, reconsideration is warranted "on the grounds of (a) a material difference in fact from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered and (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." Id. at 19 (citation omitted).  DHS OIG makes many of the same arguments that it makes under Rules 59(e) and 60(b) – namely that the Court's finding that the redacted information was relevant to the public interest was not supported by the record and that the Court should at least review the information in camera before making that finding.  Id.  DHS OIG adds that "not determining in the Order whether in camera review was necessary as to these specific documents[] represents a failure to consider material facts that were presented to the Court before the Order was entered." Id.

### 2. Plaintiff's Opposition

In general, Plaintiff argues that DHS OIG "does not provide any valid bases" for reconsideration and instead asserts only "new arguments for withholding of the documents that it could reasonably have made, but failed to raise, and waived, earlier in the litigation." ECF No. 96, Opp'n at 13.  Specifically, Plaintiff argues that in camera review of the unredacted documents does not constitute newly discovered or previously unavailable evidence because "DHS-OIG could have requested—and chose not to request—in camera review of the redactions at issue in its initial briefing." Id. at 14 (citations omitted).  Plaintiff contends that when Defendants mentioned in camera review in a footnote of Defendant's MSJ, Defendants were merely "suggesting, but not seeking, in camera review of a different set of documents, 'if the Court wishes.'" Id. (citation omitted).

Plaintiff argues that the Court's finding of the relevancy of the redacted information to the public interest can be supported by the multiple news articles and a court opinion cited by Plaintiff in its briefing.  Id.  Plaintiff further contends that, contrary to DHS OIG's assertion, the Court's finding that the redacted information is relevant to the public interest in this case need not be supported by "additional factual evidence" and can, instead, be made on "the nature of the requested information itself." Id. (citations omitted).

Plaintiff also distinguishes Lewis v. Dep't of Treasury and Pick v. Motorola Sols, Inc.  Id. at 16-17.  Plaintiff asserts that in Lewis, the government, unlike DHS OIG here, presented new arguments that it did not discuss in its initial briefing and fully described the third-party privacy interest at stake for the first time in its reconsideration motion.  Id. at 16.  Plaintiff distinguishes Pick by arguing that the court there only said that reconsideration "would be available on 'an appropriate motion,' and it did not decide whether reconsideration was actually warranted." Id. at 17 (citation omitted).

Plaintiff further distinguishes all of the cases cited by DHS OIG for the proposition that courts have granted motions for reconsideration based on "new FOIA exemptions or new bases

for withholding when doing so would protect third-party privacy." Id.  Plaintiff asserts that in each case cited by DHS OIG, unlike in the instant case, the government presented "new, specific information about a privacy interest" in its motion for reconsideration. Id.  Plaintiff argues that here, the Court already considered the relevant privacy interest in its Order and that DHS OIG's Motion "provides no clearly articulated reason that the court's analysis of the privacy interests at stake have changed since the summary judgment briefing in this case." Id. at 16.

Finally, Plaintiff argues that even if DHS OIG meets the requirements for a motion for reconsideration, in camera review is not warranted for the following three reasons: (1) DHS OIG did not disclose as much information as possible before requesting in camera review, as required by Weiner v. F.B.I., 943 F.2d 972 (9th Cir. 1991); (2) DHS OIG's assertion that after reviewing the redacted information in camera, the Court may find that the information does not serve the public interest "is not a legitimate basis for in camera review"; and (3) the unspecified regulation cited by DHS OIG to support its withholding of the redacted information cannot render documents exempt from FOIA.  Id. at 18-26.  Because the Court finds that DHS OIG's Motion does not meet the requirements for a motion for reconsideration for the reasons discussed below, the Court does not detail Plaintiff's arguments regarding the standard for in camera review.

### 3. DHS OIG's Reply

In its Reply, DHS OIG reiterates many of the arguments it made in its Motion.  DHS OIG emphasizes that, contrary to Plaintiff's assertion, DHS OIG did request in camera review in its initial briefing in support of its motion for summary judgment and during the oral argument on the Parties' Cross Motions for Summary Judgment.  ECF No. 97, Reply at 4.

DHS OIG responds to Plaintiff's assertion that there is a strong public interest in the disclosure of the redacted information by arguing that in camera review would provide the Court with "full access to the materials at issue" to make that determination while also "safeguard[ing] against] a violation of [third party privacy interests] if the Court were to ultimately determine upon review of the pages that the specific redacted information remaining at issue does not, in fact, serve the public interest."  Id. at 5.

Further, DHS OIG asserts that it "is not claiming that there has been a change to the privacy interests at stake[,]" but instead "is arguing that the privacy interests at stake outweigh any public interest in the information but that, without the benefit of reviewing the material itself, the Court cannot fully and properly weigh one against the other."  Id. at 6.  DHS OIG goes on to argue that Plaintiff makes any arguments regarding the public interest in the redacted information "blindly as it does not know what the third-party information is here."  Id. at 10.

DHS OIG also states that "Plaintiff offers no argument how it would be harmed by in camera review[,]" and that any inconvenience to Plaintiff resulting from in camera review "pales in comparison to the improper public disclosure of a third-party's private information that was properly withheld pursuant to the FOIA."  Id. at 7.

DHS OIG responds to Plaintiff's arguments regarding DHS OIG's Weiner obligations, the alleged hypothetical outcome that forms the basis for DHS OIG's request for in camera

review, and the unspecified regulation which allegedly prohibits disclosure of the redacted information. Id. at 7-11. As noted above, the Court does not rely on these arguments to make its decision and therefore does not detail the parties' arguments here.

## II. LEGAL STANDARD

### A. Motion for Reconsideration

#### 1. Rule 59(e)

Rule 59(e) provides that a court may alter or amend a judgment. Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc)). But amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly in the interests of finality and conservation of judicial resources." America Unites for Kids v. Lyon, No. CV 152124 PA, 2015 WL 5822578, at *3 (C.D. Cal. Sept. 30, 2015) (citation and quotation marks omitted).

In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. Allstate Ins. Co., 634 F.3d at 1111 (quoting McDowell, 197 F.3d at 1255 n.1). "A court considering a Rule 59(e) motion is not limited merely to these four situations," id. (citation omitted), however, reconsideration on other grounds is appropriate only under "highly unusual circumstances[.]" 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citing School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993).

Under Rule 59(e), motions for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Est. of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original).

#### 2. Rule 60(b)

Rule 60(b) provides for relief from a final judgment, order, or proceeding upon a showing of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court." Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004) (citation omitted).

Rule 60(b)(6) is "used sparingly as an equitable remedy to prevent manifest injustice. The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

### 3. Local Rule 7-18

Under United States District Court, Central District of California Local Rule ("L.R." or "Local Rule") 7-18, "[a] motion for reconsideration of an Order on any motion . . . may be made only on the grounds of":

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

"A motion for reconsideration 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law.'" Dragan v. Valladolid, CV 18-448-MWF (FFMx), 2021 WL 3260605, at *2 (C.D. Cal. Apr. 5, 2021) (quoting Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)).

"No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." L.R. 7-18. "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." Gish v. Newsom, EDCV 20-755-JGB (KKx), 2020 WL 6054912, at *2 (C.D. Cal. Oct. 9, 2020) (citation omitted). Finally, "[c]ourts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." Tawfilis v. Allergan, Inc., SACV 15-307-JLS(JCGx), 2015 WL 9982762, at *1 (C.D. Cal. Dec. 14, 2015).

### III. DISCUSSION

#### A. DHS OIG Fails to Meet the Standard for Reconsideration.

For the Court to grant a motion for reconsideration under L.R. 7-18, DHS OIG must present the Court with newly discovered evidence, prove that the Court committed clear error in its Order, or point to an intervening change in controlling law. Dragan, 2021 WL 3260605, at *2. DHS OIG, however, has failed to show that one of the stated grounds for reconsideration exists. Thus, DHS OIG's Motion for Reconsideration, or in the Alternative, to Alter, Amend, or

Obtain Relief from the Court's Order on Parties' Cross Motions for Summary Judgment is denied without prejudice.

DHS OIG claims that its Motion is proper under Rule 59(e), Rule 60(b), and L.R. 7-18. Because those rules have similar grounds on which parties may move for reconsideration, DHS OIG makes many of the same or similar arguments to support its Motion under each rule. In the interest of convenience and clarity, this Court deals with the thematically similar arguments together, addressing each argument's rule-specific particularity where necessary.

### 1. DHS OIG Fails to Prove the Court's Finding Is Clear Error.

DHS OIG argues that the Court's finding that the redacted information is "relevant to ICE's decision to release the decedents from its custody prior to their deaths and DHS OIG's investigation into that decision[,]" ECF No. 87, Order at 25, constitutes "a manifest error of law and fact [under Rule 59(e),]" ECF No. 95 at 17, "a mistake of law and fact, pursuant to Rule 60(b)(1)[,]" id. at 18, and "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered[,]" id. at 19. Defendant assumes that the Court's finding is "based merely on an argument in Plaintiff's brief[,]" because "there is no factual basis in the record for this Court to make such a finding." Id. at 17 (emphasis in original). However, as stated in the Court's Order, Defendants acknowledged that the redacted "personal privacy information may touch on ICE's activities regarding detention," ECF No. 79, Defendants' MSJ at 36 (emphasis in original), and information that touches on ICE's activities necessarily also reflects on DHS OIG's evaluation of those activities, see ECF No. 87, Order at 26. Further, as Plaintiff notes in its Opposition, the Court may find a public interest "on the nature of the requested information itself[,]" ECF No. 96, Opp'n at 14, as it did here, see ECF No. 87, Order at 25-26. Thus, the Court's finding is supported by the record and is therefore, not a clear error.

Moreover, DHS OIG is only repeating the assertion made in Defendants' MSJ that the redacted information does not serve the public interest. See ECF No. 79, Defs.' MSJ at 36. The Court already addressed this argument in its Order. After weighing both parties' arguments, reviewing the disputed redactions, and considering evidence on the public interest in the matter, including the news articles and court case cited by Plaintiff in its MSJ, ECF No. 66, Pl.'s MSJ at 31, the Court rejected Defendants' argument and found that the redacted information was relevant to a matter of public interest for the reasons stated in the Order. ECF No. 87, Order at 25. Now, on a motion for reconsideration, DHS OIG adds nothing to the arguments made during summary judgment nor does DHS OIG point to any law or facts that contradict the Court's finding. See ECF Nos. 95, Motion. DHS OIG's Motion must be based on more than "unhappiness with the outcome[,]" Gish, 2020 WL 6054912, at *2, and should not be "used to ask the court to rethink what it has already thought through." Diary Emps. Union Loc. No. 17 Christian Lab. Ass'n of U.S. Pension Tr. v. Poel, No. CV 12-4550 FMO (OPX), 2015 WL 13806767, at *3 (C.D. Cal. Sept. 26, 2015) (citations omitted).

Finally, DHS OIG argues that under L.R. 7-18, "the ability for this Court to review the documents in camera, but not determining in the Order whether in camera review was necessary as to these specific documents, represents a failure to consider material facts that were presented to the Court before the Order was entered." ECF No. 95, Mot. at 19. In its Order, this Court acknowledged its discretion to order in camera review, ECF No. 87, Order at 9, and did order in

camera review for the documents withheld under Exemption 5, id. at 2. Thus, by not ordering in camera review for the withholdings under Exemptions 6 and 7(C), the Court indicated its determination that such review was not necessary for those documents. See id. at 22, 24. Every reason this Court provided for granting Plaintiff's MSJ as to those withholdings is necessarily a reason why this Court felt in camera review was not necessary. See id. at 19-26. Furthermore, the Court's decision to grant Plaintiff's MSJ as to the withholdings under Exemptions 6 and 7(C) without first ordering in camera review is not "a failure to consider material facts presented to the Court[,]" L.R. 7-18(c), and is within the Court's "broad discretion" to decide whether in camera review is necessary, Loving v. Dep't of Def., 550 F.3d 32, 41 (D.C. Cir. 2008).

Thus, DHS OIG has failed to establish clear error that would form a valid basis for reconsideration under Rule 59(e), Rule 60(b)(1), or L.R. 7-18(c).

        **2.      DHS OIG's Motion Does Not Present the Court with Newly Discovered Evidence.**

DHS OIG claims that by offering "unredacted versions of the relevant documents for this Court's in camera review[,]" DHS OIG is "present[ing] evidence 'previously unavailable' to the Court [pursuant to Rule 59(e).]" ECF No. 95, Mot. at 17. But in camera review is not evidence itself; it is a process by which evidence can be examined. See 5 U.S.C. § 552(a)(4)(B). And as DHS OIG repeatedly states, Defendants already offered unredacted versions of the relevant documents for in camera review by the Court. ECF No. 95, Mot. at 9 (citing ECF No. 81 at 13 n.2); ECF No. 97, Reply at 4.[1] Thus, DHS OIG's Motion is requesting the same in camera review of the same evidence it requested during the summary judgment phase and, therefore, does not present any "newly discovered or previously unavailable evidence" as is required under Rule 59(e). See Allstate Ins. Co., 634 F.3d at 1111 (quoting McDowell, 197 F.3d at 1255 n.1). Similarly, the DHS immigration regulation cited by DHS OIG to justify its redactions is not "newly discovered or previously unavailable evidence" under Rule 59(e) but is a regulation which DHS OIG had access to during the entirety of the litigation. Id. (emphasis added).

DHS OIG's Motion does not explicitly offer affidavits describing the redacted information for in camera review, see ECF No. 95, Mot., but DHS OIG's Motion does note the Court's authority to review such affidavits in camera. ECF No. 95, Mot. at 16 (citing Lewis, 2022 WL 20212255, at *1). Even if DHS OIG had explicitly offered affidavits describing the redacted information for in camera review, however, such an offer would not constitute newly discovered or previously unavailable evidence because the underlying information has not changed, and DHS OIG could have offered affidavits describing that same evidence for in camera review earlier in the litigation. See Kona Enters., Inc., 229 F.3d at 890 (holding that motions for reconsideration under Rule 59(e) may not "present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

---

[1] Plaintiff argues that DHS OIG did not previously request in camera review of the redacted information but merely suggested in camera review of a different set of documents. ECF No. 96, Opp'n at 14. DHS OIG certainly makes the case more directly in this Motion, but the Court will give DHS OIG the benefit of the doubt and read its previous mention of in camera review as similar to a direct request.

Similarly, DHS OIG argues that the Court issuing its finding without first reviewing the documents in camera constituted "a material difference in fact . . . that, in the exercise of reasonable diligence, could not have been known to [DHS OIG] at the time the Order was entered," L.R. 7-18(a), because "there is no factual basis in the record to support that finding." ECF No. 95, Mot. at 19. As explained in Section III.A.1 previously, the Court's finding was based on the facts in the record, the nature of the redacted information itself, and the parties' arguments. Regardless, the Court's decision to grant Plaintiff's MSJ as to the withholdings under Exemptions 6 and 7(C) without first ordering in camera review cannot form the basis of "a material difference in fact" and even if it could, Defendants, in the exercise of reasonable diligence, could have known, and arguably did know, that such an outcome was possible. See ECF No. 81 at 13 n.2 ("If the Court wishes to review any of the specific information that Plaintiff contends is being improperly withheld, DHS OIG can make either redacted or unredacted versions of those documents available for review by Court in camera." (emphasis added)); see also ECF No. 95, Mot. at 13 (citing to several cases which emphasize the Court's broad discretion to decide if in camera review is necessary).

DHS OIG cites several FOIA cases involving the rights of third parties where the court "considered[ed] newly presented facts and [] granted[ed] relief under Rule 60(b)." ECF No. 95, Mot. at 17 (emphasis added). But here, there are no "newly presented facts" because according to DHS OIG, it is repeating the request for in camera review that it made during the summary judgment phase, ECF No. 97, Reply at 4. For example, DHS cites Computer Profs. for Social Responsibility v. U.S. Secret Service, 72 F.3d 897 (D.C. Cir. 1996), where the government's motion for reconsideration was granted on the grounds of "previously undisclosed evidence" submitted from a new declarant that confirmed the validity of the government's representation about a third party privacy interest. In contrast, here, DHS OIG is simply reasserting its request for in camera review of the same information that has been the subject of dispute since the beginning of this litigation. ECF No. 95, Mot. at 9. Thus, the cases cited by DHS OIG, which all involve newly discovered evidence, are distinguishable from the instant case.

DHS OIG's citations to Lewis v. Dep't of Treasury, 2022 WL 20212255 (D. Md. Oct. 24, 2022) and Pick v. Motorola Sols, Inc., 2022 WL 409681 (C.D. Cal. Feb. 10, 2022) are similarly unpersuasive. See ECF No. 95, Mot. at 16. As Plaintiff notes, Pick involved a motion for summary judgment, not a motion for reconsideration, and while the court only noted that the government could move for reconsideration, it did not rule on whether the motion would be granted. 2022 WL 409681, at *9 n.73. And in Lewis, the government's motion for reconsideration was granted in the "narrow circumstance" where, unlike here, the government presented "additional materials not previously submitted" describing the "potential harm to a third party" from disclosure of the withheld information. 2022 WL 20212255, at *2 (emphasis added). Thus, Pick and Lewis are distinguishable from the instant case and do not suggest that the Court must grant DHS OIG's Motion.

### 3. DHS OIG's Motion Is Not Necessary to Prevent Manifest Injustice.

Finally, DHS OIG argues that its Motion is necessary "to prevent manifest injustice" under 59(e). ECF No. 95, Mot. at 17. DHS OIG also argues that its Motion is proper under Rule

60(b)(6) which is "used sparingly as an equitable remedy to prevent manifest injustice[,]" <u>United States v. Alpine Land & Reservoir Co.</u>, 984 F.2d 1047, 1049 (9th Cir. 1993).  However, DHS OIG does not explain what the potential manifest injustice is or what "extraordinary circumstances" require the Court to reconsider its Order.  <u>Id.</u>  Thus, the Court has no basis by which it can agree with DHS OIG that its Motion is necessary to prevent manifest injustice.

## IV.     CONCLUSION

For the reasons set forth above, Defendants' Reconsideration Motion is **DENIED**, without prejudice.

**IT IS SO ORDERED.**