

# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*JOSEPH W. TURSI*
*JASON K. AXE*
*Assistant United States Attorney*
*Phone: (213) 894-3989/8790*
*E-mail: Joseph.Tursi@usdoj.gov*
*Jason.Axe@usdoj.gov*

*Federal Building*
*300 N. Los Angeles Street, Suite 7516*
*Los Angeles, California 90012*

October 18, 2024

**VIA E-MAIL**

Laboni A. Hoq
Hoq Law, APC
P.O. Box 753
South Pasadena, CA 91030

      Re:    ACLU of SoCal v. ICE, et al.
              C.D.CA Case No. 2:22-cv-04760-SHK

Dear Ms. Hoq:

      This letter provides CRCL's response to Plaintiff's October 7, 2024 correspondence.

      First, CRCL is unable to provide hit counts. That is not due to a lack of technical ability but because CRCL, by taking the search terms Plaintiff proposed, has already run those searches and is now processing the requested records. To provide hit counts would necessarily require CRCL to stop processing records found responsive to Plaintiff's requested search terms. Beyond disrupting CRCL's work and unjustifiably setting back the progress made to date, CRCL would have to run each search term combination to get hit results, and these separate results would require re-combination and re-processing to try to eliminate duplicates that appeared in multiple hit count searches. Even with tools to assist with the processing, each of these steps still requires manual review to confirm and remove duplicates. Moreover, the more times CRCL stops, runs counts, adjusts, and repeats, prolongs the entire process, and may even require going back to OCIO to conduct new searches—all of which would be based on guesswork about the precision of search terms. CRCL believes its searches have found records responsive to the Plaintiff's request, but the only way to fully evaluate this is to continue the process that is already underway and begin providing Plaintiff with the results. If, after CRCL makes its first production, Plaintiff believes it has received records that it is not interested in, despite being responsive to the FOIA request, we can meet and confer on a narrowing of the records at that juncture.

      Second, CRCL's search of its CMS complaint database returned 577 documents which equals approximately 5,649 pages. Its search of OCIO email and OneDrive records returned 427 documents equaling about 6,506 pages. These figures represent a de-duplicated and threaded count.

      Third, with respect to a processing rate, CRCL is an oversight agency. While some records are organic to it, there are also many records belonging to other agencies. Thus, in a given month, CRCL may review more than 250 pages, but such records would be referred to the appropriate agency for processing and production. In other months, it may process closer to 250

Laboni A. Hoq, Esq.
RE: ACLU of SoCal v. ICE
October 18, 2024
Page 2

pages because such records were created exclusively by CRCL such that it would be processing and producing the records itself. Unlike either ICE or OIG, CRCL's FOIA office is much smaller. It thus cannot commit to a processing rate of more than 250 pages per month.

  Finally, as indicated previously, CRCL will make its first production on November 1, 2024.

Respectfully,

E. MARTIN ESTRADA
United States Attorney

/s/ *Joseph W. Tursi*

JOSEPH W. TURSI
Assistant United States Attorney

cc: Ms. Eunice Cho (by email)
   Ms. Eva Bitran (by email)
   Mr. Kyle Virgien (by email)