LABONI A. HOQ (SBN 224140)
laboni@hoqlaw.com
HOQ LAW APC
P.O. Box 753
South Pasadena, California 91030
Telephone: (213) 973-9004

EVA BITRAN (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, California 90017
Telephone: (213) 977-9500
Facsimile: (213) 915-0219

Attorneys for Plaintiff
*(additional counsel information on next page)*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, <br><br> *Defendants*. | Case No. 2:22-CV-04760-SHK <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT IMMIGRATION AND CUSTOMS ENFORCEMENT** <br><br> Honorable Shashi H. Kewalramani <br> United States Magistrate Judge |

1  EUNICE CHO (*pro hac vice*)
   *echo@aclu.org*
2  AMERICAN CIVIL LIBERTIES UNION FOUNDATION
   NATIONAL PRISON PROJECT
3  915 Fifteenth Street NW, 7th Floor
   Washington, DC 20005
4  Telephone: (202) 548-6616

5  KYLE VIRGIEN (SBN 278747)
   *kvirgien@aclu.org*
6  AMERICAN CIVIL LIBERTIES UNION FOUNDATION
   NATIONAL PRISON PROJECT
7  425 California St., Suite 700
   San Francisco, CA 94104
8  Telephone: (202) 393-4930

9  *Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
   *ACLU of Southern California v. U.S. ICE, et al.*,
28 Case No. 2:22-CV-04760-SHK
   [Proposed] Order Granting Plaintiff's Partial Mot. for Summ. J. Against ICE

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment Against Defendant Immigration and Customs Enforcement ("ICE"), and Defendant ICE's Cross-Motion for Summary Judgment. Upon consideration of the argument and evidence submitted by the parties, it is hereby ORDERED that:

Plaintiff's Motion for Partial Summary Judgment Against ICE is GRANTED in full. Defendant ICE's Cross-Motion for Summary Judgment is DENIED in full.

The Court finds that Defendant ICE failed to follow clear leads related to Parts 1, 2, 3, 5, 6, 7, 8, and 9 of Plaintiff's FOIA Request. Defendant ICE shall conduct searches for responsive records based on these leads, as detailed below.

1. For Parts 1-3 of Plaintiff's FOIA Request, the Parties shall meet and confer to identify three custodians from among the ICE representatives referenced in Exhibit V, Cho Decl. (March 4, 2021 email chain re "VARGAS-Arellano, Martin, A205 718 808"). ICE shall conduct a search of records for those three custodians and for Corey Price using the search terms "Vargas Arellano" or "Vargas-Arellano" or Martin w/5 Vargas or Martin w/5 Arellano or Martin w/5 Arellano or "A205 718 808" or "205-718-808" or "205 718 808," and a timeframe of March 1, 2021 to December 31, 2022. ICE shall also search for and produce any expert report or memorandum related to the DHS Office of Civil Rights and Civil Liberties' investigation into any complaints related to Mr. Vargas Arellano, including ICE's failure to prepare a death notice or death report for him.

2. For Part 5 of Plaintiff's FOIA Request, ICE shall conduct a search for and produce copies of ICE's Significant Detainee Illness (SDI) lists, from January 1, 2016 to the present, as well as emails, agendas, and notes regarding SDI meetings. In conducting this search, ICE shall task Dr. Ada Rivera (Deputy Medical Director, IHSC) and a sufficient set of staff from ICE's ERO Field Operations to ensure that, for the entire time period of January 1, 2016 to the present, at least one of the ERO staff members searched was regularly participating in the SDI meeting.

3. For Parts 6 and 7 of Plaintiff's FOIA Request, ICE shall conduct a search of its Joint Intelligence Operations Center (JIOC) for Significant Incident Reports (SIRs), dated from January 1, 2016 to the present, as well as analyses and summaries of SIR reports. In conducting this search, ICE shall use the search methodology—including the search terms and narrowing Boolean search—

*ACLU of Southern California v. U.S. ICE, et al.*,
Case No. 2:22-CV-04760-SHK
[PROPOSED] ORDER GRANTING PLAINTIFF'S PARTIAL MOT. FOR SUMM. J. AGAINST ICE

3

    identified in Defendants' June 22, 2023 letter for Part 6, Exhibit Q, Cho Decl, at 3.

4. For Part 8 of Plaintiff's FOIA Request, ICE shall conduct a search for responsive records from records compiled for *Fraihat v. ICE*, No. 5:19-cv-1546 (C.D. Cal.), including the *Fraihat* Compliance System referenced in ICE's Pandemic Response Requirements. *See* ICE, *Pandemic Response Requirements* 17 (Version 8.0, Apr. 2, 2022), https://www.ice.gov/doclib/coronavirus/eroCOVID19responseReqsCleanFacilities-v8.pdf [https://perma.cc/3JDD-AQZ8]. ICE shall conduct this search using the search methodology—including the search terms and narrowing Boolean search—listed in its Search Summary for the emails of Dr. Stewart Smith for Part 8. *See* Search Summary, Exhibit A, Cho Decl, at 10-11.

5. For Part 9 of Plaintiff's FOIA Request, ICE shall conduct the search it committed to conduct on November 2, 2023. *See* Defs' Nov. 2, 2023 Letter, Exhibit K, Cho Decl., at 5-6. In other words, ICE shall task the "nine individuals" identified in its letter ("the Regional Field Medical Coordinators and the Regional Health Service Administrators within IHSC"). *Id.* ICE shall use the search methodology—including the search terms and narrowing Boolean search—identified in that letter. *Id.* at 6.

6. For each of these searches ordered by the Court, ICE shall provide hit count information, broken down by search terms, within 15 days of this order. Should ICE staff encounter any technical difficulties with any of these searches, ICE shall alert Plaintiff and arrange a meet and confer, with technical staff from ICE and if applicable, ICE's subcomponent, present, within 15 days of this order. ICE shall complete all searches within 30 days of this order, and produce all responsive, non-exempt records within 60 days of this order. If ICE withholds any responsive documents or portions of responsive documents as exempt, Plaintiff may identify specific withholdings for ICE to include in a *Vaughn* index, and ICE must provide a *Vaughn* index for these withholdings within 30 days.

**IT IS SO ORDERED.**

Dated: _____

                                          Hon. Shashi H. Kewalramani
                                          United States Magistrate Judge

*ACLU of Southern California v. U.S. ICE, et al.*,
Case No. 2:22-CV-04760-SHK
[PROPOSED] ORDER GRANTING PLAINTIFF'S PARTIAL MOT. FOR SUMM. J. AGAINST ICE