LABONI A. HOQ (SBN 224140)
laboni@hoqlaw.com
HOQ LAW APC
P.O. Box 753
South Pasadena, California 91030
Telephone: (213) 973-9004

EVA BITRAN (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, California 90017
Telephone: (213) 977-9500
Facsimile: (213) 915-0219

Attorneys for Plaintiff
*(additional counsel information on next page)*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION of Southern California, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, <br><br> *Defendants*. | Case No. 2:22-CV-04760-SHK <br><br> **PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT REGARDING DEFENDANT U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 113]** <br><br> Honorable Shashi H. Kewalramani <br> United States Magistrate Judge |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

EUNICE CHO (*pro hac vice*)
*echo@aclu.org*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Telephone: (202) 548-6616

KYLE VIRGIEN (SBN 278747)
*kvirgien@aclu.org*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
425 California St., Suite 700
San Francisco, CA 94104
Telephone: (202) 393-4930

*Attorneys for Plaintiff*

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

# PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| ICE's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response to ICE's Cited Fact and Supporting Evidence |
|---|---|
| 1. Plaintiff's FOIA Request sought "any and all records that were prepared, received, transmitted, collected, and/or maintained by ICE or DHS that describe, refer, or relate to the release of hospitalized detainees from custody before their death; any records related to release of individual detainees once hospitalized; and any records related to the death of such detainees after their release from custody, including any communications or investigations" dating from January 1, 2016.<br><br>*Evidence*: Dkt. 24 (First Amended Complaint), ¶ 35 & Ex. A thereto (Dkt. 24-1 at 2-14). | 1. Disputed. Plaintiff's request contains the quoted language, but the specific records sought are spelled out in significant detail, which is not included in this fact. ECF No. 1-1 (Plaintiff's FOIA Request), 5-7. Additionally, Plaintiff's request seeks documents "from January 1, 2016 to the present," "[u]nless otherwise noted." *Id.* at 4. Only Parts 2-9 of Plaintiff's request are limited to this date range. Part 1 is not. Part 1 specifies that the request is made "without limitation to date." *Id.* at 5.<br><br>*Evidence*: ECF No. 1-1, 4-7. |
| 2. ICE received the FOIA Request on May 2, 2022.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 4. | 2. Disputed. Plaintiff sent this request by email on April 29, 2022.<br><br>*Evidence*: ECF No. 24-1 (Email from Michael Kaufman), 14. |
| 3. On May 16, 2022, the ICE FOIA Office sent Plaintiff a letter acknowledging receipt of the FOIA request. It was assigned tracking number 2022-ICFO-16321.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 5. | 3. Undisputed but immaterial. |
| 4. When the ICE FOIA Office receives a FOIA request, the intake staff evaluates it to determine if it is a proper FOIA request per DHS FOIA regulation 6 | 4. Undisputed but immaterial. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1

| | | |
|---|---|---|
| | C.F.R. § 5.3. Generally, a FOIA request is considered proper and in compliance with DHS regulations if it reasonably describes the records sought and the records are under the purview of ICE.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 9. | |
| | 5. Proper FOIA requests are entered into a database known as Secure Release and assigned a case tracking number. Based upon the requestor's description of the records being sought and ICE FOIA's knowledge of the various program offices' missions, the ICE FOIA Office identifies the program office(s) likely to possess responsive records and tasks the appropriate program office(s) to conduct the necessary searches.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 10. | 5. Undisputed but immaterial. |
| | 6. ICE records are maintained by leadership offices and/or within ICE directorates, including but not limited to, the Office of Public Affairs (OPA), the Office of Enforcement and Removal Operations (ERO), the Office of Professional Responsibility (OPR) and the ICE FOIA Office. The program offices are typically staffed with a designated point of contact (POC) who is the primary person responsible for communications between that program office and the ICE FOIA Office. Each POC is a person with detailed knowledge about the operations of his/her respective program office.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 11. | 6. Undisputed but immaterial. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

2

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | 7. Upon receipt of a proper FOIA request, the ICE FOIA Office will identify which program offices, based upon their experience and knowledge of ICE's program offices, within ICE are reasonably likely to possess records responsive to that request, if any, and task the relevant program offices with searches.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 12. | 7. Plaintiff understands this fact to set out the process by which ICE intends to respond to FOIA requests and not to state that ICE has carried out this process accurately in this case. On that understanding, undisputed but immaterial. |
| 9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21 | 8. Once the ICE FOIA Office determines the appropriate program offices for a given request, it provides the POCs within each of those program offices with a copy of the FOIA request and instructs them to conduct a search for responsive records. The POCs then review the FOIA request, along with any case-specific instructions that may have been provided and, based on their experience and knowledge of their program office practices and activities, forward the request and instructions to the individual employee(s) or component office(s) within the program office that they believe are reasonably likely to have responsive records, if any.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 12. | 8. Plaintiff understands this fact to set out the process by which ICE intends to respond to FOIA requests and not to state that ICE has carried out this process accurately in this case. On that understanding, undisputed but immaterial. |
| 22<br>23<br>24<br>25<br>26<br>27<br>28 | 9. In conformity with the ICE FOIA Office's instructions, the individuals and component offices are directed to conduct searches of their file systems, including both paper files and electronic files, which in their judgment, based on their knowledge of the manner in which they routinely keep records, would most likely be the files to contain responsive | 9. Plaintiff understands this fact to set out the process by which ICE intends to respond to FOIA requests and not to state that ICE has carried out this process accurately in this case. On that understanding, undisputed but immaterial. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

3

| | |
|---|---|
| documents.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 12. | |
| 10. Once those searches are completed, the individuals and component offices provide any potentially responsive records to their program office's POC, who in turn, provides the records to the ICE FOIA Office. The ICE FOIA Office then reviews the collected records for responsiveness and the application of appropriate FOIA Exemptions.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 12. | 10. Plaintiff understands this fact to set out the process by which ICE intends to respond to FOIA requests and not to state that ICE has carried out this process accurately in this case. On that understanding, undisputed but immaterial. |
| 11. ICE employees maintain records in several ways. ICE program offices use various systems to maintain records, such as investigative files, records regarding the operation of ICE programs, and administrative records.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 13. | 11. Undisputed but immaterial. |
| 12. ICE employees may store electronic records on their individual computer hard drives or their program office's shared drive (if the office uses one).<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 13. | 12. Undisputed but immaterial. |
| 13. The determination of whether or not these electronic locations must be searched in response to a particular FOIA tasking, as well as how to conduct any necessary searches, is necessarily based on the manner in which the employee maintains his/her files. | 13. Undisputed but immaterial. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

4

| | |
|---|---|
| *Evidence*: Declaration of Fernando Pineiro, ¶ 13. | |
| 14. Additionally, all ICE employees have access to e-mail. ICE uses the Microsoft Outlook e-mail system. Each ICE employee stores his/her files in the way that works best for that particular employee. ICE employees use various methods to store their Microsoft Outlook e-mail files - some archive their files monthly, without separating by subject; others archive their e-mail by topic or by program; still others may create PST files of their emails and store them on their hard drive or shared drive.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 14. | 14. Undisputed but immaterial. |
| 15. Each ICE employee stores his/her files in the way that works best for that particular employee. ICE employees use various methods to store their Microsoft Outlook e-mail files - some archive their files monthly, without separating by subject; others archive their e-mail by topic or by program; still others may create PST files of their emails and store them on their hard drive or shared drive.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 14. | 15. Undisputed but immaterial. |
| 16. Records received by the ICE FOIA Office from the program office POCs are assigned to a FOIA processor who determines whether or not the records are responsive to the FOIA request. If the records are responsive, the FOIA processor will redact information pursuant to the FOIA or Privacy Act, as appropriate, while simultaneously | 16. Plaintiff understands this fact to set out the process by which ICE intends to respond to FOIA requests and not to state that ICE has carried out this process accurately in this case. On that understanding, undisputed but immaterial. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

5

| | | |
|---|---|---|
| 1 2 3 | ensuring that all reasonably segregated non-exempt information is released.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 15. | |
| 4 5 6 7 8 9 | 17. Frequently, the ICE FOIA Office must coordinate between multiple program offices to ensure the program office records are properly redacted and information is correctly segregated.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 16. | 17. Plaintiff understands this fact to set out the process by which ICE intends to respond to FOIA requests and not to state that ICE has carried out this process accurately in this case. On that understanding, undisputed but immaterial. |
| 10 11 12 13 14 | 18. Once the ICE FOIA Office completes its coordination efforts and all responsive records have been processed, the ICE FOIA Office releases the responsive records to the requestor.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 16. | 18. Plaintiff understands this fact to set out the process by which ICE intends to respond to FOIA requests and not to state that ICE has carried out this process accurately in this case. On that understanding, undisputed but immaterial. |
| 15 16 17 18 19 20 21 22 23 24 25 26 | 19. After reviewing the Request, and based on the information sought in the Request, the experience and knowledge of ICE's practices and activities and discussions with the Plaintiff, the ICE FOIA Office determined that because of the subject matter of the Request, OPR, various subcomponents of ERO, the Office of Regulatory Affairs and Policy (ORAP), and Homeland Security Investigations Joint Intelligence Operations Center (JIOC) were the program offices likely to have responsive records (if such records existed).<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 18. | 19. Undisputed but immaterial. |
| 27 28 | 20. The ICE FOIA Office also agreed to search the emails of former ICE | 20. Undisputed but immaterial. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

6

| | | |
|---|---|---|
| 1 | Directors at Plaintiff's request. | |
| 2 | *Evidence*: Declaration of Fernando Pineiro, ¶ 18. | |
| 3 | | |
| 4 | 21. Based on their subject matter expertise and knowledge of the agency record systems, the ICE FOIA Office instructed these program offices to conduct a comprehensive search for records and to provide all potentially responsive records located during that search to the ICE FOIA Office for review and processing.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 18. | 21. Disputed. The ICE FOIA Office did not instruct these program offices to construct a comprehensive search. To the contrary, the ICE FOIA Office's instructions to these program offices contained various flaws detailed in Plaintiff's summary judgment briefing. Plaintiff sets out several examples below:<br><br>For Parts One through Three, ICE produced an email chain showing that Adelanto ICE officials agreed to prepare a death notification for Martin Vargas Arellano. ECF No. 112-4, 177. The people involved in this email chain are redacted in the produced version, but ICE is aware who was on this chain. ICE admits it has not searched all of the custodians on this chain, including the ICE headquarters staff, who likely would have been copied on missing records, including follow-up correspondence showing the referenced death notification or any discussion of why it was not completed. Additionally, CRCL has produced an email to unidentified "ICE Colleagues" explaining that CRCL was preparing a "formal expert recommendations memo" regarding Mr. Arellano's death. ECF No. 112-4, 208. ICE did not produce this expert recommendations memo, suggesting that it did not appropriately search the unidentified ICE employees on the email, or other locations where it likely could be found. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

7

Both of these failures are indicative of a failure to instruct program offices to comprehensively search.

For Part Five, Plaintiffs have identified that ICE keeps an "SDI list" that includes cases of detainees where there is "significant coordination required to repatriate *or to release* a detainee/resident in the United States due to their medical condition," and that ICE holds regular "SDI meeting[s]" about these people. ECF No. 112-4, 125 (emphasis added). Records regarding the SDI list and meetings are responsive, but ICE has conducted no search at all for these records. *See* Pineiro Decl. ¶ 47.

For Parts Six and Seven, ICE's FOIA Office undisputedly determined that JIOC was "likely to have responsive records (if such records existed)." Def's SUMF ¶ 19. Statements by DHS confirm that JIOC has responsive "significant event reports." DHS, Privacy Impact Assessment for the Significant Event Notification (SEN) System 3 n.4, Oct. 15, https://www.dhs.gov/sites/default/files/publications/privacy-pia-ice023a-sen-october2021.pdf [https://perma.cc/7EEE-A6JW]. ICE has conducted no search at all of JIOC. *See* Pineiro Decl. ¶ 54.

For Part Eight, Plaintiff has provided concrete evidence indicating that ICE's *Fraihat* records are, according to an ICE employee, "the only place" where ICE was capturing the COVID hospitalization data that would be

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

8

responsive to Plaintiff's request. ECF No. 112-4, 163 (Moon Dep. excerpts at 163:4-10); *see also* ICE, ERO COVID-19 Pandemic Response Requirements, at 9–14, 17 (Version 8.0, Apr. 2, 2022), https://www.ice.gov/doclib/coronavirus/eroCOVID19responseReqsCleanFacilities-v8.pdf [https://perma.cc/3JDD-AQZ8]. ICE has conducted no search at all of these records. *See* Pineiro Decl. ¶ 74.

For Part Nine, even though the ICE FOIA Office identified nine custodians likely to have responsive information, it did not instruct them to do a comprehensive search. Instead, after a single attempt to run a search resulted in technical issues, the FOIA Office gave up on further searches. Pineiro Decl. ¶ 80. And even though the ICE FOIA Office identified "Sharepoint and eClinicalWorks" as locations likely to contain responsive information, it did not instruct ICE employees to do more than a single search for information about the four people Plaintiff identified in its FOIA request. Pineiro Decl. ¶¶ 76, 80, 81.

*Evidence*: Def's SUMF ¶ 19; Pineiro Decl. ¶¶ 45, 54, 74, 76, 80, 86; ECF No. 112-4, 125, 163 (Moon Dep. excerpts at 163:4-10), 177, 208; DHS, Privacy Impact Assessment for the Significant Event Notification (SEN) System 3 n.4, Oct. 15, https://www.dhs.gov/sites/default/files/publications/privacy-pia-ice023a-senoctober2021.pdf [https://perma.cc/7EEE-A6JW]; ICE, ERO COVID-19 Pandemic Response

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

9

| | |
|---|---|
| | Requirements, at 9–14, 17 (Version 8.0, Apr. 2, 2022), https://www.ice.gov/doclib/coronavirus/eroCOVID19responseReqsCleanFacilities-v8.pdf [https://perma.cc/3JDD-AQZ8]. |
| 22. All locations likely to contain records responsive to the Request (to the extent that they exist within ICE's custody) were searched.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 18. | 22. Disputed. Several locations likely to contain records responsive to the Request were not searched at all.<br><br>For example, or Part Five, Plaintiffs have identified that ICE keeps an "SDI list" that includes cases of detainees where there is "significant coordination required to repatriate *or to release* a detainee/resident in the United States due to their medical condition," and that ICE holds regular "SDI meeting[s]" about these people. ECF No. 112-4, 125 (emphasis added). Records regarding SDI meetings and list are responsive, but ICE has conducted no search at all for these records. *See* Pineiro Decl. ¶ 47.<br><br>For Parts Six and Seven, ICE's FOIA Office undisputedly determined that JIOC was "likely to have responsive records (if such records existed)." Def's SUMF ¶ 19. Statements by DHS confirm that JIOC has responsive "significant event reports." DHS, Privacy Impact Assessment for the Significant Event Notification (SEN) System 3 n.4, Oct. 15, https://www.dhs.gov/sites/default/files/publications/privacy-pia-ice023a-senoctober2021.pdf [https://perma.cc/7EEE-A6JW]. ICE has conducted no search at all of JIOC. *See* Pineiro Decl. ¶ 54.<br><br>For Part Eight, Plaintiff has provided |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

10

| | |
|---|---|
| | concrete evidence indicating that ICE's *Fraihat* records are, according to an ICE employee, "the only place" where ICE was capturing the COVID hospitalization data that would be responsive to Plaintiff's request. ECF No. 112-4, 163 (Moon Dep. excerpts at 163:4-10); *see also* ICE, ERO COVID-19 Pandemic Response Requirements, at 9–14, 17 (Version 8.0, Apr. 2, 2022), https://www.ice.gov/doclib/coronavirus/eroCOVID19responseReqsCleanFacilities-v8.pdf [https://perma.cc/3JDD-AQZ8]. ICE has conducted no search at all of these records. Pineiro Decl., ¶ 74.<br><br>Additionally, there were several locations where ICE conducted a cursory search but did not search adequately. *See* Pl's Resp. to Def's SUMF ¶ 21.<br><br>*Evidence*: Def's SUMF ¶ 19; Pineiro Decl., ¶¶ 45, 54, 74; ECF No. 112-4 at 125, 163 (Moon Dep. excerpts at 163:4-10); DHS, Privacy Impact Assessment for the Significant Event Notification (SEN) System 3 n.4, Oct. 15, https://www.dhs.gov/sites/default/files/publications/privacy-pia-ice023a-senoctober2021.pdf [https://perma.cc/7EEE-A6JW]; ICE, ERO COVID-19 Pandemic Response Requirements, at 9–14, 17 (Version 8.0, Apr. 2, 2022), https://www.ice.gov/doclib/coronavirus/eroCOVID19responseReqsCleanFacilities-v8.pdf [https://perma.cc/3JDD-AQZ8]. |
| 23. Based on ICE's searches, a total of 53,426 pages of potentially responsive | 23. Undisputed but immaterial. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

11

| | |
|---|---|
| records were located, along with 911 pages of records referred to ICE from other departments.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 82. | |
| 24. Of those 53,426 pages, 21,153 pages and an Excel spreadsheet were determined to be responsive and produced to the Plaintiff.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 82. | 24. Undisputed but immaterial. |

Respectfully submitted this April 9, 2025.

*/s/ Laboni Hoq*

| | |
|---|---|
| LABONI A. HOQ (SBN 224140)<br>laboni@hoqlaw.com<br>HOQ LAW APC<br>P.O. Box 753<br>South Pasadena, California 91030<br>Telephone: (213) 973-9004 | EUNICE CHO (pro hac vice)<br>echo@aclu.org<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>NATIONAL PRISON PROJECT<br>915 Fifteenth Street NW, 7th Floor<br>Washington, DC 20005<br>Telephone: (202) 548-6616 |
| EVA BITRAN (SBN 302081)<br>ebitran@aclusocal.org<br>ACLU FOUNDATION OF SOUTHERN CALIFORNIA<br>1313 West Eighth Street<br>Los Angeles, California 90017<br>Telephone: (213) 977-9500<br>Facsimile: (213) 915-0219 | KYLE VIRGIEN (SBN 278747)<br>kvirgien@aclu.org<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>NATIONAL PRISON PROJECT<br>425 California St., Suite 700<br>San Francisco, CA 94104<br>Telephone: (202) 393-4930<br><br>*Attorneys for Plaintiff* |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

12