LABONI A. HOQ (SBN 224140)
laboni@hoqlaw.com
HOQ LAW APC
P.O. Box 753
South Pasadena, California 91030
Telephone: (213) 973-9004

EVA BITRAN (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, California 90017
Telephone: (213) 977-9500
Facsimile: (213) 915-0219

Attorneys for Plaintiff
*(additional counsel information on next page)*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION of Southern California,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>*Defendants*. | Case No. 2:22-CV-04760-SHK<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 112]**<br><br>Honorable Shashi H. Kewalramani<br>United States Magistrate Judge |

EUNICE CHO (*pro hac vice*)
*echo@aclu.org*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Telephone: (202) 548-6616

KYLE VIRGIEN (SBN 278747)
*kvirgien@aclu.org*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
425 California St., Suite 700
San Francisco, CA 94104
Telephone: (202) 393-4930

*Attorneys for Plaintiff*

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
Plaintiff's Response to Statement of Genuine Disputes of Material Fact

**PLAINTIFF'S RESPONSE TO DEFENDANT U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendant's Response to Cited Fact and Supporting Evidence |
|---|---|
| 1. Plaintiff submitted its FOIA request ("Request") to Defendant ICE on April 29, 2022, seeking information about ICE's practice of deathbed releases of immigration detainees.<br><br>*Evidence*: ECF No. 1-1 (FOIA Request). | 1. Undisputed that the Request is dated April 29, 2022. Disputed that it was submitted on the same date.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 4. |
| 1. Plaintiff's Response<br><br>ICE contends that Plaintiff submitted its Request on May 2, 2022, rather than April 29, 2022. ICE is wrong. ECF No. 1-1 (FOIA Request dated April 29, 2022); ECF No. 24-1 at 14 (transmittal email dated April 29, 2022). However, the difference between April 29, 2022 and May 2, 2022 is immaterial because Defendants' brief does not include any defense that Plaintiff did not allow sufficient time to elapse between submitting its request and filing its complaint. ||
| 2. In a March 4, 2021 email, ICE's Field Operations Division directed the "LOS" Field Office "to begin the necessary paperwork for a death notification in the event of [Mr. Vargas's] demise."<br><br>*Evidence*: Email chain dated Mar. 4, 2021, Ex. V, Cho Decl. at Bates 13390. | 2. Undisputed but immaterial. |
| 2. Plaintiff's Response<br><br>Contrary to ICE's position, this fact is material. This fact shows that ICE's Field Operations Division at its D.C. headquarters has responsive information that was not searched. *See* Plaintiff's Reply in Support of Motion for Summary Judgment and Opposition to Defendants' Cross-Motion ("Plf.'s Reply"), filed herewith, 3-4.[1] ||

---

[1] Citations of Plf.'s Reply in this document are to the document page number. Otherwise, citations are to the ECF page number.

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11 | 3. The Department of Homeland Security Office of Civil Rights and Civil Liberties (CRCL) issued a memorandum to 13 named ICE staff related to an investigation it had conducted at the Adelanto ICE Processing Center including into a complaint regarding ICE's release of Mr. Vargas Arellano, requesting: "ICE provide a response to CRCL 60 days whether it concur or non-concur with these recommendations. If ICE concurs, please include an action plan."<br><br>*Evidence*: Memorandum from Dana Salvano-Dunn, Ex. W, Cho Decl. at 1, 8–10. | 3. Undisputed but immaterial. |
| 12<br>13<br>14<br>15<br>16 | 3. Plaintiff's Response<br><br>Contrary to ICE's position, this fact is material. This fact shows that Corey Price likely has responsive documents, including those CRCL shared with Mr. Price and others at ICE regarding its investigation, including CRCL expert recommendations, and the response that CRCL was requesting of ICE, making ICE's decision not to search Mr. Price's records unreasonable. *See* Plf.'s Reply 4-5. | |
| 17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25 | 4. According to ICE ERO Directive No. 11853.3, *Significant Detainee Illness* (SDI Directive), ICE maintains an "SDI list" that includes cases of detainees where there is "significant coordination required to repatriate or to release a detainee/resident in the United States due to their medical condition."<br><br>*Evidence*: Exhibit A to Pl.'s Jun. 26, 2023 Letter, ICE, ICE ERO Directive No. 11853.3, *Significant Detainee Illness*, Dec. 1, 2015, Ex. P, Cho Decl. at Bates No. 2047. | 4. Undisputed but immaterial. |
| 26<br>27<br>28 | 4. Plaintiff's Response<br><br>Contrary to ICE's position, this fact is material. This fact shows that the SDI list— | |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

2

| | |
|---|---|
| and discussions related to it—are highly likely to identify detainees released from custody while hospitalized, making ICE's refusal to search the SDI list and related communications unreasonable. *See* Plf.'s Reply 6-8. | |
| 5. The SDI Directive describes a "SDI meeting" as "a collaborative effort involving IHSC, ERO Field Operations, and the Office of the Principal Legal Advisor (OPLA)." <br><br> *Evidence*: Exhibit A to Pl.'s Jun. 26, 2023 Letter, ICE, ICE ERO Directive No. 11853.3, *Significant Detainee Illness*, Dec. 1, 2015, Ex. P, Cho Decl., at Bates No. 2047. | 5. Undisputed but immaterial. |
| 5. Plaintiff's Response <br><br> Contrary to ICE's position, this fact is material. This fact demonstrates that ICE holds meetings to discuss the SDI list. This indicates that responsive communications about these detainees exist, and it also shows that people in these SDI meetings are appropriate custodians. ICE's refusal to search these custodians or search for communications and notes related to these meetings is unreasonable. *See* PLF.'s Reply 6-8. | |
| 6. The Department of Homeland Security has described ICE's Joint Intelligence Operations Center (JIOC) as "a round-the-clock facility that monitors significant event reports from ICE personnel, distributes information as appropriate throughout ICE, and briefs ICE leadership on important past and prospective events." <br><br> *Evidence*: DHS, *Privacy Impact Assessment for the Significant Event Notification (SEN) System* 2 n.4, Oct. 15, 2021, https://www.dhs.gov/sites/default/files/publications/privacy-pia-ice023a-sen-october2021.pdf [https://perma.cc/7EEE- | 6. Undisputed but immaterial. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

3

| | | |
|---|---|---|
| 1 | A6JW]. | |
| 2 | 6. Plaintiff's Response | |
| 3-5 | Contrary to ICE's position, this fact is material. It shows that JIOC has centralized monitoring and distribution responsibilities that make it an effective location to search for the information it collects and that make ICE's failure to search it unreasonable. *See* Plf.'s Reply 8-10. | |
| 6-16 | 7. The Department of Homeland Security has described ICE JIOC's involvement with Significant Event Reports (SIRS). It has stated that JIOC "analyzes the SIRS and sends summaries of them to the appropriate . . . field offices."<br><br>*Evidence*: DHS, *Privacy Impact Assessment for the Significant Event Notification (SEN) System* 1-2, Oct. 15, 2021, https://www.dhs.gov/sites/default/files/publications/privacy-pia-ice023a-sen-october2021.pdf [https://perma.cc/7EEE-A6JW]. | 7. Undisputed but immaterial. |
| 17-19 | 7. Plaintiff's Response<br><br>Contrary to ICE's position, this fact is material. It demonstrates that JIOC has SIRS and summaries of them, making ICE's failure to search JIOC unreasonable. *See* Plf.'s Reply 8-10. | |
| 20-28 | 8. As of April 2, 2022, ICE's Pandemic Response Requirements required facilities to "[e]valuate all new admissions within five days of entering ICE custody to determine whether the detainees fall within . . . the subclasses certified in *Fraihat*," to enter data into ICE's "*Fraihat* Compliance System platform," and, when someone at risk for COVID complications tested positive for COVID, complete their documentation "on the latest version of the IHSC *Fraihat* | 8. Undisputed but immaterial. |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | | |
|---|---|---|
| 1 | Compliance System spreadsheet." | |
| 2 | *Evidence*: ICE, ERO COVID-19 Pandemic Response Requirements, at 9–14, 17 (Version 8.0, Apr. 2, 2022), https://www.ice.gov/doclib/coronavirus/eroCOVID19responseReqsCleanFacilities-v8.pdf [https://perma.cc/3JDD-AQZ8]. | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | 8. Plaintiff's Response | |
| 7 | Contrary to ICE's position, this fact is material. It shows that ICE used its *Fraihat* compliance system to track information related to COVID hospitalizations, making its refusal to search its *Fraihat* records unreasonable. *See* Plf.'s Reply 10-12. | |
| 8 | | |
| 9 | | |
| 10 | 9. As an ICE employee testified in a 2021 deposition, The "only place where [ICE was] actually capturing [COVID] hospitalization [data] is on the *Fraihat* [spreadsheets]." | 9. Undisputed but immaterial. |
| 11 | | |
| 12 | | |
| 13 | *Evidence*: Pl.'s May 19, 2023 Letter, Excerpts of Deposition of Jennifer Moon, 163:4-10, Ex. T, Cho Decl. at 11. | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | 9. Plaintiff's Response | |
| 18 | Contrary to ICE's position, this fact is material. This fact shows that ICE's *Fraihat* records were "the only place" where it captured the COVID hospitalization data responsive to Plaintiff's request, making its refusal to search these records unreasonable. *See* Plf.'s Reply 10-12. | |
| 19 | | |
| 20 | | |
| 21 | 10. As of November 2, 2023, "[i]ndividuals at ICE who are subject matter experts on the information requested [in Part 9 of Plaintiff's FOIA request] believe[d] that the custodians most likely to possess responsive records [we]re the Regional Field Medical Coordinators and the Regional Health Service Administrators within IHSC." There were nine such people. | 10. Undisputed but immaterial. |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | *Evidence*: Defs.' Nov. 2, 2023 Letter, Ex. | |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

5

| | |
|---|---|
| K, Cho Decl. at 5–6. | |
| **10. Plaintiff's Response** | |
| Contrary to ICE's position, this fact is material. This fact shows there were nine custodians that ICE deemed likely to possess responsive records, making ICE's failure to search these nine people unreasonable. *See* Plf.'s Reply 13. | |
| 11. As of November 2, 2023, ICE had proposed to search for documents responsive to Part 9 of Plaintiff's FOIA request by searching IHSC's Regional Field Medical Coordinators' and Regional Health Service Administrators' records using the following search:<br><br>(bill! OR invoice! OR charges OR payment OR benefits) AND (discharge OR transfer OR custody OR release OR Medicare OR PRUCOL OR "Martin Vargas Arellano" OR "Teka Gulema" OR "Jose Ibarra Bucio" OR "Johana Medina Leon" OR "Jonathan Alberto Medina Leon")<br><br>*Evidence*: Defs.' Nov. 2, 2023 Letter, Ex. K, Cho Decl. at 5–6. | 11. Disputed. Plaintiff misstates the search and omits the Boolean connectors.<br><br>*Evidence*: Defs.' Nov. 2, 2023 Letter, Ex. K, Cho Decl. at 5–6. |

**11. Plaintiff's Response**

ICE leaves this fact undisputed in relevant part. Specifically, ICE does not dispute that ICE had proposed to search for documents responsive to Part 9 of Plaintiff's FOIA request by searching IHSC's Regional Field Medical Coordinators' and Regional Health Service Administrators' records using a particular search.

ICE does dispute a fact that does not matter to the parties' cross-motions: exactly what search ICE had proposed to conduct. The Court need not reach this dispute, but Plaintiff addresses it for the sake of completeness. The search Plaintiff quotes above is copied essentially verbatim from a letter ICE sent. ECF No. 112-4 at 75. The only modifications are for clarity (to consistently use "OR" connectors when the letter mixed "OR" connectors and semicolons, to consistently capitalize connectors, and to use quotation marks when names are used as terms to make clear that these searches would be for full names). Plaintiff did not misstate this search.

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

6

| | |
|---|---|
| ICE claims that Plaintiff "omits the Boolean connectors" (i.e., the terms AND and OR)[2] from this search. That is wrong. Plaintiff included the terms AND and OR in its quotation of ICE's letter. | |
| 12. As of November 9, 2023, the parties were in agreement that ICE would search for documents responsive to Part 9 of Plaintiff's FOIA request by searching IHSC's Regional Field Medical Coordinators' and Regional Health Service Administrators' records using the following search:<br><br>   (bill! OR invoice! OR charges OR payment OR benefits) AND (discharge OR transfer OR custody OR release OR Medicare OR PRUCOL OR "Martin Vargas Arellano" OR "Teka Gulema" OR "Jose Ibarra Bucio" OR "Johana Medina Leon" OR "Jonathan Alberto Medina Leon")<br><br>The Court cited this agreement in a December 8, 2023 order, and Plaintiff cited it in a March 1, 2024 status report.<br><br>*Evidence*: Defs.' Nov. 2, 2023 Letter, Ex. K, Cho Decl. at 5–6; Pl.'s Nov. 9, 2023 Letter, Ex. J, Cho Decl. at 5; ECF No. 62 at 11; ECF No. 70 at 12. | 12. Disputed. Plaintiff misstates the search and omits the Boolean connectors.<br><br>*Evidence*: Defs.' Nov. 2, 2023 Letter, Ex. K, Cho Decl. at 5–6. |
| 12. Plaintiff's Response<br><br>ICE leaves this fact undisputed in relevant part. Specifically, ICE does not dispute that the parties were in agreement that ICE would search for documents responsive to Part 9 of Plaintiff's FOIA request by searching IHSC's Regional Field Medical Coordinators' and Regional Health Service Administrators' records using a specific search. ICE also does not dispute that the Court cited this agreement in a | |

---

[2] *See* MIT Libraries, *Database Search Tips: Boolean operators* (accessed Apr. 1, 2025), https://libguides.mit.edu/c.php?g=175963&p=1158594 [https://perma.cc/6L6M-94L3].

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

7

| | |
|---|---|
| December 8, 2023 order, and Plaintiff cited it in a March 1, 2024 status report. ICE's disputes the same fact addressed above for Fact 11. Again, this fact does not matter for the parties' motions for summary judgment, and ICE's dispute is based on an incorrect understanding of the facts. | |
| 13. ICE has never searched IHSC's Regional Field Medical Coordinators' and Regional Health Service Administrators' records using the following search:<br><br>(bill! OR invoice! OR charges OR payment OR benefits) AND (discharge OR transfer OR custody OR release OR Medicare OR PRUCOL OR "Martin Vargas Arellano" OR "Teka Gulema" OR "Jose Ibarra Bucio" OR "Johana Medina Leon" OR "Jonathan Alberto Medina Leon")<br><br>*Evidence*: Search Summary, Ex. A, Cho. Decl. at 11. | Disputed.<br><br>The concurrently filed Declaration of Fernando Pineiro explains ICE's search for records responsive to Part 9 of the Request and why ICE is unable to conduct searches without having specific names to search for. See Pineiro Decl., ¶¶ 75-81. |
| 13. Plaintiff's Response<br><br>ICE fails to identify any factual dispute. Plaintiff's fact states that ICE did not conduct a particular search, so to dispute this fact, ICE would need to demonstrate that it did in fact run this search. ICE claims to dispute this fact, but the declaration it cites does not state that ICE ran this search. *See* Pineiro Decl., ECF No. 113-1, ¶¶ 75-81. To the contrary, ICE's declaration confirms that ICE did not run this search, stating that, in the view of ICE's declarant, the search would have been impossible to run without specific names. *Id.* at ¶ 80. | |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

8

Respectfully submitted this April 9, 2025.

*/s/ Laboni Hoq*

| | |
|---|---|
| LABONI A. HOQ (SBN 224140)<br>laboni@hoqlaw.com<br>HOQ LAW APC<br>P.O. Box 753<br>South Pasadena, California 91030<br>Telephone: (213) 973-9004 | EUNICE CHO (pro hac vice)<br>echo@aclu.org<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>NATIONAL PRISON PROJECT<br>915 Fifteenth Street NW, 7th Floor<br>Washington, DC 20005<br>Telephone: (202) 548-6616 |
| EVA BITRAN (SBN 302081)<br>ebitran@aclusocal.org<br>ACLU FOUNDATION OF SOUTHERN CALIFORNIA<br>1313 West Eighth Street<br>Los Angeles, California 90017<br>Telephone: (213) 977-9500<br>Facsimile: (213) 915-0219 | KYLE VIRGIEN (SBN 278747)<br>kvirgien@aclu.org<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>NATIONAL PRISON PROJECT<br>425 California St., Suite 700<br>San Francisco, CA 94104<br>Telephone: (202) 393-4930<br><br>*Attorneys for Plaintiff* |

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
PLAINTIFF'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

9