BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JOSEPH W. TURSI (Cal. Bar No. 300063)
JASON K. AXE (Cal, Bar No. 187101)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3989 | 8790
    Facsimile: (213) 894-7819
    E-mail: Joseph.Tursi@usdoj.gov
          Jason.Axe@usdoj.gov

Attorneys for Defendant U.S. Immigration and Customs Enforcement

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>    Defendants. | No. 2:22-cv-04760-SHK<br><br>**DEFENDANT U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**<br><br><br>Honorable Shashi H. Kewalramani<br>United States Magistrate Judge |

Pursuant to Local Rule 56-4, Defendant ICE submits this Response to Statement of Genuine Disputes of Material Fact.

| No. | MOVING PARTY'S UNCONTROVERTED FACT & SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| 1 | Plaintiff's FOIA Request sought "any and all records that were prepared, received, transmitted, collected, and/or maintained by ICE or DHS that describe, refer, or relate to the release of hospitalized detainees from custody before their death; any records related to release of individual detainees once hospitalized; and any records related to the death of such detainees after their release from custody, including any communications or investigations" dating from January 1, 2016.<br><br>*Evidence*: Dkt. 24 (First Amended Complaint), ¶ 35 & Ex. A thereto (Dkt. 24-1 at 2-14) | 1. Disputed. Plaintiff's request contains the quoted language, but the specific records sought are spelled out in significant detail, which is not included in this fact. ECF No. 1-1 (Plaintiff's FOIA Request), 5-7. Additionally, Plaintiff's request seeks documents "from January 1, 2016 to the present," "[u]nless otherwise noted." *Id.* at 4. Only Parts 2-9 of Plaintiff's request are limited to this date range. Part 1 is not. Part 1 specifies that the request is made "without limitation to date." *Id.* at 5.<br><br>*Evidence*: ECF No. 1-1, 4-7. |
| | 1. Moving Party's Response<br><br>The above represented a summary of the FOIA Request, not the entirety of the nine-subparts. Indeed, ICE cited to the entire FOIA request itself. In any event this fact is not dispositive to the Court's resolution of the pending motions. | |
| 2 | ICE received the FOIA Request on May 2, 2022.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 4 | 2. Disputed. Plaintiff sent this request by email on April 29, 2022. |

1

| | | |
|---|---|---|
| | | *Evidence*: ECF No. 24-1 (Email from Michael Kaufman), 14. |
| | **2. Moving Party's Response**<br><br>Plaintiff does not dispute this fact, which identifies the date ICE received the FOIA request, not the date Plaintiff submitted it.<br>*See* L.R. 56-4 ("…the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the Statement of Genuine Disputes and (b) **controverted by declaration or other written evidence** filed in opposition to the motion.") (emphasis added).<br><br>In any event this fact is not dispositive to the Court's resolution of the pending motions. | |
| 3 | On May 16, 2022, the ICE FOIA Office sent Plaintiff a letter acknowledging receipt of the FOIA request. It was assigned tracking number 2022-ICFO-16321.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 5 | 3. Undisputed but immaterial. |
| 4 | When the ICE FOIA Office receives a FOIA request, the intake staff evaluates it to determine if it is a proper FOIA request per DHS FOIA regulation 6 C.F.R. § 5.3. Generally, a FOIA request is considered proper and in compliance with DHS regulations if it reasonably describes the records sought and the records are under the purview of ICE.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 9 | 4. Undisputed but immaterial. |
| 5 | Proper FOIA requests are entered into a database known as Secure Release and assigned a case tracking number. Based upon the requestor's | 5. Undisputed but immaterial. |

2

| | | |
|---|---|---|
| | description of the records being sought and ICE FOIA's knowledge of the various program offices' missions, the ICE FOIA Office identifies the program office(s) likely to possess responsive records and tasks the appropriate program office(s) to conduct the necessary searches.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 10 | |
| 6 | ICE records are maintained by leadership offices and/or within ICE directorates, including but not limited to, the Office of Public Affairs (OPA), the Office of Enforcement and Removal Operations (ERO), the Office of Professional Responsibility (OPR) and the ICE FOIA Office. The program offices are typically staffed with a designated point of contact (POC) who is the primary person responsible for communications between that program office and the ICE FOIA Office. Each POC is a person with detailed knowledge about the operations of his/her respective program office.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 11 | 6. Undisputed but immaterial. |
| 7 | Upon receipt of a proper FOIA request, the ICE FOIA Office will identify which program offices, based upon their experience and knowledge of ICE's program offices, within ICE are reasonably likely to possess records responsive to that request, if any, and task the relevant program offices with searches.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 12 | 7. Plaintiff understands this fact to set out the process by which ICE intends to respond to FOIA requests and not to state that ICE has carried out this process accurately in this case. On that understanding, undisputed but immaterial. |
| 8 | Once the ICE FOIA Office determines the appropriate program offices for a given request, it provides the POCs within each of those program offices with a copy of the FOIA request and instructs them to conduct a search for responsive records. The POCs then review the FOIA request, along with any case-specific instructions that may | 8. Plaintiff understands this fact to set out the process by which ICE intends to respond to FOIA requests and not to state that ICE has carried out this process accurately in this case. On |

3

|   |   |   |
|---|---|---|
|   | have been provided and, based on their experience and knowledge of their program office practices and activities, forward the request and instructions to the individual employee(s) or component office(s) within the program office that they believe are reasonably likely to have responsive records, if any.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 12 | that understanding, undisputed but immaterial. |
| 9 | In conformity with the ICE FOIA Office's instructions, the individuals and component offices are directed to conduct searches of their file systems, including both paper files and electronic files, which in their judgment, based on their knowledge of the manner in which they routinely keep records, would most likely be the files to contain responsive documents.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 12 | 9. Plaintiff understands this fact to set out the process by which ICE intends to respond to FOIA requests and not to state that ICE has carried out this process accurately in this case. On that understanding, undisputed but immaterial. |
| 10 | Once those searches are completed, the individuals and component offices provide any potentially responsive records to their program office's POC, who in turn, provides the records to the ICE FOIA Office. The ICE FOIA Office then reviews the collected records for responsiveness and the application of appropriate FOIA Exemptions.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 12 | 10. Plaintiff understands this fact to set out the process by which ICE intends to respond to FOIA requests and not to state that ICE has carried out this process accurately in this case. On that understanding, undisputed but immaterial. |
| 11 | ICE employees maintain records in several ways. ICE program offices use various systems to maintain records, such as investigative files, records regarding the operation of ICE programs, and administrative records. | 11. Undisputed but immaterial. |

| | | | |
|---|---|---|---|
| | | *Evidence*: Declaration of Fernando Pineiro, ¶ 13 | |
| | 12 | ICE employees may store electronic records on their individual computer hard drives or their program office's shared drive (if the office uses one).<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 13 | 12. Undisputed but immaterial. |
| | 13 | The determination of whether or not these electronic locations must be searched in response to a particular FOIA tasking, as well as how to conduct any necessary searches, is necessarily based on the manner in which the employee maintains his/her files.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 13 | 13. Undisputed but immaterial. |
| | 14 | Additionally, all ICE employees have access to e-mail. ICE uses the Microsoft Outlook e-mail system. Each ICE employee stores his/her files in the way that works best for that particular employee. ICE employees use various methods to store their Microsoft Outlook e-mail files - some archive their files monthly, without separating by subject; others archive their e-mail by topic or by program; still others may create PST files of their emails and store them on their hard drive or shared drive.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 14 | 14. Undisputed but immaterial. |
| | 15 | Each ICE employee stores his/her files in the way that works best for that particular employee. ICE employees use various methods to store their Microsoft Outlook e-mail files - some archive their files monthly, without separating by subject; others archive their e-mail by topic or by program; still others may create PST files of their emails and store them on their hard drive or shared drive.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 14 | 15. Undisputed but immaterial. |
| | 16 | Records received by the ICE FOIA Office from the program office POCs are assigned to a FOIA processor who determines whether or not the | 16. Plaintiff understands this fact to set out the process by which ICE |

| | | |
|---|---|---|
| | records are responsive to the FOIA request. If the records are responsive, the FOIA processor will redact information pursuant to the FOIA or Privacy Act, as appropriate, while simultaneously ensuring that all reasonably segregated non-exempt information is released.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 15 | intends to respond to FOIA requests and not to state that ICE has carried out this process accurately in this case. On that understanding, undisputed but immaterial. |
| 17 | Frequently, the ICE FOIA Office must coordinate between multiple program offices to ensure the program office records are properly redacted and information is correctly segregated.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 16 | 17. Plaintiff understands this fact to set out the process by which ICE intends to respond to FOIA requests and not to state that ICE has carried out this process accurately in this case. On that understanding, undisputed but immaterial. |
| 18 | Once the ICE FOIA Office completes its coordination efforts and all responsive records have been processed, the ICE FOIA Office releases the responsive records to the requestor.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 16 | 18. Plaintiff understands this fact to set out the process by which ICE intends to respond to FOIA requests and not to state that ICE has carried out this process accurately in this case. On that understanding, undisputed but immaterial. |
| 19 | After reviewing the Request, and based on the information sought in the Request, the experience and knowledge of ICE's practices and activities and discussions with the Plaintiff, the ICE FOIA Office determined that because of the subject matter of the Request, OPR, various subcomponents of ERO, the Office of Regulatory Affairs and Policy (ORAP), and Homeland Security Investigations Joint Intelligence Operations Center (JIOC) were the program offices likely to have responsive records (if such | 19. Undisputed but immaterial. |

| | | |
|---|---|---|
| | records existed).<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 18 | |
| | 19. Moving Party's Response<br><br>This fact is material to the Court's determination of whether ICE has met its burden under the FOIA with respect to the sufficiency of its search for records responsive to Plaintiff's FOIA Request. The above fact demonstrates that ICE conferred with Plaintiff directly, on multiple occasions, over the locations to be searched and search terms used.<br><br>Plaintiff offers no evidence to rebut this. *See* L.R. 56-4 ("…the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the Statement of Genuine Disputes and (b) **controverted by declaration or other written evidence** filed in opposition to the motion.") (emphasis added). | |
| 20 | The ICE FOIA Office also agreed to search the emails of former ICE Directors at Plaintiff's request.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 18 | 20. Undisputed but immaterial. |
| | 20. Moving Party's Response<br><br>This fact is material to the Court's determination of whether ICE has met its burden under the FOIA with respect to the sufficiency of its search for records responsive to Plaintiff's FOIA Request. The above fact demonstrates that ICE conferred with Plaintiff directly, on multiple occasions, over the locations to be searched and search terms used.<br><br>Plaintiff offers no evidence to rebut this. *See* L.R. 56-4 ("…the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the Statement of Genuine Disputes and (b) **controverted by declaration or other written evidence** filed in opposition to the motion.") (emphasis added). | |
| 21 | Based on their subject matter expertise and knowledge of the agency record systems, the ICE FOIA Office instructed these program offices to conduct a comprehensive search for records and to provide all potentially responsive records located | 21. Disputed. The ICE FOIA Office did not instruct these program offices to construct a comprehensive search. To the contrary, the |

| | |
|---|---|
| during that search to the ICE FOIA Office for review and processing.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 18 | ICE FOIA Office's instructions to these program offices contained various flaws detailed in Plaintiff's summary judgment briefing. Plaintiff sets out several examples below:<br><br>For Parts One through Three, ICE produced an email chain showing that Adelanto ICE officials agreed to prepare a death notification for Martin Vargas Arellano. ECF No. 112-4, 177. The people involved in this email chain are redacted in the produced version, but ICE is aware who was on this chain. ICE admits it has not searched all of the custodians on this chain, including the ICE headquarters staff, who likely would have been copied on missing records, including follow-up correspondence showing the referenced death notification or any discussion of why it was not completed. Additionally, CRCL has produced an email to unidentified "ICE Colleagues" explaining that CRCL was preparing a "formal expert recommendations memo" regarding Mr. Arellano's death. ECF No. 112-4, 208. |

ICE did not produce this expert recommendations memo, suggesting that it did not appropriately search the unidentified ICE employees on the email, or other locations where it likely could be found.

Both of these failures are indicative of a failure to instruct program offices to comprehensively search.

For Part Five, Plaintiffs have identified that ICE keeps an "SDI list" that includes cases of detainees where there is "significant coordination required to repatriate *or to release* a detainee/resident in the United States due to their medical condition," and that ICE holds regular "SDI meeting[s]" about these people. ECF No. 112-4, 125 (emphasis added). Records regarding the SDI list and meetings are responsive, but ICE has conducted no search at all for these records. *See* Pineiro Decl. ¶ 47.

For Parts Six and Seven, ICE's FOIA Office undisputedly determined that JIOC was "likely to have responsive records (if such records existed)."

9

| | |
|---|---|
| | Def's SUMF ¶ 19. Statements by DHS confirm that JIOC has responsive "significant event reports." DHS, Privacy Impact Assessment for the Significant Event Notification (SEN) System 3 n.4, Oct. 15, https://www.dhs.gov/sites/default/files/publications/privacy-pia-ice023a-sen-october2021.pdf [https://perma.cc/7EEE-A6JW]. ICE has conducted no search at all of JIOC. *See* Pineiro Decl. ¶ 54.<br><br>For Part Eight, Plaintiff has provided concrete evidence indicating that ICE's *Fraihat* records are, according to an ICE employee, "the only place" where ICE was capturing the COVID hospitalization data that would be responsive to Plaintiff's request. ECF No. 112-4, 163 (Moon Dep. excerpts at 163:4-10); *see also* ICE, ERO COVID-19 Pandemic Response Requirements, at 9–14, 17 (Version 8.0, Apr. 2, 2022), https://www.ice.gov/doclib/coronavirus/eroCOVID19responseReqsCleanFacilities-v8.pdf [https://perma.cc/3JDD-AQZ8]. ICE has conducted |

| | |
|---|---|
| | no search at all of these records. *See* Pineiro Decl. ¶ 74.<br>For Part Nine, even though the ICE FOIA Office identified nine custodians likely to have responsive information, it did not instruct them to do a comprehensive search. Instead, after a single attempt to run a search resulted in technical issues, the FOIA Office gave up on further searches. Pineiro Decl. ¶ 80. And even though the ICE FOIA Office identified "Sharepoint and eClinicalWorks" as locations likely to contain responsive information, it did not instruct ICE employees to do more than a single search for information about the four people Plaintiff identified in its FOIA request. Pineiro Decl. ¶¶ 76, 80, 81.<br>*Evidence*: Def's SUMF ¶ 19; Pineiro Decl. ¶¶ 45, 54, 74, 76, 80, 86; ECF No. 112-4, 125, 163 (Moon Dep. excerpts at 163:4-10), 177, 208; DHS, Privacy Impact Assessment for the Significant Event Notification (SEN) System 3 n.4, Oct. 15, https://www.dhs.gov/sites/default/files/publications/privacy-pia-ice023a- |

| | | |
|---|---|---|
| | | senoctober2021.pdf [https://perma.cc/7EEE-A6JW]; ICE, ERO COVID-19 Pandemic Response Requirements, at 9–14, 17 (Version 8.0, Apr. 2, 2022), https://www.ice.gov/doclib/coronavirus/eroCOVID19responseReqsCleanFac ilities-v8.pdf [https://perma.cc/3JDD-AQZ8]. |
| 21 | Moving Party's Response  Plaintiff provides no facts or evidence, rather than argument, to dispute Uncontroverted Fact No. 21. *See* L.R. 56-4. Moreover, it overlooks that agency declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard*, 926 F.2d at 1200. Affidavits that describe what was searched and by whom are enough to establish an adequate search. *See Lawyers' Comm.*, 534 F. Supp. 2d at 1131. | |
| 22 | All locations likely to contain records responsive to the Request (to the extent that they exist within ICE's custody) were searched.  *Evidence*: Declaration of Fernando Pineiro, ¶ 18 | Disputed. Several locations likely to contain records responsive to the Request were not searched at all.  example, or Part Five, Plaintiffs have identified that ICE keeps an "SDI list" that includes cases of detainees where there is "significant coordination required to repatriate *or to release* a detainee/resident in the United States due to their medical condition," |

and that ICE holds regular "SDI meeting[s]" about these people. ECF No. 112-4, 125 (emphasis added). Records regarding SDI meetings and list are responsive, but ICE has conducted no search at all for these records. *See* Pineiro Decl. ¶ 47.

For Parts Six and Seven, ICE's FOIA Office undisputedly determined that JIOC was "likely to have responsive records (if such records existed)." Def's SUMF ¶ 19. Statements by DHS confirm that JIOC has responsive "significant event reports." DHS, Privacy Impact Assessment for the Significant Event Notification (SEN) System 3 n.4, Oct. 15, https://www.dhs.gov/sites/default/files/publications/privacy-pia-ice023a-senoctober2021.pdf [https://perma.cc/7EEE-A6JW]. ICE has conducted no search at all of JIOC. *See* Pineiro Decl. ¶ 54.

For Part Eight, Plaintiff has provided concrete evidence indicating that ICE's *Fraihat* records are, according to an ICE employee, "the only place" where ICE was capturing the COVID hospitalization

| | |
|---|---|
| | data that would be responsive to Plaintiff's request. ECF No. 112-4, 163 (Moon Dep. excerpts at 163:4-10); *see also* ICE, ERO COVID-19 Pandemic Response Requirements, at 9–14, 17 (Version 8.0, Apr. 2, 2022), https://www.ice.gov/doclib/coronavirus/eroCOVID19responseReqsCleanFac ilities-v8.pdf [https://perma.cc/3JDD-AQZ8]. ICE has conducted no search at all of these records. Pineiro Decl., ¶ 74. Additionally, there were several locations where ICE conducted a cursory search but did not search adequately. *See* Pl's Resp. to Def's SUMF ¶ 21. *Evidence*: Def's SUMF ¶ 19; Pineiro Decl., ¶¶ 45, 54, 74; ECF No. 112-4 at 125, 163 (Moon Dep. excerpts at 163:4-10); DHS, Privacy Impact Assessment for the Significant Event Notification (SEN) System 3 n.4, Oct. 15, https://www.dhs.gov/sites/default/files/publications/privacy-pia-ice023a-senoctober2021.pdf [https://perma.cc/7EEE-A6JW]; ICE, ERO COVID-19 Pandemic Response Requirements, at 9–14, 17 (Version 8.0, Apr. 2, 2022), |

| | | |
|---|---|---|
| | | https://www.ice.gov/doclib/coronavirus/eroCOVID19responseReqsCleanFac ilities-v8.pdf [https://perma.cc/3JDD-AQZ8]. |
| | 22. Moving Party's Response<br><br>Plaintiff provides no facts or evidence, rather than argument, to dispute Uncontroverted Fact No. 22. *See* L.R. 56-4. Moreover, it overlooks that agency declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard*, 926 F.2d at 1200. Affidavits that describe what was searched and by whom are enough to establish an adequate search. *See Lawyers' Comm.*, 534 F. Supp. 2d at 1131. | |
| 23 | Based on ICE's searches, a total of 53,426 pages of potentially responsive records were located, along with 911 pages of records referred to ICE from other departments.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 82 | 23. Undisputed but immaterial. |
| 24 | Of those 53,426 pages, 21,153 pages and an Excel spreadsheet were determined to be responsive and produced to the Plaintiff.<br><br>*Evidence*: Declaration of Fernando Pineiro, ¶ 82 | 24. Undisputed but immaterial. |

Dated: April 23, 2025          Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

 /s/ *Joseph W. Tursi*
JOSEPH W. TURSI
JASON K. AXE
Assistant United States Attorneys

Attorneys for Defendant U.S. Immigration and Customs Enforcement