LABONI A. HOQ (SBN 224140)
laboni@hoqlaw.com
HOQ LAW APC
P.O. Box 753
South Pasadena, California 91030
Telephone: (213) 973-9004

EVA BITRAN (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, California 90017
Telephone: (213) 977-9500
Facsimile: (213) 915-0219

Attorneys for Plaintiff
*(additional counsel information on next page)*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.,*<br><br>*Defendants.* | Case No. 2:22-CV-04760-SHK<br><br>**JOINT STATUS REPORT RE DEFENDANT DHS-CRCL's PRODUCTION OF RECORDS PURSUANT TO COURT'S JULY 8, 2025 SUMMARY JUDGMENT ORDER (ECF NO. 87)**<br><br>Honorable Shashi H. Kewalramani<br>United States Magistrate Judge |

EUNICE CHO (*pro hac vice*)
*echo@aclu.org*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Telephone: (202) 548-6616

KYLE VIRGIEN (SBN 278747)
*kvirgien@aclu.org*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
425 California St., Suite 700
San Francisco, CA 94104
Telephone: (202) 393-4930

*Attorneys for Plaintiff*

*ACLU of Southern California v. U.S. ICE, et al.*,
Case No. 2:22-CV-04760-SHK
JOINT STATUS REPORT AND REQUEST RE: DHS CRCL SEARCH AND PRODUCTION

2

## I.      Introduction

The Parties file this Joint Status Report in advance of the May 27, 2025 Status Conference in this case to address outstanding issues regarding the status of Defendant Department of Homeland Security's ("DHS") Office of Civil Rights and Civil Liberties' ("DHS-CRCL") production of documents in response to the Court's July 8, 2024 Order (ECF Docket No. 87) in this Freedom of Information Act ("FOIA") suit.

## II.     Plaintiff's Position Regarding Status of Outstanding DHS-CRCL Production

Plaintiff requests the Court's assistance to ensure Defendant DHS's prompt compliance with the Court's July 8, 2024 Order and DHS's concomitant FOIA obligations requiring it to search for and produce responsive records from its component DHS-CRCL.

In response to the July 8 Order, Defendants informed Plaintiff that they identified a total of approximately 12,000 pages of responsive documents. Over ten months after that order, there are still 6,506 pages yet to be processed for production to Plaintiff. ECF No. 103 at 5.[1] Moreover, On February 21, 2025,[2] DHS-CRCL notified Plaintiff that it had referred for processing 334 pages to DHS' Office of Inspector General ("DHS-OIG"), 809 pages of documents to U.S. Immigration and Customs Enforcement ("ICE") and 9 pages to the DHS Privacy Office. Exhibits ("Ex.") 1 and 2 attached hereto.  Defendants have not identified whether these additional 1,152 documents referred to DHS-OIG, ICE or the DHS Privacy Office have been produced to Plaintiff, despite Plaintiff's request for an accounting of their production. Ex. 1.

---

[1] Those 6,506 pages were located through a search by the DHS Office of Chief Information Officer ("OCIO") which "conduct searches of CRCL OneDrive and email files." ECF No. 103 at 5.

[2] DHS-CRCL incorrectly dated this letter "February 21, 2024" rather than February 21, 2025, when it was sent to Plaintiff. Ex. 2.

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
JOINT STATUS REPORT RE DHS CRCL SEARCH AND PRODUCTION

Plaintiff respectfully requests the Court's assistance in assuring that these responsive documents are produced soon.

In conjunction with three Status Conferences, ECF Nos. 104, 106, 108, the Parties were undergoing a process by which to narrow those approximately 6,500 pages in order to streamline their production. ECF Nos. 104-109. However, Defendants recently notified Plaintiff that DHS-CRCL is undergoing a Reduction in Force ("RIF"). Ex. 1 attached hereto. Because the process of narrowing the remaining 6,500 pages would require active engagement by DHS-CRCL and other DHS staff, ECF No. 109 at 2-4, the best course of action under the circumstances is for the Court to order Defendants to produce the remaining approximately 6,500 pages of outstanding DHS-CRCL documents at a rate of 3,000 pages per month, as Plaintiff has proposed to Defendants. *See Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("FOIA imposes no limits on courts' equitable powers in enforcing its terms."). This production rate is consistent with the Court's prior order for Defendant ICE. *See* ECF No. 62 at 14.

Defendants have provided no response to Plaintiff's proposal. Instead, on May 7, 2025, Defendants informed Plaintiff that "DHS's Privacy Office has taken over the work of CRCL's FOIA office following the reduction in force," and that, "[b]ased on [Defendants'] current understanding, the Privacy Office does not have access to CRCL's files/systems at this time." Ex. 1. Defendants further stated that "[t]he Privacy Office is working to obtain access but is presently unable to process any FOIA requests that were being handled by CRCL before the RIF." *Id.*

Plaintiff appreciates that Defendants need some time to internally transfer their FOIA obligations within DHS. However, Defendants' failure to provide Plaintiff even an estimated time for when they will recommence processing the approximately 6,500 pages of outstanding documents is not tenable. Moreover, in light of Defendants' already lengthy delay in processing these documents, the DHS Privacy

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
JOINT STATUS REPORT RE DHS CRCL SEARCH AND PRODUCTION

2

Office should be ordered to process the outstanding documents at a rate of 3,000 pages per month. *Payne Enters*, 837 F.2d at 494 ("Unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent [such] abuses.") (citations and quotations omitted).

CRCL had previously committed to process the documents at a rate of 250 pages per month, citing its limited staffing capacity. ECF No. 101-2 at 2. While Plaintiff did not agree that this extremely low processing rate was appropriate, ECF No. 101 at 6-7, this issue of CRCL staffing capacity is now moot because CRCL staff are no longer processing the documents. Rather, now that Defendants' processing obligations have transferred to the DHS Privacy Office, Defendants should be able to comply with the increased processing rate Plaintiff request, to which ICE has been subject.

Finally, while Plaintiff had previously agreed to attempt to narrow the approximately 6,500 outstanding pages, it does not believe that approach will be more expeditious than proceeding to processing of the remaining pages without further delay. Among other things, before the notice of the DHS-CRCL RIF, Defendants explained the limited capacity to tailor searches and provide hit counts. ECF No. 109 at 2-4. Even if the DHS Privacy Office has a more efficient means of doing so, the iterative process by which the Parties would need to engage in to do so would likely not serve the primary goal of expeditious production of responsive documents to Plaintiff.

For the foregoing reasons, Plaintiff asks that the Court order Defendants to commence processing of the remaining approximately 6,500 pages of DHS-CRCL documents at a rate of 3,000 pages per month.  Plaintiff also asks that the Court order Defendants to begin processing these documents no later than June 1, 2025, absent verified good cause showing why they cannot do so, and an alternative commencement date that is reasonable under the verified circumstances.

*ACLU of Southern California v. U.S. ICE, et al*., Case No. 2:22-CV-04760-SHK
JOINT STATUS REPORT RE DHS CRCL SEARCH AND PRODUCTION

3

III.    **Defendant's Position**

A. **Plaintiff's Attempt to Again Seek Affirmative Relief Via A Status Conference Is Procedurally Improper.**

As an initial observation, Plaintiff again seeks affirmative relief through a status conference. There is no mechanism for Plaintiff to seek and receive affirmative relief through this expedited process. Rather, to the extent Plaintiff believes that judicial relief is necessary, the proper mechanism is through a noticed motion or application pursuant to the Federal Rules of Civil Procedure and the Court's Local Rules. Indeed, this is not the first time Defendant has raised this concern. *See* Dkt. 103 at 2 ("Indeed, no civil litigant would ever bother with filing motions or applications if Plaintiff's procedural shortcut to judicial relief were permitted. Nor does Plaintiff even attempt to explain why it cannot bring a properly noticed motion to raise whatever concerns it may have so that the Court and Defendants have the benefit of full briefing on the issues.").

Relatedly, Defendant notes that the Court's May 9, 2025 Order styled as "Motion re: Informal Discovery Dispute" states that "each party has submitted their respective positions and the issue will be adjudicated in accordance with the Magistrate Judge's procedures." *See* Dkt. 120 at 1. However, the May 27, 2025 Status Conference was scheduled to discuss the status of DHS CRCL's processing and production of records in response to Plaintiff's FOIA Request, and is not an informal discovery dispute nor has either party requested such.

B. **Relevant Background Related to CRCL's Processing of Plaintiff's FOIA Request And Its Completion of the CMS Records.**

In its July 8, 2024 Order, the Court ordered the parties "to meet and confer within 21 days … regarding Defendant DHS OIG's search for documents related to the NQRP Letter regarding Vargas Arellano's death and the Privacy Office's referral of the Plaintiff's Request to CRCL[.]" *See* Dkt. 87 at 36. (cleaned up).

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
JOINT STATUS REPORT RE DHS CRCL SEARCH AND PRODUCTION

4

Pursuant to the Court's order, the parties met and conferred at the end of July. *See* Dkt. 92 at 3. In its November 13, 2024 Response to Plaintiff's Status Report and Request for Case Management Conference (Dkt. 103), DHS confirmed that it had referred Plaintiff's FOIA request to the DHS Office of Civil Rights and Civil Liberties ("CRCL"), Dkt. 103 at 3, and provided the Court with a full update concerning CRCL's efforts to search for and produce records in response to the FOIA request. *Id.* at 3-5. Thereafter, on November 22, 2024, DHS provided a supplemental response (Dkt. 105), in which it addressed, as relevant here, CRCL FOIA's Processing & Technical Capabilities, the Search of CRCL Complaint Management System ("CMS") Files, and Office of Chief Information Officer ("OCIO") Searches. Dkt. 105 at 2-5. On January 21, 2025, DHS provided a second supplemental response as directed. *See* Dkt. 109.

On October 18, 2024, CRCL explained that its search of its CMS complaint database returned 577 documents, which equaled approximately 5,649 pages. *See* Dkt. 103-3 at 1. Its search of OCIO email and OneDrive records returned 427 documents equaling about 6,506 pages. *Id.* These figures represented a de-duplicated and threaded count. *Id.*

Plaintiff requested that CRCL process and produce CMS case records first, which it agreed to do. *See* Dkt. 103-2 at 1. CRCL thus made its first production on November 1, 2024. *See* Dkt. 103 at 4. Thereafter, on February 21, 2025, CRCL finished processing and producing all CMS records. This leaves the OCIO records left for processing and production, which equals about 6,506 pages. *See* Dkt. 103-3 at 1.

**C. The Reduction in Force & DHS Privacy's Office Future Handling of CRCL FOIA's Work.**

In February 2025, DHS's Chief Privacy Officer and Chief FOIA Officer issued guidance notifying DHS Headquarters that in order to streamline FOIA

*ACLU of Southern California v. U.S. ICE, et al*., Case No. 2:22-CV-04760-SHK
JOINT STATUS REPORT RE DHS CRCL SEARCH AND PRODUCTION

5

activities, DHS-FOIA would assume responsibility for all FOIA work that was being handled by components located at DHS-HQ. *See* Declaration of Catrina M. Pavlik-Keenan (Exhibit 3 hereto), ¶ 5.  DHS-FOIA would serve as the only FOIA office for DHS-HQ. *Id.*  Accordingly, the management and operations for CRCL-FOIA would have been scheduled to be transferred to DHS-FOIA by March 31, 2025. *Id.*  Shortly thereafter, CRCL-FOIA began to migrate its FOIA operations to DHS-FOIA. *Id.*  Additionally, CRCL-FOIA provided two full time employees to facilitate the migration process by processing CRCL-FOIA requests and working with DHS-FOIA to combine the two offices. *Id.*

On March 21, 2025, CRCL employees, including those working in CRCL-FOIA were notified that they were subject to a reduction in force and being placed on administrative leave until their final date of employment of May 23, 2025. *Id.*, ¶ 6. Defendant also advised Plaintiff of the reduction in force on March 24, 2025. *See* Exhibit 1 at 2.

Due to the fact that the majority of all CRCL employees were placed on administrative leave, DHS-HQ has experienced significant challenges with completing FOIA tasks, including identifying appropriate custodians, conducting searches, identifying and retrieving responsive records, and ensuring timely productions. Pavlik-Keenan Decl., ¶ 6. Furthermore, DHS-FOIA had not completed the HQ-FOIA realignment process before these CRCL employees had been notified of CRCL's realignment, and therefore experienced additional system access and file location issues related to CRCL-FOIA's work. *Id.* With respect to CRCL, the Department is beginning to staff the office consistent with plans for executing statutory functions. *Id.* However, the management and operations for CRCL-FOIA will remain with DHS-FOIA. *Id.*

### D. DHS-FOIA Anticipates Being Able to Provide Additional Information Concerning the OCIO Records By June 6, 2025.

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
JOINT STATUS REPORT RE DHS CRCL SEARCH AND PRODUCTION

At present, due to the realignment of CRCL-FOIA, DHS-FOIA is attempting to gain access to the OCIO records to certify that the Department can still process this record set. Pavlik-Keenan Decl., ¶ 7.

If DHS-FOIA can gain access to these HQ OCIO search results identified above, Defendant will notify the Plaintiff and request additional search terms to narrow the HQ OCIO record set. *Id.*, ¶ 8.[3] Defendant alternatively will notify Plaintiff if it cannot gain access to these records and will plan to re-do the search. *Id.* DHS-FOIA anticipates that it can notify the Plaintiff within two weeks from the date of this filing – by June 6, 2025 – on whether it can rely on the original HQ OCIO search or if it needs to re-do the search. *Id.* Once DHS-FOIA has identified the final record set to process, it can notify the Plaintiff of the DHS-FOIA's requested processing rate and attempt to negotiate if Plaintiff challenges that processing rate and processing schedule. *Id.*

In light of the foregoing, Defendant thus respectfully requests that the Court not issue any order with respect to the processing of the OCIO records by DHS-FOIA until after DHS-FOIA has been able to determine whether it can rely on the original HQ OCIO search or if it must re-do the search and has had the opportunity to confer with Plaintiff.

---

[3]     Indeed, Plaintiff previously agreed to work with DHS to narrow the OCIO records. *See supra* ("Plaintiff had previously agreed to attempt to narrow…."). But now apparently has taken the position that it will no longer do so. Yet this disregards this Court's December 19, 2024 Minutes of Status Conference (Dkt. 108). Therein, the Court directed that, "Plaintiffs will provide search terms to the Defendants after receiving the CMS documents. The Plaintiffs must also notify the Court once this step is completed." *See* Dkt. 108.  *See* Dkt. 108.

*ACLU of Southern California v. U.S. ICE, et al*., Case No. 2:22-CV-04760-SHK
JOINT STATUS REPORT RE DHS CRCL SEARCH AND PRODUCTION

7

1   Respectfully submitted,

2

3   Date:  May 23, 2025                    /s/ Laboni A. Hoq
4                                          LABONI A. HOQ (SBN 224140)
                                           laboni@hoqlaw.com
5                                          HOQ LAW APC
6                                          P.O. Box 753
                                           South Pasadena, California 91030
7                                          Telephone: (213) 973-9004

8
                                           EVA BITRAN (SBN 302081)
9                                          ebitran@aclusocal.org
10                                         ACLU FOUNDATION OF SOUTHERN
                                           CALIFORNIA
11                                         1313 West Eighth Street
12                                         Los Angeles, California 90017 Telephone:
                                           (213) 977-9500
13                                         Facsimile: (213) 915-0219

14
                                           EUNICE CHO (pro hac vice)
15                                         echo@aclu.org
16                                         AMERICAN CIVIL LIBERTIES UNION
                                           FOUNDATION
17                                         NATIONAL PRISON PROJECT
18                                         915 Fifteenth Street NW, 7th Floor
                                           Washington, DC 20005
19                                         Telephone: (202) 548-6616

20
                                           KYLE VIRGIEN (SBN 278747)
21                                         kvirgien@aclu.org
22                                         AMERICAN CIVIL LIBERTIES UNION
                                           FOUNDATION
23                                         NATIONAL PRISON PROJECT
24                                         425 California St., Suite 700
                                           San Francisco, CA 94104
25                                         Telephone: (202) 393-4930

26
                                           *Attorneys for Plaintiff*
27

28  *ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
    JOINT STATUS REPORT RE DHS CRCL SEARCH AND PRODUCTION

1

2

Dated: May 23, 2025                    Respectfully submitted,

3                                      BILAL A. ESSAYLI
                                       United States Attorney
                                       DAVID M. HARRIS
4                                      Assistant United States Attorney
                                       Chief, Civil Division
5                                      JOANNE S. OSINOFF
                                       Assistant United States Attorney
6                                      Chief, Complex and Defensive Litigation
                                       Section
7
                                       /s/ Joseph W. Tursi
8                                      JOSEPH W. TURSI
                                       Assistant United States Attorney
9
                                       Attorneys for Defendant Department of
10                                     Homeland Security

11

12                                          ***

13   Pursuant to Local Rule 5-4.3.4(2)(i), the filer attests that all other signatories listed,
     and on whose behalf the filing is submitted, concur in the filing's content and have
14   authorized the filing.

15

16

17

18

19

20

21

22

23

24

25

26

27

28   *ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
     JOINT STATUS REPORT RE DHS CRCL SEARCH AND PRODUCTION
                                                                                      9

# EXHIBIT 1

Laboni Hoq <lhoq@hoqlaw.com>

## ACLU So Cal v ICE: Case No. Case 2:22-cv-04760-SHK

Tursi, Joseph (USACAC) <Joseph.Tursi@usdoj.gov>                    Wed, May 7, 2025 at 9:23 AM
To: Laboni Hoq <laboni@hoqlaw.com>
Cc: Eunice Cho <echo@aclu.org>, Kyle Virgien <kvirgien@aclu.org>, "Axe, Jason (USACAC)" <Jason.Axe@usdoj.gov>, Eva
Bitran <EBitran@aclusocal.org>

Good morning Laboni,


DHS's Privacy Office has taken over the work of CRCL's FOIA office following the reduction in force. Based on my current
understanding, the Privacy Office does not have access to CRCL's files/systems at this time. The Privacy Office is working
to obtain access but is presently unable to process any FOIA requests that were being handled by CRCL before the RIF.


I've asked the agency for a further update and will provide it once received.


Thank you,



**Joseph W. Tursi | Assistant United States Attorney**
United States Attorney's Office | Central District of California
300 N. Los Angeles Street, Suite 7516 | Los Angeles, CA 90012
O: 213.894.3989 | F: 213.894.7819 | joseph.tursi@usdoj.gov



---

**From:** Laboni Hoq <laboni@hoqlaw.com>
**Sent:** Monday, May 5, 2025 8:39 AM
**To:** Tursi, Joseph (USACAC) <Joseph.Tursi@usdoj.gov>
**Cc:** Eunice Cho <echo@aclu.org>; Kyle Virgien <kvirgien@aclu.org>; Axe, Jason (USACAC)
<Jason.Axe@usdoj.gov>; Eva Bitran <EBitran@aclusocal.org>
**Subject:** Re: [EXTERNAL] ACLU So Cal v ICE: Case No. Case 2:22-cv-04760-SHK


Dear Joe:


We are following up on this matter.  Has DHS determined how it will fulfill its obligation to process Plaintiff's pending FOIA
request as to the outstanding CRCL documents in light of CRCL's reduction in force? It is our understanding
that Courts have continued to hold agencies responsible for processing outstanding FOIA requests in the face of similar
sub-office closures and/or RIFs. *See, e.g. Florence Immigrant and Refugee Rights Project, et al., v. U.S. Department of
Health and Human Services, et* al., (Case No. 1:24-cv-06740 (SDA) (ordering continued processing in a case in which
HHS's FOIA office closed) (Order attached).

As you may recall, before the reduction in force, we were waiting to hear the status of CRCL's production as to the CMS documents, to see if those documents could inform any narrowing of the results of OCIO's documents. According to Defendants' most recent Status Report on this matter, OCIO had located 427 documents equaling about 6,506 pages. ECF No. 103.

In light of your noted CRCL staff reductions in force, and OCIO's limited capacity to refine searches, *see* ECF No. 109 at 2-4, it appears that it may be most efficient for all parties to simply move forward with production of the approximately 6,500 pages of responsive records it had had already located.

As such, we ask that Defendants proceed to process these 6,500 pages now. We also ask that Defendants apply a processing rate of 3,000 pages per month as the Court previously ordered as to ICE. Given the length of time that has elapsed between when DHS was ordered to conduct a search of CRCL, we believe this processing rate is warranted to ensure prompt resolution of this litigation.

Thanks.

On Mon, Mar 24, 2025 at 5:44 PM Laboni Hoq <laboni@hoqlaw.com> wrote:

> Dear Joe,
>
> We appreciate that you are working to get further information about the impact of the closing of CRCL on our case. As you navigate that process, can you please confirm: (1) DHS agrees that, regardless of the government's position on DHS CRCL's ongoing status, DHS still has the obligation to respond to the FOIA request, and (2) DHS understands its obligation to preserve responsive documents and other relevant evidence, regardless of the government's position on DHS CRCL's ongoing status?
>
> Thanks.
>
> On Mon, Mar 24, 2025 at 11:37 AM Laboni Hoq <laboni@hoqlaw.com> wrote:
>
>> Thanks Joe. Please keep us updated.
>>
>> On Mon, Mar 24, 2025 at 11:34 AM Tursi, Joseph (USACAC) <Joseph.Tursi@usdoj.gov> wrote:
>>
>>> Hi Laboni,
>>>
>>> On March 21, 2025, CRCL was informed that it will be closing due to a Reduction in Force Notice (RIF). Most employees were placed on administrative leave and all work has stopped at CRCL. We are working with DHS's Office of the General Counsel to ascertain more information.
>>>
>>> Thanks,
>>>
>>> -Joe

**Joseph W. Tursi** | **Assistant United States Attorney**
United States Attorney's Office | Central District of California
300 N. Los Angeles Street, Suite 7516 | Los Angeles, CA 90012
O: 213.894.3989 | F: 213.894.7819 | joseph.tursi@usdoj.gov

---

**From:** Laboni Hoq <laboni@hoqlaw.com>
**Sent:** Friday, March 21, 2025 8:42 AM
**To:** Tursi, Joseph (USACAC) <Joseph.Tursi@usdoj.gov>
**Cc:** Eunice Cho <echo@aclu.org>; Kyle Virgien <kvirgien@aclu.org>; Axe, Jason (USACAC) <Jason.Axe@usdoj.gov>
**Subject:** [EXTERNAL] ACLU So Cal v ICE: Case No. Case 2:22-cv-04760-SHK

Hi Joe,

We are following up on the Court's December 19, 2024 Minute Order regarding the CRCL document production. Can you confirm all of the CMS documents have been produced, including those referred to OIG and ICE? If so, could you let us know the bates numbers and/or the dates of those productions? We will be relying on those to provide you the refined search terms for the OCIO search.

Thanks.


--

**Laboni A. Hoq**

Hoq Law APC

P.O. Box 753

South Pasadena, CA 91030

Telephone: 213-973-9004

www.hoqlaw.com



--

**Laboni A. Hoq**

Hoq Law APC

P.O. Box 753

South Pasadena, CA 91030

Telephone: 213-973-9004

www.hoqlaw.com

# EXHIBIT 2



**Laboni Hoq <lhoq@hoqlaw.com>**

## ACLU 22-cv-04760-SHK. (CRCL No. 2024-CRLI-00005) (1 of 3 emails)

**CRCL FOIA** <crclfoia@hq.dhs.gov>                                           Fri, Feb 21, 2025 at 7:58 PM
To: "laboni@hoqlaw.com" <laboni@hoqlaw.com>
Cc: "joseph.tursi@usdoj.gov" <joseph.tursi@usdoj.gov>, "Jason.Axe@usdoj.gov" <Jason.Axe@usdoj.gov>

Good Afternoon,

Attached is our response to your to FOIA litigation ACLU Foundation v. U.S. Immigration and Customs Enforcement, et al., No. 22-cv-04760-SHK. (CRCL No. 2024-CRLI-00005).

Due to the file size, we'll be sending in three emails.

Regards,

CRCL FOIA Office

---

**2 attachments**


**Release Letter ACLU - Feb 2025.pdf**
202K


**2024-CRLI-00005 - Feb 2025 - CRCL Records_Part1.pdf**
22416K



*Office for Civil Rights and Civil Liberties*
**U.S. Department of Homeland Security**
Washington, DC 20528

February 21, 2024

<u>SENT VIA E-MAIL TO:</u> <u>laboni@hoqlaw.com</u>

Laboni Hoq
Hog Law APC
PO Box 753, S
Pasadena, CA 91031

**Re**:    **ACLU 22-cv-04760-SHK (Case No. 2024-CRLI-00005)**

Dear Laboni Hoq:

This is the Department of Homeland Security Office for Civil Rights and Civil Liberties (CRCL) response to FOIA litigation ACLU Foundation v. U.S. Immigration and Customs Enforcement, et al., No. 22-cv-04760-SHK.

For this production, CRCL processed 2,931 pages for which, 284 pages are being partially withheld and 11 pages are being withheld full to FOIA Exemptions (b)(5), (b)(6), and (b)(7)(C). Further, 334 pages were referred for direct reply to the Office of Inspector General, 809 pages were referred for direct reply to U.S. Immigration and Customs Enforcement and nine pages referred for direct reply to the Privacy Office.  Further, six pages were non-responsive and 1,478 pages were duplicates.

If you have any questions regarding this release, please contact Assistant United States Attorney Joseph W. Tursi, United States Attorney's Office, Central District of California by <u>joseph.tursi@usdoj.gov</u>. The 284 pages for release are bates stamped 24-CRLI-00005-000040 - 24-CRLI-00005-000323.

Sincerely,

Rosemary Law
CRCL FOIA Officer

# EXHIBIT 3

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JOSEPH W. TURSI (Cal. Bar No. 300063)
Assistant United States Attorneys
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-3989
     Facsimile: (213) 894-7819
     E-mail: Joseph.Tursi@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.<br><br>    Defendants. | No. 2:22-cv-04760-SHK<br><br>**DECLARATION OF CATRINA M. PAVLIK-KEENAN**<br><br><br>Honorable Shashi H. Kewalramani<br>United States Magistrate Judge |

1

## I.    INTRODUCTION

I, Catrina M. Pavlik-Keenan, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.    I am the Deputy Chief Freedom of Information Act ("FOIA") Officer for the Privacy Office of the U.S. Department of Homeland Security ("DHS" or the "Department").  I have held my current position since July 4, 2021.  Prior to holding this position, I was the U.S. Immigration and Customs Enforcement FOIA Officer from December 18, 2006, until July 3, 2021. Prior to holding that position, I worked for approximately four years in the FOIA office at the Transportation Security Administration ("TSA"), first as a Supervisory FOIA Analyst, then as Deputy Director for two years, and finally as Director.  Prior to working at TSA, I worked for approximately nine years as a FOIA Analyst at the Department of Transportation, holding positions at the Federal Highway Administration, Office of Pipeline Safety, and Office of the Secretary from 1993 to 2002.  In total, I have 30 years of experience processing FOIA requests.

2.    The Privacy Office enables the Department to accomplish its mission while enforcing privacy protections in all DHS activities.  DHS systems, technology, forms, and programs that collect personally identifiable information or have a privacy impact are subject to the oversight of the Chief Privacy Officer and the requirements of federal data privacy and disclosure laws.

3.    DHS's FOIA Division ("DHS-FOIA") sits within the Department's Privacy Office.  As the Deputy Chief FOIA Officer for the Privacy Office, I act as DHS's principal point of contact and agency representative on FOIA-related matters for DHS Headquarters ("DHS-HQ") and all the DHS components.  My official duties and responsibilities include the implementation of consistent FOIA management across DHS in collaboration with DHS components.  In accordance with this responsibility, I maintain expert knowledge of the DHS FOIA regulations and routinely provide regulatory and policy guidance, technical advice, and assistance across the Department on all FOIA-related matters.

4.    I make this declaration to provide the Court with additional information to support the Defendant's position contained in the Joint Status Report.  The statements contained in this declaration are based upon my personal knowledge, my review of the documents kept by DHS-FOIA in the ordinary course of business, and information provided to me by other DHS Headquarters ("DHS-HQ") employees in the course of my official duties.

## II.    Realignment of CRCL FOIA Operations to DHS HQ

5.    In February of 2025, DHS Chief Privacy Officer and DHS Chief FOIA Officer Roman Jankowski issued guidance notifying DHS-HQ that in order to streamline FOIA activities, DHS-FOIA would assume responsibility for all FOIA work that was being handled by components located at DHS-HQ.  DHS-FOIA would serve as the only FOIA office for DHS-HQ.  Accordingly, the management and operations of the FOIA office located within the Office for Civil Rights and Civil Liberties ("CRCL-FOIA") would be transferred to DHS-FOIA by March 31, 2025.  Shortly thereafter such guidance, CRCL-FOIA began to migrate its FOIA operations to DHS-FOIA. Additionally, CRCL-FOIA had two full time employees facilitate the migration process to ensure DHS-FOIA could handle the processing of CRCL-FOIA requests and accompany litigation.

## III.    Realignment of CRCL

6.    On March 21, 2025, the majority of CRCL employees, including those working in CRCL-FOIA, were notified that they would be placed on administrative leave until their final date of employment of May 23, 2025.  Due the fact that the majority of all CRCL employees were placed on administrative leave, the DHS-HQ has experienced significant challenges with completing FOIA tasks, including identifying appropriate custodians, conducting searches, identifying and retrieving responsive records, and ensuring timely productions. Accordingly, DHS has sought additional time to complete these actions. Furthermore, DHS-FOIA had not completed the HQ-FOIA realignment process before these CRCL employees had been notified of CRCL's

realignment, and therefore experienced additional system access and file location issues related to CRCL-FOIA's work. With respect to CRCL, the Department is beginning to staff the office consistent with plans for executing statutory functions. However, the management and operations for CRCL-FOIA will remain with DHS-FOIA.

## IV.    **CRCL's Release Activity**

7.    CRCL-FOIA was first informed of the FOIA Request at issue in this litigation in July of 2024.  CRCL-FOIA then conferred with Plaintiff about search terms. Thereafter, it conducted searches in the Case Management System ("CMS") and the DHS Headquarters Office of Chief Information Officer ("OCIO"). The CMS searches resulted in 577 records, which equaled approximately 5,649 pages. Plaintiff requested that CRCL process and produce CMS case records first, which it agreed to do. CRCL completed its processing of these records on February 21, 2025.  With respect to the DHS-HQ OCIO search, consisting of searches of emails and OneDrive records, 427 records equaling about 6,506 pages were first identified, after a de-duplication process occurred.  At this time, due to the realignment of CRCL-FOIA, DHS-FOIA is attempting to gain access to these records to certify that the Department can still process this record set.

8.    I understand that per the Court's December 19, 2024, Minutes of Status Conference (Dkt. 108), Plaintiff was directed to provide search terms to CRCL to further narrow the HQ OCIO search results after receiving the CMS documents. As indicated above, CRCL finished its processing and production of the CMS documents on February 21, 2025. If DHS-FOIA can gain access to these HQ OCIO search results identified above, Defendant will notify the Plaintiff and request additional search terms to narrow the record set. Defendant alternatively will notify the Plaintiff if it cannot gain access to these records and will plan to re-do the search.  DHS-FOIA anticipates that it can notify the Plaintiff within two weeks from the date of this filing on whether it can rely on the original HQ OCIO search or if it needs to re-do the search. Once DHS-FOIA has identified the final record set to process, it can notify the Plaintiff of the DHS-FOIA's

requested processing rate and attempt to negotiate if Plaintiff challenges that processing rate and processing schedule.

9.     Under penalty of perjury, pursuant to 28 U.S.C. § 1746, I declare the foregoing is true and correct to the best of my knowledge and belief. Signed this 23rd day of May 2025.

_____

**CATRINA M. PAVLIK-KEENAN**