LABONI A. HOQ (SBN 224140)
*laboni@hoqlaw.com*
HOQ LAW APC
P.O. Box 753
South Pasadena, California 91030
Telephone: (213) 973-9004

EVA BITRAN (SBN 302081)
*ebitran@aclusocal.org*
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, California 90017
Telephone: (213) 977-9500
Facsimile: (213) 915-0219

Attorneys for Plaintiff
*(additional counsel information on next page)*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>*Defendants*. | Case No. 2:22-CV-04760-SHK<br><br>**ERRATA TO JOINT STATUS REPORT RE DEFENDANT DHS-CRCL's PRODUCTION OF RECORDS PURSUANT TO COURT'S JULY 8, 2025 SUMMARY JUDGMENT ORDER (ECF NO. 87) – CORRECTED EXHIBIT 3 (DECLARATION OF CATRINA M. PAVLIK-KEENAN)**<br><br>Honorable Shashi H. Kewalramani<br>United States Magistrate Judge |

EUNICE CHO (*pro hac vice*)
echo@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Telephone: (202) 548-6616

KYLE VIRGIEN (SBN 278747)
kvirgien@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
425 California St., Suite 700
San Francisco, CA 94104
Telephone: (202) 393-4930

*Attorneys for Plaintiff*

*ACLU of Southern California v. U.S. ICE, et al.*,
Case No. 2:22-CV-04760-SHK
JOINT STATUS REPORT AND REQUEST RE: DHS CRCL SEARCH AND PRODUCTION

The Parties jointly file this Errata to their Joint Status Report filed on May 23, 2025 (ECF No. 122) in advance of the May 27, 2025 Status Conference in this case to address outstanding issues regarding the status of Defendant Department of Homeland Security's ("DHS") Office of Civil Rights and Civil Liberties' ("DHS-CRCL") production of documents in response to the Court's July 8, 2024 Order (ECF Docket No. 87) in this Freedom of Information Act ("FOIA") suit.

The Report included as Exhibit 3 the declaration of the Deputy Chief FOIA Officer of DHS' Privacy Office, Catrin Pavlik-Keenan. In the course of compiling the Report for filing, the electronic signature from that declaration was inadvertently removed. A correct version of that declaration with the signature is attached hereto as Exhibit 3.

Respectfully submitted,

Date: May 24, 2025                    /s/ Laboni A. Hoq
                                       LABONI A. HOQ (SBN 224140)
                                       laboni@hoqlaw.com
                                       HOQ LAW APC
                                       P.O. Box 753
                                       South Pasadena, California 91030
                                       Telephone: (213) 973-9004

                                       EVA BITRAN (SBN 302081)
                                       ebitran@aclusocal.org
                                       ACLU FOUNDATION OF SOUTHERN
                                       CALIFORNIA
                                       1313 West Eighth Street
                                       Los Angeles, California 90017 Telephone:
                                       (213) 977-9500
                                       Facsimile: (213) 915-0219

                                       EUNICE CHO (pro hac vice)
                                       echo@aclu.org

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
JOINT STATUS REPORT RE DHS CRCL SEARCH AND PRODUCTION

1

|    |                                                                                                                                                                          |
|----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 1  | AMERICAN CIVIL LIBERTIES UNION FOUNDATION                                                                                                                                |
| 2  | NATIONAL PRISON PROJECT                                                                                                                                                  |
| 3  | 915 Fifteenth Street NW, 7th Floor                                                                                                                                       |
| 4  | Washington, DC 20005<br>Telephone: (202) 548-6616                                                                                                                        |

KYLE VIRGIEN (SBN 278747)
kvirgien@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
425 California St., Suite 700
San Francisco, CA 94104
Telephone: (202) 393-4930

*Attorneys for Plaintiff*

Dated: May 24, 2025        Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

/s/ Joseph W. Tursi
JOSEPH W. TURSI
Assistant United States Attorney

Attorneys for Defendant Department of Homeland Security

\*\*\*

Pursuant to Local Rule 5-4.3.4(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*ACLU of Southern California v. U.S. ICE, et al.*, Case No. 2:22-CV-04760-SHK
JOINT STATUS REPORT RE DHS CRCL SEARCH AND PRODUCTION

2

# EXHIBIT 3

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JOSEPH W. TURSI (Cal. Bar No. 300063)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3989
    Facsimile: (213) 894-7819
    E-mail: Joseph.Tursi@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.<br><br>Defendants. | No. 2:22-cv-04760-SHK<br><br>**DECLARATION OF CATRINA M. PAVLIK-KEENAN**<br><br><br>Honorable Shashi H. Kewalramani<br>United States Magistrate Judge |

1

## I. INTRODUCTION

I, Catrina M. Pavlik-Keenan, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Deputy Chief Freedom of Information Act ("FOIA") Officer for the Privacy Office of the U.S. Department of Homeland Security ("DHS" or the "Department"). I have held my current position since July 4, 2021. Prior to holding this position, I was the U.S. Immigration and Customs Enforcement FOIA Officer from December 18, 2006, until July 3, 2021. Prior to holding that position, I worked for approximately four years in the FOIA office at the Transportation Security Administration ("TSA"), first as a Supervisory FOIA Analyst, then as Deputy Director for two years, and finally as Director. Prior to working at TSA, I worked for approximately nine years as a FOIA Analyst at the Department of Transportation, holding positions at the Federal Highway Administration, Office of Pipeline Safety, and Office of the Secretary from 1993 to 2002. In total, I have 30 years of experience processing FOIA requests.

2. The Privacy Office enables the Department to accomplish its mission while enforcing privacy protections in all DHS activities. DHS systems, technology, forms, and programs that collect personally identifiable information or have a privacy impact are subject to the oversight of the Chief Privacy Officer and the requirements of federal data privacy and disclosure laws.

3. DHS's FOIA Division ("DHS-FOIA") sits within the Department's Privacy Office. As the Deputy Chief FOIA Officer for the Privacy Office, I act as DHS's principal point of contact and agency representative on FOIA-related matters for DHS Headquarters ("DHS-HQ") and all the DHS components. My official duties and responsibilities include the implementation of consistent FOIA management across DHS in collaboration with DHS components. In accordance with this responsibility, I maintain expert knowledge of the DHS FOIA regulations and routinely provide regulatory and policy guidance, technical advice, and assistance across the Department on all FOIA-related matters.

4. I make this declaration to provide the Court with additional information to support the Defendant's position contained in the Joint Status Report. The statements contained in this declaration are based upon my personal knowledge, my review of the documents kept by DHS-FOIA in the ordinary course of business, and information provided to me by other DHS Headquarters ("DHS-HQ") employees in the course of my official duties.

## II. Realignment of CRCL FOIA Operations to DHS HQ

5. In February of 2025, DHS Chief Privacy Officer and DHS Chief FOIA Officer Roman Jankowski issued guidance notifying DHS-HQ that in order to streamline FOIA activities, DHS-FOIA would assume responsibility for all FOIA work that was being handled by components located at DHS-HQ. DHS-FOIA would serve as the only FOIA office for DHS-HQ. Accordingly, the management and operations of the FOIA office located within the Office for Civil Rights and Civil Liberties ("CRCL-FOIA") would be transferred to DHS-FOIA by March 31, 2025. Shortly thereafter such guidance, CRCL-FOIA began to migrate its FOIA operations to DHS-FOIA. Additionally, CRCL-FOIA had two full time employees facilitate the migration process to ensure DHS-FOIA could handle the processing of CRCL-FOIA requests and accompany litigation.

## III. Realignment of CRCL

6. On March 21, 2025, the majority of CRCL employees, including those working in CRCL-FOIA, were notified that they would be placed on administrative leave until their final date of employment of May 23, 2025. Due the fact that the majority of all CRCL employees were placed on administrative leave, the DHS-HQ has experienced significant challenges with completing FOIA tasks, including identifying appropriate custodians, conducting searches, identifying and retrieving responsive records, and ensuring timely productions. Accordingly, DHS has sought additional time to complete these actions. Furthermore, DHS-FOIA had not completed the HQ-FOIA realignment process before these CRCL employees had been notified of CRCL's

realignment, and therefore experienced additional system access and file location issues related to CRCL-FOIA's work. With respect to CRCL, the Department is beginning to staff the office consistent with plans for executing statutory functions. However, the management and operations for CRCL-FOIA will remain with DHS-FOIA.

### IV. CRCL's Release Activity

7. CRCL-FOIA was first informed of the FOIA Request at issue in this litigation in July of 2024. CRCL-FOIA then conferred with Plaintiff about search terms. Thereafter, it conducted searches in the Case Management System ("CMS") and the DHS Headquarters Office of Chief Information Officer ("OCIO"). The CMS searches resulted in 577 records, which equaled approximately 5,649 pages. Plaintiff requested that CRCL process and produce CMS case records first, which it agreed to do. CRCL completed its processing of these records on February 21, 2025. With respect to the DHS-HQ OCIO search, consisting of searches of emails and OneDrive records, 427 records equaling about 6,506 pages were first identified, after a de-duplication process occurred. At this time, due to the realignment of CRCL-FOIA, DHS-FOIA is attempting to gain access to these records to certify that the Department can still process this record set.

8. I understand that per the Court's December 19, 2024, Minutes of Status Conference (Dkt. 108), Plaintiff was directed to provide search terms to CRCL to further narrow the HQ OCIO search results after receiving the CMS documents. As indicated above, CRCL finished its processing and production of the CMS documents on February 21, 2025. If DHS-FOIA can gain access to these HQ OCIO search results identified above, Defendant will notify the Plaintiff and request additional search terms to narrow the record set. Defendant alternatively will notify the Plaintiff if it cannot gain access to these records and will plan to re-do the search. DHS-FOIA anticipates that it can notify the Plaintiff within two weeks from the date of this filing on whether it can rely on the original HQ OCIO search or if it needs to re-do the search. Once DHS-FOIA has identified the final record set to process, it can notify the Plaintiff of the DHS-FOIA's

requested processing rate and attempt to negotiate if Plaintiff challenges that processing rate and processing schedule.

      9.     Under penalty of perjury, pursuant to 28 U.S.C. § 1746, I declare the foregoing is true and correct to the best of my knowledge and belief. Signed this 23rd day of May 2025.

CATRINA M PAVLIK KEENAN
Digitally signed by CATRINA M PAVLIK KEENAN
Date: 2025.05.23 16:42:26 -04'00'

**CATRINA M. PAVLIK-KEENAN**