1  LABONI A. HOQ (SBN 224140)
   laboni@hoqlaw.com
2  HOQ LAW APC
   P.O. Box 753
3  South Pasadena, California 91030
   Telephone: (213) 973-9004
4
   EVA BITRAN (SBN 302081)
5  ebitran@aclusocal.org
   ACLU FOUNDATION OF SOUTHERN CALIFORNIA
6  1313 West Eighth Street
   Los Angeles, California 90017
7  Telephone: (213) 977-9500
   Facsimile: (213) 915-0219
8
   Attorneys for Plaintiff
9  *(additional counsel information on next page)*

10 **UNITED STATES DISTRICT COURT**
11 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12
13 AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,

   Plaintiff,

   v.

   UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

   Defendants.

| | |
|---|---|
| Case No. 2:22-CV-04760-SHK | |
| **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ENFORCE JULY 8, 2024 ORDER ON MOTION FOR SUMMARY JUDGMENT (ECF NO. 87)** | |
| Honorable Shashi H. Kewalramani United States Magistrate Judge | |
| Hearing Date: June 18, 2025 Time:           10:00 a.m. | |

EUNICE CHO (*pro hac vice*)
echo@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Telephone: (202) 548-6616

KYLE VIRGIEN (SBN 278747)
kvirgien@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
425 California St., Suite 700
San Francisco, CA 94104
Telephone: (202) 393-4930

*Attorneys for Plaintiff*

# NOTICE OF MOTION AND MOTION TO ENFORCE JULY 8, 2024 ORDER ON MOTION FOR SUMMARY JUDGMENT (ECF NO. 87)

TO DEFENDANTS AND COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT on June 18, 2025, at 10:00 a.m., or as soon thereafter as the parties may be heard, in the courtroom of the Honorable Shashi H. Kewalramani, located at 3470 12th St., Riverside, CA 92501, Courtroom 3 or 4, or virtually, Plaintiff American Civil Liberties Union of Southern California will bring a hearing to enforce the Court's July 8, 2024 order on Plaintiff's motion for summary judgment (ECF No. 87). This motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the pleadings and papers filed in this action, and such oral argument and evidence as may be presented at the hearing on the motion.

Respectfully submitted this 30th of May, 2025.

/s/ *Laboni A. Hoq*

| | |
|---|---|
| LABONI A. HOQ (SBN 224140)<br>laboni@hoqlaw.com<br>HOQ LAW APC<br>P.O. Box 753<br>South Pasadena, California 91030<br>Telephone: (213) 973-9004 | EUNICE CHO (pro hac vice)<br>echo@aclu.org<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>NATIONAL PRISON PROJECT<br>915 Fifteenth Street NW, 7th Floor<br>Washington, DC 20005<br>Telephone: (202) 548-6616 |
| EVA BITRAN (SBN 302081)<br>ebitran@aclusocal.org<br>ACLU FOUNDATION OF SOUTHERN CALIFORNIA<br>1313 West Eighth Street<br>Los Angeles, California 90017<br>Telephone: (213) 977-9500<br>Facsimile: (213) 915-0219 | KYLE VIRGIEN (SBN 278747)<br>kvirgien@aclu.org<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>NATIONAL PRISON PROJECT<br>425 California St., Suite 700<br>San Francisco, CA 94104<br>Telephone: (202) 393-4930<br><br>*Attorneys for Plaintiff* |

## I. INTRODUCTION

On July 8, 2024, the Court issued its order on the parties' cross-motions for summary judgment. ECF No. 87. Among other things, this order granted Plaintiff American Civil Liberties Union Foundation of Southern California ("Plaintiff" or "ACLU SoCal") summary judgment as to Defendant U.S. Department of Homeland Security ("DHS") on the basis that DHS had failed to comply with its obligation under FOIA to produce responsive documents held by its component U.S. Department of Homeland Security Office of Civil Rights and Civil Liberties ("CRCL"). *Id.* at 36.[1] Almost a year after the Court issued this summary judgment order, Defendant DHS has yet to produce all documents the Court ordered it to produce. This motion specifically addresses approximately 6,500 pages that DHS has collected but has not begun to process.

Plaintiff brings this motion to obtain an order enforcing the Court's grant of summary judgment against Defendant DHS by ensuring the timely production of these records. Plaintiff requests that the Court order Defendant DHS to process these documents for production at a rate of 3,000 pages per month—the same rate the Court has ordered in this case for Defendant U.S. Immigration and Customs Enforcement ("ICE"). *See* ECF No. 62 at 14.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff submitted its FOIA request on April 29, 2022, ECF No. 1-1, and filed this case on July 12, 2022, ECF No. 1. On February 23, 2024, Plaintiff moved for partial summary judgment. ECF No. 66. In response to this motion, the Court rejected Defendant DHS's position that it need not produce documents held by CRCL, and the Court granted Plaintiff summary judgment requiring DHS to produce responsive documents held by CRCL. ECF No. 87 at 36. The Court

---

[1] Plaintiff's citations of filings in this case use ECF page numbering.

-1-

*ACLU of Southern California v. U.S. ICE, et al.*,
Case No. 2:22-CV-04760-SHK
MOTION TO ENFORCE SUMMARY JUDGMENT ORDER

provided the parties specific instructions to carry out this judgment: it ordered them to "meet and confer within 21 days" on DHS's "Privacy Office's referral of Plaintiff's Request to CRCL." *Id.* The Parties met and conferred over the course of the next three months. ECF No. 92 at 3; ECF No. 101 at 5. Ultimately, on October 18, 2024, DHS used search terms provided by Plaintiff to identify approximately 12,000 pages of responsive documents, to be processed by CRCL's FOIA office. ECF No. 103 at 3-4. These documents included 577 documents from CRCL's Complaint Management System ("CMS"), amounting to approximately 5,649 pages. *Id.* at 4. These CMS documents are "case records" that form CRCL's official case file. *Id.* at 2. The responsive documents also included 427 documents located by the DHS Office of Chief Information Officer ("OCIO"), amounting to approximately 6,506 pages. *Id.* at 5. These OCIO documents are "email and electronic documents" that CRCL's relevant investigators kept as part of their work. *Id.* at 3.

DHS proposed processing these approximately 12,000 pages at a rate of 250 pages per month, citing CRCL's limited staffing resources. ECF No. 101 at 6. Plaintiff objected, as this processing schedule would have taken four years to complete. *Id.* On October 30, 2024, Plaintiff requested a status conference to address the parties' disagreement over the proper processing rate. ECF No. 103 at 4-8. After a series of additional status conferences, ECF Nos. 104, 106, 108, the parties reached an agreement: CRCL would complete its processing of the approximately 5,649 pages of CMS documents within 60 days. Ex. A at 2. Once Plaintiff received these formal investigation records, it would use them to attempt to narrow the approximately 6,506 pages of emails and other electronic documents from the relevant investigators in the OCIO documents, in hopes of expediting their production. ECF No. 108. CRCL completed its processing of CMS documents

*ACLU of Southern California v. U.S. ICE, et al.*,
Case No. 2:22-CV-04760-SHK
MOTION TO ENFORCE SUMMARY JUDGMENT ORDER

1  according to this agreement, processing 2,931 pages for a production in February
2  of 2025. ECF No. 122 at 18; ECF No. 123 at 9. However, Plaintiff has yet to receive
3  many of the responsive pages because CRCL referred them for processing to other
4  DHS components. ECF No. 122 at 18 (explaining that CRCL had referred 334
5  pages to the DHS Office of Inspector General ("DHS-OIG"), 809 pages of
6  documents to ICE, and 9 pages to the DHS Privacy Office). Defendants have not
7  provided a timeline on which Plaintiff can expect these referral productions. Nor
8  has DHS provided a timeline on which Plaintiff can expect the OCIO production.

9        This outstanding OCIO production of emails and electronic records from
10 relevant CRCL investigators is the subject of this motion. The limited records that
11 DHS has produced thus far underscore that this set of OCIO records likely contains
12 highly responsive documents. For example, one of the CMS records produced was
13 a "brief, informal summary of issues identified" in an inspection by CRCL's
14 experts that includes a finding that the facility should have—but did not—perform
15 a "DDR" (a detainee death review) for a "patient[] who die[d] shortly after release
16 from custody" while hospitalized. Ex. B at 24-CRLI-00005-000073, 76. The OCIO
17 records likely contain notes and discussions underlying this finding, which are
18 highly responsive to Plaintiff's FOIA request.

19       Plaintiff seeks the Court's assistance in ensuring that these OCIO records are
20 produced promptly. DHS has thus far been unable to guarantee their timely
21 production. On March 24, 2025, Defendants notified Plaintiff that CRCL was
22 undergoing a Reduction in Force ("RIF"). ECF No. 122 at 14. DHS has explained
23 that, as a result of the RIF, it currently does not have access to the OCIO documents.
24 ECF No. 123 at 9. It has taken the position that it "anticipates that it can notify the
25 Plaintiff . . . by June 6, 2025[] on whether it can rely on the original HQ OCIO
26 search or if it needs to re-do the search." ECF No. 122 at 9. DHS has proposed a

-3-

*ACLU of Southern California v. U.S. ICE, et al.*,
Case No. 2:22-CV-04760-SHK
MOTION TO ENFORCE SUMMARY JUDGMENT ORDER

lengthy process, where "[o]nce DHS-FOIA has identified the final record set to process, it can notify the Plaintiff of the DHS-FOIA's requested processing rate and attempt to negotiate if Plaintiff challenges that processing rate and processing schedule." *Id.*

## III. ARGUMENT

Plaintiff respectfully requests that the Court use its broad case-management authority to order a processing schedule for the OCIO documents of 3,000 pages per month, which will ensure that DHS processes those documents within 3 months of the Court's order on this motion.

This Court has broad authority to provide Plaintiff this relief. The Court has the "inherent power to enforce its judgments"—including its summary judgment order—through appropriate orders. *California Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1033-34 (9th Cir. 2008) (citations omitted) (holding this authority extended to a motion for discovery into whether a party had complied with the court's judgment). The Court likewise has "inherent authority to manage [its] docket[] … with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). In a FOIA case, these inherent powers give the Court broad authority to effectuate the statute's "obvious emphasis on disclosure." *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 19 (1974); *see also id.* at 20 ("With the express vesting of equitable jurisdiction in the district court by § 552(a), there is little to suggest, despite the Act's primary purpose, that Congress sought to limit the inherent powers of an equity court."); *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("FOIA imposes no limits on courts' equitable powers in enforcing its terms.").

Here, the Court should use this broad authority to ensure the prompt production of CRCL's records by ordering a processing rate of 3,000 pages per

-4-

month. DHS has long delayed the production of these records. Plaintiff first requested these records on April 29, 2022. ECF No. 1-1. After DHS resisted searching for these records and producing them, the Court ordered it to do so on July 8, 2024. ECF No. 87 at 36. Almost a year later, DHS still has not produced these records. This delay justifies a Court order that will ensure their rapid production. "Congress has long recognized that 'information is often useful only if it is timely,' and that, therefore, 'excessive delay by the agency in its response is often tantamount to denial.'" *Open Soc'y Just. Initiative v. CIA*, 399 F. Supp. 3d 161, 164 (S.D.N.Y. 2019) (quoting H.R. Rep. No. 93-876, at 6271 (1974)). "[U]nreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent these abuses." *Long v. IRS*, 693 F.2d 907, 910 (9th Cir. 1982). In FOIA cases involving significant delays, courts are well within their discretion to order processing rates that will ensure timely production of the responsive records. *See Open Soc'y Just. Initiative*, 399 F. Supp. 3d at 167 (denying reconsideration of a 5,000 pages per month processing rate given, in part, the "anticipated duration of the State Department's review"); *Seavey v. DOJ*, 266 F. Supp. 3d 241, 248 (D.D.C. 2017) (ordering agency to process "not less than 2,850 pages per month" and finding this pace "well within the range of what other courts have ordered"); *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (ordering agency to process 5,000 pages per month). A rate of 3,000 pages per month is appropriate here.

This rate is particularly reasonable because of the significant public importance of the information Plaintiff seeks. *See Nat. Res. Def. Council v. Dep't of Energy*, 191 F. Supp. 2d 41, 43 (D.D.C. 2002) (granting expedited release of documents where the documents sought were of "enormous [public] concern" and a recent subject of national policymaking); *Open Soc'y Just. Initiative*, 399 F. Supp.

-5-

ACLU of Southern California v. U.S. ICE, et al.,
Case No. 2:22-CV-04760-SHK
MOTION TO ENFORCE SUMMARY JUDGMENT ORDER

3d at 167 (increased processing rate where "the instant FOIA request concerns a matter of exceptional public importance and obvious and unusual time-sensitivity"). When this Court increased ICE's processing rate earlier in this case to 3,000 pages per month, it explained the importance of the government records that this case involves:

> [I]t would be (and has been) of substantial importance and interest to the public, policy makers, and journalists to know what ICE's actions and policies have been with respect to actions that endanger detained migrants and what steps, if any, have been taken by the agency to "avoid public reporting and accountability for an untold number of deaths." ECF No. 61, Reply at 11; *see* Compl. at 1-4 (listing news articles addressing the topic of the Request). The possibility that more human life may be lost in the time this Request is processed (potentially extending twelve years), without public knowledge of the information Plaintiff seeks, creates an urgency and need to potentially commit more resources to addressing this Request.

ECF No. 62 at 14. The same reasons support a similar order here of a processing rate of 3,000 pages per month.[2]

//

//

---

[2] The parties earlier agreed to a different method to expedite processing of the OCIO documents, where Plaintiff would review the CMS documents that CRCL planned to process first and use those documents to identify search terms that might narrow the OCIO documents. *See* ECF No. 108. This method is no longer a workable way to expedite production. First, most CMS documents have yet to be produced. CRCL processed those documents as promised by February 21, 2025, but it only produced 284 pages of these documents. ECF No. 122 at 18. It referred 1,152 pages of these documents to other defendants, who have yet to produce them. *Id.* Plaintiff thus cannot use these documents to propose search terms as it had hoped. Second, none of CRCL's FOIA employees remain with the office after the RIF. ECF No. 123 at 8. Thus, even if Plaintiff could determine search terms, it would be unable to discuss them with the employees knowledgeable about CRCL's documents and systems.

*ACLU of Southern California v. U.S. ICE, et al.*,
Case No. 2:22-CV-04760-SHK
MOTION TO ENFORCE SUMMARY JUDGMENT ORDER

## IV. CONCLUSION

For these reasons, the Court should enforce its July 8, 2024 summary judgment order by ordering DHS to process the approximately 6,500 remaining pages of OCIO records at a rate of at least 3,000 pages per month, with the first production taking place one month after the Court's order on this motion.

The undersigned counsel of record for Plaintiff certifies that this brief contains 2,006 words, including footnotes, which complies with the word limit of L.R. 11-6.1 (7000 words).

Respectfully submitted this 30th of May, 2025.

/s/ *Laboni A. Hoq*

| | |
|---|---|
| LABONI A. HOQ (SBN 224140)<br>laboni@hoqlaw.com<br>HOQ LAW APC<br>P.O. Box 753<br>South Pasadena, California 91030<br>Telephone: (213) 973-9004 | EUNICE CHO (pro hac vice)<br>echo@aclu.org<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>NATIONAL PRISON PROJECT<br>915 Fifteenth Street NW, 7th Floor<br>Washington, DC 20005<br>Telephone: (202) 548-6616 |
| EVA BITRAN (SBN 302081)<br>ebitran@aclusocal.org<br>ACLU FOUNDATION OF SOUTHERN CALIFORNIA<br>1313 West Eighth Street<br>Los Angeles, California 90017<br>Telephone: (213) 977-9500<br>Facsimile: (213) 915-0219 | KYLE VIRGIEN (SBN 278747)<br>kvirgien@aclu.org<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>NATIONAL PRISON PROJECT<br>425 California St., Suite 700<br>San Francisco, CA 94104<br>Telephone: (202) 393-4930<br><br>*Attorneys for Plaintiff* |

*ACLU of Southern California v. U.S. ICE, et al.*,
Case No. 2:22-CV-04760-SHK
MOTION TO ENFORCE SUMMARY JUDGMENT ORDER