TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JOSEPH W. TURSI (Cal. Bar No. 300063)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3989
    E-mail: Joseph.Tursi@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>Defendants. | No. 2:22-cv-04760-BFM<br><br>**JOINT STIPULATION FOR MINOR AMENDMENT TO THE COURT'S DECEMBER 12, 2025 SCHEDULING ORDER**<br><br>(Filed Concurrently with the Declaration of Joseph W. Tursi and [Proposed] Order)<br><br>Honorable Brianna Fuller Mircheff<br>United States Magistrate Judge |

IT IS STIPULATED by and between the parties, through their respective counsel, subject to an order of this Court, as follows:

1. On December 2, 2025, the Court issued a Scheduling Order, in which it set various deadlines in this matter. *See* Dkt. 146.

2. Among those deadlines, the Court ordered that, "[n]o later than February 17, 2026, ICE shall begin producing records for Part 5."

3. As set forth in the concurrently filed Declaration of Joseph W. Tursi, the parties respectfully submit that there is good cause to extend the deadline for ICE to begin producing records for Part 5 by 21 days, to March 10, 2026, and that a second production will occur by April 10, 2026. The parties have continued to meet and confer over the scope of records for Part 5 and, as of February 9, 2026, ICE has provided Plaintiff with a spreadsheet of records responsive to Part 5 that indicates that email records for the search terms requested total over 10 million pages. Plaintiff has thus provided ICE with an initial proposed set of search terms that ICE has indicated would result in approximately 6,000 pages for processing.

4. ICE will be unable to begin production by February 17, 2026. ICE will process the initial production at a rate of 3,000 pages per month. ICE will make an initial production on March 10, 2026, with a second production to follow by April 10, 2026. After Plaintiff receives this initial production from ICE, it will then provide ICE with additional parameters of responsive search terms for further production.

5. The parties further stipulate that, by March 10, 2026, ICE shall provide an estimated page count, after deduplication, for the April 10, 2026 production.

ACCORDINGLY, the parties HEREBY STIPULATE THAT, subject to an order of this Court, the December 2, 2025, Scheduling Order shall be amended such that ICE shall begin producing records for Part 5 no later than March 10, 2026 at a processing rate of 3,000 pages per month. ICE shall make a second production by April 10, 2026. Also by March 10, 2026, ICE shall provide an estimated page count, following deduplication, for the April 10, 2026 production. Moreover, if there is a partial government shutdown

and the ICE FOIA office is furloughed as a result, Defendants will promptly notify the Court and submit a declaration to that effect. The Court's December 2, 2025 Scheduling Order shall remain in effect in all other respects.

Respectfully submitted,

Dated: February 13, 2026   HOQ LAW APC

/s/ *Laboni A. Hoq*
LABONI A. HOQ
Attorneys for Plaintiff

Dated: February 13, 2026   TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

/s/ *Joseph W. Tursi*
JOSEPH W. TURSI
Assistant United States Attorney

Attorneys for Defendants

\* Pursuant to Local Rule 5-4.3.4(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

**DECLARATION OF JOSEPH W. TURSI**

I, Joseph W. Tursi, do hereby declare and state as follows:

1. I am an Assistant United States Attorney for the Central District of California. I am assigned to the defense of this action. I make this Declaration in support of the Joint Stipulation for Minor Amendment to the Court's December 2, 2025 Scheduling Order based on my personal knowledge of the facts and circumstances set forth herein as well as my review of official files of the United States Attorney's Office for the Central District of California.

2. On October 1, 2025, the parties filed a Joint Status Report. *See* Dkt. 143. Therein, Defendant U.S. Immigration and Customs Enforcement provided an update regarding its search and production of records in response to Plaintiff's FOIA request following Magistrate Judge Kewalramani's August 15, 2025 Order on Parties' Cross Motions for Summary Judgment [Dkt. 132].

3. Therein, ICE explained its search for records for Part 5 of the Request. As part of that explanation, ICE confirmed that it had provided to Plaintiff a total aggregate deduplicated and threaded hit count (in pages) on October 3, 2025. *See* Dkt. 143 at 9. However, the number of records (96,325) did not change. That was because each of the terms Plaintiff requested ICE exclude from the search existed with a term that was not excluded.

4. On December 1, 2025, I sent an email to Plaintiff's counsel as part of ongoing discussions regarding case management following the shutdown in the Fall of 2025 and the Federal Government's reopening. As part of my email, I stated, "Another topic that we will need to discuss is Part 5." I again noted the points raised by ICE in the parties' Joint Status Report.

5. On December 2, 2025, Plaintiff's counsel stated via email, "We are thinking through a proposed approach for Part 5, and will get back to you on that."

6. On December 29, 2025, I again raised the issue of the parties needing to discuss Part 5 of the FOIA request. I again noted the points raised by ICE in the parties'

Joint Status Report.

7. In a December 29, 2025 email response, Plaintiff's counsel stated, "My colleagues are out on vacation this week, but we will plan to get back to you about Part 5 of the FOIA request early in the new year."

8. On January 6, 2026, Plaintiff's counsel requested via email that ICE re-run its search for Part 5. Therein, Plaintiff questioned the search terms used in ICE's initial search. I responded to Plaintiff's counsel's email the same day and noted that ICE ran the exact search Plaintiff had requested via correspondence dated August 20, 2025. In response, Plaintiff's counsel indicated, "We will take a second look and send over a refined set of search terms that reflects our original intent."

9. On January 12, 2026, Plaintiff submitted a further refined search request for ICE with respect to Part 5.

10. On January 19, 2026, Plaintiff's counsel sent a follow-up regarding Plaintiff's request for the refined search for Part 5. I responded on January 20, 2026, with an update and reported that "ICE has re-run the search for Part 5 with the search terms as provided in your January 12, 2026 email. That resulted in 31,218 hits. I am working to obtain a hit count and hope to provide it later this week (the individual who ran the search is out this afternoon and I am not sure when they will be back in the office)."

11. On January 21, 2026, I emailed Plaintiff's counsel an Excel spreadsheet that included the requested hit counts.

12. On January 23, 2026, after review of the Excel spreadsheet, Plaintiff requested a further narrowing of ICE's search for Part 5.

13. On February 2, 2026, I emailed Plaintiff's counsel another Excel spreadsheet that included the results of the further search Plaintiff requested.

14. On February 9, 2026, Plaintiff requested that ICE begin to process a certain subset of the further refined search results. Plaintiff further requested that ICE "provide these documents at the current production rate of 3,000 pages/month, to begin in

February 2026."

15.    On February 10, 2026, I confirmed with Plaintiff's counsel that I had forwarded Plaintiff's request to ICE and then noted as follows: "With respect to Part 5, per the Court's December 2, 2025 Order, ICE is required to begin producing records for Part 5 by February 17, 2026. However, since ICE is just receiving the below with respect to Part 5, it will not be in a position to make a production by next Tuesday. Also, if there is a funding lapse at the end of this week, ICE's FOIA office will be furloughed. Therefore, I wanted to see if Plaintiff was agreeable to stipulating to push back the deadline for ICE to begin production of materials for Part 5 by 30 days (assuming no funding lapse). If so, I can prepare a stipulation for your review ahead of the meet and confer."

16.    Plaintiff's counsel responded on February 10, 2026, that "Regarding Part 5, we will discuss your proposal and get back to you about pushing the commencement of production shortly."

17.    On February 11, 2026, I followed-up with Plaintiff's counsel and inquired whether they had a chance to consider ICE's proposal regarding Part 5. Plaintiff's counsel responded that Plaintiff would agree to a two-week extension.

18.    On the afternoon of February 11, 2026, the parties met and conferred regarding the upcoming March 10, 2026 status conference in this matter as directed by the Court's December 2, 2025 Order. During that meet and confer, I stated that ICE had informed me it would be unable to make a production by March 3, 2026. I then proposed that the parties stipulate to a production date of March 10, 2026, which was one more week than Plaintiff was willing to agree to and one less than ICE initially requested. If the parties were unable to come to a resolution, I provided notice that I would seek relief via an *ex parte* application.

19. After the meet and confer, Plaintiff proposed as follows: "For Part 5, Plaintiff will stipulate that ICE may begin production of responsive records by March 10, 2026, and a second production by April 10, 2026, with a processing rate of 3000 pages.

5

However, on March 10, Defendants will provide an estimated page count for the April 10 production after deduplication. In addition, if Defendants contend that they are unable to meet these production dates due Congress's failure to appropriate funds, Defendants must file a sworn declaration stating that the DHS-ICE FOIA office is not operational during that time. Absent a sworn declaration, Defendants must comply with production deadlines."

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed this 13th day of February, 2026, at Los Angeles, California.

                                  /s/ *Joseph W. Tursi*
                                  JOSEPH W. TURSI