TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JOSEPH W. TURSI (Cal. Bar No. 300063)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3989
    E-mail: Joseph.Tursi@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>Defendants. | No. 2:22-cv-04760-BFM<br><br>**DEFENDANTS' EX PARTE APPLICATION TO STAY ACTION DUE TO LAPSE IN APPROPRIATIONS**<br><br>(Filed Concurrently with the Declaration of Joseph W. Tursi and [Proposed] Order)<br><br>Honorable Brianna Fuller Mircheff<br>United States Magistrate Judge |

Undersigned counsel, on behalf of defendants U.S. Department of Homeland Security ("DHS"), U.S. Department of Homeland Security Office of Inspector General ("DHS OIG"), and U.S. Immigration and Customs Enforcement ("ICE") (collectively, "Defendants") hereby applies *ex parte* for an order staying this case due to the lapse of appropriations currently impacting DHS.

1. On February 17, 2026, the Court granted the parties' Joint Stipulation [Dkt. 147] and issued an order amending the December 12, 2025 Scheduling Order. *See* Dkt. 149. Among other things, the Court's February 17, 2026 order provided that "If there is a partial government shutdown and the ICE FOIA office is furloughed, Defendants will promptly notify the Court and submit a declaration to that effect." *Id.* at 2.

2. At 12:01 a.m. EDT on February 14, 2026, the appropriations act that had been funding DHS expired, resulting in a lapse of appropriations for that cabinet-level department.

3. Due to the lapse in appropriations, certain federal employees within DHS have been furloughed and are prohibited from working, even on a voluntary basis, except in limited circumstances, such as "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

4. On February 17, 2026, the undersigned confirmed with agency contacts in this case that staff within the DHS OIG Freedom of Information Act ("FOIA") office, the ICE FOIA office, and the Headquarters FOIA ("HQ-FOIA") office have been furloughed as a result of the lapse in appropriations. As a result, ICE is unable to process and produce records in response to Plaintiffs' FOIA Request. Nor is the HQ-FOIA office, which was assisting DHS-CRCL in preparing a *Vaughn* index, able to do so. *See* attached Declaration of Joseph W. Tursi.

5. At this point, it appears unlikely that funding will be restored with sufficient time before the deadline for ICE to make its first production with respect to Part 5 of Plaintiff's FOIA Request, which is currently due March 10, 2026. *See* Dkt. 149. Nor will DHS-CRCL be able to produce the *Vaughn* index by today's deadline. *See* Dkt. 146 at 2.

1

Accordingly, Defendants seek a stay of the Court's December 2, 2025, Scheduling Order and modification thereto [Dkt. nos. 146, 149] on a day-for-day basis until Congress restores appropriations for DHS. Said differently, all current deadlines for the parties would be extended commensurate with the duration of the lapse in appropriations since February 14, 2026—i.e., each deadline would be extended by the total number of days that appropriations have lapsed since February 14, 2026, or until such a time as those offices are no longer furloughed.

6. Pursuant to Local Rule 7-19.1, notice of this *Ex Parte* Application was given to Plaintiffs' counsel, Ms. Laboni Hoq, by telephone and email on February 17, 2026. The parties exchanged further emails throughout the day, with Plaintiff ultimately stating that it opposed this application. *See* Exhibit 1 to Declaration of Joseph W. Tursi.

Dated: February 17, 2026

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

/s/ *Joseph W. Tursi*
JOSEPH W. TURSI
Assistant United States Attorney

Attorneys for Defendants

**DECLARATION OF JOSEPH W. TURSI**

I, Joseph W. Tursi, do hereby declare and state as follows:

1.     I am an Assistant United States Attorney for the Central District of California. I am assigned to the defense of this action. I make this Declaration in support of Defendants' Ex Parte Application to Stay Action Due to Lapse In Appropriations and pursuant to the Court's February 17, 2026 order requiring that, "[i]f there is a partial government shutdown and the ICE FOIA office is furloughed, Defendants will promptly notify the Court and submit a declaration to that effect." Dkt. 149 at 2.

2.     This declaration is based on my personal knowledge of the facts and circumstances set forth herein as well as my review of official files of the United States Attorney's Office for the Central District of California.

3.     On the morning of February 17, 2026, I received an email from the assigned agency counsel at ICE assisting me with this matter, Azadeh Rezvani, Deputy Chief, Government Information Law Division, Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement. In that email, Ms. Rezvani informed me that ICE FOIA was furloughed due to the lapse in appropriations. This was consistent with information I received from ICE agency counsel in another FOIA case I am handling.

4.     Additionally, on the morning of February 17, 2026, I received an email from the assigned agency counsel at the DHS Office of the General Counsel assisting me with this matter, Lisa Taylor, Senior Attorney, Legal Counsel Division, Office of the General Counsel, U.S. Department of Homeland Security. Ms. Taylor informed me that her office was provided guidance explaining that they may only perform work that is related to health, life, safety, and protection of property. She further informed me that both HQ-FOIA and CRCL's work was suspended due to the lapse in appropriations. As such, she would not be able to perform any work on this case (which required assistance from both HQ-FOIA and CRCL), including providing the *Vaughn* index which was due by today pursuant to the Court's December 2, 2025 scheduling order [Dkt. 146].

5.     On the morning of February 17, 2026, I received an email from the assigned

3

1 | agency counsel at DHS-OIG assisting me with this matter, Lisa Tomasiak, Assistant Counsel to the Inspector, Information Law & Disclosure Division, Office of the Inspector General, U.S. Department of Homeland Security. In that email, Ms. Tomasiak advised that she had been placed in a furlough status and would be out of the office beginning today. She further advised that she would not be able to return emails or telephone calls until she returned to duty following appropriation of funds.

6. On February 17, 2026, at 11:05 a.m., I telephoned Plaintiff's counsel, Ms. Laboni Hoq, to discuss Defendants' *ex parte* application. I was unable to reach Ms. Hoq and therefore left a voicemail in which I provided notice of the *ex parte* application. I thereafter sent Ms. Hoq and all other counsel for Plaintiff an email at 11:09 am in which I again provided notice of the *ex parte* application and its grounds. I further asked for Plaintiff's position so that I could include it in the application.

8. Ms. Hoq responded to my email at 11:20 a.m., and stated that "We'll get back to you shortly. In the meantime, will you please send us a draft of your Ex Parte application? Will you have a declaration from the agency in support?"

9. I responded to Ms. Hoq's email at 1:16 p.m., explaining that I had not yet finished drafting the *ex parte* application and that I would be providing the declaration in support since the agency counsel was either furloughed or constrained in the nature of work they could do given the lapse in appropriations.

10. I received a response from Ms. Hoq at 3:07 p.m. providing Plaintiff's position that an agency declaration was required.

11. I responded to Ms. Hoq's email at 4:26 p.m. in which I explained my disagreement with Plaintiff's position and stated that I would proceed with filing this *ex parte* application with this declaration.

//
//
//
//

4

12. Ms. Hoq responded to my email at 4:52 p.m. Therein, she stated that Plaintiff opposed this *ex parte* application. A true and correct copy of my email exchange today with Ms. Hoq is attached hereto as Exhibit 1.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of February, 2026, at Los Angeles, California.

                                               /s/ *Joseph W. Tursi*
                                               JOSEPH W. TURSI