LABONI A. HOQ (SBN 224140)
laboni@hoqlaw.com
HOQ LAW APC
P.O. Box 753
South Pasadena, California 91030
Telephone: (213) 973-9004

EVA BITRAN (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
P.O. Box 811370
Los Angeles, CA 90081
Telephone: (213) 977-9500
Facsimile: (213) 915-0219

Attorneys for Plaintiff
*(additional counsel information on next page)*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br>*Plaintiff*,<br>v.<br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br>*Defendants*. | Case No. 2:22-CV-04760-BFM<br>**PLAINTFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STAY ACTION DUE TO LAPSE IN APPROPRIATIONS; DECLARATION OF EUNICE CHO**<br>Honorable Brianna Fuller Mircheff<br>United States Magistrate Judge |

EUNICE CHO (*pro hac vice*)
*echo@aclu.org*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Telephone: (202) 548-6616

KYLE VIRGIEN (SBN 278747)
*kvirgien@aclu.org*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
425 California St., Suite 700
San Francisco, CA 94104
Telephone: (202) 393-4930

*Attorneys for Plaintiff*

Plaintiff opposes Defendants' *Ex Parte* Application to Stay Action Due to Lapse in Appropriations because they failed to submit a declaration from Defendant U.S. Department of Homeland Security ("DHS"), or any of its relevant components, to support the Application. Defendants were on notice of their Court-ordered obligation to submit such a declaration, ECF No. 149, but provide no reason for their lack of compliance in the face of a *partial* DHS shutdown.

While Plaintiff appreciates that partial DHS shutdown may constrain certain aspects of its work, there is no evidence in the record that DHS cannot provide the mandated declaration explaining whether any aspect of Plaintiff's FOIA Request can be processed during the shutdown. Indeed, even Defendants' counsel's declaration acknowledges that personnel at the DHS Office of General Counsel is continuing to work albeit within a limited scope. ECF No. 150 at 2, ¶ 4 (describing allowance for work "related to health, life, safety, and protection of property").

Compounding the issue is that Plaintiff became aware during the prior government shutdown that DHS FOIA employees reported that they were exempt and worked throughout that period. ECF No. 151-1 at 1; Declaration of Eunice Cho at ¶ 2. This information is consistent with DHS's report that approximately 92 percent of agency employees were considered to be exempt or excepted and not subject to the prior government shutdown.[1] This begs the question whether any aspect of FOIA processing falls within the exemption or exception to work stoppage during the current partial shutdown, and whether the work in Plaintiff's case falls within those categories. That is precisely what a declaration from DHS could address, and what Defendants stipulated to produce, ECF No. 147 at 2-3, but has failed to do so.

---

[1] U.S. Dep't of Homeland Security, *Procedures Related to a Lapse in Appropriations*, Sept. 29, 2025 at 51, https://www.dhs.gov/sites/default/files/2025-09/2025_0930_dhs_procedures_related_to_a_lapse_in_appropriations.pdf [https://perma.cc/7QSP-LMFF] (noting that of 271,927 total agency employees, 249,066 were considered exempt/excepted, and another 1,739 were additionally considered exempted/excepted after five days).

1

Defendants take the position that a declaration from its DOJ counsel can supplant its obligation to file a DHS agency declaration, which is not consistent with the plain language of the Court's order requiring a declaration from "Defendants." ECF No. 148 at 2. Other than this blanket position, Defendants provide no explanation why a hearsay declaration from their DOJ counsel meets their court-ordered obligation to provide their own declaration.

For all of these reasons, the Court should order DHS and/or its components to file a declaration attesting to whether any aspect of Plaintiff's FOIA request can be processed during the partial DHS shutdown, prior to granting Defendants' *Ex Parte* Application for a stay of the case in its entirety.

February 19, 2026                                  Respectfully submitted,

/s/ Laboni A. Hoq
LABONI A. HOQ (SBN 224140)
laboni@hoqlaw.com
HOQ LAW APC
P.O. Box 753
South Pasadena, California 91030
Telephone: (213) 973-9004

EVA BITRAN (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
P.O. Box 811370
Los Angeles, CA 90081
Telephone: (213) 977-9500
Facsimile: (213) 915-0219

EUNICE CHO (pro hac vice)
echo@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION

2

|   |   |
|---|---|
| 1 | NATIONAL PRISON PROJECT |
| 2 | 915 Fifteenth Street NW, 7th Floor |
|   | Washington, DC 20005 |
| 3 | Telephone: (202) 548-6616 |
| 4 | *Attorneys for Plaintiff* |

*Pursuant to Local Rule 5-4.3.4(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

# DECLARATION OF EUNICE CHO

I, Eunice Cho, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently and truthfully to these matters.

2. On October 25, 2025, I spoke with a reporter at a national news outlet who had also filed a Freedom of Information Act request with the Department of Homeland Security ("DHS"). The reporter informed me that she had called a DHS FOIA office the prior day, and was surprised to speak with a FOIA officer on duty, because she had assumed, as I had, that the FOIA office was closed due to the federal government shutdown. The reporter informed me that the employee had instead informed her that the FOIA Office was still open, as the staff were considered to be exempt.

3. The federal government shutdown took place between October 1 and November 12, 2025.

4. It was this information I learned regarding DHS's practices during the prior government shutdown that prompted Plaintiff to ask that to the extent "Defendants contend that they are unable to meet [newly negotiated] production dates due Congress's failure to appropriate funds," they agree to "file a sworn declaration stating that the DHS-ICE FOIA office is not operational during that time. Absent a sworn declaration, Defendants must comply with production deadlines." Dkt. 150-1 at 2.

Executed on the 19th of February, 2026, at Silver Spring, Maryland.

_____
Eunice Cho

4